UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | CASE NO. 6:08-bk-0437-KSJ |
| MIRABILIS VENTURES, INC., | CHAPTER 11 |
| Debtor._____/ | EMERGENCY RELIEF REQUESTED |

## DEBTOR-IN-POSSESSION'S EMERGENCY MOTION TO ENFORCE AUTOMATIC STAY AND FOR SANCTIONS

AND

## CERTIFICATE OF NECESSITY OF REQUEST FOR EMERGENCY HEARING

**MIRABILIS VENTURES, INC.** ("Mirabilis"), pursuant to 11 U.S.C. §§ 362 and 105, files this Motion to Enforce Automatic Stay and Request for Injunction ("Motion") and, in support, states as follows:

### Background

1. On May 27, 2008, the Debtor filed its voluntary petition for relief with the Middle District of Florida Bankruptcy Court (the "Petition Date"). The Debtor continues to operate its business and manage its properties as a debtor-in-possession under §§ 1107 and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334. Venue in this district is proper pursuant to 28 U.S.C. §1409. The statutory predicate for the relief sought herein is Bankruptcy Code §§ 105 and 362.

3. On August 6, 2008, the United States of America ("USA") indicted ("Indictment") Frank L. Amodeo ("Amodeo") for conspiracy, failure to remit payroll taxes, wire

fraud, and obstruction of an agency investigation ("Amodeo Criminal Case"). *See* Case No.: 08-cr-176-Orl-28GJK.

4. The Indictment seeks the forfeiture, *inter alia*, of "any and all property" of the estates of the Debtor and its related entities, including funds that had constituted or have constituted funds of the estate.

5. On August 14, 2008, USA filed a motion in this Court to intervene and to stay the Debtor's bankruptcy case ("Stay Motion")(Doc. No. 48).

6. In the Stay Motion, USA seeks a stay the Debtor's bankruptcy case so that USA may pursue a forfeiture and seizure action against property of the Debtor's estate which would "become property of the United States and [would] not remain in the related bankruptcy estates." (Doc. No. 48 para. 6).

7. On September 24, 2008, USA filed a Motion to Dismiss the Bankruptcy case based upon its bad faith filing (the "Dismissal Motion")(Doc. No. 41).

8. On September 29, 2008, the Stay Motion was scheduled to be heard in front of this Court. However, the hearing was postponed by joint stipulation of both parties, and the Dismissal Motion and Stay Motion were set for October 17, 2008.

9. The morning of the scheduled Stay Motion, USA filed a motion in the Amodeo Criminal Case for entry of a Preliminary Order of Forfeiture ("Forfeiture Motion")(District Court Case Doc. No. 40). In the Forfeiture Motion, USA seeks not only the forfeiture of the Debtor's assets but, also, immediate seizure of all such forfeited assets, including those assets that are property of MVI, AEM and HOTH's bankruptcy estates.

10. On October 1, 2008 USA filed a Consent Motion for Expedited Consideration of the United States Uncontested Motion for a Preliminary Order of Forfeiture (the "Motion for

Preliminary Forfeiture"). The Motion for Preliminary Forfeiture states that the property may be included in various bankruptcy estates but asserts that forfeiture of such property does not violate the automatic stay. Despite knowledge that the automatic stay was at issue in the Motion for Preliminary Forfeiture, USA filed its motion with the United States District Court without first seeking a determination from the Bankruptcy Court that the automatic stay did not apply or requesting relief from the automatic stay. The primary case cited by the USA in support of its position, In Re: Walker, holds that a criminal judgment against the Debtor does not violate the stay. The USA fails to acknowledge that in this case the criminal defendant is not the Debtor.

11. Moreover, USA, in its Motion for Preliminary Forfeiture, admits that the Order of Forfeiture is relevant to the proceedings before this Court set for October 17, 2008.

12. On October 1, 2008, the District Court in the Amodeo Criminal Case entered an order granting the Motion for Preliminary Forfeiture ("Forfeiture Order"). The Forfeiture Order orders forfeiture of all assets of the Debtor's estate and permits immediate seizure of all forfeited assets.

13. In addition to the criminal forfeiture, USA violated the stay in the in rem civil forfeiture action filed in the District Court for the Middle District of Florida, Case No. 6:08-cr-670-orl-22KRS filed on April 25, 2008.

14. On August 27, 2008, well after the Petition Date, USA amended its civil forfeiture complaint to include a note between the Debtor, Mirabilis Ventures, Inc. and Conrad Eigenmann, Jr. (the "Eigenmann Note"). The complaint was also amended to include forfeiture of various retainers paid by Mirabilis related Debtors to various law firms (the "Retainers").

15. Both the Eigenmann Note and the Retainers are assets of the Debtor's estate. Any action to exercise in rem jurisdiction over these assets is a violation of the automatic stay.

16. USA neither sought nor received relief from the automatic stay in this Court and, to this date, its Stay Motion against the Debtor's bankruptcy case remains pending.

## The Automatic Stay

17. The automatic stay provision of the Bankruptcy Code halts attempts by creditors to collect from debtors outside of the bankruptcy proceeding. *See* 11 U.S.C. § 362. More specifically, § 362(a)(3) states that there is a stay on all actions "that seek to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." If a creditor wishes to avoid the operation of the stay, it must obtain permission from the bankruptcy court. *See* 11. U.S.C. § 362(d).

18. USA violated the automatic stay both by seeking an order of criminal forfeiture against assets of the Debtor's estate and including in the forfeiture motion a request for immediate seizure of assets currently being administered in the Debtor's bankruptcy case and by supporting such request with citations to civil forfeiture law. USA filed the Forfeiture Motion despite knowledge of the automatic stay and despite the pending status of its Stay Motion. Deliberate actions of individuals which violate the automatic stay warrant both reprimand and sanction.

19. In addition, USA violated the automatic stay in amending its civil forfeiture complaint to include assets of the Debtor's bankruptcy estate. The amending of the civil forfeiture complaint is a clear violation of the stay and is sanctionable.

## Damages for USA's Willful Violation of the Automatic Stay

20. Bankruptcy Courts may invoke their statutory contempt powers under 11 U.S.C. §105(a) to enforce the automatic stay with respect to a corporate debtor. *In re Jove Eng'g v.*

*Internal Revenue Service*, 92 F.3d 1539, 1554 (11th Cir. 1996). *See also In re Pace*, 67 F.3d 187, 193 (9th Cir. 1995).

21. If the automatic stay is violated, courts generally find the violator in contempt under 11 U.S.C. §105 if the violation is willful. *Jove*, 92 F.3d at 1555.

22. The 11th Circuit has further provided that "willfulness" generally connotes intentional action taken with at least callous indifference for the consequences. *Jove*, 92 F.3d at 1555 *(quoting Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1535 (11th Cir. 1986)).

23. The "willfulness" requirement refers to the deliberateness of the violating party's conduct and its knowledge of the bankruptcy filing. *In re Dynamic Tours and Transp., Inc.*, 359 B.R. 336, 343 (Bankr.M.D.Fla.2006)(*citing Davis v. United States (In re Davis)*, 201 B.R. 835, 837 (Bankr.S.D.Ala.1996)).

24. In this case, USA has been aware of the automatic stay since the Petition Date.

25. Despite knowledge of the bankruptcy cases and the automatic stay, USA continues to take deliberate actions to exercise control of the property of the estate.

## CERTIFICATE OF NECESSITY OF REQUEST FOR EMERGENCY HEARING

26. Administration of the Debtor's bankruptcy estate depends on its assets.

27. Because the Forfeiture Order permits immediate seizure of such assets, irreparable injury to the Debtor's bankruptcy estate may occur if an emergency hearing is not granted.

28. Consequently, there can be no doubt that the actions of the USA were willful with knowledge of the automatic stay.

29. As of the date of this Motion, the Debtor has incurred significant attorney's fees

related to the filing of this Motion.

30. The Debtor estimates that approximately 15 minutes will be necessary for a hearing on this Motion.

31. The Debtor and counsel are prepared to appear on two hours' notice at a hearing to demonstrate that the request for an emergency hearing is not the result of the Debtor's or counsel's procrastination or lack of attention.

**WHEREFORE**, the Mirabilis Ventures, Inc., requests that this Court enter an order finding the United States of America in violation of the automatic stay of 11 U.S.C § 362, granting sanctions against the United States of America for violation of the automatic stay of 11 U.S.C. § 362 and granting such further relief as this Court deems just and proper.

**DATED** this 3rd day of October, 2008.

/s/ Elizabeth A. Green
Elizabeth A. Green
Florida Bar No. 600547
Jay T. Hollenkamp
Florida Bar No. 52701
Justin M. Luna
Florida Bar No. 37131
Latham, Shuker, Eden & Beaudine, LLP
390 N. Orange Avenue, Suite 600
Orlando, FL 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801
egreen@lseblaw.com
jhollenkamp@lseblaw.com
jluna@lseblaw.com
Attorneys for the Debtor.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | CASE NO. 6:08-bk-04327-KSJ |
| MIRABILIS VENTURES, INC., | CHAPTER 11 |
| Debtor. _____/ | **EMERGENCY RELIEF REQUESTED** |

**Certificate of Service**

I HEREBY CERTIFY that a true and correct copy of the **DEBTOR-IN-POSSESSION'S EMERGENCY MOTION TO ENFORCE AUTOMATIC STAY AND FOR SANCTIONS AND CERTIFICATE OF NECESSITY OF REQUEST FOR EMERGENCY HEARING** has been furnished by electronic transmission and/or U.S. First Class mail, postage prepaid, to: Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., President, c/o 341 N. Maitland Ave, Suite 210, Maitland, Florida 32751; I. Randall Gold, United States Attorney's Office, 501 West Church Street, Suite 300, Orlando, FL 32805; the Local Rule 1007-2 Parties in Interest matrix attached hereto; and the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801 on this 3rd day of October 2008.

/s/ Elizabeth A. Green
Elizabeth A. Green, Esq.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:08-bk-04327-KSJ<br>Middle District of Florida<br>Orlando<br>Fri Oct  3 16:52:32 EDT 2008 | Advantage Collection Prof<br>2775 Jade Street<br>Mora, MN 55051-6240 | American Express<br>2965 West Corporate Lakes Bl<br>Weston, FL 33331-3626 |
| BNA Tax Management<br>9435 Key West Ave.<br>Rockville, MD 20850-3339 | Brandywine Grande C. LP<br>c/o Cantor Arkema, PC<br>1111 East Main Street<br>Richmond, VA 23219-3531 | Buchanan Ingersoll & Rodney<br>401 E Jackson St.<br>Suite 2500<br>Tampa, FL 33602-5236 |
| Corporate Personnel Network, Inc<br>c/o David T. Ward<br>15615 Alton Pkwy #175<br>Irvine, CA 92618-7303 | First Commercial Ins. Corp.<br>7900 N.W. 155th Street<br>Suite 201<br>Miami Lakes, FL 33016-5844 | Forge Capital Partners LLC<br>c/o Bart Valdes<br>609 W Horatio St<br>Tampa FL 33606-2272 |
| Fred Sandlin<br>161 Mallard Lane<br>Daytona Beach, FL 32119-8331 | Gilbert Weisman<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701 | Horton Johnson<br>3211 Northglenn Drive<br>Orlando, FL 32806-6371 |
| Humana/RMS<br>77 Hartland Street<br>Suite 401<br>East Hartford, CT 06108-3253 | Jackson Lewis<br>Attn:Anne Krupman<br>One North Broadway<br>White Plains, NY 10601-2310 | Jeffrey Reichel<br>c/o Gary Barnes<br>3414 Peachtree Rd #1600<br>Atlanta, GA 30326-1164 |
| Jeffrey Reichel<br>c/o Jill E. Kelso, Esquire<br>Akerman Senterfitt<br>PO Box 231<br>Orlando FL 32802-0231 | John Burcham<br>3415/A Bahia Drive<br>Ft. Lauderdale, FL 33316 | Kenneth & Diane Hendricks<br>One ABC Parkway<br>Beloit, WI 53511-4466 |
| LeClair Ryan Trust<br>P.O. Box 2499<br>Richmond, VA 23218-2499 | LexisNexis<br>P.O. Box 7247-7090<br>Phildelphia, PA 19170-7090 | Mirabilis Ventures, Inc<br>3660 Maguire Blvd<br>Suite 103<br>Orlando, FL 32803-3059 |
| On Target Solutions<br>3491 Woodley Park Place<br>Oviedo, FL 32765-5104 | PaySource USA VII, Inc.<br>650 Poe Ave.<br>Dayton, OH 45414 | Saxon Gilmore, PA<br>201 E. Kennedy Blvd.<br>Suite 600<br>Tampa, FL 33602-5819 |
| Tennessee Dept of Labor & Workforce<br>Dev-Unemployment Ins<br>c/o TN Atty General Ofc Bankruptcy Div<br>PO Box 20207<br>Nashville TN 37202-4015 | Tenshi Leasing<br>2875 S. Orange Ave.<br>Suite 500 PMB 1810<br>Orlando, FL 32806-5455 | Titanium Technologies<br>2875 S. Orange Ave.<br>Suite 500 PMB 1810<br>Orlando, FL 32806-5455 |
| United States Trustee - ORL<br>135 W. Central Blvd., Suite 620<br>Orlando, FL 32801-2440 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Corporate Personnel Network, Inc<br>c/o David T. Ward<br>15615 Alton Pkwy #175<br>Irvine, CA 92618-7303 | (u)Mark J. Bernet<br>no city<br>no state | End of Label Matrix<br>Mailable recipients    27<br>Bypassed recipients     2<br>Total                  29 |