# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In re:                                  CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                CHAPTER 11

                    Debtor.
_____/

## MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY
## BY AND BETWEEN DEBTORS AND THE UNITED STATES OF AMERICA

---

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

   Pursuant to Local Rule 2002-4, the Bankruptcy Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within twenty (20) days from the date of service of this motion. If you object to the relief requested in this motion, you must file your objection with the Clerk of the Bankruptcy Court at 135 W. Central Blvd., Suite 950, Orlando, Florida 32801, and serve a copy on Elizabeth Green, Esq., Latham, Shuker, Eden & Beaudine, LLP, P.O. Box 3353, Orlando, Florida 32802-3353.

   If you file and serve an objection within the time permitted, the Bankruptcy Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Bankruptcy Court will consider that you do not oppose the granting of the relief requested in the motion, will proceed to consider the motion without further notice or hearing, and may grant the relief requested.

---

**MIRABILIS VENTURES, INC.** ("Mirabilis"), along with its related entities), Hoth Holdings, LLC ("Hoth"), and AEM, INC. ("AEM")(collectively, "Debtors"), by and through their undersigned attorneys, and pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(3) and 9019(a), hereby file this Motion for Approval of Compromise of Controversy By and Between Debtors and the United States of America ("Motion") and, in support, state as follows:

## Background Facts and Procedural Posture

1.      On May 27, 2008, the Debtors filed voluntary petitions for relief with the United States Bankruptcy Court for the Middle District of Florida: *In re Mirabilis Ventures, Inc.*, Case No. 6:08-bk-04327-KSJ, *In re Hoth Holdings, LLC*, Case No. 6:08-bk-04328-KSJ, and *In re AEM, Inc.*, Case No. 6:08-bk-04681 ("Bankruptcy Cases"). (Bankr. Doc. No. 1).

2.      The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334.  Venue in this district is proper pursuant to 28 U.S.C. §1409.

4.      The statutory predicate for the relief sought herein is Bankruptcy Code section 105.

5.      On April 25, 2008, the United States of America ("USA") filed an *in rem* Civil Forfeiture Complaint Case No. 6:08-cv-00067-MSS-KRS in the District Court for the Middle District of Florida, Orlando Division ("Civil Complaint") against certain property owned by Mirabilis. (Civil Complaint Doc No. 1).    On September 4, 2008 the USA amended the Civil Complaint, to add additional property, including property owned by Mirabilis. (Civil Complaint Doc. No. 67).

6.      On August 6, 2008, the United States of America ("USA") indicted Frank L. Amodeo ("Amodeo"), for conspiracy, failure to remit payroll taxes, wire fraud, and obstruction of an agency investigation.  *See United State of America v. Frank L. Amodeo*, Case No.: 08-cr-176-Orl-28-GJK (Dist. Court Doc. No. 1).

7.     The indictment contains criminal forfeiture provisions which seek the forfeiture, *inter alia*, of all assets of the estates of the Debtors and their related entities.

8.     On August 14, 2008, USA filed a motion to intervene and to stay the Debtors' bankruptcy cases with this Court ("Intervener Motion")(Bankr. Doc. No. 48).

9.     In the Motion, USA seeks to stay the Bankruptcy Case in an effort to pursue a forfeiture action against property of the Debtors including, but not limited to, proceeds seized in the various law firm trust accounts, vehicles, real estate, and other personal property. (Bankr. Doc. No. 48)

10.    Furthermore, USA represented to the Bankruptcy Court that if the items are forfeited, "they will become property of the United States and will not remain in the related bankruptcy estates."  (Bankr. Doc. No. 48 at para. 6).

11.    On September 23, 2008, Amodeo plead guilty to five counts of the indictment. (Dist. Court Doc. No. 28 and 33).  The plea agreement included an agreement by Amodeo to forfeit all of the proceeds of his conspiracy charged in Count One, including the assets of the Debtors' bankruptcy estates.

12.    On September 23, 2008, USA filed a Motion to Dismiss the Bankruptcy case based upon its bad faith filing alleging that the sole purpose of the filing was for Mr. Amodeo's personal benefit (the "Dismissal Motion")(Bankr. Doc. No. 71).

13.    On September 29, 2008, the Intervener Motion was scheduled to be heard before this Court.  However, the hearing was postponed by joint stipulation of both parties, and the Dismissal Motion and the Intervener Motion were set for October 17, 2008.

14.     On September 29, 2008 the USA filed a motion in the Amodeo Criminal Case for entry of a Preliminary Order of Forfeiture ("Forfeiture Motion")(District Court Case Doc. No. 40). In its Motion, the USA sought the forfeiture of a significant number of assets, including the Debtors' assets, and authority to seize of all of the assets sought for forfeiture.

15.     On October 2, 2008, the District Court entered a Preliminary Order of Forfeiture ("Preliminary Forfeiture Order"). (Dist. Court Doc. No. 46).    Pursuant to the Preliminary Forfeiture Order, the USA may seize property forfeited under the Order immediately, regardless of the Debtors' appeal.

16.     On October 3, 2008, the Debtors filed an Emergency Motion to Enforce Automatic Stay and for Sanctions in the Bankruptcy Case ("Sanctions Motion"). (Bankr. Doc. No. 89).

17.   On October 30, 2008 the USA indicted Mirabilis and AEM, alleging conspiracy to divert payroll taxes.   The Mirabilis and AEM incitements include criminal forfeiture counts.

### The Controversy

18.     The crux of the controversy between the Debtors and the USA is whether the USA has the legal right and authority to seize property of the Debtors, which is largely the subject of the Intervener Motion, Dismissal Motion, Forfeiture Motion and Sanctions Motion. USA has asserted in the District Court Case that Frank Amodeo used funds and assets of the Debtors to commit fraud against third parties, and that by Frank Amodeo's own admission, those assets, some of which are titled to the Debtors, are subject to criminal and civil forfeiture.

19.     USA believes that it is  entitled to seize property of the Debtors despite the current Bankruptcy Cases and the automatic stay, because civil and criminal forfeitures are

exempt from the application of the automatic stay pursuant to 11 U.S.C. §§ 362(b)(1) and (4). The USA further believes that the Debtors do not have a claim to the forfeitable property superior to that of the USA as set defined in 21 U.S.C. § 853(n)(6); therefore, while the Debtors may assert a claim in the forfeiture proceeding, the USA believes such claim will be denied by the district court.

20.     Debtors have asserted, among other things, that the civil and criminal forfeiture actions by the USA are a violation of the automatic stay provision of the Bankruptcy Code that the actions of the USA are not exempt from the automatic stay, and that any claim or action is to enforce pecuniary claims of the USA and are therefore not subject to seizure. The Debtors have also asserted that the District Court does not have jurisdiction over the Debtors' assets and any relief granted by the District Court regarding the Debtors' assets is not proper. Furthermore, the Debtors assert that the action of the USA violate the Due Process Clause of the Fifth Amendment of the United States Constitution by failing to provide adequate and timely notice of a taking. Lastly, the Debtors allege that the USA's actions violate public policy and the Bankruptcy Code's intent because granting such relief would allow the USA to side-step the Bankruptcy process to the detriment of the Debtors, the Debtors' creditors and other parties in interest.

21.     Debtors have asserted that by attempting to seize, funds, lawsuit proceeds and other property that may belong to the Debtors and its creditors, USA's continued collection actions are unlawful.

22.     Furthermore, the Debtors and USA disagree as to what property is subject to forfeiture, if such forfeiture was allowed.

## The Compromise

23.     On October 8, 2008, and subsequent to this date, Debtors counsel and USA met to discuss possible global resolutions of all issues which have been raised, or could be raised, between USA and the Debtors, including the resolution of all outstanding motions.

24.     In full and final resolution of these issues, claims and demands, the parties have agreed that it is in the best interest of all parties to reach an agreement related to the administration of assets of the Debtors.  The Debtors' assets will be divided between those that will continue to be administered by the Debtors' bankruptcy estate and those forfeited to the USA

25.     The following assets, as more fully set forth in **Exhibit "A",** shall be forfeited to the USA:

      a.     The equity interest of Mirabilis and the Unsecured Claims of Mirabilis and its related entities in the WinPar bankruptcy estate, Case No. 07-11908, pending in the Eastern District of Tennessee, shall be forfeited to the USA.   However, the Mirabilis bankruptcy estate will retain all rights to the funds, if any, generated by the WinPar estate as a result of the fraudulent transfer action styled, Richard P. Jahn, Jr.  as Trustee v. Atlantic American Capital Group, LLC et. al. filed on August 6, 2008. (WinPar Adv. Doc. No. 1) ("WinPar Fraudulent Transfer Action").  If for any reason the validity of Atlantic American's lien is determined by the forfeiture court(s) the funds related to the WinPar Fraudulent Transfer Action will be transferred to the forfeiture court pending entry of a final judgment of forfeiture.

      b.     The note in the principal amount of $5,500,000.00 dated May 27, 2007 payable to Mirabilis from Conrad D.  Eigenmann, Jr. ("Eigenmann Note") shall be forfeited to

the USA, however, the payment due on the note in January 2009, which is based upon a formula and will be not less than $100,000.00, shall be paid to the Mirabilis bankruptcy estate and administered by the Mirabilis bankruptcy estate.     The USA agrees that for a period of 12 months, it will delay sale of the Eigenmann Note and will allow the Mirabilis estate to market for sale or otherwise attempt to compromise the Eigenmann Note, subject to approval by the USA.

      c.     All retainers seized from attorney's trust accounts, pursuant to warrants issued by the USA, which are the subject of the Civil and Criminal forfeiture actions shall be forfeited to the USA.

26.     Assets to be retained and administered by the Debtors bankruptcy estates, as more fully set forth in **Exhibit "B"** are as follows:

      a.     The funds, if any, generated by the WinPar estate as a result of pending the WinPar Fraudulent Transfer Action against Atlantic American.  If for any reason the validity of Atlantic American's lien is determined by the forfeiture court(s) the funds related to the WinPar Fraudulent Transfer Action will be transferred to the forfeiture court pending entry of a final judgment of forfeiture.

      b.     Any causes of action of the Debtors against insurance carriers, or for malpractice against professionals shall be retained by the Debtors estates.

      c.     All causes of action, including but not limited to fraudulent transfer causes of action shall be retained by the Debtors, provided however, that the Debtors will not bring fraudulent transfer actions to recover assets set forth on **Exhibit "A"**.

      d.     The fraudulent transfer action filed by Hoth Holdings against Coastal Equity Partners, LLC et. al. on August 1, 2008. ("Hoth Adversary") (Hoth Adv Doc. No. 1) shall

remain an asset of the Hoth bankruptcy estate, and any proceeds from the Hoth Adversary shall remain property of the bankruptcy estate. The USA agrees not to directly forfeit the property located at 3801 Carolina Ave, Richmond, Virginia, which is the subject of the Hoth Adversary, subject to the provisions of Paragraph 28 below.

e. The note payable to AEM from O2HR dated June 1, 2007 in the amount of $2,235,800.00 shall be an asset of the AEM bankruptcy estate. The note payable to National Med-Staff, Inc. dated June 1, 2007 in the amount of $188,300.00 shall be an asset of the Mirabilis bankruptcy estate ("O2HR Notes"). The USA agrees not to directly forfeit the O2HR Notes, subject to the provisions of Paragraph 28 below.

27. Any and all property of the Debtors' estates not specifically set forth herein shall remain property of the bankruptcy estates. Likewise, any and all property set forth on **Exhibit "A"**, and not specifically set forth above, shall be forfeited to the USA.

28. In addition, the Debtors shall amend the schedules to include an unsecured forfeiture claim in the Mirabilis and AEM cases for USA in the amount of $200,000,000.00 ("Forfeiture Claim"). The Debtors will propose a plan of reorganization which creates a liquidating trust and consolidates the AEM and Mirabilis cases. R. W. Cuthill, Jr. ("Cuthill") will serve as the Trustee, and the USA, as an unsecured creditor, will retain an oversight role. The Plan will provide that subsequent to confirmation, professional fees paid by the trust will be noticed to creditors on a ten day negative notice basis and may be subject to objection. In the event an objection is filed, the court will retain jurisdiction pursuant to the plan to resolve any dispute related therein. Any and all funds paid to the USA by the bankruptcy estates shall be forfeited to the USA in partial satisfaction of the money judgment already entered against

defendant Frank Amodeo. Because the USA seeks entry of corresponding money judgments against defendants Mirabilis and AEM in the pending Indictment and such money judgments would create joint and several liability against all three defendants, any funds credited towards the money judgment entered against defendant Frank Amodeo would also be in partial satisfaction of any money judgments entered against Mirabilis and AEM.

29. The Debtors shall pay LM Liquidators, Inc. to continue to act as the repository for the electronic and paper documents of Mirabilis and its affiliates and subsidiaries located at 4602 35th Street SW, Orlando, FL. and 1604 Premier Road, Orlando, Florida. These payments will include payment for labor and reimbursement of expenses such as rent, utilities, security, maintenance, and other expenses associated with the safekeeping of the documents. The USA and the Debtors shall cooperate in maintaining the documents which shall remain in the sole custody and control of the USA.

30. The Debtors will withdraw and/or will agree not to file any claims in the related forfeiture cases and hereby waive their right to any future notice in such actions.

31. All pending motions filed by the USA, in the bankruptcy cases, and all pending motions filed by the Debtors against the USA shall be withdrawn with prejudice.

32. The Debtors will pursue all claims objections, if applicable, and USA will assist in providing information, permitted by law, related to the claims objections.

33. Cuthill shall voluntarily be available to testify and will share all work papers with USA, provided that there is not conflict of interest.

34. Debtors have reviewed the payment of attorney's fees to Leventhal and Slaughter, P.A., A. Brian Phillips, P.A., Sands, White & Sands, P.A., and Robert E. Panoff, P.A. ("Criminal

Attorneys") and agree that the bankruptcy estate may not have claims for repayment of the attorney's fees to the criminal attorneys or the attempt to recover the attorneys fees from the criminal attorneys would not be in the best interest of the estate.

35.     This agreement will remain in full force and effect between the USA and the Debtors until entry of an order on the compromise by the Bankruptcy court.

36.     Debtors believe that this compromise is in the best interest of the creditors of the Debtors' estate because it avoids the time, expense, and uncertainty of litigating the issues presented in this motion and enables the Debtors to concentrate their efforts on the current case.

**WHEREFORE**, Mirabilis Ventures, Inc., respectfully requests that this Court enter an order granting the Motion for Approval of the Compromise of Controversy by and between the Debtors and the United States of America and granting such further relief that this Court deems just and proper.

**DATED** this 25th day of November, 2008.

| | |
|---|---|
| /s/ I. Randall Gold<br>I. Randall Gold, Esq.<br>Florida Bar No.: 0268062<br>United States Attorney's Office<br>501 West Church Street, Suite 300<br>Orlando, FL 32805<br>Telephone: (407) 648-7500<br>Facsimile: (407) 648-7643<br><br>/s/ Anita M. Cream<br>Anita M. Cream, Esq.<br>Florida Bar No.: 056359<br>United States Attorney's Office<br>400 N. Tampa Street, Suite 3200<br>Tampa, FL 33602<br>Telephone: (813) 274-6301<br>Facsimile: (813) 274-6220 | /s/ Elizabeth A. Green<br>Elizabeth A. Green, Esq.<br>Florida Bar No.: 0600547<br>Latham, Shuker, Eden & Beaudine, LLP<br>390 N. Orange Ave., Suite 600<br>Orlando, FL 32801<br>Telephone: (407) 481-5800<br>Facsimile: (407) 481-5801 |

In re:                                          CASE NO. 6:08-bk-04327-KSJ

**MIRABILIS VENTURES, INC.,**                   CHAPTER 11

                        Debtor.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the **MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY BY AND AMONG DEBTORS AND THE UNITED STATES OF AMERICA** has been furnished by electronic transmission and/or U.S. First Class mail, postage prepaid, to: Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., President, c/o 341 N. Maitland Ave, Suite 210, Maitland, Florida 32751; I. Randall Gold, United States Attorney's Office, 501 West Church Street, Suite 300, Orlando, FL 32805; all creditors as shown in the matrix attached hereto; and the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801 on this 25th day of November 2008.

                                          /s/ Elizabeth A. Green
                                          Elizabeth A. Green, Esq.