UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                   CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                                CHAPTER 11

           Debtor.
_____/

MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY
BY AND BETWEEN DEBTOR AND FLOYD ROAD, LLC

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4, the Bankruptcy Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within twenty (20) days from the date of service of this motion. If you object to the relief requested in this motion, you must file your objection with the Clerk of the Bankruptcy Court at 135 W. Central Blvd., Suite 950, Orlando, Florida 32801, and serve a copy on Elizabeth Green, Esq., Latham, Shuker, Eden & Beaudine, LLP, P.O. Box 3353, Orlando, Florida 32802-3353.

If you file and serve an objection within the time permitted, the Bankruptcy Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Bankruptcy Court will consider that you do not oppose the granting of the relief requested in the motion, will proceed to consider the motion without further notice or hearing, and may grant the relief requested.

---

**MIRABILIS VENTURES, LLC** ("Mirabilis" or "Debtor"), by and through its undersigned attorneys, and pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(3) and 9019(a), hereby files this Motion for Approval of Compromise of Controversy By and Between Debtor and Floyd Road, LLC ("Floyd Road") and, in support thereof, states as follows:

**Background Facts and Procedural Posture**

1.    On May 27, 2008, the Debtor, along with two affiliate debtors, filed its voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida.

2.  Debtor continues to manage its properties as debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

3.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334. Venue in this district is proper pursuant to 28 U.S.C. §1409.

4.  Prior to the Petition Date, Debtor and Floyd Road were involved in litigation styled <u>William P. Gregory, P.A. v. Floyd Road, LLC and Mirabilis Ventures, Inc.</u>, Case Number 07-CA-010780. The action was commenced in Hillsborough County Circuit Court ("Circuit Court") as an interpleader action, but evolved into litigation (the "Litigation") related to Floyd Road and the Debtor's rights under that certain Purchase and Sale Agreement dated December 30, 2005 (as subsequently amended by the parties)("Floyd Road Agreement").

5.  At the center of the Litigation was approximately $104,070.09 ("Deposit Funds") paid by the Debtor as a deposit toward the payment of its obligations under the Floyd Road Agreement.

6.  The Debtor claims that Floyd Road breached the Floyd Road Agreement and, thus, Debtor is entitled to receive the entire amount of the Deposit Funds. Floyd Road claims that because the Debtor breached the Floyd Road Agreement, it was entitled to the entire amount of the Deposit Funds.

7.  Rather than risk paying the wrong party, the escrow agent commenced the Litigation and interpleaded the Deposit Funds into the registry of the Circuit Court. The Circuit Court has entered orders authorizing payment of $1,107.00 to the escrow agent for costs and fees associated with interpleading the Deposit Funds.

8.  The Debtor and Floyd Road have been attempting to reach a consensual resolution of any and all disputes surrounding the Deposit Funds, the Floyd Road Agreement, and the Litigation. Debtor and Floyd Road entered into a settlement agreement on or about

December 30, 2008 (the "Settlement") to settle all issues related to the Deposit Funds, the Floyd Road Agreement, and the Litigation. A true and correct copy of the Settlement is attached hereto as **Exhibit "A"**.

9. The general terms of the Settlement are as follows: (i) Debtor and Floyd Road (collectively, the "Parties") will divide the Deposit Funds (after payment of any fees and expenses of the Circuit Court) with Debtor receiving fifty percent (50%) of the Deposit Funds and Floyd Road receiving fifty percent (50%) of the Deposit Funds; (ii) the Parties agree that the Floyd Road Agreement is terminated and rescinded with neither party retaining any rights thereunder; (iii) the Parties will dismiss with prejudice any and all claims against each other in the Litigation; and (iv) the Parties will release each other from any and all claims related to the Floyd Road Agreement and the Litigation.

10. The alternative to the Settlement is burdensome and costly litigation, which would consume valuable estate resources with no guaranty of success.

**WHEREFORE**, Mirabilis Ventures, Inc., respectfully requests that this Court enter an Order granting the Motion for Approval of the Compromise of Controversy by and between the Debtor and Floyd Road, LLC and granting such further relief that this Court deems just and proper.

**DATED** this 9th day of February, 2009.

/s/ Jimmy D. Parrish
Jimmy D. Parrish, Esq.
Florida Bar No. 526401
Latham, Shuker, Eden & Beaudine, LLP
390 N. Orange Avenue, Suite 600
Orlando, FL 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801
Attorneys for the Debtor

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (hereinafter referred to as "the Agreement") is made by and between Floyd Road, LLC ("Floyd Road"), on the one hand, and Mirabilis Ventures, Inc. ("Mirabilis"), on the other hand. Floyd Road and Mirabilis shall be collectively referred to as "the Parties."

## Recitals

WHEREAS, the Parties entered into the Purchase and Sale Agreement on or about December 30, 2005; the Purchase and Sale Agreement was subsequently amended by the Parties; the Purchase and Sale Agreement and all of its amendments shall be collectively referred to as the "Floyd Road Agreement";

WHEREAS, Floyd Road and Mirabilis were involved in litigation styled <u>William P. Gregory, P.A. v. Floyd Road, LLC and Mirabilis Ventures, Inc.</u>, Case Number 07-CA-010780, Hillsborough County Circuit Court; this litigation was initiated as an interpleader suit, and after the assertion of crossclaims by the Parties, evolved into litigation related to various rights and obligations under this Floyd Road Agreement (hereinafter referred to as "the Litigation");

WHEREAS, Mirabilis was represented by Shutts & Bowen, LLP ("Mirabilis Counsel")[1] in connection with the previously described Litigation, and during the settlement negotiations which resulted in the Agreement;

WHEREAS, Floyd Road was represented by Francis R. Lakel ("Floyd Road Counsel")[1] in connection with the previously described Litigation, and during the settlement negotiations which resulted in the Agreement;

WHEREAS, the Parties are desirous of concluding and amicably resolving all of their disputes and differences as set forth in the paragraphs above and to bring about a complete termination of the issues and allegations in the Litigation, as well as to forestall any additional litigation concerning such matters; and

WHEREAS, by and through the Agreement the Parties have agreed to resolve the various issues raised in the Litigation, as more specifically set forth herein, and have agreed to a mutual general release of the claims which were discussed in the course of the Litigation or could have been asserted in any litigation;

---

[1] Mirabilis Counsel and Floyd Road Counsel shall be collectively referred to as Counsel in this Agreement.

Settlement Agreement
Page 1 of 2

TPADOCS 18383204 3

Exhibit A

WHEREAS, Mirabilis is currently subject to the jurisdiction of the Bankruptcy Court of the Middle District of Florida ("Bankruptcy Court"); this Agreement is subject to approval by the Bankruptcy Court;

NOW, THEREFORE, in consideration of the mutual covenants, promises and conditions to be performed by each of the Parties hereto, and set forth in their entirety herein, the Parties expressly, knowingly, and voluntarily agree as follows:

### Terms and Conditions

1. **Deposit Monies.** Based upon the terms of the Floyd Road Agreement, Mirabilis delivered a Deposit. The Deposit was in the form of cash and was delivered to William P. Gregory, P.A., who served as the escrow agent for the transaction. Pursuant to the January 10, 2008 Amended Order of Interpleader ("Interpleader Order"), William P. Gregory, P.A. placed the Deposit sums into the registry of the Hillsborough County Circuit Court ("Court Registry"). Also pursuant to the Interpleader Order, $104,070.09 was deposited into the Court Registry. From the funds deposited into the Court Registry, the Interpleader Order directed the clerk of pay $1,107 to William P. Gregory, P.A. for costs and fees associated with the interpleader action.

The Parties have agreed to evenly divide the funds in the Court Registry; fifty percent of the Deposit in the Court Registry shall be paid to Floyd Road, and fifty percent of the Deposit in the Court Registry shall be paid to Mirabilis. The Parties understand that the Deposit will be, or may have already been, subject to certain fees from the Hillsborough County Clerk of Court. Within five (5) days after the approval of this Agreement by the Bankruptcy Court, the Parties shall cooperate to facilitate the release of the Deposit from the Court Registry to the Parties. The Parties understand that this may require the execution of a stipulation by Counsel and approval by the Hillsborough County Circuit Court. The release of the Deposit is an element of consideration under this Agreement.

2. **Termination and Rescission of the Floyd Road Agreement.** The Parties expressly acknowledge that the Floyd Road Agreement is terminated and rescinded. Neither party shall have any remaining or continuing rights or obligations under the Floyd Road Agreement. The termination and rescission of the Floyd Road Agreement are additional elements of consideration under this Agreement.

3. **Dismissal of Litigation Claims with Prejudice.** The Parties have each asserted claims against the other Party in the Litigation. After execution of this Agreement and receipt of the appropriate Deposit funds from the Court Registry, the Parties agree to dismiss, with prejudice, their respective claims in the Litigation. The Parties' dismissal of their respective claims is an additional element of consideration under this Agreement.

Settlement Agreement
Page 2 of 2

4. **Conditional Nature of Agreement.** It is expressly agreed and understood that this Agreement is conditioned upon and made subject to each of the following:

    (a)    Execution of the Agreement by the Parties;

    (b)    Approval of the Agreement by the Bankruptcy Court;

    (c)    Release of the Deposit; and

    (d)    Dismissal, with prejudice, of all claims asserted by the Parties in the Litigation.

5. **Release of Claims by Mirabilis.** In consideration of the promises made by Floyd Road in the Agreement, Mirabilis, any corporations affiliated with Mirabilis by common ownership, including parent and subsidiary corporations, and their current and former officers, directors, shareholders, and employees, and their agents, officials, representatives, attorneys, insurance carriers and any other entity related to or affiliated with them (collectively, "Mirabilis Releasors"), irrevocably and unconditionally releases, waives, acquits, and forever discharge the following persons and entities:

> Floyd Road, any corporations affiliated with Floyd Road by common ownership, including parent and subsidiary corporations, and their current and former officers, directors, shareholders, members, and employees, and their agents, officials, representatives, attorneys, insurance carriers and any other entity related to or affiliated with them

(collectively, "Floyd Road Releasees"), of and from any and all manner of actions, suits, claims of any kind or nature whatsoever, known or unknown, in law or equity, including, without limitation of the foregoing general terms, any claims against any of the Floyd Road Releasees.

6. **Release of Claims by Floyd Road.** In consideration of the promises made by Mirabilis in the Agreement, Floyd Road, any corporations affiliated with Floyd Road by common ownership, including parent and subsidiary corporations, and their current and former officers, directors, shareholders, members, and employees, and their agents, officials, representatives, attorneys, insurance carriers and any other entity related to or affiliated with them (collectively, "Floyd Road Releasors"), irrevocably and unconditionally releases, waives, acquits, and forever discharge the following persons and entities:

> Mirabilis, any corporations affiliated with Mirabilis by common ownership, including parent and subsidiary corporations, and their current and former officers, directors, shareholders, and employees, and their

Settlement Agreement
Page 3 of 3

agents, officials, representatives, attorneys, insurance carriers and any other entity related to or affiliated with them

(collectively, "Mirabilis Releasees"), of and from any and all manner of actions, suits, claims of any kind or nature whatsoever, known or unknown, in law or equity, including, without limitation of the foregoing general terms, any claims against any of the Mirabilis Releasees.

7. <u>Future Suits and Proceedings by Mirabilis</u>. Mirabilis and Mirabilis Releasors promises not to institute any future suits or proceedings at law, in equity or any administrative or bankruptcy proceedings against Floyd Road, or Floyd Road Releasees for or on account of any claim or cause of action arising out of any event that occurred prior to execution of the Agreement, including but not limited to any claim or cause of action described in this Agreement, and further agrees that no such claim shall be instituted by anyone else on behalf of the Mirabilis Releasors.

8. <u>Future Suits and Proceedings by Floyd Road</u>. Floyd Road and Floyd Road Releasors promise not to institute any future suits or proceedings at law, in equity or any administrative or bankruptcy proceedings against Mirabilis or Mirabilis Releasees for or on account of any claim or cause of action arising out of any event that occurred prior to execution of the Agreement, including but not limited to any claim or cause of action described in this Agreement, and further agrees that no such claim shall be instituted by anyone else on behalf of the Floyd Road Releasors.

9. <u>Acknowledgement of Reasonable Time to Consider</u>. The Parties acknowledge receiving ample time in which to consider the Agreement and the compromises contained in it, and have knowingly and voluntarily entered into the Agreement for the consideration provided.

10. <u>Agreement to Resolve Controversies</u>. The Parties have entered into the Agreement solely in order to end the controversies between them, including those that are part of the Litigation, to avoid the risks and costs of litigation, to conserve the time that continued litigation would involve, and to obtain a compromise and final settlement of all the claims.

11. <u>No Admission of Liability</u>. The Parties agree and acknowledge that the execution of the Agreement and the performance of the covenants herein, shall not be considered an admission by any of the Mirabilis Releasees or Floyd Road Releasees of any liability or wrongdoing and that no past or present wrongdoing on the part of anyone shall be implied by any payments. This is a settlement of disputed claims.

12. <u>Non-Subrogation and Indemnity Commitment</u>. The Parties warrant that they have not assigned, sold, subrogated, transferred to, or conveyed to anyone any

Settlement Agreement
Page 4 of 4

actions, causes of action, claims or demands that the Parties now have or ever had against one another.

13. **Entire Agreement**. This Agreement contains the entire agreement between or among the Parties with regard to the matters set forth herein, and supersedes any and all prior negotiations, correspondence, understandings, and agreements between or among the parties with respect to the subject matter thereof. There shall be no modifications or amendments to this Agreement, except by instrument in writing executed by authorized representatives of the Parties hereto.

14. **Agreement Inures to the Benefit**. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective officers, directors, shareholders, members, agents, representatives, employees, servants, affiliates, attorneys, heirs, successors, assigns, or other representatives, if any, of each of the Parties hereto.

15. **Full Cooperation**. All Parties agree to cooperate fully, to execute any and all supplementary documents and to take all actions that may be necessary to implement this Agreement.

16. **Each Side to Bear Own Costs and Fees**. Each party agrees to bear his, her, its or their own costs and attorney's fees incurred in connection with the Dispute and the underlying settlement negotiations.

17. **Execution of Counterparts; Governing Law; Attorneys' Fees**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. To the extent that the law of any State may be applicable to construction of the Agreement, it shall be governed by the law of the State of Florida. In any action to enforce or interpret this Agreement, the prevailing party shall be entitled to recover his or its reasonable attorneys' fees, including attorneys' fees on appeal.

18. **Full Knowledge and Volition**. The Parties acknowledge that they have been represented by Counsel of their own choosing throughout the negotiation of the Agreement, and before, and that the Parties have consulted as necessary or desired with Counsel regarding the terms of the Agreement. The Parties acknowledge executing this Agreement freely and voluntarily and knowingly and without coercion or threats of any kind. The Parties also acknowledge and confirm that the only considerations for signing the Agreement are the terms and conditions stated in the Agreement, that no other promise or agreement of any kind, except those set forth in the Agreement, has been made by any person to cause the Parties to sign the Agreement, and that the Parties have carefully read the Agreement and fully understands its meaning and intent.

19. <u>Authority</u>. The Parties represent they have the power and authority to enter into this Agreement, including having the power and authority to execute the releases contained within on behalf of themselves and all herein referenced entities. On behalf of Mirabilis, R. W. Cuthill, Jr. is president of Mirabilis. The Parties acknowledge that Cuthill is authorized to execute this Agreement on behalf of Mirabilis. The Parties also acknowledge that the effectiveness of this Agreement is subject to approval by the Bankruptcy Court.

WHEREFORE, the Parties agree and stipulate to the preceding terms and conditions of settlement.

FLOYD ROAD, LLC

By: [signature]
Name: Walid Saba
Title: managing member

MIRABILIS VENTURES, INC.

By: [signature]
Name: R W Cuthill, JR.
Title: President

Settlement Agreement
Page 6 of 6

TPADOCS 18383204 3