UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

**MIRABILIS VENTURES INC.,**              Case No.: 6:08-bk-04327-KSJ
                                          Chapter 11
           Debtor.
_____/

**SUPPLEMENTAL ORDER GRANTING IN PART
JEFFREY REICHEL'S MOTION FOR RELIEF FROM THE
AUTOMATIC STAY TO CONTINUE STATE COURT LITIGATION**

THIS MATTER came before the Court on February 26, 2009 (the "Hearing") upon: Jeffrey Reichel's ("Reichel") Motion for Relief from the Automatic Stay to Continue State Court Litigation (Doc. No. 57; the "Stay Relief Motion"); the Agreed Order Granting in Part Jeffrey Reichel's Motion for Relief from the Automatic Stay to Continue State Court Litigation ("Stay Relief Order")(Doc. No. 116); Debtor's Motion for Clarification of Order Granting In Part Jeffrey Reichel's Motion for Relief from the Automatic Stay to Continue State Court Litigation ("Motion to Clarify")(Doc. No. 125); the Response to Motion for Clarification of Order Granting in Part Jeffrey Reichel's Motion for Relief from the Automatic Stay to Continue State Court Litigation ("Reichel Response")(Doc. No. 133). In the Stay Relief Motion, Reichel is seeking relief from the automatic stay to prosecute and adjudicate his counterclaims against Mirabilis Ventures Inc. (the "Debtor") in that certain case pending in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida (the "Circuit Court") styled *Mirabilis Ventures, Inc. v. Jeffrey Reichel*, Case No. 0701827 (the "Florida State Court Action") and to allow him to defend himself and possibly assert claims against the Debtor in a case pending in the State Court of Gwinnett County, Georgia styled *Mirabilis Ventures, Inc., AllStaff Management Inc., and AllStaff Personnel Management Inc. v. Jeffrey Reichel and Beverley*

{O1385875;1}

*Reichel,* Case No. 08C-01558-4 (the "Georgia State Court Action"). After the Court entered the Stay Relief Order granting, in part, the Stay Relief Motion, the Debtor filed the Motion to Clarify seeking further clarification of the Stay Relief Order. The Court, having considered the Stay Relief Motion, the Stay Relief Order, the Motion to Clarify, and the Reichel Response, having heard argument of counsel at the Hearing, and being otherwise fully advised in the premises, it is

**ORDERED that:**

1. The Motion to Clarify is granted, in part, and denied, in part, as stated herein.

2. The Stay Relief Motion is granted, in part, and denied, in part, as stated herein. Accordingly, the Stay Relief Order is modified by the terms of this Order.

3. The automatic stay is terminated to allow Reichel to adjudicate his counterclaims against the Debtor in the Florida State Court Action. However, the Florida State Court shall not exercise control over any asset of the Debtor, and if taken, shall be deemed void <u>ab</u> <u>initio</u>, except upon further order of this Court.

4. Subject to the provisions and restrictions contained in this Order, the Florida State Court Action may continue to the point of final judgment with respect to all causes of action against the Debtor, but no execution shall lie against the Debtor without further order of this Court.

5. Except as otherwise provided in this Order, Reichel is not entitled to relief from the automatic stay to seek any type of injunctive relief against the Debtor or the Debtor's estate, including, but not limited to the appointment of a receiver over any assets of the Debtor, the attachment of any judgment against any assets of the Debtor, or the determination of any owenership rights between the Debtor and Reichel with respect to Allstaff Personel, Allstaff Management, Neighborly Services, or the Human Resources Enterprise Corporation.

6.      Nothing in this Order shall prohibit the Circuit Court from hearing and making a determination on whether the Debtor's transfer of stock in Allstaff Personel, Allstaff Management, Neighborly Services, or the Human Resources Enterprise Corporation (the "Allstaff Stock") to Creative Risk Management constitutes an <u>actual</u> fraudulent transfer under Florida Statutes 727.105(1)(a); provided, however, the Circuit Court shall not have the authority to make a determination as to whether such transfer constitutes a constructive fraudulent transfer under Florida Statutes 727.106 or make any determination as to the solvency of the Debtor.

7.      Since the filing of the Stay Relief Motion, the Georgia State Court Action was dismissed.  Accordingly, Reichel's request for relief from the automatic stay with respect to the Georgia State Court Action is denied as moot.

**DONE AND ORDERED** at Orlando, Florida on March 20, 2009.

_____
**KAREN S. JENNEMANN**
**United States Bankruptcy Judge**

Copies to:

**Debtor: Mirabilis Ventures, Inc.**, 3660 Maguire Blvd., Suite 103, Orlando, FL 32803;

**Debtor's Counsel**: **Elizabeth A. Green, Esquire** and **Jimmy D. Parrish, Esquire,** Latham Shuker Eden & Beaudine LLP, 390 North Orange Avenue, Suite 600, Orlando, FL 32801

**United States Trustee: Elena L. Escamilla, Esquire,** 135 W. Central Blvd., Suite 620, Orlando, FL 32806;

**Intervenor: I. Randall Gold, Esquire,** United States Attorney's Office, 501 West Church Street, Suite 300, Orlando, FL 32765;

**Counsel for Jeffrey Reichel:**  Jill E. Kelso, Esq., Akerman Senterfitt, P. O. Box 231, Orlando, FL  32802