UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                              :
                                    :
MIRABILIS VENTURES, INC.            :       Case No. 6:08-bk-04327-KSJ
                                    :
                                    :


**FORGE AND AFFILIATED CREDITORS' SUPPLEMENTAL**
**MEMORANDUM OF LAW AND FACT IN SUPPORT**
**OF THEIR MOTION TO DISMISS**

Creditors, FORGE CAPITAL PARTNERS, LLC f/k/a MORECO PARTNERS, LLC, ARGENT CAPITAL ADVISORS, LLC f/k/a ATLANTIC AMERICAN CAPITAL ADVISORS, LLC, ARGENT BD, LLC, ARGENT BD TRANSITION, LLC, ROBERT MOREYRA, PETER COLLINS, BISON MORTGAGE CORP., and SOLUTIONS FUNDING, INC., (hereinafter "Forge and Affiliated Creditors"), by and through their undersigned attorneys, and pursuant to this Court's request at the hearing on June 30, 2009, hereby file this supplemental memorandum of law and fact in support of their Motion to Dismiss and in support thereof, state as follows:

**BACKGROUND FACTS**

On or about June 30, 2009, this Court conducted a hearing on Forge and Affiliated Creditors' Motion to Dismiss. The Court specifically requested that the

parties provide further argument and authority on the issue of the Debtor's *ultra vires* filing of this action.

On or about October 24, 2004, an entity known as Stellar Industries, Inc., filed Amended and Restated Articles of Incorporation and became Mirabilis Ventures, Inc. ("Mirabilis"). Since that filing, and through the date of the filing of this bankruptcy action, Mirabilis has operated under the Amended and Restated Articles of Incorporation. Importantly, the Amended and Restated Articles of Incorporation provide in "Article VIII- Amendments" that "**this corporation reserves the right to amend**, alter, change or repeal any provision contained in . . .**its Bylaws in the manner now or hereafter prescribed by** . . .**the corporation's Bylaws**. . ." (Emphasis added). As such, any amendment to the Bylaws must be in the manner prescribed by the Bylaws. A true and correct copy of the pertinent portion of the Amended and Restated Articles of Incorporation are attached hereto as Exhibit "A."

On or about October 1, 2005, Mirabilis enacted the "Bylaws of Mirabilis Ventures, Inc." The Bylaws provide the exclusive manner for the election of members of the Board of Directors. According to Article III, Section 3.04 of the Bylaws of Mirabilis, any vacancy on the Board of Directors must be filled by "the affirmative vote of two-thirds (2/3) **of the issued and outstanding shares** of the Corporation." A true and correct copy of the pertinent portion of the Bylaws are attached hereto as Exhibit "B."

The Bylaws, therefore, mandate that all new directors be must approved by a vote of 2/3 of all outstanding shareholders.  Under no circumstances can the Board of Directors fill any vacancies.  Rather, the election of directors must be done solely by the shareholders pursuant to the Bylaws.

The Bylaws also provide the sole and exclusive manner in which they can be amended.  Pursuant to Article IX, Section 9.02 B., in order to amend the Bylaws, "the Board of Directors shall propose the amendment. . .to the shareholders who shall have thirty days (30) in which to object to the amendment."  As such, as a condition precedent to any valid amendment to the Bylaws, the Board of Directors **must** do two things (neither of which were done in this matter).  First, the Board of Directors must provide notice of the proposed amendment to the shareholders.  Second, the Board of Directors must give the shareholders no less than thirty (30) days to object.  If, and only if, these conditions are met, and then only if there is no objection, can the Bylaws be amended.

Clearly aware of the requirement that only "shareholders" could fill vacancies on the Board of Directors, and that any amendment required at least thirty (30) days notice, on or about May 27, 2008, two members of the Board of Directors (with no notice to the shareholders) attempted to amend the Bylaws of Mirabilis.  It is undisputed that the Board of Directors did not comply with Section 9.02 B., of the Bylaws because the Board of Directors did not provide the required notice and wait

thirty (30) days. Instead, with no notice to the shareholders, and without waiting the required thirty (30) days, the Board of Directors passed "Amendment No. 1 to the Bylaws" and purported to amend both the provision of the Bylaws relating to filling vacancies on the Board of Directors as well as the provision regarding amendments to the Bylaws. Of course, the intended result of the invalid amendment was to allow the Board of Directors to vote to fill its own vacancies and to allow the Board to amend the Bylaws without notice to the shareholders. These actions were wholly contrary to the restrictions set forth in the Bylaws and impair the rights given to the shareholders.

Following the purported amendment to the Bylaws, and still on May 27, 2008, the only two remaining members of the Board of Directors (Jay Stollenwerk and Shane Williams) executed the "Action of Directors by Written Consent" and appointed a new director, Michael Moecker. Mr. Stollenwerk and Mr. Williams then promptly resigned from their positions on the Board of Directors.[1] The new director, Mr. Moecker, then appointed R.W. Cuthill as the President of Mirabilis. It was then Mr. Cuthill who retained Elizabeth Green and her firm to represent Mirabilis in the bankruptcy action. All of this was orchestrated so that Mirabilis could file bankruptcy to try to prevent a final judgment from being entered against

---

[1] Although it is unclear as to whether Mr. Stollenwerk or Mr. Williams were ever even duly elected members of the Board of Directors, since they have resigned and because Mr. Moecker is not duly elected, there is currently no Board of Directors of Mirabilis and any and all actions it has taken since the resignation of Mr. Stollenwerk or Mr. Williams have been unauthorized actions.

one of its subsidiaries in Richmond, Virginia.[2]  On May 28, 2008, Mirabilis filed for

Chapter 11 bankruptcy.

## ARGUMENT

## I.    THE FILING OF THIS BANKRUPTCY WAS AN UNAUTHORIZED ACTION BECAUSE THE UNDISPUTED EVIDENCE PROVES THAT THE BOARD MEMBER AND OFFICER WHO AUTHORIZED THE FILING OF THIS ACTION WERE NOT DULY ELECTED.

Mirabilis's pursuit of bankruptcy is an *ultra vires* action since the director

and officer who authorized the filing were not duly elected and the amendment of

the Bylaws was invalid.[3]  "A corporation must act in accordance with its articles of

incorporation and duly adopted by-laws."  Word of Life Ministry v. Miller, 778 So.

2d 360 (Fla. 1st DCA 2001). "The general rule established long ago is that a

corporation is prohibited from amending its by-laws so as to impair a member's

contractual rights." Surf Club v. Long, 325 So.2d 66 (Fla. 3d DCA 1975); Grand

Lodge Knights v. Harris, 124 Fla. 1, 167 So. 814 (Fla. 1936); Brotherhood's Relief

and Compensation Fund v. Cagnina, 155 So.2d 820 (Fla. 2d DCA 1963).

The undisputed evidence is that Mirabilis failed to properly elect and install

its current officers and directors and that its current counsel does not have the

---

[2] Despite Mirabilis's attempt, a Final Judgment was entered against Pacific Atlantic Capital Corporation ("PACC") because PACC did not file for bankruptcy.  On or about May 29, 2008, the court in Henrico County, Virginia entered its Order granting summary judgment in a related case involving some of the same parties and some of the overlapping claims as in this action.  The court there ordered PACC to deliver an originally executed deed to certain real property to Coastal Equity and Bison, who are two of Forge's Affiliated Creditors.  Further, the court permanently enjoined PACC from "interfering with delivery of the originally executed Hoth Quitclaim Deed . . ."
[3] Mirabilis alleges in its schedules that Robert Moreyra is a shareholder of Mirabilis.  As such, based upon this assertion, he has standing to raise this issue.

authority to represent it in this action.  According to the Bylaws of Mirabilis, any vacancy on the Board of Directors must be filled by "the affirmative vote of two-thirds (2/3) **of the issued and outstanding shares** of the Corporation."  (Emphasis added).  The appointment of Mr. Mocker was invalid since it was **<u>not</u>** approved by two thirds of Mirabilis's shareholders.  In fact, there is no evidence that there was any meeting of the shareholders or any vote of the shareholders on this issue.

Further, it was not possible to amend the Bylaws of Mirabilis before this appointment.  The Bylaws **require** thirty (30) day notice before they can be amended.  The purported amendment to the Bylaws took place on the very same day it was proposed and the bankruptcy filing was the next day.  As such, Mirabilis failed to comply with Section 9.02B. of the Bylaws, and the purported "Amendment No. 1" has no force or effect.

Since Mr. Moecker was not duly elected, he had no authority to appoint Mr. Cuthill as President of Mirabilis.  Mr. Cuthill, therefore, had no authority to retain Ms. Green as counsel for Mirabilis and has no authority now to act as "debtor in possession."   As a result, the purported individuals controlling Mirabilis were not duly elected or appointed.  The term "duly" elected is interpreted by courts to mean proper in both form and substance and according to legal requirements, which means the existence of "every fact essential to <u>perfect regularity</u> of procedure." (Emphasis added.).  <u>Welborn v. Whitney</u>, 126 P. 2d 263 (Okla. 1942); <u>Citizen's</u>

State Bank v. Moore, 57 P. 115 (Kan. 1899); Cheshire v. First Presbyterian Church, 17 S.E. 2d 344 (N.C. 1941); Robertson v. Perkins, 129 U.S. 233 (1889); 28 C.J.S., "Duly", p. 585.

A person who is not duly elected does not have the powers of a properly elected director or officer merely because he or she is placed onto the board of directors or appointed to office by vote of the shareholders or directors. See e.g., Richards v. Attleborough Nat'l Bank, 19 N.E. 353 (Mass. 1889) (holding that there was no valid election where a director failed to qualify for the position when elected); Wallace & Sons v. Walsh, 25 N.E. 1076 (Ct. App. NY 1890).

Based, therefore, on the failure of Mirabilis to comply with its own Bylaws, any actions taken by the current officers and directors have no legal force or effect. Additionally, Mirabilis's current counsel does not have the proper authority to act on its behalf. As such, this case should be dismissed because the current principals of Mirabilis have no authority to maintain this action.

## II.    THE ACTION TAKEN BY MIRABILIS WAS ALSO VOID UNDER NEVADA LAW AND GENERAL CORPORATE LAW.

The action taken by Mirabilis was also void under the Nevada Revised Statutes, Nevada law and general corporate law. Pursuant to N.R.S. 78.120, "[e]xcept as otherwise provided in this subsection and subject to the bylaws, if any, adopted by the stockholders, the directors may make the bylaws of the corporation." The Board of Directors adopted and made "bylaws of the

corporation." Further, the Amended and Restated Articles of Incorporation mandates that all amendments to the Bylaws be made in the manner prescribed in the Bylaws.

Mirabilis may contend that it can amend the Bylaws because they were not "bylaws adopted by the shareholders" and the Nevada statute allows directors to amend any bylaws unless prohibited by the "bylaws of the stockholders." In reality, the bylaws of the stockholders and bylaws of the corporation in this case are the very same thing as there is only one set of Bylaws. However, even if this Court were to adopt the Debtor's reasoning, once the Board of Directors enacted the Bylaws of the corporation, the Board of Directors were bound by the provisions set forth in the Bylaws.

Every shareholder has a legitimate interest in having the corporate business conducted in accordance with the bylaws established by the corporation and unless waived, and until repealed, the bylaws are the continuing rule for the governance of a corporation. Word of Life Ministry v. Miller, 778 So. 2d 360 (Fla. 1st DCA 2001); Ihrig v. Frontier Equity Exchange Ass'n, 128 P.3d 993 (Kan. App. 2006); Schraft v. Leis, 236 Kan. 28, 35, 686 P.2d 865 (Kan. App. 1984); Gaddis v. Stardust Hills Owners Ass'n, Inc., 804 N.E.2d 231 (Ind. App. 2004)(Articles of Incorporation and Bylaws of a corporation constitute a contract between the corporation and its members); Rushing v. Gold Kist, Inc., 567 S.E.2d 384 (Ga.

App. 2002)(The bylaws of a corporation are binding on the parties who enact them as contracts and must be construed according to the principles of the law of contracts); <u>Hall v. Tennessee Dressed Beef Co.</u>, 957 S.W.2d 536 (Tenn. 1997) (Properly adopted bylaws constitute a binding contract between a corporation and its shareholders). Further, under Nevada law, the management and control of the affairs of a private corporation are vested in the board of directors, and the stockholders exercise their powers in the election of directors. <u>Berman v. Riverside Casino Corp.</u>, 247 F.Supp. 243 (D.C. Nev. 1964). Also, even under Nevada law, "**[a]ny vacancy** occurring in an office of the corporation by death, resignation, removal or otherwise, **must be filled as the bylaws provide**, or in the absence of such a provision, by the board of directors." (Emphasis added). N.R.S. 78.130 (2008).

The Amended and Restated Articles of Incorporation and the Bylaws are contracts that provide important and valuable rights to the shareholders. The Amended and Restated Articles of Incorporation and the Bylaws provide the exclusive manner in which directors can be elected, and amendments made to the governing documents. Nevada law also provides that the election of directors is the province of shareholders. The Board of Directors, therefore, were not at liberty to breach the terms of the Amended and Restated Articles of Incorporation and the Bylaws by passing amendments that took away the rights of the shareholders to

vote for directors and approve amendments.  As such, the attempt by Mirabilis to take away the power of the shareholders to elect directors is contrary to Nevada law and cannot be permitted by this Court.  Since Mr. Moecker and Mr. Cuthill were not elected pursuant to the Bylaws, they have not been duly elected and any actions they have taken have no force or effect.  This Court, therefore, should dismiss this action.

## CONCLUSION

The appointment of Mr. Mocker was invalid since it was not approved by two thirds of Mirabilis's shareholders.  In fact, there is no evidence that there was any meeting of the shareholders or any vote of the shareholders on this issue.  It was not possible to amend the Bylaws of Mirabilis before this appointment because the Bylaws required thirty (30) day notice before any amendment and the amendment was done on the same day Mr. Moecker was allegedly elected as a director.  Since Mr. Moecker was not duly elected, he had no authority to appoint Mr. Cuthill as President of Mirabilis.  Mr. Cuthill, therefore, had no authority to retain Ms. Green as counsel for Mirabilis, and direct the filing of this bankruptcy. This Court, therefore, must dismiss this case and any pending adversary actions. Dated July 31, 2009.

/s/ Bart R. Valdes
DAVID H. SIMMONS, ESQ.
Florida Bar Number 240745
deBeaubien, Knight, Simmons,

Mantzaris & Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32802-0087
Telephone: (407) 422-2454
Facsimile: (407) 849-1845
dhs77@dbksmn.com

BART R. VALDES
Florida Bar Number 323380
de Beaubien, Knight, Simmons,
Mantzaris & Neal, LLP
609 W. Horatio Street
Tampa, Florida 33606
Telephone: (813) 251-5825
Facsimile: (813) 254-1063
brv11@dbksmn.com
Attorneys for Creditors

## CERTIFICATE OF SERVICE

I hereby certify that on 31st day of July, 2009, a true copy of the foregoing, together with any exhibits, has been furnished via the CM/ECF system to Debtor, Mirabilis Ventures, Inc., c/o R. W. Cutliff, Jr., President, 341 N. Maitland Ave., Suite 210, Maitland, Florida 32751; Debtor's counsel, Elizabeth Green, Esq., Latham, Shuker, Barker, Eden & Beaudine, 390 North Orange Avenue, Suite 600, Orlando, Florida 32801; Randy Gold, Esq., Assistant U.S. Attorney, United States Attorney's Office, 501 West Church Street, Suite 300, Orlando, Florida 32805; and all others receiving electronic notice as per the attached matrix.

/s/ Bart R. Valdes
DAVID H. SIMMONS, ESQ.
Florida Bar Number 240745

deBeaubien, Knight, Simmons,
 Mantzaris & Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32802-0087
Telephone: (407) 422-2454
Facsimile: (407) 849-1845
dhs77@dbksmn.com

BART R. VALDES
Florida Bar Number 323380
de Beaubien, Knight, Simmons,
Mantzaris & Neal, LLP
609 W. Horatio Street
Tampa, Florida  33606
Telephone: (813) 251-5825
Facsimile: (813) 254-1063
brv11@dbksmn.com
Attorneys for Creditors