# ARTICLES OF INCORPORATION
## Amended and Restated
### (Pursuant to NRS, Chapter 78)

### ARTICLE I—NAME

The name of the corporation is MIRABILIS VENTURES, INC.

### ARTICLE II—RESIDENT AGENT NAME AND STREET ADDRESS

The name of the resident agent for service of process is XTREME BUSINESS SOLUTIONS, located at 3838 Raymert Drive Suite 3, Las Vegas, NV 89121-3247. The mailing address for the resident agent is P.O. Box 50729, Henderson, NV 89016.

### ARTICLE III—PURPOSE

The corporation is organized for the purpose of engaging in any lawful activity, within or without the State of Nevada.

### ARTICLE IV—SHARES OF STOCK

*Number of Shares*

The total number of shares of authorized capital stock of the corporation shall consist of seventy-five thousand (75,000) shares with no par value.

*Classes and Series*

Per NRS 78.035, the Board of Directors is authorized to fix and determine in a resolution the classes, series and numbers of each class or series as provided in NRS 78.195 and 78.196, with such voting powers, designations, preferences and rights or qualifications, limitations or restrictions thereof as shall be stated in the pertinent resolution or resolutions.

*No Preemptive Rights*

Holders of the common stock of the corporation shall not have any preference, preemptive right or right of subscription to acquire any shares of the corporation authorized, issued or sold, or to be authorized, issued or sold and convertible into shares of the corporation, nor to any right of subscription thereto, other than to the extent, if any, that the Board of Directors may determine from time to time.

*Non-Assessability*

The common stock of the corporation, after the amount of the subscription price has been paid, in money, property or services, as the Board of Directors shall determine, shall not

EXHIBIT "A"

request of the corporation as a director or officer of another corporation, or as its representative in a partnership, joint venture, trust or other enterprise, shall be indemnified and held harmless to the fullest extent legally permissible under the laws of the State of Nevada against any and all expenses, liability or loss (including attorney's fees, judgments, fines and amounts paid or to be paid in settlement) reasonably incurred or suffered by him in connection therewith. Such right of indemnification shall be a contract right which may be enforced in any manner desired by such person. The expenses of officers and directors incurred in defending a civil or criminal action, suit or proceeding must be paid by the corporation as they are incurred and in advance of the final disposition of the action, suit or proceeding, upon receipt of an undertaking by or on behalf of the director or officer to repay the amount if it is ultimately determined by a court of competent jurisdiction that he is not entitled to be indemnified by the corporation. Such right of indemnification shall not be exclusive of any other right which such directors, officers or representatives may have or hereafter acquire and, without limiting the generality of such statement, they shall be entitled to their respective rights of indemnification under any bylaw, agreement, vote of stockholders, provision of law or otherwise, as well as their rights under this Article.

Without limiting the application of the foregoing, the stockholders or Board of Directors may adopt by-laws from time to time with respect to indemnification to provide at all times the fullest indemnification permitted by the laws of the State of Nevada, and may cause the corporation to purchase and maintain insurance on behalf of any person who is or was an officer or director of the corporation, or is or was serving at the request of the corporation as director or officer of another corporation, or as its representative in a partnership, joint venture, trust or other enterprise against any liability asserted against such person and incurred in any such capacity or arising out of such status, whether or not the corporation would otherwise have the power to indemnify such person.

## ARTICLE VIII—AMENDMENTS

Except with respect to amending the non-assessability of shares per Article IV, this corporation reserves the right to amend, alter, change or repeal any provision contained in these Articles of Incorporation or its Bylaws in the manner now or hereafter prescribed by statute or by these Articles of Incorporation or by the corporation's Bylaws, and all rights conferred upon the stockholders are granted subject to this reservation.

## ARTICLE IX—POWERS OF DIRECTORS

In furtherance and not in limitation of the powers conferred by statute, the Board of Directors is expressly authorized:

1) Subject to the Bylaws, if any, adopted by the stockholders, to make, alter, or repeal the Bylaws of the corporation;
2) To authorize and cause to be executed mortgages and liens, with or without limit as to amount, upon the real and personal property of the corporation;

BYLAWS

OF

MIRABILIS VENTURES, INC. (THE "CORPORATION")

### ARTICLE I. - OFFICES

1.01 REGISTERED OFFICE. The registered office of the Corporation shall be as provided in the Articles of Incorporation, or such other location as may be determined from time to time by the Board of Directors.

1.02 OTHER OFFICES. The Corporation may also have offices at such other places, both within and without the state of incorporation, where the Corporation is qualified to do business, as the Board of Directors may from time to time designate or the business of the Corporation may require.

### ARTICLE II - SHAREHOLDERS

2.01 PLACE OF MEETINGS. Meetings of shareholders shall be held at 111 North Orange Avenue-Suite 2000, Orlando, Florida 32801, at the date and time stated in the notice of meeting or in a waiver of notice.

2.02 ANNUAL MEETINGS. The annual meeting of the Stockholders of the Corporation shall be held at 111 North Orange Avenue-Suite 2000, Orlando, Florida 32801 at such time and on such date as the President or any Director of the Corporation shall determine; provided, however, such date must be within the first or last month of each fiscal year of the Corporation beginning with the last month of the first fiscal year or the first month of the second fiscal year, and not more than thirteen months shall elapse between each such annual meeting. At the annual meetings, directors shall be elected, reports of the affairs of the Corporation shall be considered, and any other business may be transacted that is within the power of the Stockholders.

2.03 SPECIAL MEETINGS. Special meetings of the shareholders shall be held when called by the President or the Board of Directors, or when requested in writing by the holders of not less than twenty-five (25%) percent of all of the issued and outstanding shares entitled to vote at such meetings. Any written request for a special meeting by the holders of the requisite number of issued and outstanding shares, or officers, or directors as prescribed in this Section 2.03 shall be signed, dated, and delivered to the Corporation's Secretary, with a copy to Berman, Kean, & Riguera, P.A.; and shall describe the purpose or purposes for which such special meeting is to be held. A meeting requested by Stockholders shall be called for a date not less than fourteen (14) nor more than sixty (60) days after the written request setting forth the purpose of the meeting is made. The call for the meeting shall be issued by the Secretary unless

-1-

EXHIBIT "B"

Case 6:08-bk-04327-KSJ    Doc 225-1    Filed 07/31/09    Page 4 of 7
Case 6:08-bk-04328-KSJ    Document 47    Filed 10/03/2008    Page 7 of 21
Case 6:08-bk-04327-KSJ    Document 76    Filed 09/29/2008    Page 11 of 31

by a vote of two-thirds (2/3) of the issued and outstanding shares of the Corporation. No such payment shall preclude any director from serving the Corporation in any other capacity and receiving compensation therefore. Members of any Executive Committee or special or standing committees may, by resolution of the Board of Directors, be allowed like compensation, in an amount not to exceed One Thousand ($1,000) Dollars, for attending committee meetings; provided however, absent approval by two-thirds (2/3) of the issued and outstanding shares of the Corporation, that payment shall not be authorized for more than twenty (20) days per fiscal year. In the absence of a resolution of the Board of Directors authorizing the reimbursement of expenses or the payment of fees or salaries, the directors and members of any Executive Committee and special committees shall serve as such without compensation.

3.04 VACANCIES. Any vacancy occurring on the Board of Directors, including a vacancy created by reason of an increase in the number of directors, may be filled by the affirmative vote of two-thirds (2/3) of the issued and outstanding shares of the Corporation. A director elected to fill a vacancy shall hold office only until the next election of directors by the shareholders.

3.05 PLACE OF MEETINGS. Meetings of the Board of Directors, regular or special, shall be held at 111 North Orange Avenue-Suite 2000, Orlando, Florida 32801.

3.06 REGULAR ANNUAL MEETING. A regular annual meeting of the Board of Directors shall be held immediately following the annual meeting of the shareholders of the Corporation as prescribed in Section 2.02 hereof.

3.07 REMOVAL OF DIRECTORS. At a meeting of shareholders called expressly for the purpose of removing one or more directors, any director or the entire Board of Directors may be removed, with or without cause, by a vote of the holders of two-thirds (2/3) of the shares then entitled to vote at an election of directors.

3.08 QUORUM AND VOTING. A majority of the number of directors shall constitute a quorum for the transaction of business. The act of a majority of the directors present at a meeting at which a quorum exists shall be the act of the Board of Directors.

3.09 DUTIES OF DIRECTORS. A director shall discharge such director's duties as a director, including duties as a member of any committee of the Board on which such director may serve, in good faith, with the care an ordinarily prudent person in a like position would exercise under similar circumstances, and in a manner such director reasonably believes to be in the best interests of the Corporation.

In performing his or her duties, a director is entitled to rely on information, opinions, reports or statements, including financial statements and other financial data, prepared or presented by:

    (a)    one or more officers or employees of the Corporation whom such director reasonably believes to be reliable and competent in the matters presented;

-7-

Case 6:08-bk-04327-KSJ   Doc 225-1   Filed 07/31/09   Page 5 of 7
Case 6:08-bk-04328-KSJ   Document 47   Filed 10/03/2008   Page 19 of 21

Case 6:08-bk-04327-KSJ   Document 76   Filed 09/29/2008   Page 23 of 31

The Corporation shall mail the annual financial statements to each shareholder within one hundred twenty (120) days after the close of each fiscal year of the Corporation or within such additional time thereafter as is reasonably necessary to enable the Corporation to prepare its financial statements if, for reasons beyond the corporation's control, it is unable to prepare its financial statements within the prescribed period. Thereafter, on written request from a shareholder who was not mailed the annual financial statements of the Corporation, the Corporation shall mail such shareholder the latest financial statements.

For any notice required pursuant to this Section 6.03, to be delivered to any shareholder owning less than twenty-five (25%) percent of the total authorized and outstanding shares, then such notice can be completed by posting said documents to the Corporation's website and providing notice to the shareholder of the documents location.

## ARTICLE VII - DIVIDENDS

The Board of Directors may authorize the Corporation to make distributions upon the direction of the shareholders indicated by an affirmative vote of two-thirds (2/3) of the total authorized and outstanding shares of the Corporation.

Dividends shall not be cumulative.

## ARTICLE VIII - INDEMNIFICATION

The Corporation shall indemnify any officer or director, or any former officer or director, to the full extent permitted under relevant provisions of state law.

## ARTICLE IX - MISCELLANEOUS

9.01 CORPORATE SEAL. A corporate seal shall not be required to be attached to any instrument executed by or on behalf of the Corporation unless required by law, but if so required shall be of such shape and have such words thereon as may be described by law or by the Board of Directors. The seal may be used by impressing it or reproducing a facsimile thereof, or otherwise.

9.02 AMENDMENT OF BYLAWS.

A. The Board of Directors may amend or repeal the Corporation's Bylaws unless:

(a) the Articles of Incorporation or other provision of law reserves the power to amend the Bylaws generally, or a particular provision of the Bylaws, exclusively to the shareholders; or

(b) the shareholders, in amending or repealing the Bylaws generally, or a particular provision of the Bylaws, provide expressly that the Board of Directors may not amend or repeal the Bylaws or such provision of the Bylaws.

Case 6:08-bk-04327-KSJ   Doc 225-1   Filed 07/31/09   Page 6 of 7
Case 6:08-bk-04328-KSJ   Document 47   Filed 10/03/2008   Page 20 of 21

Case 6:08-bk-04327-KSJ   Document 76   Filed 09/29/2008   Page 24 of 31

B. In making an amendment or repeal pursuant to this Section 9.02, the Board of Directors shall propose the amendment or repeal to the shareholders who shall have thirty (30) days in which to object to the amendment. If twenty-five (25%) percent or greater of the total issued and outstanding shares object to the amendment or repeal, then such amendment or repeal shall but put to a vote of the shareholders.

C. Notwithstanding anything contained in these Bylaws to the contrary, the Corporation's shareholders may amend or repeal the Corporation's Bylaws. Provided, however, that any such amendment or repeal shall require an eighty (80%) percent vote of all issued and outstanding shares, in writing. No such amendment or repeal shall be valid if the effect of the amendment or repeal would be violative of any Investor Agreement or Loan Agreement between Mirabilis Ventures, Inc. or its affiliates and the Corporation.

9.03 RELATION TO ARTICLES OF INCORPORATION. These Bylaws shall be subject to, and governed by, the Corporation's Articles of Incorporation.

## ARTICLE X-SPECIAL CONDITIONS

10.01 LIMITED APPLICABILITY. The Company agrees to continue to be bound by Mirabilis Ventures, Inc.'s corporate governance rules and policies, which shall include, but is not limited to, the following:

(a) Company's method of doing business protocols shall be consistent with the requirements set forth under the Sarbanes-Oxley Act (SOA), by using and implementing "Axenaware" software applications;

(b) Company shall immediately use Mirabilis' designated common paymaster, for payroll processing of all employees, and insurance company for related insurance coverage, including workers' compensation;

(c) Company shall be responsible for and obligated to perform the day-to-day operations of Company in accordance with its corporate guidelines, policies, regulations and procedures.

(d) All bank accounts for Company will be reconciled daily, and "cash" reports will be filed daily with Mirabilis' designated monitor; and,

(e) Company will use and participate in Mirabilis' preferred vendor network. Each member of the network agrees to grant preferred vendor status to each affiliate of Mirabilis, provided that price and service are competitive with a nonaffiliated provider.

(f) Company shall maintain adequate books and records in accordance with generally accepted accounting principles consistently applied, and permit any

Case 6:08-bk-04327-KSJ   Doc 225-1   Filed 07/31/09   Page 7 of 7
Case 6:08-bk-04328-KSJ   Document 47   Filed 10/03/2008   Page 21 of 21
Case 6:08-bk-04327-KSJ   Document 76   Filed 09/29/2008   Page 25 of 31

representative of Mirabilis, at any reasonable time, to inspect, audit and examine such books and records, to make copies of the same, and to inspect the properties of the Company.

(g)     Company warrants that it possesses, and will hereafter possess, all permits, consents, approvals, franchises and licenses required, and rights to all trademarks, trade names, patents, and fictitious names, if any, necessary to enable it to conduct the business in which it is now engaged in compliance with all applicable laws.

These Bylaws were adopted by Written Consent of the Board of Directors of the Corporation dated the 1st day of October, 2005.

_____
James V. Sadrianna, President