UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                          CASE NO. 6:08-bk-0437-KSJ

MIRABILIS VENTURES, INC.,                       CHAPTER 11

          Debtor.
_____/

## MIRABILIS VENTURES, INC.'S RESPONSE TO THE SUPPLEMENTAL MEMORANDUM OF LAW IN FACT IN SUPPORT OF THE MOTION TO DISMISS CHAPTER 11 FILING OR, IN THE ALTERNATIVE, TO CONVERT TO CHAPTER 7, FILED BY THE FORGE CREDITORS

**MIRABILIS VENTURES, INC.** ("Mirabilis"), by and through its undersigned counsel, files its response to the Supplemental Memorandum of Law in Fact in Support of the Motion to Dismiss Chapter 11 Filing or, in the Alternative, to Convert to Chapter 7 filed by FORGE CAPITAL PARTNERS, LLC f/k/a MORECO PARTNERS, LLC, ARGENT CAPITAL ADVISORS, LLC f/k/a ATLANTIC AMERICAN CAPITAL ADVISORS, LLC, ARGENT BD, LLC, ARGENT BD TRANITION, LLC, ROBERT MOREYRA, PETER COLLINS, BISON MORTGAGE CORP., and SOLUTIONS FUNDING, INC. (collectively, "Forge Creditors"), and in support thereof, states as follows:

### I. FACTUAL AND PROCEDURAL HISTORY

1.    On October 28, 2004, the entity known as Stellar Industries, Inc. changed its name to Mirabilis Ventures, Inc. At its inception, Mirabilis had only one shareholder (Yaniv Amar) and only one director (Gaile Hartman).

2.    On October 1, 2005, Mirabilis, by written consent of the Board, adopted its Bylaws (the "2005 Bylaws"). A true and correct copy of the 2005 Bylaws is attached as **Exhibit "A,"** which provides on page 21 that "these Bylaws were adopted by written consent of the Board of Directors of the corporation dated October 1, 2005.

3. Section 9.02 of the 2005 Bylaws provides that the Board may amend or repeal the Corporation's Bylaws unless (a) the Articles of Incorporation or other provisions of law reserve the power to amend the Bylaws (or a particular provision thereof) exclusively to the shareholders, or (b) the shareholders, by a Bylaw provision or amendment thereto, provide expressly that the Board may not amend or repeal the Bylaws (or a particular provision thereof).

4. Neither the Articles of Incorporation nor other provisions of law reserve the power to amend the Bylaws exclusively to the shareholders. Furthermore, the 2005 Bylaws were appropriately adopted by the Board of Directors, not by the shareholders, so there is no shareholder-adopted Bylaw which provides that the Board of Directors may not amend or repeal the Bylaws.

5. Section 9.03 of the 2005 Bylaws provides that the Bylaws shall be subject to, and governed by, the Corporation's Articles of Incorporation (the "Articles"). See Section 9.03, **Exhibit "A."** A true and correct copy of the Mirabilis' Articles of Incorporation is attached hereto as **Exhibit "B."**

6. Article VIII of the Articles provides that the Corporation reserves the right to amend provisions in the Articles or the Bylaws in the manner now or hereafter prescribed **by statute** or by the Articles or by the Bylaws and "all rights conferred upon the stockholders are granted subject to this reservation." (Emphasis added.) *See* Article VIII, Exhibit "B." This provision in Article VIII of the Articles is written in the disjunctive and gives the board the authority to amend the Bylaws as provided by statute, the Articles **or** the Bylaws.

7. Article IX of the Articles provides that in furtherance and not in limitation of powers conferred by statute, the Board is expressly authorized, subject to the Bylaws, if any, adopted by the stockholders, to make, alter or repeal the Bylaws of the Corporation. As set forth above, the Bylaws were not adopted by the stockholders.

8. Section 78.120 of the Nevada Revised Statutes, also provides that "[u]nless otherwise prohibited by any bylaw adopted by the stockholders, the directors **may adopt, amend, or repeal any bylaw, including any bylaw adopted by the stockholders**." (Emphasis added.) A true and correct copy of Section 78.120 of the Nevada Revised Statutes is attached hereto as **Exhibit "C."** As set forth above, the Bylaws were not adopted by the stockholders. Thus, the Board is not subject to any limitation related to the amendment of the Bylaws.

9. Again, there are no stockholders adopted Bylaws and thus the Directors are empowered both by Article VIII of the Articles and by Section 78.120 of the Nevada Statutes to amend the Bylaws.

10. Acting by written consent dated May 27, 2008 (the "Written Consent"), pursuant to the authority granted and/or reserved to the Board of Directors to amend the Bylaws as provided in the Articles and statutory provisions cited above, the then currently serving duly elected Board of Directors exercised such authority and, among other things, amended the 2005 Bylaw provisions related to vacancies (Section 3.04) and amendment of the Bylaws (Section 9.02). A true and correct copy of the Written Consent is attached hereto as **Exhibit "D."**

11. Pursuant to new Section 3.04 of the amended Bylaws (the "Amended Bylaws"), the two remaining Directors appointed Mr. Michael Moecker as the third Director. Upon the resignation of Shane Williams and Jay Stollenwerk, Mr. Moecker, as sole remaining Director, acting pursuant to Section 3.14 (acting without meeting) and Section 4.02 (election, term of office and qualification) of the Amended Bylaws, elected Mr. Cuthill as President and authorized Mr. Cuthill, on behalf of the Corporation, to file for protection under the U.S. Bankruptcy Code and retain Elizabeth Green as Bankruptcy counsel. The Action by Sole Director, dated May 27, 2008, is attached hereto as **Exhibit "E."**

12. On May 27, 2008, the Debtor filed its voluntary petition for relief with the Middle District of Florida Bankruptcy Court (the "Petition Date").

13. On September 24, 2008, the United States of America filed a Motion to Dismiss the Bankruptcy case based upon its alleged bad faith filing (the "Dismissal Motion") (Doc. No. 41).

14. On October 3, 2008, the Forge Creditors joined in the Dismissal Motion (Doc. No. 88).

15. On November 25, 2008, Mirabilis and the USA reached an accord and filed a Joint Motion to Approve Compromise of Controversy that otherwise resolves and withdraws the Dismissal Motion ("Compromise") (Doc. No. 101).

16. Under the terms of the compromise, the USA was to acquire personal and real property owned by Mirabilis, but Mirabilis was to retain, among other things, the proceeds and the rights to the lawsuits against various third party professionals relating to their poor legal and financial advice.

17. Shortly thereafter, on December 5, 2008, and as a result of the Compromise, Mirabilis filed four (4) simultaneous adversary proceedings against Mirabilis' legal and financial advisors for the negligence in advising Mirabilis concerning the PBS plan. (Doc. No. 107, Doc. No. 108, Doc. No. 112, Doc. No. 113).

18. However, on December 15, 2008, the Forge Creditors filed its Objection to the Compromise, but failed to provide any reason for their objection regarding the same. (Doc. No. 118).

19. In February 2008, the Forge Creditors withdrew their Objection to the Compromise and the Court approved the Compromise.[1]

---

[1] The Order regarding the same was just recently submitted and as of the date of this response, has not been signed.

20. The Forge Creditors are a group of entities controlled by Robert Moreyra and Peter Collins.

21. The Forge Creditors and Moreyra and Collins were intimately involved in obtaining and running businesses for Mirabilis.

22. The Forge Creditors were also the subject of a fraudulent transfer action filed in Hoth and a similar action filed by the WinPar Trustee in the case of In re: WinPar Hospitality Chattanooga, LLC, Case No.: 07-11908, which they are vehemently trying to avoid.

23. The Forge Creditors were the target of a lawsuit filed by Mirabilis in the Circuit Court in and for Orange County, Florida prior to the filing of the Bankruptcy Petitions.

24. When the Forge Creditors filed their Proof of Claim, Mirabilis dismissed, without prejudice, the State Court action with the intention of refilling the case in Bankruptcy Court. The Forge Creditors are aware of this intention.

25. Moreya is the only member of the Forge Creditors to insist that he is a shareholder of Mirabilis. However, the stock records do not reflect that Mr. Moryea signed for his shares.[2] Counsel for Moryea at the hearing stated that although the Debtor listed Mr. Moryea as an equity security holder, he may or may not be a shareholder. In the abundance of caution, notice of the instant bankruptcy was provided to all potential shareholders by listing them on the equity shareholders' list. In any event, if Moryea owns any stock, his interest is limited to .3% of the Class B shares. A true and correct copy of the stock records ledger is attached hereto as **Exhibit "F"**.

---

[2] A party that is not a shareholder does not have standing to question whether a corporation's voluntary bankruptcy case was properly authorized by the directors. See *Royal Indemnity Co. v. American Bond & Mortgage Co.*, 289 US 165 (1933); *see also In re AT Engineering, Inc.*, 138 BR 285 (Bankr.M.D.Fla. 1993); *see also Winter v. Bel-Aire Investments, Inc. (In re Bel-Aire Investments, Inc.)*, 97 B.R. 88 (Bankr.M.D.Fla. 1989).

26. On June 30, 2009, the Court held a hearing on Forge's Motion to Dismiss. The Court allowed the parties to provide and submit supplemental memorandum of law of the issue of the Debtor's *ultra vires* filing. (Doc. No. 209).

27. On July 31, 2009, Forge filed its Supplemental Memorandum in Support of its Motion to Dismiss (the "Supplemental Memorandum"). (Doc. No. 225).

## II. THE FORGE CREDITORS MISCHARACTERIZED MIRABILIS' BY-LAWS AND HAVE FAILED TO MEET ITS BURDEN IN PROVING THAT MIRABILIS DID NOT FOLLOW THE CORPORATE FORMALITIES IN FILING THE INSTANT BANKRUPTCY PETITION

The burden is on the party moving to dismiss the case as a bad faith filing. *See In re Sullivan*, 326 B.R. 204 (B.A.P. 1st Cir. 2005). Section 1112(b) of the Bankruptcy Code provides that, on request from a party of interest, the court may dismiss a case only if "cause" is shown. *See Colonial Daytona Ltd. Partnership v. American Sav. of Fla.*, 152 B.R. 996, 1000 (M.D.Fla.1993). The Forge Creditors have failed to carry its burden and demonstrate that the Mirabilis board of directors acted outside its corporate authority in filing the Chapter 11 bankruptcy petition.

The Forge Creditors' argument in its Supplemental Memorandum is based solely on one theory: that the Mirabilis Board of Directors did not have the authority to amend the 2005 Bylaws, and therefore their subsequent actions were of no legal force or effect. The facts very clearly demonstrate that this is not true. The Forge Creditors have negligently misstated and omitted the facts in reading and quoting the 2005 Bylaws and Articles to support their Motion to Dismiss. However, a further and more careful reading reveals that their argument is flawed.

First, in support of their argument that Mirabilis did not comply with the corporate formalities and Articles in filing the instant bankruptcy proceeding, the Forge Creditors state as follows:

> Importantly, the Amended and Restated Articles of Incorporation provide in "Article VIII-Amendments" that "**this corporation reserves the right to amend**, alter, change or repeal any provision contained in…its Bylaws in the manner now or hereafter prescribed by …the corporation's Bylaws…" (Emphasis in original.) **As such, any amendment to the Bylaws must be in the manner prescribed by the Bylaws.**" (Emphasis added.) (*See* Doc. No. 226, page 2.)

This statement is not only misleading, but it is also false. The clear language of the Amended and Restated Articles of Incorporation provides a variety of ways to amend the Bylaws, including in a manner prescribed by: (i) statute; (2) the Articles of Incorporation; or (3) by the corporation's bylaws. *See* **Exhibit "B"** for clarification. The Forge Creditors have omitted the fact that Mirabilis has the authority to amend the 2005 Bylaws in the manner prescribed by the Articles and by statute as set forth above. As noted above in paragraphs 6 and 7, Mirabilis' Board of Directors amended the 2005 Bylaws according to the Nevada statute and the Articles. The Forge Creditors have failed to properly read the plain language of the 2005 Bylaws and as such, this argument fails.

Second, the Forge Creditors assert that:

> the Bylaws provide the exclusive manner for the election of members of the Board of Directors. According to Article III, Section 3.04 of the Bylaws of Mirabilis, any vacancy on the Board of Directors **must** be filled by "the affirmative vote of two-thirds (2/3) of the issued and outstanding shares of the Corporation." (Emphasis added.) (*See* Doc. No. 226, p. 2.)

Again, the Forge Creditors have attempted to mischaracterize the language of the 2005 Bylaws. The 2005 Bylaws actually provide that a vacancy **may** be filled by the affirmative vote of two-thirds (2/3) of the issued and outstanding shares. *See* Exhibit A, p.7, at Section 3.04. This language further evidences the intent to allow other methods to fill vacancies, including those set forth by the Articles and by statute. More importantly, by action of the Directors as authorized by Nevada statute and the Articles, the Mirabilis Board properly amended this

7

section to expressly allow the filling of vacancies to be filled by a majority vote of the remaining members of the Board of Directors. Again, the Forge Creditors' attempt to omit pertinent facts is outcome determinative, and as such this argument fails.

Furthermore, as a matter of procedure, Mirabilis is a Nevada entity, and Nevada state law governs the interpretation of Mirabilis' Articles and Bylaws. *See Select Portfolio Servicing, Inc. v. Evaluation Solutions, LLC*, 2006 WL 2691784 (M.D.Fla. 2006)(law of state of incorporation governs internal affairs of corporation). In its Supplemental Memorandum, the Forge Creditors cite a wide variety of Florida, Kansas, Indiana and Georgia cases, but only one Nevada case. Only Nevada law is relevant in this regard, and all others cited by the Forge Creditors must be disregarded. However, even if this Court finds these cases persuasive, they do little to assist the Forge Creditors in their argument. The cases cited stand for general statements regarding corporate formation and governance, which Mirabilis does not contest. *See specifically, World of Life Ministry*, 778 So.2d 360 (Fla. 1st DCA 2001)(articles of incorporation mandate that director of church must be a member, but fails to address any issue regarding an application to the instant facts). In fact, Mirabilis agrees with the Forge Creditors that the plain language of the Articles and Bylaws are binding. However, Mirabilis contends that it has acted in compliance with those corporate government documents and the Nevada statute. Therefore, these cases add very little to the Forge Creditors' argument.

The Forge Creditors do cite one Nevada case applying Nevada state law, *Berman v. Riverside Casino Corp.*, 247 F.Supp. 254 (D.C.Nev. 1964). The Forge Creditors cite *Berman* for the proposition that the control of a private corporation is vested with the directors, and the stockholders exercise their powers in the election of directors. See Doc. No. 226, p. 9. This general statement is taken out of context. The *Berman* case actually deals with the individual liability of a stockholder for liability of the corporation resulting from operating a casino with

loaded dice. *Id.* at 245. In regards to corporate formalities, the *Berman* case also holds that the officers of a corporation have the authority delegated to him by the by-laws. *Id.* As such, the *Berman* court conditioned its own general statement and clarifies that a board's power are given by the stockholders (if applicable), but those powers, *including the right to amend those by-laws*, are provided in the corporate documents. In the instant matter, that authority was, indeed, given to the board through its powers to amend the bylaws, as set forth in the Articles, the Bylaws and Nevada statute.[3] Again, the Forge Creditors have failed to prove that this case is helpful to their statement at all.

In sum, the Forge Creditors argument comes down to one thing: the interpretation and reading of the Articles, the Bylaws and the Nevada Statutes. As demonstrated above, the Articles, the Statutes and the Director adopted Bylaws clearly authorize the Mirabilis Board of Directors to have taken such action. As such, The Forge Creditors' Motion to Dismiss must be denied.

**WHEREFORE**, Mirabilis Ventures, Inc. requests that this Court enter an order: (i) denying the Motion to Dismiss or Conversion of this Case to Chapter 7; and (ii) granting such further relief as this Court deems just and proper.

---

[3] To be clear, the undersigned counsel did not find any Nevada case or statute that held what the Forge Creditors are trying to assert: that the shareholders have the **exclusive and unconditional** right to elect and remove the board of directors.

**DATED** this 14th day of August 2009.

/s/ Elizabeth A. Green
Elizabeth A. Green
Florida Bar No. 600547
Justin M. Luna
Florida Bar No. 37131
Latham, Shuker, Eden & Beaudine, LLP
390 N. Orange Avenue, Suite 600
Orlando, FL 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801
Attorneys for Mirabilis Ventures, Inc.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:                                             CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                          CHAPTER 11

          Debtor.
_____/

## Certificate of Service

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic transmission and/or U.S. First Class mail, postage prepaid, to: Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., President, 341 N. Maitland Ave, Suite 210, Maitland, Florida 32751; C. Brent Wardrop, Esq., deBeubien, Knight, Simmons, Mantzaris & Neal, LLP, 322 North Magnolia Avenue, P.O. Box 87, Orlando, Florida 32801; the Local Rule 1007-2 Parties in Interest matrix attached hereto; and the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801 on this 14th day of August 2009.

                                      /s/ Elizabeth A. Green
                                      Elizabeth A. Green, Esq.

Label Matrix for local noticing
143A-6
Case 6:08-bk-04327-KSJ
Middle District of Florida
Orlando
Fri Aug 14 16:38:41 EDT 2009

Advantage Collection Prof
2775 Jade Street
Mora, MN 55051-6240

American Express
2965 West Corporate Lakes Bl
Weston, FL 33331-3626

AVA Tax Management
135 Key West Ave.
Rockville, MD 20850-3339

Richard Lee Barrett
18 Wall St
Orlando, FL 32801-2421

Kimberly Bartley
Waldron & Schneider LLP
15150 Middlebrook Drive
Houston, TX 77058-1226

Brandywine Grande C. LP
c/o Cantor Arkema, PC
1111 East Main Street
Richmond, VA 23219-3531

Buchanan Ingersoll & Rodney
401 E Jackson St.
Suite 2500
Tampa, FL 33602-5236

Corporate Personnel Network, Inc
c/o David T. Ward
15615 Alton Pkwy #175
Irvine, CA 92618-7303

Joseph A DeMaria
Tew Cardenas LLP
1441 Brickell Avenue
Suite 1500
Miami, FL 33131-3431

Denise D Dell-Powell
Akerman Senterfitt
Post Office Box 231
Orlando, FL 32802-0231

Elena L Escamilla
United States Trustee
135 W Central Blvd  Suite 620
Orlando, FL 32801-2440

First Commercial Ins. Corp.
POB 126160
Hialeah, FL 33012-1602

Forge Capital Partners LLC
c/o Bart Valdes
609 W Horatio St
Tampa FL 33606-2272

Frank L. Amodeo
3875 South Orange Ave
Suite 500 -PMB 1810
Orlando, FL 32806

Fred Sandlin
51 Mallard Lane
Daytona Beach, FL 32119-8331

Gill R Geldreich
Tennessee Attorney General's Office
Post Office 20207
Nashville, TN 37202

Gilbert Weisman
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355-0701

I. Randall Gold
United States Attorney's Office
501 West Church Street
Suite 300
Orlando, FL 32805-2281

Elizabeth A Green
Latham Shuker Eden & Beaudine LLP
390 North Orange Avenue
Suite 600
Orlando, FL 32801-1684

Horton Johnson
3211 Northglenn Drive
Orlando, FL 32806-6371

Humana/RMS
7 Hartland Street
Suite 401
East Hartford, CT 06108-3253

Jackson Lewis
Attn:Anne Krupman
One North Broadway
White Plains, NY 10601-2310

Jeffrey Reichel
c/o Gary Barnes
3414 Peachtree Rd #1600
Atlanta, GA 30326-1164

Jeffrey Reichel
c/o Jill E. Kelso, Esquire
Akerman Senterfitt
PO Box 231
Orlando FL 32802-0231

Kenneth & Diane Hendricks
One ABC Parkway
Beloit, WI 53511-4466

Gordon L Kiester
Florida Department of Revenue
P O Box 2299
Mango, FL 33550-2299

LeClair Ryan Trust
P.O. Box 2499
Richmond, VA 23218-2499

LexisNexis
P.O. Box 7247-7090
Phildelphia, PA 19170-0001

Mirabilis Ventures, Inc
c/o R.W.Cuthill, Jr
341 N. Maitland Ave #210
Maitland, FL 32751-4771

| | | |
|---|---|---|
| Target Solutions<br>91 Woodley Park Place<br>Oviedo, FL 32765-5104 | Jimmy D Parrish<br>Latham Shuker Eden & Beaudine LLP<br>Post Office Box 3353<br>Orlando, FL 32802-3353 | PaySource USA VII, Inc.<br>650 Poe Ave.<br>Dayton, OH 45414 |
| Dixon Gilmore, PA<br>101 E. Kennedy Blvd.<br>Suite 600<br>Tampa, FL 33602-5819 | Tennessee Dept of Labor & Workforce<br>Dev-Unemployment Ins<br>c/o TN Atty General Ofc Bankruptcy Div<br>PO Box 20207<br>Nashville TN 37202-4015 | Tenshi Leasing<br>2875 S. Orange Ave.<br>Suite 500 PMB 1810<br>Orlando, FL 32806-5455 |
| Titanium Technologies<br>2875 S. Orange Ave.<br>Suite 500 PMB 1810<br>Orlando, FL 32806-5455 | United States Trustee - ORL<br>135 W. Central Blvd., Suite 620<br>Orlando, FL 32801-2440 | Bart R Valdes<br>deBeaubien Knight Simmons Mantzaris Neal<br>332 North Magnolia Avenue<br>Orlando, FL 32801-1609 |
| Joseph H Varner III<br>Holland & Knight, LLP<br>101 North Tampa Street, Suite 4100<br>Tampa, FL 33602 | David T Ward<br>15615 Alton Pkwy #175<br>Irvine, CA 92618-7303 | C Brent Wardrop<br>deBeubien Knight Simmons Mantzaris Neal<br>332 North Magnolia Avenue<br>Orlando, FL 32801-1609 |
| Albert Barnett Weisman<br>Becket & Lee LLP<br>16 General Warren Blvd<br>PO Box 3001<br>Malvern, PA 19355-0701 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Corporate Personnel Network, Inc<br>c/o David T. Ward<br>15615 Alton Pkwy #175<br>Irvine, CA 92618-7303 | (u)John Burcham<br>undeliverable | (u)Mark J. Bernet<br>no city<br>no state |

End of Label Matrix
Mailable recipients    42
Bypassed recipients     3
Total                  45