UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                              CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                           CHAPTER 11

Debtor.
_____/

## MIRABILIS VENTURES, INC.'S RESPONSE TO THE SUPPLEMENTAL MEMORANDUM IN ANTICIPATION OF THE AUGUST 26, 2009 HEARING ON THE MOTION TO DISMISS THIS CHAPTER 11 PROCEEDING FILED BY RACHLIN COHEN & HOLTZ LLP

**MIRABILIS VENTURES, INC.** ("Mirabilis"), by and through its undersigned counsel, files its response to the Supplemental Memorandum in Anticipation of the August 26, 2009 Hearing on the Motion to Dismiss this Chapter 11 Proceeding filed by RACHLIN, COHEN & HOLTZ LLP, LAURIE S. HOLTZ AND JOSE I. MARRERO (collectively, "Rachlin Adversary Defendants"), and in support thereof, states as follows:

### I. FACTUAL AND PROCEDURAL HISTORY

1. On October 28, 2004, the entity known as Stellar Industries, Inc. changed its name to Mirabilis Ventures, Inc. At its inception, Mirabilis had only one shareholder (Yaniv Amar) and only one director (Gaile Hartman).

2. On May 27, 2008, the Debtor filed its voluntary petition for relief with the Middle District of Florida Bankruptcy Court (the "Petition Date").

3. On September 24, 2008, the United States of America filed a Motion to Dismiss the Bankruptcy case based upon its alleged bad faith filing (the "Dismissal Motion") (Doc. No. 41).

4. On October 3, 2008, the Forge Creditors joined in the Dismissal Motion (Doc. No. 88).

5. On November 25, 2008, Mirabilis and the USA reached an accord and filed a Joint Motion to Approve Compromise of Controversy that otherwise resolves and withdraws the Dismissal Motion ("Compromise") (Doc. No. 101).

6. Under the terms of the compromise, the USA was to acquire personal and real property owned by Mirabilis, but Mirabilis was to retain, among other things, the proceeds and the rights to the lawsuits against various third party professionals relating to their poor legal and financial advice.

7. Shortly thereafter, on December 5, 2008, and as a result of the Compromise, Mirabilis filed four (4) simultaneous adversary proceedings against Mirabilis' legal and financial advisors for the negligence in advising Mirabilis concerning the PBS plan, including but not limited to the Rachlin Adversary Defendants. (Doc. No. 107, Doc. No. 108, Doc. No. 112, Doc. No. 113).

8. Soon thereafter, in an attempt to distance themselves from Mirabilis and the Bankruptcy Case, the Rachlin Adversary Defendants filed motions to dismiss the Adversaries. (Rachlin Adv. Doc. No. 15).

9. Furthermore, in claiming that the Adversaries do not even belong in the bankruptcy court and claiming this bankruptcy court does not have jurisdiction, Rachlin filed its Motion to Withdraw Reference. (Rachlin Adv. Doc. No. 13, p. 3).

10. The Rachlin Adversary Defendants have no interest in the main case. They do not have, nor have they filed a proof of claim in Mirabilis' case. Aside from being sued by Mirabilis, the Adversary Defendants would have no involvement in Mirabilis' bankruptcy case.

11. Nevertheless, on April 23, 2009, in a clear attempt to increase their leverage in the Adversary, Rachlin Adversary Defendants filed their Joinder to the Motion to Dismiss the Bankruptcy Case. (Doc. No. 183).

12. The Rachlin Adversary Defendants, have not filed a proof of claim. Furthermore, they have filed a Motion to withdraw the reference, claiming that this Court does not have jurisdiction over them. As a result, the Debtor believes that the Rachlin Adversary Defendants do not have standing to bring forth their Joinder to the Motion to Dismiss the Bankruptcy Case.

13. On June 30, 2009, the Court held a hearing on the Forge Creditors' Motion to Dismiss and the Joinder to the Motion to Dismiss. The Court allowed the parties to provide and submit supplemental memorandum of law of the issue of the Debtor's *ultra vires* filing. (Doc. No. 209).

14. On July 31, 2009, the Rachlin Adversary Defendants filed their Supplemental Memorandum in support of their previous argument that bad faith filing applied to more than just single asset cases, but did not address the very issue upon which the Court authorized supplemental memorandum on, the *ultra vires* issue (the "Supplemental Memorandum"). (Doc. No. 227).

## II. THE CASES RELIED ON BY THE RACHLIN ADVERSARY DEFENDANTS ARE DISTINGUISHABLE FROM THE INSTANT ACTION AND THEY HAVE FAILED TO MEET THEIR BURDEN TO PROVE THAT THIS CASE SHOULD BE DISMISSED

The Rachlin Adversary Defendants' sole argument in their Supplemental Memorandum is based on one theory: that the Mirabilis bankruptcy should be dismissed because the debtor did not file the petition with the subjective intent of reorganizing a business. In support, the Rachlin Adversary Defendants rely heavily on *In re HBA East, Inc.*, 87 BR 248 (Bankr. E.D.N.Y. 1988). The Rachlin Adversary Defendants claim that the Court in *HBA East* dismissed the debtor's Chapter 11 filing because the debtor did not file the petition with the *intent* of reorganizing a business. *See* Doc. No. 238, p. 3. (Emphasis added). However, a reading of *HBA East* reveals this is simply not the case.

In *HBA East, Inc.*, there was a dispute pertaining to a boxing promotion agreement between two parties that was being litigated in a Texas state court, and subsequent to that time the debtor filed to stay the Texas state action. *Id.* at 260. The *HBA East* court, in deciding whether the debtor had filed for relief in good faith, based its decision on the following factors: (i) whether the debtor filed their Chapter 11 petition as a tactic to obtain a litigation advantage; (ii) whether the debtors' reorganization effort is essentially a two party dispute, (iii) the nature and extent of the debtors' assets, liabilities and business operations; and (iv) whether there is a reasonable probability that a reorganization plan can be produced or confirmed. *Id.* at 259. Notably absent from these factors is any express language requiring that the intent of the debtor at the time filing must be considered.[1] *Id.*

Ultimately, the *HBA East* Court dismissed the Chapter 11 case primarily on the premise that the case was filed at a litigation tactic to avoid a two-party dispute. *Id* at 260. The logic applied in *HBA East* is exactly the same basis for the dismissal in the single asset real estate cases; the existence of essentially a two party dispute and no intent to reorganize. In fact, the other cases Rachlin relies upon in an attempt to avoid the line of single asset real estate cases are also based upon these same facts. *In re Moog*, 159 B.R. 357 (Bankr.S.D.Fla. 1993)(bad faith existed when solvent debtor attempted to avoid divorce decree); *see also SGL Carbon Corp.*, 200 F.3d 154, 165 (3d Cir. 1999)(dismissing Chapter 11 petition which was filed to avoid antitrust litigation). In essence, in all of these circumstances, the petition was dismissed because there was a two party dispute. In the instant action, this is clearly not the case. Without restating the argument made at the hearing, Mirabilis has a number of creditors, assets and a collectable book of business. The rationale in the cases cited by the Rachlin Adversary

---

[1] In fact, the *HBA East* court stated, "Although good faith is required for confirmation of a reorganization plan, 11 USC 1129(a)(3), Chapter 11 does not expressly condition the right to file or maintain a Chapter 11 case on good faith of the debtor at the time the case is initiated." *Id.* at 258.

4

Defendants simply does not fit the Mirabilis' facts. As such, these cases are factually and legally distinguishable from the instant action.

Returning to the *HBA East* case, in rendering its decision, the Court, notably expressed stated that the subjective intent of the debtor is *not to be considered* when evaluating the dismissal of a Chapter 11 case:

> "The short answer to the Debtors' contentions is that every petitioner for reorganization purports to possess 'plausible, legitimate reorganization purposes'. The bankruptcy court, however, must examine all of the circumstances surrounding the filing of the petition in determining the issue of good faith, for the standard is an objective one rather than a question of the **subject intent of the petitioners**." *HBA East* at 261-62.

Based on the language from the same case that the Rachlin Adversary Defendants rely, its clear that their argument is not valid.

As previously argued, the Eleventh Circuit has explained that in determining whether a bankruptcy case has been filed in bad faith, "the courts may consider any factors which evidence 'an intent to abuse the judicial process and the purposes of reorganization provisions' or, in particular, factors which evidence that the petition was filed 'to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.'" *Phoenix Piccadilly*, 849 F.2d at 1394 (quoting *Albany Partners*, 749 F.2d at 674). More precisely, the Eleventh Circuit has determined that the following should be considered when evaluating evidence OF a bad faith filing:

(1) the debtor has only one asset to which it does not hold legal title;

(2) the debtor has few unsecured creditors whose claims are small in relation to the claims of the secured creditors;

(3) the debtor has few employees;

(4) the debtor's financial problems involve essentially a dispute between the debtor and the secured creditor which can be resolved in pending proceedings;

(5) the timing of the debtor's filing evidence an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;

(6) the lack of a realistic possibility of an effective reorganization; and

(7) whether the debtor is seeking to use the bankruptcy provisions to create and organize a new business, not to reorganize or rehabilitate an existing enterprise, or to preserve going concern values of a viable or existing business.

*See In re Boughton*, 243 B.R. 830, 834 (Bankr.M.D.Fla. 2000) (employing the *Phoenix Piccadilly* factors in multiple asset cases). The Rachlin Adversary Defendants have failed and continue to fail to provide any evidence that Mirabilis meets this test and have failed and continue to fail to set forth any evidence of bad faith under the *Phoenix Piccadilly* factors. Furthermore, the Rachlin Adversary Defendants have failed to demonstrate cause under 1112(b)(4) and have not alleged that Mirabilis has violated *any* of these provisions.[2]

In sum, the Rachlin Adversary Defendants, who arguably do not have standing in the instant matter, have failed to prove and failed to set forth any facts (other than argument of counsel) that this case must be dismissed based on a bad faith filing. The cases they rely upon are factually and legally distinguishable from the instant action, and pertain, like single asset real estate cases, to the dismissal when the confrontation and issues are mainly between two

---

[2] Without being redundant, Mirabilis' arguments regarding how these factors were not met is discussed in its Response to the Motion to Dismiss. Doc. No. 185.

parties. This is simply not the facts of the instant matter. As such, the motion to dismiss must be denied.

**WHEREFORE**, the Mirabilis Ventures, Inc. requests that this Court enter an order: (i) denying the Motion to Dismiss or Conversion of this Case to Chapter 7; and (ii) granting such further relief as this Court deems just and proper.

**DATED** this 14th day of August 2009.

/s/ Elizabeth A. Green
Elizabeth A. Green
Florida Bar No. 600547
Justin M. Luna
Florida Bar No. 37131
Latham, Shuker, Eden & Beaudine, LLP
390 N. Orange Avenue, Suite 600
Orlando, FL 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801
egreen@lseblaw.com
jluna@lseblaw.com
Attorneys for Mirabilis Ventures, Inc.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:                                              CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                           CHAPTER 11

        Debtor.
_____/

## Certificate of Service

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by electronic transmission and/or U.S. First Class mail, postage prepaid, to: Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., President, 341 N. Maitland Ave, Suite 210, Maitland, Florida 32751; Joseph A. DeMaria, Esq. and C. Thomas Tew, Esq., Tew Cardenas, LLP, Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131; the Local Rule 1007-2 Parties in Interest matrix attached hereto; and the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801 on this 14th day of August 2009.

                                                                 /s/ Elizabeth A. Green
                                                                  Elizabeth A. Green, Esq.

```
Label Matrix for local noticing          Advantage Collection Prof           American Express
113A-6                                    2775 Jade Street                    2965 West Corporate Lakes Bl
Case 6:08-bk-04327-KSJ                    Mora, MN 55051-6240                 Weston, FL 33331-3626
Middle District of Florida
Orlando
Fri Aug 14 16:38:41 EDT 2009

BNA Tax Management                        Richard Lee Barrett                 Kimberly Bartley
9435 Key West Ave.                        18 Wall St                          Waldron & Schneider LLP
Rockville, MD 20850-3339                  Orlando, FL 32801-2421              15150 Middlebrook Drive
                                                                              Houston, TX 77058-1226


Brandywine Grande C. LP                   Buchanan Ingersoll & Rodney         Corporate Personnel Network, Inc
c/o Cantor Arkema, PC                     401 E Jackson St.                   c/o David T. Ward
1111 East Main Street                     Suite 2500                          15615 Alton Pkwy #175
Richmond, VA 23219-3531                   Tampa, FL 33602-5236                Irvine, CA 92618-7303


Joseph A DeMaria                          Denise D Dell-Powell                Elena L Escamilla
Tew Cardenas LLP                          Akerman Senterfitt                  United States Trustee
1441 Brickell Avenue                      Post Office Box 231                 135 W Central Blvd  Suite 620
Suite 1500                                Orlando, FL 32802-0231              Orlando, FL 32801-2440
Miami, FL 33131-3431


First Commercial Ins. Corp.               Forge Capital Partners LLC          Frank L. Amodeo
POB 126160                                c/o Bart Valdes                     3875 South Orange Ave
Hialeah, FL 33012-1602                    609 W Horatio St                    Suite 500 -PMB 1810
                                          Tampa FL 33606-2272                 Orlando, FL 32806


Fred Sandlin                              Gill R Geldreich                    Gilbert Weisman
161 Mallard Lane                          Tennessee Attorney General's Office c/o Becket and Lee LLP
Daytona Beach, FL 32119-8331              Post Office 20207                   POB 3001
                                          Nashville, TN 37202                 Malvern PA 19355-0701


I Randall Gold                            Elizabeth A Green                   Horton Johnson
United States Attorney's Office           Latham Shuker Eden & Beaudine LLP   3211 Northglenn Drive
501 West Church Street                    390 North Orange Avenue             Orlando, FL 32806-6371
Suite 300                                 Suite 600
Orlando, FL 32805-2281                    Orlando, FL 32801-1684


Humana/RMS                                Jackson Lewis                       Jeffrey Reichel
77 Hartland Street                        Attn:Anne Krupman                   c/o Gary Barnes
Suite 401                                 One North Broadway                  3414 Peachtree Rd #1600
East Hartford, CT 06108-3253              White Plains, NY 10601-2310         Atlanta, GA 30326-1164


Jeffrey Reichel                           Kenneth & Diane Hendricks           Gordon L Kiester
c/o Jill E. Kelso, Esquire                One ABC Parkway                     Florida Department of Revenue
Akerman Senterfitt                        Beloit, WI 53511-4466               P O Box 2299
PO Box 231                                                                    Mango, FL 33550-2299
Orlando FL 32802-0231


LeClair Ryan Trust                        LexisNexis                          Mirabilis Ventures, Inc
P.O. Box 2499                             P.O. Box 7247-7090                  c/o R.W.Cuthill, Jr
Richmond, VA 23218-2499                   Phildelphia, PA 19170-0001          341 N. Maitland Ave #210
                                                                              Maitland, FL 32751-4771
```

| | | |
|---|---|---|
| On Target Solutions<br>3491 Woodley Park Place<br>Oviedo, FL 32765-5104 | Jimmy D Parrish<br>Latham Shuker Eden & Beaudine LLP<br>Post Office Box 3353<br>Orlando, FL 32802-3353 | PaySource USA VII, Inc.<br>650 Poe Ave.<br>Dayton, OH 45414 |
| Saxon Gilmore, PA<br>201 E. Kennedy Blvd.<br>Suite 600<br>Tampa, FL 33602-5819 | Tennessee Dept of Labor & Workforce<br>Dev-Unemployment Ins<br>c/o TN Atty General Ofc Bankruptcy Div<br>PO Box 20207<br>Nashville TN 37202-4015 | Tenshi Leasing<br>2875 S. Orange Ave.<br>Suite 500 PMB 1810<br>Orlando, FL 32806-5455 |
| Titanium Technologies<br>2875 S. Orange Ave.<br>Suite 500 PMB 1810<br>Orlando, FL 32806-5455 | United States Trustee - ORL<br>135 W. Central Blvd., Suite 620<br>Orlando, FL 32801-2440 | Bart R Valdes<br>deBeaubien Knight Simmons Mantzaris Neal<br>332 North Magnolia Avenue<br>Orlando, FL 32801-1609 |
| Joseph H Varner III<br>Holland & Knight, LLP<br>101 North Tampa Street, Suite 4100<br>Tampa, FL 33602 | David T Ward<br>15615 Alton Pkwy #175<br>Irvine, CA 92618-7303 | C Brent Wardrop<br>deBeubien Knight Simmons Mantzaris  Neal<br>332 North Magnolia Avenue<br>Orlando, FL 32801-1609 |
| Gilbert Barnett Weisman<br>Becket & Lee LLP<br>16 General Warren Blvd<br>P O Box 3001<br>Malvern, PA 19355-0701 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Corporate Personnel Network, Inc<br>c/o David T. Ward<br>15615 Alton Pkwy #175<br>Irvine, CA 92618-7303 | (u)John Burcham<br>undeliverable | (u)Mark J. Bernet<br>no city<br>no state |

End of Label Matrix<br>
Mailable recipients    42<br>
Bypassed recipients    3<br>
Total                  45