# EXHIBIT D

**BYLAWS**

**OF**

**MIRABILIS VENTURES, INC. (THE "CORPORATION")**

### ARTICLE I - OFFICES

1.01  REGISTERED OFFICE. The registered office of the Corporation shall be as provided in the Articles of Incorporation, or such other location as may be determined from time to time by the Board of Directors.

1.02  OTHER OFFICES. The Corporation may also have offices at such other places, both within and without the state of incorporation, where the Corporation is qualified to do business, as the Board of Directors may from time to time designate or the business of the Corporation may require.

### ARTICLE II - SHAREHOLDERS

2.01  PLACE OF MEETINGS. Meetings of shareholders shall be held at 111 North Orange Avenue-Suite 2000, Orlando, Florida 32801, at the date and time stated in the notice of meeting or in a waiver of notice.

2.02  ANNUAL MEETINGS. The annual meeting of the Stockholders of the Corporation shall be held at 111 North Orange Avenue-Suite 2000, Orlando, Florida 32801 at such time and on such date as the President or any Director of the Corporation shall determine; provided, however, such date must be within the first or last month of each fiscal year of the Corporation beginning with the last month of the first fiscal year or the first month of the second fiscal year, and not more than thirteen months shall elapse between each such annual meeting. At the annual meetings, directors shall be elected, reports of the affairs of the Corporation shall be considered, and any other business may be transacted that is within the power of the Stockholders.

2.03  SPECIAL MEETINGS. Special meetings of the shareholders shall be held when called by the President or the Board of Directors, or when requested in writing by the holders of not less than twenty-five (25%) percent of all of the issued and outstanding shares entitled to vote at such meetings. Any written request for a special meeting by the holders of the requisite number of issued and outstanding shares, or officers, or directors as prescribed in this Section 2.03 shall be signed, dated, and delivered to the Corporation's Secretary, with a copy to Berman, Kean, & Riguera, P.A., and shall describe the purpose or purposes for which such special meeting is to be held. A meeting requested by Stockholders shall be called for a date not less than fourteen (14) nor more than sixty (60) days after the written request setting forth the purpose of the meeting is made. The call for the meeting shall be issued by the Secretary unless

-1-

MVL/Palaxar - P1
077

the President, Board of Directors, or Stockholders requesting the call of the meeting shall designate another person to do so.

2.04    NOTICE. Written notice setting forth the date, time and place of the meeting and, in the case of a special meeting, the purpose or purposes for which the meeting is called, shall be delivered not less than fourteen (14) nor more than sixty (60) days before the meeting, either personally or by first class mail-certified return receipt requested, by or at the direction of the President, the Secretary, or the officer or persons calling the meeting, to each shareholder of record entitled to vote at the meeting; provided, however, that in the event the Corporation is required by law to give notice to persons other than the shareholders entitled to vote at the meeting, the Corporation shall give notice to such persons in accordance with the provisions of this Section 2.04. Notwithstanding the foregoing, no notice of a shareholders' meeting need be given to a shareholder if either of the following have been sent by first-class United States mail-certified return receipt requested, addressed to such shareholder at such shareholder's address as it appears on the stock transfer books of the Corporation, and has been returned undelivered to the Corporation: (a) an annual report and proxy statement for two (2) consecutive annual meetings of the shareholders; or (b) all, and at least two (2), checks in payment of dividends or interest on securities during a twelve (12) month period. The obligation of the Corporation to give notice of a shareholders' meeting to any such shareholder shall, however, be reinstated once the Corporation has received a new address for such shareholder for entry on its stock transfer books.

If notice is mailed by the Secretary of the Corporation, the notice shall be deemed to be delivered when deposited in the United States mail addressed to a shareholder at such shareholder's address as it appears on the stock transfer books or other records of the Corporation, with postage prepaid. If notice is mailed by anyone other than the Secretary of the Corporation, the notice shall be deemed to be delivered when received by the shareholder, or when the post office returns said mail as undeliverable. Nothing in this paragraph shall require proof of delivery to occur prior to the meeting which is the subject of the notice.

Notice of a meeting of the shareholders need not be given to any shareholder who signs a waiver of notice either before or after the meeting. The attendance of a shareholder at a meeting shall constitute a waiver of notice of such meeting and a waiver of any and all objections to the place of the meeting, the time of the meeting, or the manner in which such meeting has been called or convened, except when a shareholder objects at the beginning of the meeting to holding the meeting or transacting business at the meeting. Additionally, the attendance of a shareholder at a meeting shall constitute a waiver to consideration of a particular matter at the meeting that is not within the purpose or purposes described in the meeting notice, unless the shareholder objects to considering the matter when such matter is presented for consideration.

2.05    NOTICE OF ADJOURNED MEETINGS. When a meeting of the shareholders is adjourned to a different date, time or place, it shall not be necessary to give any notice of the new date, time or place of such meeting, if the new date, time or place of such meeting is announced at such meeting before an adjournment is taken, and any business may be transacted

MVL/Palaxar - P1
078

at the adjourned meeting that might have been transacted on the original date of such meeting. If a new record date for the adjourned meeting is or must be fixed in accordance with Section 2.06 hereof, however, notice of the adjourned meeting shall be given as provided in Section 2.04 hereof to persons who are shareholders as of the new record date and who are entitled to notice of such meeting.

2.06   FIXING RECORD DATE.   For purposes of determining the shareholders entitled to notice of a shareholders' meeting, to demand a special meeting, to vote or take any other action, the Board of Directors may fix in advance a date as the record date for any such determination; provided, however, that in no event shall the record date fixed by the Board of Directors be more than seventy (70) days before the meeting or action requiring a determination of shareholders, or a date preceding the date upon which the resolution fixing the record date is adopted.

If not otherwise fixed by resolution of the Board of Directors, the record date for determining shareholders entitled to demand a special meeting is the date the first shareholder delivers such shareholder's demand to the Corporation.

If not otherwise fixed by the Board of Directors, where no prior action is required by the Board of Directors, the record date for determining shareholders entitled to take action without a meeting is the date the first signed written consent is delivered to the Corporation pursuant to Section 2.12 hereof.  If a record date has not been fixed by the Board of Directors, but prior action is required by the Board of Directors, the record date for determining shareholders entitled to take action without a meeting is at the close of business on the date on which the Board of Directors adopts a resolution taking such prior action.

If not otherwise fixed by the Board of Directors, the record date for determining shareholders entitled to notice of and to vote at an annual or special shareholders' meeting is the close of business on the day before the first notice is delivered to the shareholders.

A determination of a record date pursuant to this Section 2.06 shall be effective for any adjournment of a meeting, unless the Board of Directors fixes a new record date, which it must do if the meeting is adjourned to a date more than one hundred twenty (120) days after the date fixed for the original meeting.  In the event that a court of competent jurisdiction orders a meeting adjourned to a date more than one hundred twenty (120) days after the date fixed for the original meeting, such court may provide that the original record date continues in effect or it may fix a new record date.

2.07   VOTING LIST.   After a record date has been fixed in accordance with the provisions of Section 2.06 hereof, the Corporation shall prepare an alphabetical list of the names of all of its shareholders that are entitled to notice of a shareholders' meeting arranged by voting group with the address of each shareholder, and the number and class and series, if any, of shares held by each such shareholder.

-3-

MVI/Palaxer - PI
079

The list of shareholders shall be available for inspection by any shareholder for a period of ten (10) days prior to the meeting or such shorter time as may exist between the record date and the date of the meeting and continuing through the meeting, at the Corporation's principal office, at a place identified in the meeting notice in the city where the meeting will be held or at the office of the Corporation's transfer agent or registrar. A shareholder or a shareholder's agent or attorney shall be entitled on written demand to inspect such list, subject to the provisions of Section 6.02 hereof, during normal business hours and at such shareholder's expense during the period the list of shareholders is available for inspection by the shareholders under these Bylaws.

The Corporation shall make the list of shareholders available at the shareholders' meeting, and any shareholder or such shareholder's agent or attorney shall be entitled to inspect the list of shareholders at any time during the meeting or any adjournment of such meeting.

The list of shareholders shall be prima facie evidence of the identity of the shareholders entitled to examine such list or to vote at a meeting of the shareholders.

In the event there has been a failure to substantially comply with the provisions of this Section 2.07, or if the Corporation refuses to allow a shareholder or a shareholder's agent or attorney to inspect the list of shareholders before or at the meeting as provided in this Section 2.07, such meeting shall be adjourned until such requirements are met on the demand of any shareholder in person or by proxy who failed to get such access, or, if such meeting is not adjourned after such a demand has been made and such requirements are not met, the circuit court of the circuit where the Corporation's principal office (or, if none in this state, its registered office) is located, on application of any shareholder, may summarily order the inspection or copying at the corporation's expense and may postpone the meeting for which the list was prepared until the inspection or copying is complete.

Notwithstanding anything contained in this Section 2.07 to the contrary, the refusal or failure to comply with the requirements of this Section 2.07 shall not affect the validity of any action taken at such meeting.

2.08   SHAREHOLDER QUORUM AND VOTING; GREATER OR LESSER VOTING REQUIREMENTS. A majority of the issued and outstanding shares entitled to vote, represented in person or by proxy, shall constitute a quorum at a meeting of shareholders. When a specified item of business is required to be voted on by a class or series of stock, a majority of the shares of such class or series shall constitute a quorum for the transaction of such item of business by that class or series.

Any amendment to the Articles of Incorporation that adds, changes or deletes a greater or lesser quorum or voting requirement must meet the same quorum requirement and be adopted by the same vote and voting groups required to take action under the quorum and voting requirements then in effect or proposed to be adopted, whichever is greater.

-4-

MVI/Palaxar - PI
080

If a quorum is present, the affirmative vote of a majority of the shares represented at the meeting and entitled to vote on the subject matter thereof shall be the act of the shareholders unless otherwise provided by law.

After a quorum has been established at a shareholders' meeting, the subsequent withdrawal of shareholders so as to reduce the number of shares entitled to vote at the meeting below the number required for a quorum, shall not affect the validity of any action taken at the meeting or any adjournment thereof.

2.09  VOTING OF SHARES.  Except as otherwise provided by law, each outstanding share, regardless of class, shall entitle the owner thereof to one vote on each matter submitted to a vote at a meeting of shareholders.

A shareholder, other person entitled to vote on behalf of a shareholder pursuant to the relevant provisions of state law, or a shareholder's attorney-in-fact, may vote either in person or by proxy in accordance with the provisions of Section 2.10 hereof.

At each election of directors, every shareholder of record shall have the right to vote, in person or by proxy, the number of shares owned by him for as many persons as there are directors to be elected at that time and for whose election such shareholder has a right to vote. Shares standing in the name of a deceased person, a minor ward, or an incompetent person, may be voted by his personal representative, administrator, executor, court appointed guardian, or conservator, either in person or by proxy, without a transfer of such shares into the name of such personal representative, administrator, executor court appointed guardian or conservator.

There shall be no cumulative voting for the election of directors.

2.10  PROXIES.  A shareholder, other person entitled to vote on behalf of a shareholder pursuant to the relevant provisions of state law, or a shareholder's attorney-in-fact, may vote such shareholder's shares either in person or by proxy as provided in this Section 2.10.

A shareholder may appoint a proxy to vote or otherwise act for such shareholder by signing an appointment form either personally or by such shareholder's attorney-in-fact. No proxy shall be valid after the expiration of eleven (11) months from the date thereof unless otherwise provided in the proxy. Every proxy shall be revocable by the shareholder, except where the appointment form conspicuously states that it is irrevocable and the appointment is coupled with an interest.

The authority of the holder of a proxy to act shall not be revoked by the incapacity or death of the shareholder who executed the proxy unless, before the authority is exercised, notice of such death or incapacity is received by the secretary of the Corporation or other officer or agent authorized to tabulate votes.

If a proxy for the same shares confers authority upon two or more persons and does not otherwise provide, a majority of them present at the meeting, or if only one is present, then that

-5-

MVI/Palaxar - PI
081

one, may exercise all the powers conferred by the proxy; but if the proxy holders present at the meeting are equally divided as to the right and manner of voting in any particular case, the voting of such shares shall be equally divided among such proxies.

If the appointment form expressly provides, any proxy holder may appoint, in writing, a substitute to act in his place.

2.11   SHAREHOLDERS' AGREEMENTS.  Agreements among the shareholders of the Corporation or between the Corporation and its shareholders may include the following as valid matters of contract: the non-alienability of the shares of stock of the Corporation; obligations or first refusal rights, to redeem or purchase shares of stock of the Corporation under a designated set of circumstances; and the manner in which shareholders of the Corporation will vote their shares of stock of the Corporation; provided, however, that such agreements shall be made in accordance with the applicable provisions of state law.  Copies of any stock restriction agreement between the Corporation and its shareholders shall be maintained at the principal office of the Corporation and shall be open to inspection by any shareholders of the Corporation or any party to the agreement during normal business hours.

2.12   ACTION BY SHAREHOLDERS WITHOUT A MEETING.  Any action required or permitted to be taken at an annual or special meeting of shareholders may be taken without a meeting, without prior notice, and without a vote if the action is taken by holders of two-thirds (2/3) of the outstanding shares.  Within seventy-two (72) hours of any such action taken pursuant to this Section 2.12, notice of the action shall be sent to all non-acting shareholders via first class mail-certified return receipt requested.  Any non-acting shareholder objecting to the action taken may state their objection in writing and delivered to the Secretary of the Corporation within twenty (20) days of said action.  Upon receipt of any such notice by the Secretary of the Corporation, the shareholder shall have his or her shares redeemed by the Corporation at fair market value, payable over 5 years with no interest.  In the event any such redemption would cause the Corporation to become insolvent, then no such redemption shall be required.

### ARTICLE III - DIRECTORS

3.01   MANAGEMENT. · All corporate power shall be exercised by or under the authority of, and the business and affairs of the Corporation shall be managed under the direction of, the Corporation's Board of Directors.

3.02   QUALIFICATION.  Directors must be natural persons who are eighteen (18) years of age or older but need not be residents of this state or shareholders or employees of the Corporation.

3.03   COMPENSATION.  By resolution of the Board of Directors, the directors may be paid their expenses, if any, of attendance at each meeting of the Board of Directors and may be paid a fixed sum, in an amount not to exceed One Thousand ($1,000) Dollars, for attendance at each meeting of the Board of Directors.  Any salary for the Board of Directors shall be set forth

-6-

by a vote of two-thirds (2/3) of the issued and outstanding shares of the Corporation. No such payment shall preclude any director from serving the Corporation in any other capacity and receiving compensation therefore. Members of any Executive Committee or special or standing committees may, by resolution of the Board of Directors, be allowed like compensation, in an amount not to exceed One Thousand ($1,000) Dollars, for attending committee meetings; provided however, absent approval by two-thirds (2/3) of the issued and outstanding shares of the Corporation, that payment shall not be authorized for more than twenty (20) days per fiscal year. In the absence of a resolution of the Board of Directors authorizing the reimbursement of expenses or the payment of fees or salaries, the directors and members of any Executive Committee and special committees shall serve as such without compensation.

3.04   VACANCIES. Any vacancy occurring on the Board of Directors, including a vacancy created by reason of an increase in the number of directors, may be filled by the affirmative vote of two-thirds (2/3) of the issued and outstanding shares of the Corporation. A director elected to fill a vacancy shall hold office only until the next election of directors by the shareholders.

3.05   PLACE OF MEETINGS. Meetings of the Board of Directors, regular or special, shall be held at 111 North Orange Avenue-Suite 2000, Orlando, Florida 32801.

3.06   REGULAR ANNUAL MEETING. A regular annual meeting of the Board of Directors shall be held immediately following the annual meeting of the shareholders of the Corporation as prescribed in Section 2.02 hereof.

3.07   REMOVAL OF DIRECTORS. At a meeting of shareholders called expressly for the purpose of removing one or more directors, any director or the entire Board of Directors may be removed, with or without cause, by a vote of the holders of two-thirds (2/3) of the shares then entitled to vote at an election of directors.

3.08   QUORUM AND VOTING. A majority of the number of directors shall constitute a quorum for the transaction of business. The act of a majority of the directors present at a meeting at which a quorum exists shall be the act of the Board of Directors.

3.09   DUTIES OF DIRECTORS. A director shall discharge such director's duties as a director, including duties as a member of any committee of the Board on which such director may serve, in good faith, with the care an ordinarily prudent person in a like position would exercise under similar circumstances, and in a manner such director reasonably believes to be in the best interests of the Corporation.

In performing his or her duties, a director is entitled to rely on information, opinions, reports or statements, including financial statements and other financial data, prepared or presented by:

(a)   one or more officers or employees of the Corporation whom such director reasonably believes to be reliable and competent in the matters presented;

-7-

MVJ/Palaxar - PI
083

(b)    legal counsel, public accountants or other persons as to matters such director reasonably believes are in such person's professional or expert competence; or

(c)    a committee of the Board of Directors of which such director is not a member if such director reasonably believes such committee merits confidence.

In discharging his or her duties, a director may consider such factors as the director deems relevant, including the long-term prospects and interests of the Corporation and its shareholders, and the social, economic, legal or other effects of any action on the employees, suppliers, customers of the Corporation or its subsidiaries, the communities and society in which the Corporation or its subsidiaries operate, and the economy of the state and the nation.

A director shall not be deemed to be acting in good faith if such director has knowledge concerning the matter in question that makes reliance on the information, opinions, reports or statements, including financial statements and other financial data, of others, as described in this Section 3.09, unwarranted.

A director shall not be liable for any action taken as a director, or any failure to take any action, if such director has performed the duties of his or her office in compliance with the provisions of this Section 3.09.

3.10    PRESUMPTION OF ASSENT.  A director of the Corporation who is present at a meeting of the Board of Directors or a committee of the Board of Directors where corporate action is taken is deemed to have assented to the action taken at such meeting unless such director objects at the beginning of the meeting (or promptly upon his arrival) to holding such meeting or transacting specified business at such meeting or such director votes against or abstains from the action taken.

3.11    NUMBER OF DIRECTORS.  The initial number of directors of the Corporation shall be five (5).  The number of directors may be increased or decreased from time to time by resolution of two-thirds (2/3) of the issued and outstanding shares; provided, however, that the Board of Directors shall consist of not less than one (1) director and no decrease in the number of directors shall have the effect of shortening the term of an incumbent director.

3.12    ELECTION AND TERM.  Each person named in the Articles of Incorporation as a member of the initial Board of Directors shall hold office until the first annual meeting of the shareholders, and until his or her successor shall have been elected and qualified or until his or her earlier resignation, removal from office or death.

At the first annual meeting of the shareholders and at each annual meeting thereafter, the shareholders shall elect the directors to hold office until the next succeeding annual meeting. Each director shall hold office for the term for which such director is elected and until his or her successor shall have been elected and qualified or until such director's earlier resignation, removal from office or death.

-8-

MVI/Palaxar - PI
084

3.13   NOTICE OF MEETINGS.   Regular meetings of the Board of Directors may be held without notice of the date, time, place or purpose of the meeting. Written notice of the date, time and place of special meetings of the Board of Directors shall be given to each director at least fourteen (14) days before the meeting.

Notice of a meeting of the Board of Directors need not be given to any director who signs a waiver of notice either before or after the meeting. The attendance of a director at a meeting shall constitute a waiver of notice of such meeting and a waiver of any and all objections to the place of the meeting, the time of the meeting, or the manner in which the meeting has been called or convened, except when a director states, at the beginning of the meeting or promptly upon arrival at the meeting, any objection to the transaction of business because the meeting is not lawfully called or convened.

The purpose of any regular or special meeting of the Board of Directors need not be specified in the notice or waiver of notice of such meeting.

A majority of the directors present, whether or not a quorum exists, may adjourn any meeting of the Board of Directors to another time and place. Notice of such adjourned meeting shall be given to the directors who were not present at the time of the adjournment and, unless the time and place of the adjourned meeting are announced at the time of the adjournment, to the other directors.

Meetings of the Board of Directors may be called by the chairman of the Board of Directors, by the President of the Corporation or by any two (2) directors.

3.14   ACTION WITHOUT A MEETING.   Any action required or permitted by the Articles of Incorporation, these Bylaws or applicable law to be taken at a Board of Directors meeting or a committee meeting, may be taken without a meeting if the action is taken by all members of the Board or Directors or of such committee. Such action must be evidenced by one or more written consents describing the action taken and signed by each director or committee member.

Action taken under this Section 3.14 shall be effective when the last director signs the consent, unless the consent specifies a different effective date.

A consent signed under this Section 3.14 has the same effect as a meeting vote and may be described as such in any document.

3.15   TELEPHONE AND SIMILAR MEETINGS.   The directors may participate in, and hold meetings by means of, conference telephone or similar communications equipment such that all persons participating in the meeting can hear each other. A director participating in a meeting by such means shall be deemed to be present in person at such meeting.

3.16   DIRECTOR CONFLICTS OF INTEREST.   No contract or other transaction between the Corporation and one or more of its directors or any other corporation, firm,

-9-

association, or entity in which one or more of its directors are directors or officers or are financially interested, shall be either void or voidable because of such relationship or interest because such director or directors are present at the meeting of the Board of Directors or a committee thereof which authorizes, approves, or ratifies such contract or transaction, or because such director's or directors' votes are counted for such purposes, provided:

(a)     the fact of such relationship or interest is disclosed or known to the Board of Directors or committee which authorizes, approves, or ratifies the contract or transaction by a vote or consent sufficient for the purpose without counting the votes or consents of such interested director or directors; or

(b)     the fact of such relationship or interest is disclosed or known to the shareholders entitled to vote and the shareholders authorize, approve or ratify such contract or transaction by a vote or written consent; or

(c)     the contract or transaction is fair and reasonable as to the Corporation at the time it is authorized by the Board of Directors, a committee, or the shareholders.

Interested directors may be counted in determining the presence of a quorum at a meeting of the Board of Directors or a committee thereof, which authorizes, approves or ratifies such contract or transaction.

A conflict of interest transaction is authorized, approved or ratified by the shareholders if such conflict of interest transaction receives the vote of a majority of the shares entitled to be counted under this Section 3.16. Shares owned by or voted under the control of the director who has a relationship or interest in the transaction may not be counted in a vote of shareholders to determine whether to authorize, approve or ratify a conflict of interest transaction. The vote of such shares, however, shall be counted in determining whether the transaction is approved for other purposes. A majority of the shares, whether or not present, that are entitled to be counted in a vote on the transaction under this Section 3.16 constitutes a quorum for the purpose of taking action hereunder.

3.17   EXECUTIVE AND OTHER COMMITTEES.   The Board of Directors, by resolution adopted by a majority of the full Board of Directors, may designate from among its members an executive committee and one or more other committees each of which, to the extent provided in such resolution, shall have and may exercise all the authority of the Board of Directors, except that no such committee shall have the authority to:

(a)     approve or recommend to shareholders actions or proposals required by law to be approved by the shareholders;

(b)     fill vacancies on the Board of Directors or any committee thereof;

(c)     adopt, amend or repeal the Bylaws;

-10-

(d)    authorize or approve the reacquisition of shares unless pursuant to a general formula or method specified by the Board of Directors; or

(e)    authorize or approve the issuance or sale or contract for the sale of shares, or determine the designation and relative rights, preferences, and limitations of the voting group, except that the Board of Directors may authorize a committee (or a senior executive officer of the Corporation) to do so within limits specifically prescribed by the Board of Directors.

The provisions of these Bylaws governing meetings, notice, waiver of notice and quorum and voting requirements for the Board of Directors shall also apply to executive and other committees and their members.

Each committee established pursuant to this Section 3.17 must have two (2) or more members who shall serve at the pleasure of the Board of Directors. The Board of Directors by resolution adopted by a majority of the full Board of Directors, may designate one (1) or more directors as alternate members of any such committee who may act in the place and stead of any absent member or members at any meeting of such committee.

Neither the designation of any executive or other committee pursuant to this Section 3.17, the delegation thereto of authority, nor action by such committee pursuant to such authority, shall alone constitute compliance by any member of the Board of Directors who is not a member of such committee with such director's responsibility to act in good faith, in a manner such director reasonably believes is in the best interests of the Corporation, and with such care as an ordinarily prudent person in a like position would use under similar circumstances.

3.18    DISALLOWANCE OF EXPENSE. Any payments made to a director of the Corporation, such as a salary, commission, bonus, interest, or rent, or entertainment expense incurred by him, which shall be disallowed in whole or in part as a deductible expense by the Internal Revenue Service, shall be reimbursed by such director to the Corporation to the full extent of such disallowance. It shall be the duty of the Directors, as a board, to enforce payment of each such amount disallowed. In lieu of payment by the director, subject to the determination of the Directors, proportionate amounts may be withheld from future compensation payments until the amount owed to the corporation has been recovered.

ARTICLE IV - OFFICERS

4.01    OFFICERS. The officers of the Corporation shall consist of a President and a Secretary, and may also consist of a Chairman of the Board, a Chief Executive Officer, one or more Executive Vice-Presidents, one or more Vice-Presidents, a Treasurer, one or more Assistant Secretaries or Treasurers and such other officers as the Board of Directors may from time to time consider necessary for the proper conduct of the business of the Corporation. The same person may simultaneously hold more than one office.

4.02    ELECTION, TERM OF OFFICE AND QUALIFICATION. Each officer shall be elected by the Board of Directors. Each such officer (whether elected at an annual meeting of

-11-

MVI/Palaxar - PI
087

the Board of Directors or to fill a vacancy or otherwise) shall hold his or her office until the next annual meeting of the Board of Directors and until his or her successor shall have been elected and qualified, or until his or her death, resignation or removal.

4.03   RESIGNATIONS. An officer may resign at any time by delivering written notice to the Corporation. A resignation shall be effective when the notice is delivered unless the notice specifies a later effective date. If a resignation is made effective at a later date and the Corporation accepts the future effective date, the Board of Directors of the Corporation may fill the pending vacancy before the effective date if the Board of Directors provides the successor does not take office until such effective date.

4.04   REMOVAL. The Board of Directors may remove any officer at any time with or without cause.

4.05   VACANCIES. Any vacancy in any office occurring by reason of death, resignation, removal, disqualification, or any other cause shall be filled in the manner prescribed in these Bylaws for regular election or appointment to such office.

4.06   CONTRACT RIGHTS. The appointment of an officer does not itself create contract rights. An officer's removal does not affect the officer's contract rights, if any, with the Corporation, nor does an officer's resignation affect the Corporation's contract rights, if any, with such officer.

4.07   CHAIRMAN OF THE BOARD. If one is appointed or elected, the Chairman of the Board shall preside at all meetings of the Board of Directors, the shareholders, and any executive or other committees, as established by the Board of Directors under the provisions of these Bylaws. In addition, the Chairman of the Board shall perform such other duties as are given to him by these Bylaws or as may be prescribed from time to time by the Board of Directors. If one is not appointed or elected, the above description shall, to the extent applicable, be incorporated into the role of the Chief Executive Officer; if no Chief Executive Officer is appointed or elected, then the above description shall, to the extent applicable, be incorporated into the role of the President.

4.08   CHIEF EXECUTIVE OFFICER. If one is appointed or elected, the Chief Executive Officer shall have authority over the general and active management of the business and affairs of the Corporation, and shall have such powers and duties as are usually incident to the office of chief executive officer. The Chief Executive Officer, with any other officer thereunto duly authorized, may sign and execute, in the name of the Corporation, deeds, mortgages, bonds, contracts, agreements and other instruments duly authorized by the Board of Directors (or the shareholders, as the case may be). In addition, the Chief Executive Officer shall perform such other duties as are given to him by these Bylaws or as may be prescribed from time to time by the Board of Directors. If one is not appointed or elected, the above description shall, to the extent applicable, be incorporated into the role of the President.

-12-

MVI/Pulaxar - P1
088

4.09   PRESIDENT.   The President shall serve as the assistant to the Chief Executive Officer and shall perform such duties as may be delegated to the President by the Chief Executive Officer, subject to the direction of the Board of Directors, and shall perform such other duties and have such other authority and power as may be prescribed from time to time by the Board of Directors. If the Chief Executive Officer is absent or disabled, the President shall perform the duties and have the authority and the power of the Chief Executive Officer. The President, with any other officer thereunto duly authorized, may sign certificates of stock of the Corporation, the issuance of which has been duly authorized, and may sign and execute, in the name of the Corporation, deeds, mortgages, bonds, contracts, agreements and other instruments duly authorized by the Board of Directors (or the shareholders, as the case may be). In addition, the President shall perform such other duties as are given to him by these Bylaws or as may be prescribed from time to time by the Board of Directors or the Chief Executive Officer.

4.10   EXECUTIVE VICE PRESIDENT.   The Executive Vice President, if they are appointed or elected, shall serve as assistant to the President, and shall have such powers and duties as directed by the Board of Directors from time to time. If the President is absent or disabled, an Executive Vice President shall perform the duties of the President, and when so acting, shall have all the authority of and be subject to all the restrictions upon the President. Executive Vice President(s) shall perform such other duties as from time to time may be prescribed by the Board of Directors, the Chief Executive Officer, or the President.

4.11   VICE PRESIDENT(S).   The Vice President(s), if they are appointed or elected, shall serve as assistant(s) to the President. If an Executive Vice President is absent or disabled, the Vice President designated as such by the Board of Directors and thereafter, or in the absence of such designation, the Vice President(s) in the order otherwise designated by the Board of Directors, or in the absence of such other designation, in the order of their election, shall perform the duties of an Executive Vice President, and when so acting, shall have all the authority of and be subject to all the restrictions upon the Executive Vice President. The Vice President(s) shall perform such other duties as from time to time may be prescribed by the Board of Directors, the Chief Executive Officer or the President.

4.12   SECRETARY.   The Secretary shall be responsible for the custody and maintenance of all corporate records except the financial records, shall record the minutes of all meetings of the shareholders, Board of Directors, and executive and other committees, if any, shall send out all notices of meetings where required under these Bylaws or otherwise required by law, and shall perform such other duties and have such other authority and power as may be prescribed from time to time by the Board of Directors or the President.

4.13   ASSISTANT SECRETARY.   The Assistant Secretary, if any, shall, in the absence or disability of the Secretary, perform the duties and have the authority and exercise the powers of the Secretary. The Assistant Secretary shall perform such other duties and have such other authority and power as may be prescribed from time to time by the Board of Directors or the President.

MVU/Palazar - P1
089

4.14   TREASURER. The Treasurer, if one is appointed or elected, shall have custody of all corporate funds and financial records, shall keep full and accurate records of receipts and disbursements and render accounts thereof whenever required by the Board of Directors, and shall perform such other duties and have such other authority and power as may be prescribed from time to time by the Board of Directors or the President. If a Treasurer is not appointed or elected, then the description provided above shall, to the extent applicable, be incorporated into the description of the Secretary.

4.15   ASSISTANT TREASURER. The Assistant Treasurer, if any, shall, in the absence or disability of the Treasurer, perform the duties and have the authority and exercise the powers of the Treasurer. The Assistant Treasurer shall perform such other duties and have such other authority and power as may be prescribed from time to time by the Board of Directors or the President.

4.16   COMPENSATION. The determination of compensation to be paid to the officers of the Corporation shall be made by the Board of Directors, or if authorized by resolution of the Board of Directors, by the President.

4.17   DISALLOWANCE OF EXPENSE. Any payments made to an officer of the Corporation, such as a salary, commission, bonus, interest, or rent, or entertainment expense incurred by him, which shall be disallowed in whole or in part as a deductible expense by the Internal Revenue Service, shall be reimbursed by such officer to the Corporation to the full extent of such disallowance. It shall be the duty of the Directors, as a board, to enforce payment of each such amount disallowed. In lieu of payment by the officer, subject to the determination of the Directors, proportionate amounts may be withheld from future compensation payments until the amount owed to the corporation has been recovered.

## ARTICLE V - STOCK CERTIFICATES

5.01   ISSUANCE. The Board of Directors of the Corporation may authorize shares of the Corporation to be issued for the consideration set forth in Section 5.03 hereof. All shares of the Corporation issued to shareholders must be represented by certificates in the form prescribed in Section 5.02 hereof.

5.02   FORM AND CONTENT OF CERTIFICATES. Every certificate representing shares issued by the Corporation shall state the following:

(a)   the name of the Corporation and that it is organized under the laws of the state in which it is incorporated;

(b)   the name of the person to whom the stock certificate is issued; and

(c)   the number and class of shares and the designation of the series, if any, the stock certificate represents.

-14-

If the Corporation is authorized to issue different classes of shares or different series within a class, the designation, relative rights, preferences, and limitations applicable to each class and the variations and rights, preferences, and limitations determined for each series (and the authority of the Board of Directors to determine variations for future series) shall be summarized on the front or back of each certificate. Alternatively, each certificate may state conspicuously on its front or back that the Corporation will furnish to the shareholder a full statement of this information on request and without charge.

Every certificate representing shares issued by the Corporation must be signed by the President and the Secretary or the Assistant Secretary of the Corporation and may bear the corporate seal. In the event any officer who signed a certificate no longer holds office when the certificate is issued, the certificate shall nevertheless be valid.

Every certificate representing shares which are restricted as to their sale, disposition or other transfer shall conspicuously state on the front or back of the stock certificate that such shares are so restricted and shall set forth or fairly summarize upon the certificate, or shall state that the Corporation will furnish to any shareholder upon request and without charge, a full statement of such restrictions.

5.03   CONSIDERATION.   The Board of Directors may authorize shares to be issued for consideration consisting of any tangible assets (including real property) which are readily convertible into cash.   For any other consideration, including without limitation, in-kind services, promissory notes, or services performed, approval shall be required by two-thirds (2/3) of the issued and outstanding shares prior to authorization by the Board of Directors.

Prior to the issuance of shares of the Corporation, the Board of Directors shall determine that the consideration received or to be received for shares to be issued is adequate.   The determination made by the Board of Directors shall be conclusive insofar as the adequacy of consideration for the issuance of shares relates to whether the shares are validly issued, fully paid, and non-assessable.   When it cannot be determined that outstanding shares are fully paid and non-assessable, there shall be a conclusive presumption that such shares are fully paid and non-assessable if the Board of Directors makes a good faith determination that there is no substantial evidence that the full consideration for such shares has not been paid. Notwithstanding any other provision to the contrary, approval by two-thirds (2/3) of the issued and outstanding shares shall be a conclusive presumption that that the consideration is adequate.

When the Corporation receives the consideration for which the Board of Directors authorized the issuance of such shares, the shares issued therefore shall be fully paid and non-assessable.   Consideration in the form of a promise to pay money or the promise to perform services is deemed received by the Corporation at the time of the making of the promise, unless the agreement specifically provides otherwise.

The Corporation may place in escrow shares issued for a contract for future services or benefits or a promissory note, or make other arrangements to restrict the transfer of such shares,

-15-

MVI/Palaxar - PI
091

and make credit distributions in respect of such shares against their purchase price, until the services are performed, the promissory note is paid, or the benefits are received. If the services are not performed, the shares escrowed or restricted and the distributions credited may be canceled in whole or part.

5.04   LOST, STOLEN, OR DESTROYED CERTIFICATES.   The Corporation shall issue a new stock certificate in place of any certificate for shares previously issued if the holder of record of the certificate:

(a)       makes proof in affidavit form that such certificate has been lost, destroyed or wrongfully taken;

(b)       requests the issuance of a new certificate before the Corporation has notice that the certificate has been acquired by a purchaser for value in good faith and without notice of any adverse claim; and

(c)       satisfies any other reasonable requirements imposed by the Corporation.

## ARTICLE VI - BOOKS AND RECORDS

6.01   CORPORATE RECORDS.   The Corporation shall keep as permanent records, minutes of all meetings of its shareholders and Board of Directors, a record of all actions taken by its shareholders or Board of Directors without a meeting, and a record of all actions taken by a committee of the Board of Directors in place of the Board of Directors on behalf of the Corporation. Additionally, the Corporation shall maintain accurate accounting records.

The Corporation or its agents shall maintain a record of its shareholders in a form that permits preparation of a list of the names and addresses of all shareholders in alphabetical order by class of shares showing the number and series of shares held by each.

The Corporation shall maintain its records in written form or in another form capable of conversion into written form within a reasonable time.

The Corporation shall keep a copy of the following records:

(a)       its Articles or Restated Articles of Incorporation and all amendments to the Articles or Restated Articles of Incorporation currently in effect;

(b)       its Bylaws or Restated Bylaws and all amendments to the Bylaws or Restated Bylaws currently in effect;

(c)       resolutions adopted by the Board of Directors creating one or more classes or series of shares and fixing their relative rights, preferences and limitations, if shares issued pursuant to those resolutions are outstanding;

-16-

(d)    the minutes of all shareholders' meetings and records of all actions taken by shareholders without a meeting for the past three (3) years;

(e)    written communications to all shareholders generally or all shareholders of a class or series within the past three (3) years, including the financial statements furnished to the shareholders for the past three (3) years as required under Section 6.03 hereof;

(f)    a list of the names and business street addresses of its current directors and officers; and

(g)    the most recent annual report of the Corporation delivered to any state entity as required under relevant provisions of state law.

Copies of all documents identified in this Section 6.01 shall be copied to any owner(s) of at least twenty-five (25%) percent of the issued and outstanding stock of the Corporation.  In addition, the Corporation shall send to any owner(s) of at least twenty-five (25%) percent of the issued and outstanding stock monthly accounting records for the Corporation.

6.02   SHAREHOLDERS' INSPECTION RIGHTS. .  Any shareholder of the Corporation shall be entitled to inspect and copy, during regular business hours at the Corporation's principal office, the corporate records of the Corporation as set forth in Sections 6.01(a) through 6.01(f) hereof, if such shareholder gives the Corporation written notice of his demand at least five (5) business days before the date on which such shareholder desires to inspect and copy the corporate records of the Corporation.

Any shareholder of the corporation shall be entitled to inspect and copy, during regular business hours at a reasonable location specified by the Corporation, the records of the Corporation set forth in Sections 6.02(a) through 6.02(d) hereof, if such shareholder's demand for inspection is made in good faith and for a proper purpose, the shareholder describes with reasonable particularity such shareholder's purpose and the records such shareholder desires to inspect, the records are directly connected with such purpose and such shareholder gives the Corporation written notice of such shareholder's demand at least five (5) business days before the date on which such shareholder desires to inspect and copy such corporate records:

(a)    excerpts from minutes of any meeting of the Board of Directors, records of any actions of a committee of the Board of Directors while acting in place of the Board of Directors on behalf of the Corporation, minutes of any meeting of the shareholders, and records of actions taken by the shareholders or Board of Directors without a meeting, to the extent not otherwise subject to inspection as set forth above in this Section 6.02;

(b)    accounting records of the Corporation;

(c)    the record of shareholders; and

(d)    any other books and records of the Corporation.

-17-

MVI/Palaxar - P1
093

ì

Any shareholder of the Corporation shall be entitled to inspect and copy, during regular business hours at a reasonable location specified by the Corporation, a copy of the Bylaws or Restated Bylaws and all amendments to the Bylaws or the Restated Bylaws of the Corporation currently in effect and a list of the names and business street addresses of the Corporation's current directors and officers if such shareholder gives the Corporation written notice of such shareholder's demand at least fifteen (15) business days before the date on which such shareholder desires to inspect and copy such corporate records.

This Section 6.02 shall not affect: the right of any shareholder to inspect and copy records under Section 2.07 hereof; the right of a shareholder to inspect and copy records to the same extent as any other litigant if the shareholder is in litigation with the Corporation; or the power of a court to compel the production of corporate records for examination.

The Corporation shall have the right to deny any demand for inspection requiring the shareholder to have a proper purpose to inspect and copy the corporate records, if the shareholder's demand is made for an improper purpose, or if the demanding shareholder has within two (2) years preceding such shareholder's demand sold or offered for sale any list of shareholders of the Corporation or any other corporation, has aided or abetted any person in procuring any list of shareholders for any such purpose, or has improperly used any information secured through any prior examination of the records of the Corporation or any other corporation.

ì

6.03   FINANCIAL INFORMATION.   Unless modified by resolution of the shareholders within one hundred twenty (120) days after the close of each fiscal year of the Corporation, the Corporation shall furnish to its shareholders annual financial statements which may be consolidated or combined statements of the Corporation and one or more of its subsidiaries, as appropriate, that include a balance sheet as of the end of the fiscal year, an income statement for such year, and a statement of cash flows for such year. If the financial statements of the Corporation are prepared on the basis of generally accepted accounting principles, the annual financial statements must also be prepared on such basis.

If the annual financial statements of the Corporation are reported upon by a public accountant, the public accountant's report must accompany the annual financial statements. If the annual financial statements are not reported upon by a public accountant, the annual financial statements must be accompanied by a statement of the President or the Treasurer of the Corporation:

(a)   stating such officer's reasonable belief whether such statements were prepared on the basis of generally accepted accounting principles and, if not, describing the basis of preparation; and

(b)   describing in what respects the statements were not prepared on a basis of accounting consistent with the statements prepared for the immediately preceding year.

ì

-18-

MVI/Palaxar - Pl
094

The Corporation shall mail the annual financial statements to each shareholder within one hundred twenty (120) days after the close of each fiscal year of the Corporation or within such additional time thereafter as is reasonably necessary to enable the Corporation to prepare its financial statements if, for reasons beyond the corporation's control, it is unable to prepare its financial statements within the prescribed period.   Thereafter, on written request from a shareholder who was not mailed the annual financial statements of the Corporation, the Corporation shall mail such shareholder the latest financial statements.

For any notice required, pursuant to this Section 6.03, to be delivered to any shareholder owning less than twenty-five (25%) percent of the total authorized and outstanding shares, then such notice can be completed by posting said documents to the Corporation's website and providing notice to the shareholder of the documents location.

## ARTICLE VII - DIVIDENDS

The Board of Directors may authorize the Corporation to make distributions upon the direction of the shareholders indicated by an affirmative vote of two-thirds (2/3) of the total authorized and outstanding shares of the Corporation.

Dividends shall not be cumulative.

## ARTICLE VIII - INDEMNIFICATION

The Corporation shall indemnify any officer or director, or any former officer or director, to the full extent permitted under relevant provisions of state law.

## ARTICLE IX - MISCELLANEOUS

9.01   CORPORATE SEAL.   A corporate seal shall not be required to be attached to any instrument executed by or on behalf of the Corporation unless required by law, but if so required shall be of such shape and have such words thereon as may be described by law or by the Board of Directors.   The seal may be used by impressing it or reproducing a facsimile thereof, or otherwise.

9.02   AMENDMENT OF BYLAWS.

A.   The Board of Directors may amend or repeal the Corporation's Bylaws unless:

(a)      the Articles of Incorporation or other provision of law reserves the power to amend the Bylaws generally, or a particular provision of the Bylaws, exclusively to the shareholders; or

(b)      the shareholders, in amending or repealing the Bylaws generally, or a particular provision of the Bylaws, provide expressly that the Board of Directors may not amend or repeal the Bylaws or such provision of the Bylaws.

-19-

MVf/Paloxar - P1
095

B. In making an amendment or repeal pursuant to this Section 9.02, the Board of Directors shall propose the amendment or repeal to the shareholders who shall have thirty (30) days in which to object to the amendment. If twenty-five (25%) percent or greater of the total issued and outstanding shares object to the amendment or repeal, then such amendment or repeal shall but put to a vote of the shareholders.

C. Notwithstanding anything contained in these Bylaws to the contrary, the Corporation's shareholders may amend or repeal the Corporation's Bylaws. Provided, however, that any such amendment or repeal shall require an eighty (80%) percent vote of all issued and outstanding shares, in writing. No such amendment or repeal shall be valid if the effect of the amendment or repeal would be violative of any Investor Agreement or Loan Agreement between Mirabilis Ventures, Inc. or its affiliates and the Corporation.

9.03   RELATION TO ARTICLES OF INCORPORATION. These Bylaws shall be subject to, and governed by, the Corporation's Articles of Incorporation.

## ARTICLE X-SPECIAL CONDITIONS

10.01   LIMITEDAPPLICABILITY. The Company agrees to continue to be bound by Mirabilis Ventures, Inc.'s corporate governance rules and policies, which shall include, but is not limited to, the following:

> (a)   Company's method of doing business protocols shall be consistent with the requirements set forth under the Sarbanes-Oxley Act (SOA), by using and implementing "Axenaware" software applications;

> (b)   Company shall immediately use Mirabilis' designated common paymaster, for payroll processing of all employees, and insurance company for related insurance coverage, including workers' compensation;

> (c)   Company shall be responsible for and obligated to perform the day-to-day operations of Company in accordance with its corporate guidelines, policies, regulations and procedures.

> (d)   All bank accounts for Company will be reconciled daily, and "cash" reports will be filed daily with Mirabilis' designated monitor; and,

> (e)   Company will use and participate in Mirabilis' preferred vendor network. Each member of the network agrees to grant preferred vendor status to each affiliate of Mirabilis, provided that price and service are competitive with a nonaffiliated provider.

> (f)   Company shall maintain adequate books and records in accordance with generally accepted accounting principles consistently applied, and permit any

20

MV1/Palaxar - P1
096

representative of Mirabilis, at any reasonable time, to inspect, audit and examine such books and records, to make copies of the same, and to inspect the properties of the Company.

(g)     Company warrants that it possesses, and will hereafter possess, all permits, consents, approvals, franchises and licenses required, and rights to all trademarks, trade names, patents, and fictitious names, if any, necessary to enable it to conduct the business in which it is now engaged in compliance with all applicable laws.

These Bylaws were adopted by Written Consent of the Board of Directors of the Corporation dated the 1st day of October, 2005.

James V. Sadrianna, President

21-

MVI/Palazar - P1
097