UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
OCT 05 2009
CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

In re:                                    Case No. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                 CHAPTER 11

         Debtor.
_____/

**RESPONSE TO CORRECTIVE OBJECTION TO CLAIM NO.16
SUBMITTED BY AQMI STRATEGY CORPORATION**

Comes now AQMI Strategy Corporation and files this response to the objection of the Debtor to claim number 16 and request the matter be converted to an adversary proceeding.

1. AQMI admits jurisdiction and venue.

2. AQMI understands the various bankruptcy cases were filed on different dates and times in particular the filing of AEM, Inc.

3. Debtors operation ceased, by its directors and officers with the consent of AQMI, prepetition. The Debtor is now in possession of facilities, equipment, and other property which properly belongs to AQMI. Debtor has no operating business.

4. AQMI admits the allegations of paragraph 10 of the Debtors' objection.

5. AQMI admits Amodeo pled guilty on September 26, 2008; however the plea and agreement are not final as both as well as the ultimate judgment are being challenged in both the district court and appellate court.

6. AQMI admits the allegations contained in paragraphs 1 through 16.

7. AQMI points out paragraph 17 addresses only the competing interests as between the Debtor and the USA and do not affect the interests of AQMI or any other third-party.

8. As to paragraph 18, the preliminary order was based on the plea which is under challenge thus the order is contested and not final; further any such order only addresses the competing interest of Amodeo and the USA and not the interest of AQMI, any creditors or interest holders of AQMI.

9. AQMI is currently under indictment by the USA and has steadfastly proclaimed AQMI's innocence; should AQMI prevail AQMI shall retain ownership of AQMI's assets regardless of the outcome of Amodeo's efforts to vacate the plea and obtain a trial or dismissal of the indictment.

1

10. Should AQMI lose then the USA will be able to conduct a separate forfeiture action of AQMI's assets including the claim against Mirabilis.

11. In any case the outcome of such matters are superfluous with regards to the Debtor.

12. The Debtor never had any active operations all of the Debtor's cash came from AQMI or another company owned by Amodeo or alternatively from the USA as the result of Mirabitis' AEM subsidiary utilizing the unpaid payroll taxes; therefore the Debtor's claim on any assets is spurious.

13. Repeating again the preliminary order referred to in paragraph 19 is not final, the factual predicate for such order is currently undergoing a factual challenge (see Statement of Facts and Affidavit filed by Frank Amodeo on August 5, 2009 which is adopted by AQMI and incorporated into and made part of this response by reference) and finally the order does not purport to adjudicate the interest of AQMI or any of AQMI's creditors.

14. AQMI admits the allegations of paragraph 20 through 22 of the objection.

15. As to allegations in paragraph 23 AQMI notes the Debtor admits AQMI's prior statement that the order if valid addresses only Amodeo's interest and not AQMI's independent interest nor the claims of any bonafide creditors or other stake holders of AQMI.

16. At the time the USA entered the compromise the USA did not yet hold an interest in the AQMI assets thus the AQMI secured claim could not have been contemplated by the order; further the USA is without authority to act on behalf of AQMI as ownership and control of AQMI remain exclusively with Amodeo.

17. Even though a considerable question remains as to Amodeo's legal and actual competence; by order of the District Court Amodeo is representing AQMI in the criminal case "pro se" and anticipates a trial vindicating AQMI or alternatively dismissal of the indictments.

18. The proof of claim is a sworn statement and contemporaneously maintained business records which substantiate the proof of claim are attached thereto; further the information therein was compiled and verified by the then President and Treasurer of the Debtor.

19. In actuality AQMI notes that in May of 2007 more than a year before the filing of this case; the Debtor voluntarily surrendered all assets to AQMI in recognition of the outstanding obligation and properly perfected security. AQMI therefore questions whether the estate has any assets to be administered.

20. AQMI also raises the existence of a significant conflict between the Debtor's counsel and AQMI since AQMI paid the original retainer to Debtor's counsel and both AQMI and Amodeo conferred regularly with Debtor's counsel regarding the assets now belonging to AQMI pursuant to the transfer referenced in paragraph 19 above. AQMI conveyed confidential and privileged information during that representation relating to matters involving the Debtor.

2

Wherefore AQMI respectfully requests the Court deny the objection of the Debtor, award costs and fees of this action to AQMI, commence a full adversary proceeding, disqualify Debtors' counsel and such other and further relief as the Court deems appropriate and fair.

Respectfully submitted,

*[signature]*

Frank L. Amodeo
as corporate representative
of AQMI Strategy Corporation

AQMI Strategy Corporation
2875 S. Orange Avenue
Ste 500 PMB1810
Orlando, FL 32806

Frank L. Amodeo
Federal Correctional Complex-Low
P.O. Box 1031
Coleman, Fl 33521

### CERTIFICATE OF SERVICE

The undersigned certifies a copy of this response has been served on the Debtor's counsel Latham, Shuker, Eden and Beaudine, LLP, at 390 N. Orange Ave. Ste600, Orlando, FL., as required by Local Rule 2007-4 and set forth in the "Corrective Objection to Claim 16 Submitted by AQMI Strategy Corporation" this __1__ day of October 2009 by first class mail.

*[signature]*

Frank L. Amodeo
AQMI Strategy Corporation

3