# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:  CASE NO. 6:08-bk-04327-KSJ

**MIRABILIS VENTURES, INC.,**  CHAPTER 11

       Debtor.  **EMERGENCY HEARING
REQUESTED ON OCTOBER 16, 2009**

_____/

**EMERGENCY MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY
BY AND BETWEEN DEBTOR AND DIANE HENDRICKS, INDIVIDUALLY AND
AS TRUSTEE OF THE KENNETH & DIANE HENDRICKS IRREVOCABLE TRUST**

**AND**

**CERTIFICATE OF NECESSITY OF
REQUEST FOR EMERGENCY HEARING**

      **MIRABILIS VENTURES, INC.** ("Mirabilis" or "Debtor"), by and through its undersigned attorneys, and pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(3) and 9019(a), hereby files this Motion for Approval of Compromise of Controversy by and between Debtor and Diane Hendricks, individually and as Trustee of the Kenneth & Diane Hendricks Irrevocable Trust ("Hendricks")(the "Motion") and, in support, states as follows:

**Background Facts and Procedural Posture**

      1.      On May 27, 2008, the Debtor filed a voluntary petition for relief with the United States Bankruptcy Court for the Middle District of Florida: *In re Mirabilis Ventures, Inc.*, Case No. 6:08-bk-04327-KSJ, ("Bankruptcy Case"). (Bankr. Doc. No. 1).

      2.      The Debtor continues to operate its businesses and manage its properties as a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334. Venue in this district is proper pursuant to 28 U.S.C. §1409.

4. The statutory predicate for the relief sought herein is F.R.B.P. 9019.

**The Controversy**

5. On April 16, 2007, Hendricks filed a complaint against Mirabilis and various other parties for breach of several agreements, in the case styled *Hendricks v. Mirabilis*, Case No. 8:07-cv-661-T-17EAJ (case reassigned on August 11, 2009 as Case No. 8:07-cv-661-T-33AEP), pending in the U.S. District Court in Tampa (the "Federal Case"). On November 7, 2007, Mirabilis filed its Amended Answer to the Federal Case, asserting counterclaims against Hendricks of breach of contract, fraud, negligent misrepresentation and other claims.

6. On August 11, 2008, Hendricks also filed a complaint against Mirabilis and various other parties in the case styled *Hendricks v. Mirabilis*, Case No. 2008-CA-2002, pending in state court in Orange County, Florida (the "State Case").

7. On April 22, 2009, Hendricks filed an amended proof of claim in the Mirabilis Ventures, Inc. (Claim No. 20-2) (the "Claim"). In the Claim, Hendricks alleges that she/it is owed $2,802,075.25 from Mirabilis, based on a note between Mirabilis and Hendricks (the "Note") and that the Note is fully secured by the following collateral: (1) a Presidion Solutions, Inc. promissory note and its related assets; (2) an assignment of rents relating to the lawsuit and judgment against William Leyton and Strategic Capital Investments, LLC, in the lawsuit captioned *Kenneth A. Hendricks and Diane M. Hendricks v. Strategic Capital Investments, LLC, William J. Leyton, et al.*, Case No. CV04-9639-SVW, in the United States District Court, Central

District of California, Western Division; and (3) all proceeds from the aforementioned collateral (collectively, the "Collateral").

8. Debtor and Hendricks have been attempting to reach a consensual resolution of the disputes related to the Claim, the Note, the Collateral, and the State and Federal Cases (collectively, the "Disputes").

**The Compromise**

9. In full and final resolution of these issues, claims and demands, the parties have agreed that it is in the best interest of all parties to reach an agreement related to the Disputes.

10. In furtherance of this mutual goal, Debtor and Hendricks wish to enter into a Settlement Agreement and General Mutual Release of All Claims (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit "A".**

11. Under the material terms and conditions of the Settlement Agreement:

    a. Mirabilis will allow one (1) unsecured claim by Hendricks against the all of the Debtors addressed in the Joint Plan of Liquidation (the "Plan"), filed with this Court June 1, 2009, which addresses the following entities: Mirabilis (6:08-bk-04327), Hoth Holdings, LLC (6:08-bk-04328) ("Hoth") and AEM, Inc. (6:08-bk-04681) ("AEM") (collectively, the "Bankruptcy Cases"), for a total amount of $2,887,997.28. This will be a single unsecured claim.

    b. Mirabilis and Hendricks will enter into a joint stipulation for dismissal with prejudice of all claims by and between them in the State Case and the Federal Case, as described above.

    c. Hendricks agrees to vote in favor of the Plan.

d.  Hendricks shall cooperate with Mirabilis, AEM, R.W. Cuthill, Jr., as the authorized agent of Mirabilis and AEM and their attorneys in all matters, including but not limited to, adversary proceedings or contested matters now pending or arising from the Debtors' Bankruptcy Case; and

e.  Hendricks will reclassify her/its claim as unsecured.

f.  Mirabilis and its affiliates, agents, successors and assigns, or anyone claiming under Mirabilis, and Hendricks and her affiliates, directors, agents, successors, and assigns, or anyone claiming under Hendricks, will release, remise and forever discharge the other from any and all claims, demands, actions, causes of action, rights of action, debts, covenants, contracts, agreements, representations, judgments, executions, costs, expenses, obligations, or liabilities of any nature whatsoever, known or unknown, at law or in equity or by statute, that any of them may accrue to any one of them that are based upon, arise out of, or in any way relate to Mirabilis, specifically excluding the Claim.

12. This agreement is subject to the approval of this Court.

13. Debtor believes that this compromise is in the best interest of the creditors of the Debtor's estate because it avoids the time, expense, and uncertainty of litigating the issues presented in this Motion and enables the Debtor to concentrate its efforts on the current case.

**CERTIFICATE OF NECESSITY OF
REQUEST FOR EMERGENCY HEARING**

14. Ordinarily, a motion under 9019 is filed with a twenty (20) day negative notice period.

15. As reflected in the Settlement Agreement, a key aspect of the compromise is the favorable vote by Hendricks for its Class 1 Claims.

16. Until approved, Hendricks is not in a position to vote its claim.

17. The Confirmation Hearing is October 16, 2009 and, as such, the Debtor requires an emergency hearing on less than twenty (20) days to consummate the settlement.

18. The Debtors estimates that approximately 15 minutes will be necessary for a hearing on this Motion.

19. A copy of this Motion was served on the secured creditors and on the twenty largest unsecured creditors. Notice of a hearing on this matter will be provided to the same entities.

**WHEREFORE**, Mirabilis Ventures, Inc., respectfully requests that this Court enter an order granting the Motion and granting such further relief that this Court deems just and proper.

**DATED** this 8th day of October, 2009.

/s/ R. Scott Shuker
R. Scott Shuker, Esq.
Florida Bar No.: 984469
Victoria I. Minks, Esq.
Florida Bar No.: 0064388
Latham, Shuker, Eden & Beaudine, LLP
390 N. Orange Ave., Suite 600
Orlando, FL 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:                                                                      CASE NO. 6:08-bk-04327-KSJ

**MIRABILIS VENTURES, INC.,**                            CHAPTER 11

        **Debtor.**
_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the **EMERGENCY MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY BY AND BETWEEN DEBTOR AND DIANE HENDRICKS, INDIVIDUALLY AND AS TRUSTEE OF THE KENNETH & DIANE HENDRICKS IRREVOCABLE TRUST** has been furnished by electronic transmission and/or U.S. First Class mail, postage prepaid, to: Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., President, c/o 341 N. Maitland Ave, Suite 210, Maitland, Florida 32751; Charles A. Carlson, Esq., Barnett, Bolt, Kirkwood, Long & Bride, P.A., 601 Bayshore Boulevard, Suite 700, Tampa, Florida 33606; all creditors as shown in the matrix attached hereto; and the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801 on this 8th day of October 2009.

                                                                        /s/ R. Scott Shuker
                                                                        R. Scott Shuker, Esq.

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:                                              CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                           CHAPTER 11

           Debtor.
_____/

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Settlement Agreement"), is made and entered into this 30th day of September 2009, by and between Mirabilis Ventures, Inc. ("Mirabilis" or "Debtor") and Diane Hendricks, individually and as Trustee of the Kenneth & Diane Hendricks Irrevocable Trust ("Hendricks").

### WITNESSETH:

(A) On April 16, 2007, Hendricks filed a complaint against Mirabilis and various other parties for breach of several agreements, in the case styled *Hendricks v. Mirabilis*, Case No. 8:07-cv-661-T-17EAJ (case reassigned on August 11, 2009 as Case No. 8:07-cv-661-T-33AEP), pending in the U.S. District Court in Tampa (the "Federal Case"). On November 7, 2007, Mirabilis filed its Amended Answer, asserting counterclaims against Hendricks. On August 11, 2008, Hendricks also filed a complaint against Mirabilis and various other parties in the case styled *Hendricks v. Mirabilis*, Case No. 2008-CA-2002, pending in state court in Orange County, Florida (the "State Case").

(B) On April 22, 2009, Hendricks filed her amended proof of claim in Mirabilis Ventures, Inc. (Claim No. 20-2). In the Hendricks' claim, Hendricks alleges that she is owed $2,802,075.25 from Mirabilis based on a note between Mirabilis and Hendricks ("Note") and that the Note is fully secured by the following "collateral": (1) a Presidion Solutions, Inc. promissory note and its related assets; (2) assignment of rents relating to the lawsuit and judgment against William Leyton and Strategic Capital Investments, LLC, in the lawsuit captioned *Kenneth A. Hendricks and Diane M. Hendricks v. Strategic Capital Investments, LLC, William J. Leyton, et al.*, Case No. CV04-9639-SVW, in the United States District Court, Central District of California, Western Division; and (3) all proceeds from the aforementioned collateral (collectively, the "Collateral").

(C) Debtor and Hendricks have been attempting to reach a consensual resolution of the disputes related to the Note and Collateral. Debtor and Hendricks are

executing this Settlement Agreement to settle all issues arising from the Note, Collateral and the State and Federal Cases.

**NOW THEREFORE**, in consideration of the foregoing recitals and the mutual promises contained herein, together with the Assurance of Further Cooperation (as those terms are defined herein below), the receipt and sufficiency of each of which is hereby acknowledged by each party hereto, the parties hereby agree as follows:

(1)     **Allowance of Claim**. Mirabilis will allow one (1) claim by Hendricks against all of the Debtors addressed in the Joint Plan of Liquidation (the "Plan"), filed with this Court June 1, 2009, which addresses the following entities: Mirabilis (6:08-bk-04327), Hoth Holdings, LLC (6:08-bk-04328) ("Hoth") and AEM, Inc. (6:08-bk-04681) (collectively, the "Bankruptcy Cases"), for a total amount of $2,887,997.28 (the "Claim"). The Claim will be a single unsecured claim.

(2)     **Dismissal of Federal and State Court Claims**. Mirabilis and Hendricks will enter into a dismissal with prejudice of all claims between them in the State Case and the Federal Case, as described above in Paragraph (B).

(3)     **Reclassification of Bankruptcy Claim**. Hendricks will agree that it will share pro rata in any distribution to unsecured creditors and receive the same treatment as such creditors, all as set forth in the Plan.

(4)     **Agreement to Vote for Plan**. The Claim will share pro rata in any distribution to unsecured creditors and receive the same treatment as such creditors, all as set forth in the Plan. Hendricks agrees to vote her/its Class 1 Claim in favor of the Plan.

(5)     **Assurance of Further Cooperation**. As additional consideration for obligations owed by Hendricks with respect to the Bankruptcy Cases, Hendricks promises to continually cooperate with Debtor and its attorneys as may be reasonably required in all contested matters now pending or arising from the Bankruptcy Cases. The representatives of Hendricks shall cooperate by serving as both a formal and informal witness, without service of a subpoena, and further agree to cooperate in good faith with Debtor and its attorneys, in the prosecution of any contested matters now pending or arising from the Bankruptcy Cases, to the extent consistent with Hendricks' duties to any other parties. Notwithstanding the foregoing, Debtor shall bear all reasonable expenses for travel and/or other out-of-pocket expenses incurred by Hendricks while serving as an informal or formal witness.

(6)     **Representations and Warranties**. Each of the parties to the Settlement Agreement hereby represents and warrants to the other party that each such warranting party is the sole and exclusive owner of all claims released or compromised by each such warranting party herein, has not assigned the same or any part thereof to any other person, and will indemnify the beneficiaries of such warranties against, and hold such beneficiaries harmless from, any and all liabilities, costs, damages, claims, and expenses, including, without limitation, reasonable attorneys' fees and court costs, incurred by such beneficiaries, in connection with any

breach by each such warranting party of any representation, warranty, or covenant of each such warranting party contained in the Settlement Agreement.

(7) **Mutual Release**. Debtor and its affiliates, agents, successors, and assigns, or any one claiming under Debtor, and Hendricks and her/its affiliates, directors, agents, successors, and assigns, or anyone claiming under Hendricks, do hereby release, remise and forever discharge the other from any and all claims, demands, actions, causes of action, rights of action, debts, covenants, contracts, agreements, representations, judgments, executions, costs, expenses, obligations, or liabilities of any nature whatsoever, known or unknown, at law or in equity or by statute, that any of them now have or that may subsequently accrue to any one of them that are based upon, arise out of, or in any way relate to Mirabilis, specifically excluding that Proof of Claim referenced in Paragraph 1 hereinabove. This Settlement Agreement, including this mutual release, shall not in any way release, impair, reduce or otherwise affect any complaints, or claims objections whether now pending or hereafter filed, by Debtor against any person or entity other than Hendricks.

(8) **Miscellaneous**.

(a) <u>Governing Law; Jurisdiction</u>. The Settlement Agreement is to be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without giving affect to the principles of comity or conflicts of laws thereof. In the event any litigation or other formal legal or equitable proceeding (collectively, "Litigation") between or among any of the parties hereto (or their affiliates, heirs, officers, directors, agents, successors, or assigns) is instituted in connection with the construction, interpretation, or enforcement of the Settlement Agreement, the party commencing such Litigation shall be required to institute the same in Bankruptcy Court, or if jurisdiction cannot be found in the Bankruptcy Court, then in the federal or state courts with jurisdiction in Orange County, Florida. Each party hereto hereby consents to the exclusive personal jurisdiction and venue of the Bankruptcy Court, or where appropriate, to the federal and state courts with jurisdiction in Orange County, Florida, for a resolution of all disputes arising out of the construction, interpretation, or enforcement of any term or provision of the Settlement Agreement, and each party hereby waives the claim or defense that any such court in which any such Litigation is properly commenced as provided for herein constitutes an inconvenient forum.

(b) <u>Effect of Delay and Waivers</u>. No delay or omission to exercise any right or power accruing prior to or upon any breach, omission, or failure of performance hereunder shall impair any such right or power, or shall be construed to be a waiver thereof, and any such right or power may be exercised from time to time and as often as may be deemed expedient. In the event of any breach of any provision contained in the Settlement Agreement and/or ancillary agreements otherwise referred to herein, by a party hereto, thereafter waived by another party, such waiver shall be limited to the particular waiving party and to the particular breach in question and no other. No waiver or release of any term or provision of the Settlement Agreement shall be established by conduct, custom, or course of dealing, but solely by a document in writing duly authorized and executed by the waiving or releasing party.

(c) <u>Notices</u>. Whenever any party hereto desires or is required to provide any notice, demand, or request with respect to the Settlement Agreement, each such communication shall be in writing and shall be effective only if it is delivered by personal service (which shall include delivery by delivery service, express mail delivery service, telecopy or telefax) or mailed, by United States certified mail, postage prepaid, and addressed as follows:

    If to Debtor:    R. Scott Shuker, Esq.
                            Latham, Shuker, Eden & Beaudine, LLP
                            390 N. Orange Avenue, Suite 600
                            Orlando, Florida 32801
                            Attorney for Mirabilis Ventures, Inc.

    If to Hendricks:    Charles A. Carlson, Esq.
                            Barnett, Bolt, Kirkwood, Long & McBride, P.A.
                            601 Bayshore Boulevard, Suite 700
                            Tampa, Florida 33606
                            Attorney for Diane Hendricks, Individually and as
                            Trustee of the Kenneth A. & Diane M. Hendricks ITA

Such communications, when personally delivered, shall be effective upon receipt, but, if sent by certified mail in the manner set forth above, shall be effective three (3) business days following deposit in the United States mail. Any party may change its address for such communications by giving notice thereof to the other parties in accordance with the requirements of this section.

(d) <u>Survival of Representations and Warranties, Etc.</u> All representations, warranties, covenants, agreements, obligations, and duties of the respective parties hereto contained herein or provided for in the Settlement Agreement or any agreement to be prepared under the terms of said Settlement Agreement shall survive the execution, delivery, and performance of the Settlement Agreement and the mutual release contained herein.

(e) <u>Time of the Essence</u>. Time is of the essence in the performance of the Settlement Agreement by each party.

(f) <u>Severability</u>. If any provision of the Settlement Agreement is ultimately determined to be invalid or unenforceable, such provision shall be deemed limited by construction in scope and effect to the minimum extent necessary to render the same valid and enforceable, and, in the event no such limiting construction is possible, such invalid or unenforceable provision shall be deemed severed from the Settlement Agreement without affecting the validity of any other provision hereof.

(g) <u>Entire Agreement</u>. The Settlement Agreement and all other documents executed and delivered by the parties hereto to consummate the transactions contemplated herein, constitute the entire understanding and agreement of the parties hereto with respect to the subject matter thereof, and supersede all prior written and contemporaneous oral agreements, understandings, inducements, and conditions, express or implied, among the parties with respect

thereto. The express terms of the Settlement Agreement control and supersede any course of performance or usage of trade inconsistent with any of the terms hereof.

(h) Counterparts. The Settlement Agreement may be executed in any number of counterparts, each of which shall be an original as against any party whose signature appears thereon, and all of which together shall constitute one and the same agreement.

(i) Construction of Agreement. The Settlement Agreement has been negotiated by the respective parties hereto, and the language hereof shall not be construed for or against any party. The titles and headings herein are for convenience and reference only, and shall not in any manner limit the construction of the Settlement Agreement which shall be considered as a whole. All additions or deletions of provisions from and all drafts of the Settlement Agreement shall be of no force or effect in interpreting the terms of the Settlement Agreement or the intentions of the parties hereto.

(j) Settlement Purposes Only. The Settlement Agreement represents a negotiated settlement of a dispute and, as such, in the event the Settlement Agreement does not become binding upon the parties hereto, contents of the Settlement Agreement and the results obtained thereby shall, except as to any litigation seeking to enforce the Settlement Agreement, be of no force and effect and shall have no evidentiary value in any future litigation on any of the subjects or events described herein.

(k) Approval of Bankruptcy Court. This Agreement is subject to the approval of the Bankruptcy Court for the Middle District of Florida, Orlando Division.

**IN WITNESS WHEREOF**, the parties hereto have duly executed the Settlement Agreement as of and effective the date first written above.

**DIANE M. HENDRICKS, individually and as Trustee of the KENNETH A. & DIANE M. HENDRICKS ITA**

*/s/*

**MIRABILIS VENTURES, INC.**

_____
R.W. Cuthill, Jr., Authorized Agent
of Mirabilis Ventures, Inc.

thereto. The express terms of the Settlement Agreement control and supersede any course of performance or usage of trade inconsistent with any of the terms hereof.

(h) <u>Counterparts</u>. The Settlement Agreement may be executed in any number of counterparts, each of which shall be an original as against any party whose signature appears thereon, and all of which together shall constitute one and the same agreement.

(i) <u>Construction of Agreement</u>. The Settlement Agreement has been negotiated by the respective parties hereto, and the language hereof shall not be construed for or against any party. The titles and headings herein are for convenience and reference only, and shall not in any manner limit the construction of the Settlement Agreement which shall be considered as a whole. All additions or deletions of provisions from and all drafts of the Settlement Agreement shall be of no force or effect in interpreting the terms of the Settlement Agreement or the intentions of the parties hereto.

(j) <u>Settlement Purposes Only</u>. The Settlement Agreement represents a negotiated settlement of a dispute and, as such, in the event the Settlement Agreement does not become binding upon the parties hereto, contents of the Settlement Agreement and the results obtained thereby shall, except as to any litigation seeking to enforce the Settlement Agreement, be of no force and effect and shall have no evidentiary value in any future litigation on any of the subjects or events described herein.

(k) <u>Approval of Bankruptcy Court</u>. This Agreement is subject to the approval of the Bankruptcy Court for the Middle District of Florida, Orlando Division.

**IN WITNESS WHEREOF**, the parties hereto have duly executed the Settlement Agreement as of and effective the date first written above.

**DIANE M. HENDRICKS, individually and as Trustee of the KENNETH A. & DIANE M. HENDRICKS ITA**

**MIRABILIS VENTURES, INC.**

_____
R.W. Cuthill, Jr., Authorized Agent
of Mirabilis Ventures, Inc.

```
Label Matrix for local noticing          A Very Private Eye                       AQMI
113A-6                                   4589 Southfield Ave.                     P.O. Box 144515
Case 6:08-bk-04327-KSJ                   Orlando, FL 32812-7751                   Orlando, FL 32814-4515
Middle District of Florida
Orlando
Thu Oct  8 14:41:11 EDT 2009

AQMI Strategy Corporation                Acquisitions & Entitlement Group Inc     Advantage Collection Prof
2875 S Orange Ave #500                   A & E                                    2775 Jade Street
Orlando, FL 32806-5455                   3161 Gatlin Dr                           Mora, MN 55051-6240
                                         Rockledge, FL 32955-7018


American Express                         American Express Travel Related Svcs Co  Atlantic American Capital Group, LLC
2965 West Corporate Lakes Bl             Inc Corp Card                            c/o Bart R. Valdes, Esq.
Weston, FL 33331-3626                    c/o Becket and Lee LLP                   609 W. Horatio St. Tampa, FL 33606
                                         POB 3001
                                         Malvern PA 19355-0701


BNA Tax Management                       Balch & Bingham LLP                      Kimberly Bartley
9435 Key West Ave.                       Attn:  Russ Campbell Esq                 Waldron & Schneider LLP
Rockville, MD 20850-3339                 1901 Sixth Ave N, Ste 1500                15150 Middlebrook Drive
                                         Birmingham, AL 35203-4642                Houston, TX 77058-1226


Berman Kean & Riguera PA                 Brandywine Grande C. LP                  Brandywine Grande C. LP
2101 West Commercial Blvd.               c/o Cantor Arkema, PC                    c/o Kevin J. Funk
Suite 2800                               1111 East Main Street                    POB 561
Ft. Lauderdale, FL 33309-3070            Richmond, VA 23219-3531                  Richmond, VA 23218-0561


Bruce Carpenter                          Buchanan Ingersoll & Rodney              Corporate Personnel Network, Inc
1020 Golf Valley Drive                   401 E Jackson St.                        c/o David T. Ward
Apopka, FL 32712-2568                    Suite 2500                               15615 Alton Pkwy #175
                                         Tampa, FL 33602-5236                     Irvine, CA 92618-7303


Joseph A DeMaria                         Diane Hendricks, Ind. & as PR of the Estate  Mariane L Dorris
Tew Cardenas LLP                         c/o Charles A. Carlson, Esq.             Latham Shuker Eden & Beaudine LLP
1441 Brickell Avenue                     Barnett Bolt Kirkwood Long & McBride     390 North Orange Avenue
Suite 1500                               PO Box 3287                              Suite 600
Miami, FL 33131-3431                     Tampa, Florida 33601-3287                Orlando, FL 32801-1684


Edith Curry                              Elena L Escamilla                        F. Del Kelley
11916 Brookmeade Court                   United States Trustee                    5220 S. Washington Ave
Glen Allen, VA 23059-5416                135 W Central Blvd  Suite 620            Titusville, FL 32780-7316
                                         Orlando, FL 32801-2440


Fernando Simos                           First Commercial Ins. Corp.              Florida Department of Revenue
815 Lake Evalyn Drive                    POB 126160                               Bankruptcy Unit
Celebration, FL 34747-4804               Hialeah, FL 33012-1602                   Post Office Box 6668
                                                                                  Tallahassee FL 32314-6668


Florida Department of Revenue            Florida Dept of Revenue                  Forge Capital Partners LLC
c/o Don Kiester                          Attn:  Executive Director                c/o Bart Valdes
POB 2299                                 5050 W Tennessee St                      609 W Horatio St
Mango, FL 33550-2299                     Tallahassee, FL 32399-0140               Tampa FL 33606-2272
```

| | | |
|---|---|---|
| James E Foster<br>Akerman Senterfitt<br>Post Office Box 231<br>Orlando, FL 32802-0231 | Frank L. Amodeo<br>3875 South Orange Ave<br>Suite 500 -PMB 1810<br>Orlando, FL 32806 | Frankie Buddy Winsett<br>402 N. Carolina Ave.<br>Palm Harbor, FL 34683-5473 |
| Fred Sandlin<br>161 Mallard Lane<br>Daytona Beach, FL 32119-8331 | GMAC Bank, a Utah Industrial Bank<br>c/o Robert B. Bodzin, Esq.<br>1650 Market Street, 46th FL (One Liberty<br>Philadelphia, PA 19103-7301 | Gill R Geldreich<br>Tennessee Attorney General's Office<br>Post Office 20207<br>Nashville, TN 37202 |
| Gilbert Weisman<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern PA 19355-0701 | Gillio Development, Inc.<br>657 Caledonia Place<br>Sanford, FL 32771-6403 | Gillo Development, Inc<br>c/o John A Yanchek<br>889 N Washington #B<br>Sarasota, FL 34236-4207 |
| I Randall Gold<br>United States Attorney's Office<br>501 West Church Street<br>Suite 300<br>Orlando, FL 32805-2281 | Elizabeth A Green<br>Latham Shuker Eden & Beaudine LLP<br>390 North Orange Avenue<br>Suite 600<br>Orlando, FL 32801-1684 | Horton Johnson<br>3211 Northglenn Drive<br>Orlando, FL 32806-6371 |
| Humana/RMS<br>77 Hartland Street<br>Suite 401<br>East Hartford, CT 06108-3253 | Internal Revenue Service<br>850 Trafalgar Court Ste 200<br>Group 3300<br>Maitland, FL 32751-4153 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 21126<br>PHILADELPHIA PA 19114-0326 |
| Ionic Services Inc<br>Dan Sharp<br>7012 Harrison Ave Ste 6<br>Cincinnati OH 45247-4212 | Jackson Lewis<br>Attn:Anne Krupman<br>One North Broadway<br>White Plains, NY 10601-2310 | James Pitts<br>Secure Solutions, LLC<br>1490 Swanson Drive, Suite 200<br>Oveido, FL 32765-5860 |
| Jeffrey Reichel<br>c/o Gary Barnes<br>3414 Peachtree Rd #1600<br>Atlanta, GA 30326-1164 | Jeffrey Reichel<br>c/o Jill E. Kelso, Esquire<br>Akerman Senterfitt<br>PO Box 231<br>Orlando FL 32802-0231 | Kenneth & Diane Hendricks<br>One ABC Parkway<br>Beloit, WI 53511-4466 |
| Gordon L Kiester<br>Florida Department of Revenue<br>P O Box 2299<br>Mango, FL 33550-2299 | Larry Haber<br>6131 Mesing Lane #305<br>Cocoa Beach, FL 32931-5618 | Lauire Andrea Consulting Srv<br>528 Myrtle Rd.<br>Naples, FL 34108-2657 |
| LeClair Ryan Trust<br>P.O. Box 2499<br>Richmond, VA 23218-2499 | LeClairRyan<br>c/o Christopher L. Perkins<br>951 East Byrd Street<br>Richmond, vA 23219-4040 | LexisNexis<br>P.O. Box 7247-7090<br>Phildelphia, PA 19170-0001 |
| LexisNexis,Div. of Reed Elsevier,Inc.<br>Attn: Beth Farnham<br>9443 Springboro Pike<br>Miamisburg, OH 45342-4425 | Mark J. Bernet Esq<br>1505 N Florida Ave<br>Tampa, FL 33602-2613 | Michael A. O'Sullivan<br>6005 Johnson Ave<br>Bethesda, MD 20817-3434 |

| | | |
|---|---|---|
| On Target Solutions<br>3491 Woodley Park Place<br>Oviedo, FL 32765-5104 | Orange County Tax Collector<br>Attn: Earl K. Wood<br>Post Office Box 2551<br>Orlando FL 32802-2551 | Orange Cty Tax Collector<br>Attn: Earl K. Wood<br>PO Box 2551<br>Orlando, FL 32802-2551 |
| PaySource USA VII, Inc.<br>650 Poe Ave.<br>Dayton, OH 45414 | Professional Benefits solutions, Inc<br>2875 S Orange Ave #500<br>Orlando, FL 32806-5455 | RKT Constructions, Inc<br>5220 S. Washington Ave<br>Titusville, FL 32780-7316 |
| Robert E. Leib<br>1419 E Bywater Lane<br>Fox Point, WI 53217-2845 | Robert S. Forman, P.A.<br>2101 West Commercial Blvd.<br>Suite 2800<br>Ft. Lauderdale, FL 33309-3070 | Robi A. Roberts<br>2921 S. Washington Ave<br>Titusville, FL 32780-5022 |
| Robi A. Roberts & F. Del Kelley<br>2921 S. Washington Ave<br>Titusville, FL 32780-5022 | Robi A. Roberts Trust<br>2921 S. Washington St<br>Titusville, FL 32780-5022 | SEC<br>Branch of Reorganization<br>3475 Lenox Rd NE #1000<br>Atlanta, GA 30326-3235 |
| Saxon Gilmore, PA<br>201 E. Kennedy Blvd.<br>Suite 600<br>Tampa, FL 33602-5819 | Securities Exchange Commission<br>175 West Jackson Street<br>Suite 900<br>Chicago IL 60604-2615 | Shane Williams<br>517 Heatheroak Cove<br>Altamonte Springs, FL 32714-5418 |
| R Scott Shuker<br>Latham Shuker Eden & Beaudine LLP<br>Post Office Box 3353<br>Orlando, FL 32802-3353 | SunTrust Bank<br>Attn: Bankruptcy/Legal Dept<br>200 S Orange Avenue<br>Orlando, FL 32801-3495 | Tennessee Dept of Labor & Workforce<br>Dev-Unemployment Ins<br>c/o TN Atty General Ofc Bankruptcy Div<br>PO Box 20207<br>Nashville TN 37202-4015 |
| Tenshi Leasing<br>2875 S. Orange Ave.<br>Suite 500 PMB 1810<br>Orlando, FL 32806-5455 | Titanium Technologies<br>2875 S. Orange Ave.<br>Suite 500 PMB 1810<br>Orlando, FL 32806-5455 | UHY Advisors, Inc<br>12900 Hall Rd #500<br>Sterling Heights, MI 48313-1153<br>Attn: Marc Fisher |
| United States Trustee - ORL<br>135 W. Central Blvd., Suite 620<br>Orlando, FL 32801-2440 | United States of America<br>Anita M. Cream, Esq.<br>United States Attorney's Office<br>400 N. Tampa Street, Suite 3200<br>Tampa, FL 33602-4774 | United States of America<br>c/o I. Randall Gold<br>United States Attorney's Office<br>501 West Church Street, Suite 300<br>Orlando, FL 32805-2281 |
| Bart R Valdes<br>deBeaubien Knight Simmons Mantzaris Neal<br>332 North Magnolia Avenue<br>Orlando, FL 32801-1609 | Joseph H Varner III<br>Holland & Knight, LLP<br>101 North Tampa Street, Suite 4100<br>Tampa, FL 33602 | David T Ward<br>15615 Alton Pkwy #175<br>Irvine, CA 92618-7303 |
| C Brent Wardrop<br>deBeubien Knight Simmons Mantzaris Neal<br>332 North Magnolia Avenue<br>Orlando, FL 32801-1609 | Gilbert Barnett Weisman<br>Becket & Lee LLP<br>16 General Warren Blvd<br>P O Box 3001<br>Malvern, PA 19355-0701 | Wellington Capital Group, Inc<br>2875 S Orange Ave #500<br>Orlando, FL 32806-5455 |

| William G. West, Ch 7 Trustee for the Est of Southwest Doctors, Inc c/o Marc Schneider/Kimberly Bartley 15150 Middlebrook Dr. Houston, TX 77058-1226 | William G. West, Trustee for the Southwester c/o Marc H. Schneider Waldron & Schneider, LLP 15150 Middlebrook Drive Houston, Texas 77058-1226 | Woody (Horton) Johnson 3212 Northglenn Drive Orlando, FL 32806 |
|---|---|---|

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
Centralized Insolvency Ops
PO Box 21126
Philadelphia, PA 19114

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| (u)Argent BD, LLC c/o Bart R. Valdes Esq. | (u)Briarcliff Village, LLC | (u)Centro Executive Offices undeliverable |
|---|---|---|
| (d)Corporate Personnel Network, Inc c/o David T. Ward 15615 Alton Pkwy #175 Irvine, CA 92618-7303 | (u)Frances-Ann Moran undeliverable | (u)Frank Amodeo undeliverable |
| (u)Frank Hailstones undeliverable | (u)I-3 Media Group undeliverable | (u)John Burcham undeliverable |
| (u)Mark J. Bernet no city no state | (u)Quasar undeliverable | (u)Richard E. Berman no city no state |
| (u)Tom J. Hancock undeliverable | End of Label Matrix Mailable recipients 92 Bypassed recipients 13 Total 105 | |