UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

MIRABILIS VENTURES, INC.,
    Debtor.
_____/

Case No. 6:08-bk-04327-KSJ
Case No. 6:08-bk-04328-KSJ
Case No. 6:08-bk-04861-KSJ

Chapter 11

## SAXON, GILMORE, CARRAWAY & GIBBONS, P.A.'S AND HANS C. BEYER'S OBJECTION TO JOINT AMENDED PLAN OF LIQUIDATION PURSUANT TO 11 U.S.C. § 1125 FOR MIRABILIS VENTURES, INC., HOTH HOLDINGS, LLC, AND AEM, INC.

Defendants Saxon, Gilmore, Carraway & Gibbons, P.A. ("Saxon Gilmore") and Hans C. Beyer ("Beyer") (collectively, the "Saxon Gilmore Parties") hereby object to the Joint Amended Plan of Liquidation Pursuant to 11 U.S.C. § 1125 (the "Plan") for Mirabilis Ventures, Inc., Hoth Holdings, LLC, and AEM, Inc. (the "Debtors") on the following grounds:

1. The Saxon Gilmore Parties are not a party to this case. The Saxon Gilmore Parties have not made a general appearance or filed a claim as a creditor in this case.[1] As such, the Saxon Gilmore Parties have not submitted to jurisdiction of this court. Further, the Saxon Gilmore Parties' objection should not be construed as a submission to this Court's jurisdiction.

2. The Saxon Gilmore Parties' only connection to this case lies in the fact that the Saxon Gilmore Parties have been sued in an adversary proceeding

---

[1] The Saxon Gilmore Parties previously joined in motions to dismiss the Mirabilis Chapter 11, for which they had standing as defendants in Adversary Proceeding No. 6:08-ap-227-KSJ.

commenced by Mirabilis Ventures, Inc., Adversary Proceeding No. 6:08-ap-227-KSJ ("Adversary Proceeding"). The Adversary Proceeding seeks to recover from the Saxon Gilmore Parties damages actually caused by Frank Amodeo's admitted, intentional, criminal misconduct.

3. The Saxon Gilmore Parties received a copy of the Plan through ECF notification. Portions of the Plan can be interpreted as an intentional design by the Debtors to obtain jurisdiction over defendants, such as the Saxon Gilmore Parties, if they fail to object to the Plan. This jurisdictional net is potentially broad and sweeping. The Debtors' attempt could deny the Saxon Gilmore Parties its ability to pursue its legitimate rights in a forum other than the Bankruptcy Court, simply by failing to object to the Plan.

4. In particular, the Plan contains a provision under Section VIII "Means of Implementing the Plan," subsection 5(c) <u>Defendant's Consent to Plan Treatment</u>, on page 28 and in all-caps, which states as follows:

> The Plan contains various provisions pertaining to the recovery of extraordinary income through litigation and settlements. ***Any defendant*** in any legal action brought in connection with the case, whether before the court or another court of competent jurisdiction and whether brought in the United States or elsewhere, ***who fails to file a timely objection to the plan specifically identifying any such provisions to which such defendant objects shall be deemed under the plan to have consented to all such provisions*** (or, in the case of an objecting defendant, all such provisions to which such defendant has not objected). (Emphasis added.)

5. The Saxon Gilmore Parties object to this provision to any extent it

2

attempts to afford the Debtors jurisdiction over the Saxon Gilmore Parties in the Adversary Proceeding or any subsequent matter that has yet to be considered.

6. The Saxon Gilmore Parties further object to the provisions under Section VIII "Means of Implementing the Plan," subsection 7 <u>Miscellaneous</u> which begin on page 33: 7(d) <u>Retention of Jurisdiction</u>; 7(e) <u>Jurisdiction</u>; 7(f) <u>Causes of Action</u>; 7(i) <u>Specific Retention of Powers</u> and its subsections 7(i)(2), 7(i)(6), and 7(i)(7); and 7(j) <u>Consent to Jurisdiction</u> for similar reasons.

7. The Saxon Gilmore Parties have demanded a jury trial in the Adversary Proceeding. Thus, these jurisdictional provisions in the Debtors' Plan are an attempt for the Debtors to secure an inappropriate jurisdictional stranglehold on the Saxon Gilmore Parties. Further, the Debtors' method of achieving this jurisdictional end-run is questionable. The Debtors have attempted to bind the Saxon Gilmore Parties in a document filed in a proceeding to which it is not even a party. But for the Saxon Gilmore Parties' monitoring of the main bankruptcy proceedings via ECF, the Saxon Gilmore Parties would not have known of the need to object to these jurisdictionally-restrictive provisions.

8. The Saxon Gilmore Parties further object to subsection 17 <u>Barton Doctrine</u>. The Saxon Gilmore Parties assume that the Plan's inclusion of the Barton Doctrine principles are another attempt to mandate jurisdiction as it deems appropriate–solely in this Court. However, the Saxon Gilmore Parties are uncertain as to the appropriateness of the Barton Doctrine's inclusion in the Plan as the Barton Doctrine relates predominantly to claims brought against Trustees.

3

9. Inclusion of the Barton Doctrine in the Plan, as it potentially relates to the Saxon Gilmore Parties, appears to be another questionable attempt by the Debtors to seek an unfair and inappropriate advantage. Due to the frivolous nature of the complaint and the amended complaint in the Adversary Proceeding, the Saxon Gilmore Parties have served motions for sanctions under Bankruptcy Rule 9011 (and other authority) and have also notified Debtors' counsel of their intention to pursue an action for malicious prosecution at the conclusion of the Adversary Proceeding.

10. The Barton Doctrine does not preclude actions in other courts; it requires that permission be sought from and granted by the Bankruptcy Court prior to the onset of such an action. *In the Matter of Linton*, 136 F. 3d 544, 545 (7th Cir. 1998). Additionally, 28 U.S.C. § 959(a) provides exceptions to the Barton Doctrine whereby parties may bring suit without first seeking permission of the Bankruptcy Court. *In the Matter of Krikava*, 217 B.R. 275, 279 (Bankr. D. Neb. 1998). Regardless, the Saxon Gilmore Parties object to this provision.

WHEREFORE, the Saxon Gilmore Parties object to the provisions detailed above in the Joint Amended Plan of Liquidation Pursuant to 11 U.S.C. § 1125 for Mirabilis Ventures, Inc., Hoth Holdings, LLC, and AEM, Inc.

> s/Joseph H. Varner, III
> Joseph H. Varner, III
> Florida Bar No. 394904
> joe.varner@hklaw.com
> HOLLAND & KNIGHT LLP
> P.O. Box 1288
> Tampa, FL 33601-1288

(813) 227-8500
(813) 229-0134 (facsimile)
Attorneys for Saxon, Gilmore, Carraway,
& Gibbons, P.A. and Hans C. Beyer

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October, 2009, a true and correct copy of the foregoing was furnished by U.S. Mail or by the Court's electronic notification system, to:

| | |
|---|---|
| Mirabilis Ventures, Inc.<br>c/o R.W. Cuthill, Jr., President<br>341 N. Maitland Ave., Suite 210<br>Maitland, FL 32751<br>*Debtor*<br><br>Elena L. Escamilla<br>United States Trustee<br>135 W. Central Blvd., Suite 620<br>Orlando, FL 32806 | R. Scott Shuker, Esq.<br>rshuker@lseblaw.com<br>Mariane L. Dorris, Esq.<br>mdorris@lseblaw.com<br>Latham, Shuker, Eden & Beaudine, LLP<br>P.O. Box 3353<br>Orlando, FL 32802-3353<br>*Attorneys for Debtor* |

                                                s/Joseph H. Varner, III
                                                Attorney

# 8892058_v1 111882-2