UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

IN RE:

                CASE NO. 6:08-bk-04327-KSJ
                CHAPTER 11

MIRABILIS VENTURES, INC.

  Debtor.
_____/

## RACHLIN COHEN & HOLTZ, LAURIE S. HOLTZ AND JOSE I. MARRERO'S LIMITED OBJECTION TO JOINT AMENDED PLAN OF LIQUIDATION

Rachlin Cohen & Holtz LLP n/k/a MarcumRachlin, Laurie S. Holtz and Jose I. Marrerro (collectively, "Rachlin" or "Objecting Parties"), pursuant to 11 U.S.C. § 1125, file this limited objection to the Joint Amended Plan of Liquidation Pursuant to 11 U.S.C. § 1125 for Mirabilis Ventures, Inc., Hoth Holdings, LLC and AEM, Inc. dated August 14, 2009 [D.E. 234] (" Plan") and state as grounds, the following:

**I. Jurisdictional Issues**

1. The Objecting Parties are defendants in a pending adversary proceeding brought by the Mirabilis Ventures, Inc. ("Debtor"). See Mirabilis Ventures, Inc. v. Rachlin Cohen & Holtz et. al, Adversary Proceeding No. 6:08-ap-00223-KSJ ("Adversary Proceeding"). Rachlin has not submitted to the jurisdiction of this Court and the instant objection should not be construed as such a submission.

2. Rachlin has objected to the jurisdiction of the Bankruptcy Court over the Adversary Proceeding by way of the Motion for Withdrawal of the Reference [Adv. Pro. D.E. 13], which is currently pending before the District Court. See Mirabilis Ventures, Inc. v. Rachlin Cohen & Holtz, et. al, Case No.: 6:09-cv-00271-GAP [D.E. 1 and 15]. The Motion for

Withdrawal of the Reference illustrates that the Adversary Proceeding is a non-core proceeding, that Rachlin requested a jury trial and does not consent to a jury trial in the bankruptcy court, and that withdrawing the reference would be in the interest of judicial economy, and accordingly, no delay would ensue.

3. The District Court has not decided the Motion for Withdrawal of the Reference. However, withdrawal is *required* when a jury trial is requested because bankruptcy courts cannot, as a constitutional matter, conduct jury trials in non-core proceedings without the parties' consent. See 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and *with the express consent of all the parties*.") (emphasis added); see also Kenai Corp. v. Nat'l Union Fire Ins. Co., 136 B.R. 59, 61-62 (S.D.N.Y. 1992).

4. The Debtors, by way of the Plan, are attempting to obtain jurisdiction over the adversary defendants without their consent. The Plan seeks to strip Rachlin of their ability to pursue their rights in a forum other than the Bankruptcy Court and attempts to confer jurisdiction upon the Bankruptcy Court over Rachlin and the other adversary defendants. Certainly the Debtor cannot override constitutional principles and federal law by simply inserting provisions into the proposed Plan. These provisions of the Plan are wholly improper.

5. Therefore, Rachlin objects to the following provisions of the Plan to the extent they attempt to confer jurisdiction upon the Bankruptcy Court in any matter (either currently pending or in the future) related to Rachlin and to the extent the following provisions attempt to alter the rights of Rachlin:

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

a.) Section VIII, "Means of Implementing the Plan," subsection 5(c) "Defendants' Consent to Plan Treatment", page 28, which states:

> The Plan contains various provisions pertaining to the recovery of extraordinary income through litigation and settlements. Any defendant in any legal action brought in connection with the case, whether before the court or another court of competent jurisdiction and whether brought in the United States or elsewhere, who fails to file a timely objection to the plan specifically identifying any such provisions to which such defendant objects shall be deemed under the plan to have consented to all such provisions (or, in the case of an objecting defendant, all such provisions to which such defendant has not objected).

b.) Section VIII, "Means of Implementing the Plan," subsection 7(d) "Retention of Jurisdiction", page 33, which states:

> The Court shall retain, and shall exercise, jurisdiction in this proceeding (i) to adjudicate the validity of all Claims which have not been disposed of prior to the entry of the Confirmation Order; (ii) to make final determinations with respect to any Causes of Action belonging to the Debtors or the Liquidating Agent; (iii) to consider any applications for professional fees or reimbursement of expenses pursuant to the provisions of this Plan; (iv) to consider and resolve any issues arising under the Plan in connection with the termination or replacement of a Liquidating Agent, President, or Director; (v) to consider and resolve any disputes pertaining to settlements or disbursements by the Liquidating Agent arising under the Plan; and (vi) to consider and rule on any other matters which may affect the Estates, the Liquidated Debtors, or the consummation of this Plan. This general reservation of jurisdiction shall include, without limitation, the following specific items:

c.) Section VIII, "Means of Implementing the Plan," subsection 7(e) "Jurisdiction", page 34, which states:

> Until this case is closed through the entry of a final decree, the Court shall retain jurisdiction pursuant to Rule 3020(d) to ensure that the provisions and the intent of the Plan are carried out. The Court shall also retain jurisdiction to . . . enforce all Causes of Action arising in, arising under, or related to this Case and which may exist on behalf of the Debtors, or the Liquidating Agent . . .

3

> Nothing contained herein shall prevent the Debtors or the Liquidating Agent from taking such action as may be necessary in the prosecution of any cause of action which may exist on its or on the Debtors' behalf....

   d.) Section VIII, "Means of Implementing the Plan," subsection 7(f) "Causes of Action", page 34, which states:

> Notwithstanding the vesting of assets in the Liquidated Debtors (under the control of the Liquidating Agent as its sole officer) upon the confirmation and consummation of the Plan, all rights and standing to assert Causes of Action together with any other rights to commence litigation which may exist on behalf of the Debtors which accrued and were asserted or capable of assertion by the Debtors as a debtors-in-possession as of the Petition Date shall vest in the Liquidated Debtors to be exercised by the Liquidating Agent. Additionally, the Liquidating Agent shall have the sole and exclusive right to commence, pursue, settle, compromise, abandon, waive, or release any claim or cause of action which may exist on behalf of the Debtor which accrued and was asserted or capable of being asserted by the Debtors as a debtors-in-possession as of the Petition Date or any time thereafter.

   e.) Section VIII, "Means of Implementing the Plan," subsection 7(i) "Specific Retention of Powers," page 35, which states:

> In addition to the general provisions set forth above, the Court shall retain sole jurisdiction of this Case pursuant to the provisions of Chapter 11 of the Code for the following purposes, among others:
>
> ...
>
> (2) to hear and determine any and all applications, adversary proceedings, or other matters arising out of or related to the Plan;
>
> ...
>
> (6) to adjudicate all claims or controversies arising in connection with this Case or the Debtors' estates to the extent provided for herein prior to the entry of a final decree in this case;

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

(7) to recover all assets and properties of the Debtors, wherever located, including recoveries on all claims and Causes of Action brought by the Debtors prior to the Effective Date or which could have been brought by the Debtors or the Liquidating Agent prior to or subsequent to the Effective Date which are not released, settled or otherwise compromised by the terms of this plan;

  f.) Section VIII, "Means of Implementing the Plan," subsection 7(j) "Consent to Jurisdiction," page 37, which states:

> By accepting any distribution or payment under or in connection with the Plan, by filing any Proof of Claim, by voting on the Plan, or by entering an appearance in the Case, all Creditors and other parties in interest, including foreign Creditors and foreign parties in interest, have consented, and shall be deemed to have expressly consented, to the jurisdiction of the Court for all purposes with respect to any and all matters relating to, arising under or in connection with the Plan or the Case. The Bankruptcy Court shall maintain jurisdiction to the fullest extent allowed under applicable law over all matters set forth in the jurisdictional provisions of this Plan.

## II.  "Barton Doctrine" Issues

6. The Debtor also includes a provision in the Plan related to "Barton Doctrine." The "Barton Doctrine" requires a party to obtain leave of court before bringing suit in a non-appointing court against a trustee for acts done in his or her official capacity. Carter v. Rodgers, 220 F.3d 1249, 1252 (11th Cir. 2000). The purpose of the Barton Doctrine is to ensure that the trustee is not burdened with having to defend against suits by litigants disappointed by his actions on the court's behalf. Id. (citing to In re Linton, 136 F.3d 544, 546 (7th Cir. 1998)). "Without the requirement of leave, trusteeship will become a more irksome duty, and so it will be harder for courts to find competent people to appoint as trustees ... [t]rustees will have to pay higher malpractice premiums, and this will make the administration of the bankruptcy laws more expensive." Id.

7. The "Barton Doctrine" does not extend to the Liquidating Agent, who is the President and Director of the Debtor. See Plan, Section VIII, subsection 3, page 27. Although courts have extended the "Barton Doctrine" to parties other than the trustee, this application of the "Barton Doctrine" is only appropriate when such parties are acting at the direction of the trustee. Id.; see also In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). In the instant case, there is no trustee, and therefore the "Barton Doctrine" does not apply.

8. Accordingly, Rachlin objects to Section VIII, "Means of Implementing the Plan," subsection 17 "Barton Doctrine", page 40 of the Plan.[1]

**WHEREFORE,** Rachlin Cohen & Holtz, Laurie S. Holtz and Jose I. Marrero urge this Court to sustain Rachlin's objections and order that the Debtors modify the Joint Plan accordingly.

Respectfully Submitted,

TEW CARDENAS LLP
Attorneys for Defendants
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, Florida 33131
Tel: (305) 536-1112
Fax: (305) 536-1116

By  s/ Joseph A. DeMaria
    C. Thomas Tew, P.A.
    Florida Bar No. 098160
    Joseph A. DeMaria
    Florida Bar No. 0764711

---

[1] In the event that Rachlin's objection to the "Barton Doctrine" section of the Plan is overruled, Rachlin submits that the Barton Doctrine only applies to post-confirmation actions. Additionally, the Barton Doctrine does not apply to mechanisms provided for in the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure, such as Rule 9011 violations or discovery sanctions in the event that such procedures are relevant.

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of October, 2009, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, and a true copy of the foregoing, together with any exhibits, has been furnished via the CM/ECF system to all parties in interest receiving electronic notice as per the attached matrix. Additionally, the following parties were also served by U.S. Mail: Debtor, Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., President, 341 N. Maitland Ave., Suite 210, Maitland, Florida 32751; Debtor's Counsel, Elizabeth A. Green, Esq. (Egreen@lseblaw.com), Latham, Shuker, Eden & Beaudine, LLP, 390 North Orange Avenue, Suite 600, Orlando, Florida 32801; Randy Gold, Esq., Assistant U.S. Attorney, United States Attorney's Office, 501 West Church Street, Suite 300, Orlando, Florida 32805.

By     s/ Joseph A. DeMaria
        Counsel

531593_1

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112