# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In re:                                                              **CASE NO. 6:08-bk-04327-KSJ**

**MIRABILIS VENTURES, INC.,**                                       **CHAPTER 11**

              **Debtor.**

_____/

## MIRABILIS VENTURES, INC.'S OBJECTION TO ALLOWANCE OF CLAIM NO. 15 SUBMITTED BY TITANIUM TECHNOLOGIES, INC.

---

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Bankruptcy Court will consider this objection without further notice of hearing unless a party in interest files a response within thirty (30) days from the date of service of this objection.  If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 135 West Central Boulevard, Suite 950, Orlando, Florida 32801, and serve a copy on the counsel for the Debtors, R. Scott Shuker, Esq., LATHAM, SHUKER, EDEN & BEAUDINE, LLP, 390 North Orange Avenue, Suite 600, Orlando, Florida 32802-3353.

If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified.  If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the objection, will proceed to consider the objection without further notice of hearing, and may grant the relief requested.

---

**MIRABILIS VENTURES, INC.** ("Mirabilis"), along with its related entities, Hoth Holdings, LLC ("Hoth"), and AEM, INC. ("AEM")(collectively, "Debtors"), by and through their undersigned attorneys, and pursuant to Local Rule 2002-4(b)(ii) and Federal Rule of Bankruptcy Procedure 3007(a), object ("Objection") to the claim of TITANIUM TECHNOLOGIES, INC. ("Titanium") in the amount of $31,544,910.88, which Titanium states is fully unsecured ("Claim No. 15"), and in support thereof, state as follows:

**Jurisdiction**

1.     This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicate for the relief sought herein is Rule 3007 of the Federal Rules of Bankruptcy Procedure.

**Procedural and Factual Background**

3.     On May 27, 2008, the Debtors filed voluntary petitions for relief with the United States Bankruptcy Court for the Middle District of Florida: *In re Mirabilis Ventures, Inc.*, Case No. 6:08-bk-04327-KSJ, *In re Hoth Holdings, LLC*, Case No. 6:08-bk-04328-KSJ, and *In re AEM, Inc.*, Case No. 6:08-bk-04681 ("Bankruptcy Cases"). (Bankr. Doc. No. 1).

4.     The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

5.     On April 25, 2008, the United States of America ("USA") filed an *in rem* Civil Forfeiture Complaint Case No. 6:08-cv-00067-MSS-KRS in the District Court for the Middle District of Florida, Orlando Division ("Civil Complaint") against certain property owned by Mirabilis. (Civil Complaint Doc No. 1).     On September 4, 2008 the USA amended the Civil Complaint to add additional property, including property owned by Mirabilis. (Civil Complaint Doc. No. 67).

6.     On August 6, 2008, the USA indicted Frank L. Amodeo ("Amodeo"), for conspiracy, failure to remit payroll taxes, wire fraud, and obstruction of an agency investigation. *See United State of America v. Frank L. Amodeo*, Case No.: 08-cr-176-Orl-28-GJK (Dist. Court Doc. No. 1).

2

7.    The indictment contains criminal forfeiture provisions which seek the forfeiture, *inter alia*, of all assets of the estates of the Debtors and their related entities.

8.    On August 14, 2008, the USA filed a motion to intervene and to stay the Debtors' bankruptcy cases with this Court ("Intervener Motion")(Bankr. Doc. No. 48).

9.    In the Intervener Motion, the USA sought to stay the Bankruptcy Case in an effort to pursue a forfeiture action against property of the Debtors including, but not limited to, proceeds seized in the various law firm trust accounts, vehicles, real estate, and other personal property. (Bankr. Doc. No. 48)

10.    Furthermore, the USA represented to the Bankruptcy Court that if the items are forfeited, "they will become property of the United States and will not remain in the related bankruptcy estates."  (Bankr. Doc. No. 48 at para. 6).

11.    On September 23, 2008, Amodeo pled guilty to five counts of the indictment. (Dist. Court Doc. No. 28 and 33).  The plea agreement included an agreement by Amodeo to forfeit all of the proceeds of his conspiracy charged in Count One, including the assets of the Debtors' bankruptcy estates.

12.    On September 29, 2008 the USA filed a motion in the Amodeo Criminal Case for entry of a Preliminary Order of Forfeiture ("Forfeiture Motion")(District Court Case Doc. No. 40). In its Forfeiture Motion, the USA sought the forfeiture of a significant number of assets, including the Debtors' assets, and authority to seize all of the assets sought for forfeiture.

13.    On October 2, 2008, the District Court entered a Preliminary Order of Forfeiture ("Preliminary Forfeiture Order"). (Dist. Court Doc. No. 46).  Pursuant to the Preliminary Forfeiture Order, the USA may have seized property forfeited under the Order immediately, regardless of the Debtors' appeal.

14. On October 8, 2008, and subsequent to this date, Debtors' counsel and the USA met to discuss possible global resolutions of all issues which have been raised, or could be raised, between the USA and the Debtors, including the resolution of the subject forfeiture motions.

15. On November 25, 2008, Mirabilis and the USA reached an accord and filed a Joint Motion to Approve Compromise of Controversy that otherwise resolves the forfeiture issues ("Compromise") (Doc. No. 101).

16. On March 4, 2009, the Court approved the Compromise ("Compromise Order"). (Doc. No. 145).

17. Pursuant to the Compromise Order, The Debtors' assets were divided between those that will continue to be administered by the Debtors' bankruptcy estate and those forfeited to the USA.

18. Among others, the following assets were forfeited to the USA:

All assets of the following corporations: AQMI Strategy Corporation, Nexia Strategy Corporation, Presidion Solutions, Inc., Professional Benefit Solutions, Inc., d/b/a Presidion Solutions VII, Inc, Quantum Delta Enterprises, Inc., d/b/a Siren Resources, Inc., **Titanium Technologies, Inc., f/k/a Titanium Consulting Services, Inc.,** Tenshi Leasing, Inc., Wellington Capital Group, Inc. (**emphasis added**).

19. In addition, the USA obtained a preliminary order of forfeiture which included all the assets of Titanium.

20. In addition, under the Compromise Order and Compromise, the Debtors and the USA agreed that the Debtors shall amend their schedules to include an unsecured forfeiture claim in the Mirabilis and AEM cases for USA in the amount of $200,000,000.00 ("Forfeiture Claim"). The Debtors complied.

21.     Nevertheless, on August 31, 2008, Titanium filed its proof of claim in Mirabilis Ventures, Inc.  Claim No. 15 is signed by Amodeo.

22.     In Claim No. 15, Titanium and Amodeo allege Titanium is owed $31,544,910.88 from Mirabilis based on certain credit line transactions and non-credit line financing transactions ("Loan").  The Loan is unsecured.

## Objection to Claim No. 15

23.      First, Amodeo, as an alleged corporate representative of Titanium, has no standing to bring forth this objection.  By his plea agreement with the USA, Amodeo forfeited all his assets, including his ownership interest in Titanium, to the USA.  Furthermore, pursuant to the Compromise Order, all assets and interests in Titanium were forfeited to the USA. Therefore, Amodeo and Titanium have no standing to bring forth Claim No.15, and it should be disallowed in its entirety.

24.     There is no evidence in the Debtors' books and records that Mirabilis received value for the Titanium claim, and Debtors demand strict proof thereof.  As such, Claim No. 15 must be disallowed in its entirety.

## Requested Relief

25.     Mirabilis requests this Court enter an order sustaining the Objection to Claim No. 15 and finding that Claim No. 15 must be disallowed in its entirety.

WHEREFORE, Mirabilis Ventures, Inc. respectfully requests this Court enter an Order sustaining this Objection to Claim No. 15, disallowing the Claim in its entirety, and for such other and further relief as the Court deems just and proper in the circumstances.

RESPECTFULLY SUBMITTED this ___9th___ day of October, 2009.

/s/ Marianne L. Dorris
R. Scott Shuker, Esq.
Florida Bar No. 984469
rshuker@lseblaw.com
Marianne L. Dorris
Florida Bar No. 0173665
mdorris@lseblaw.com
Victoria I. Minks, Esq.
Florida Bar No. 0064388
vminks@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
390 N. Orange Avenue, Suite 600
P. O. Box 3353 (32802-3353)
Orlando, Florida 32801
Telephone: 407-481-5800
Facsimile: 407-481-5801
Attorneys for Mirabilis Ventures, Inc.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:                                              **CASE NO. 6:08-bk-04327-KSJ**

**MIRABILIS VENTURES, INC.,**                       **CHAPTER 11**

                          **Debtor.**
_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of **MIRABILIS VENTURES, INC.'S OBJECTION TO ALLOWANCE OF CLAIM NO. 15 SUBMITTED BY TITANIUM TECHNOLOGIES, INC.** has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to:  Mirabilis Ventures, Inc. c/o R.W. Cuthill, Jr., President, 341 N. Maitland Ave, Suite 210, Maitland, Florida 32751; Titanium Technologies, Inc., 2875 S. Orange Avenue, Suite 500, Orlando, FL 32806 (as shown on the Proof of Claim); I. Randall Gold, United States Attorney's Office, 501 West Church Street, Suite 300, Orlando, FL 32805; Mr. Frank Amodeo, FCI Coleman Low, Federal Correctional Institution, P.O. Box 1031, Coleman, Fl 33521; the Local Rule 1007-2 parties-in-interest matrix; and the U. S. Trustee, 135 W. Central Boulevard, Suite 620, Orlando, Florida 32801, this __9th__ day of October 2009.

                                    /s/ Marianne L. Dorris
                                    _____
                                    Marianne L. Dorris, Esq.

Label Matrix for local noticing
113A-6
Case 6:08-bk-04327-KSJ
Middle District of Florida
Orlando
Fri Oct  9 12:01:20 EDT 2009

Advantage Collection Prof
2775 Jade Street
Mora, MN 55051-6240

American Express
2965 West Corporate Lakes Bl
Weston, FL 33331-3626

BNA Tax Management
9435 Key West Ave.
Rockville, MD 20850-3339

Kimberly Bartley
Waldron & Schneider LLP
15150 Middlebrook Drive
Houston, TX 77058-1226

Brandywine Grande C. LP
c/o Cantor Arkema, PC
1111 East Main Street
Richmond, VA 23219-3531

Buchanan Ingersoll & Rodney
401 E Jackson St.
Suite 2500
Tampa, FL 33602-5236

Corporate Personnel Network, Inc
c/o David T. Ward
15615 Alton Pkwy #175
Irvine, CA 92618-7303

Joseph A DeMaria
Tew Cardenas LLP
1441 Brickell Avenue
Suite 1500
Miami, FL 33131-3431

Mariane L Dorris
Latham Shuker Eden & Beaudine LLP
390 North Orange Avenue
Suite 600
Orlando, FL 32801-1684

Elena L Escamilla
United States Trustee
135 W Central Blvd  Suite 620
Orlando, FL 32801-2440

First Commercial Ins. Corp.
POB 126160
Hialeah, FL 33012-1602

Forge Capital Partners LLC
c/o Bart Valdes
609 W Horatio St
Tampa FL 33606-2272

James E Foster
Akerman Senterfitt
Post Office Box 231
Orlando, FL 32802-0231

Frank L. Amodeo
3875 South Orange Ave
Suite 500 -PMB 1810
Orlando, FL 32806

Fred Sandlin
161 Mallard Lane
Daytona Beach, FL 32119-8331

Gill R Geldreich
Tennessee Attorney General's Office
Post Office 20207
Nashville, TN 37202

Gilbert Weisman
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355-0701

I Randall Gold
United States Attorney's Office
501 West Church Street
Suite 300
Orlando, FL 32805-2281

Elizabeth A Green
Latham Shuker Eden & Beaudine LLP
390 North Orange Avenue
Suite 600
Orlando, FL 32801-1684

Horton Johnson
3211 Northglenn Drive
Orlando, FL 32806-6371

Humana/RMS
77 Hartland Street
Suite 401
East Hartford, CT 06108-3253

Jackson Lewis
Attn:Anne Krupman
One North Broadway
White Plains, NY 10601-2310

Jeffrey Reichel
c/o Gary Barnes
3414 Peachtree Rd #1600
Atlanta, GA 30326-1164

Jeffrey Reichel
c/o Jill E. Kelso, Esquire
Akerman Senterfitt
PO Box 231
Orlando FL 32802-0231

Kenneth & Diane Hendricks
One ABC Parkway
Beloit, WI 53511-4466

Gordon L Kiester
Florida Department of Revenue
P O Box 2299
Mango, FL 33550-2299

LeClair Ryan Trust
P.O. Box 2499
Richmond, VA 23218-2499

LexisNexis
P.O. Box 7247-7090
Phildelphia, PA 19170-0001

Mirabilis Ventures, Inc
c/o R.W.Cuthill, Jr
341 N. Maitland Ave #210
Maitland, FL 32751-4771

On Target Solutions
3491 Woodley Park Place
Oviedo, FL 32765-5104

PaySource USA VII, Inc.
650 Poe Ave.
Dayton, OH 45414

Saxon Gilmore, PA
201 E. Kennedy Blvd.
Suite 600
Tampa, FL 33602-5819

R Scott Shuker
Latham Shuker Eden & Beaudine LLP
Post Office Box 3353
Orlando, FL 32802-3353

Tennessee Dept of Labor & Workforce
Dev-Unemployment Ins
c/o TN Atty General Ofc Bankruptcy Div
PO Box 20207
Nashville TN 37202-4015

Tenshi Leasing
2875 S. Orange Ave.
Suite 500 PMB 1810
Orlando, FL 32806-5455

Titanium Technologies
2875 S. Orange Ave.
Suite 500 PMB 1810
Orlando, FL 32806-5455

United States Trustee - ORL
135 W. Central Blvd., Suite 620
Orlando, FL 32801-2440

Bart R Valdes
deBeaubien Knight Simmons Mantzaris Neal
332 North Magnolia Avenue
Orlando, FL 32801-1609

Joseph H Varner III
Holland & Knight, LLP
101 North Tampa Street, Suite 4100
Tampa, FL 33602

David T Ward
15615 Alton Pkwy #175
Irvine, CA 92618-7303

C Brent Wardrop
deBeubien Knight Simmons Mantzaris  Neal
332 North Magnolia Avenue
Orlando, FL 32801-1609

Gilbert Barnett Weisman
Becket & Lee LLP
16 General Warren Blvd
P O Box 3001
Malvern, PA 19355-0701

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Corporate Personnel Network, Inc
c/o David T. Ward
15615 Alton Pkwy #175
Irvine, CA 92618-7303

(u)John Burcham
undeliverable

(u)Mark J. Bernet
no city
no state

End of Label Matrix
Mailable recipients    42
Bypassed recipients     3
Total                  45