UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MIRABILIS VENTURES, INC.,
*et al.*,
      Debtor.
_____/

CASE NO.: 6:08-bk-04327-KSJ
CASE NO.: 6:08-bk-04328-KSJ
CASE NO.: 6:08-bk-04681-KSJ

CHAPTER 11

### BERMAN, KEAN & RIGUERA, P.A., RICHARD E. BERMAN, AND ELENA WILDERMUTH'S LIMITED[1] OBJECTION TO JOINT AMENDED PLAN OF LIQUIDATION PURSUANT TO 11U.S.C. § 1125 FOR MIRABILIS VENTURES, INC., HOTH HOLDINGS, LLC, AND AEM, INC.

Come now BERMAN, KEAN & RIGUERA, P.A., RICHARD E. BERMAN, and ELENA WILDERMUTH (collectively hereinafter referred to as "BKR") and objects to the Joint Amended Plan of Liquidation Pursuant to 11 U.S.C. § 1125 (the "Plan") for Mirabilis Ventures, Inc., Hoth Holdings, LLC, and AEM, Inc. (the "Debtors"). In support of its objection, BKR states as follows:

1. BKR is not a party to this case. BKR has not made an appearance nor filed a claim as a creditor in this case. As such, BKR has not submitted to jurisdiction of this court. Further, BKR's objection should not be construed as a submission to this Court's jurisdiction.

2. BKR's only connection to this case lies in the fact that BKR has been sued in an adversary proceeding commenced by Mirabilis Ventures, Inc. ("Mirabilis"), Adversary Proceeding No. 6:08-ap-00222-KSJ ("Adversary Proceeding"). The Adversary Proceeding purportedly seeks to recover from BKR compensatory damages for its failure to provide proper legal advice regarding the legality, treatment, and use of other entities' payroll taxes that were to be paid to the IRS. The Adversary Proceeding also alleges that BKR failed to properly supervise the activity of attorneys

---

[1] This limited objection is filed solely for the purposes set forth herein, and BKR does not by this limited objection intend to make an appearance in this main case.

Berman and Wildermuth.

3. Although not a party to the main bankruptcy case, BKR received a copy of the Plan through ECF notification. Portions of the Plan can be interpreted as an intentional design by the Debtors to obtain jurisdiction over defendants, such as BKR, if they fail to object to the Plan. This jurisdictional net is potentially broad and sweeping. The Debtors' attempt could deny BKR its ability to pursue its legitimate rights in a forum other than the Bankruptcy Court, simply by failing to object to the Plan.

4. In particular, the Plan contains a provision under Section VIII "Means of Implementing the Plan," subsection 5(c) <u>Defendant's Consent to Plan Treatment</u>, on page 28 and in all-caps, which states as follows:

> The Plan contains various provisions pertaining to the recovery of extraordinary income through litigation and settlements. *Any defendant* in any legal action brought in connection with the case, whether before the court or another court of competent jurisdiction and whether brought in the United States or elsewhere, *who fails to file a timely objection to the plan specifically identifying any such provisions to which such defendant objects shall be deemed under the plan to have consented to all such provisions* (or, in the case of an objecting defendant, all such provisions to which such defendant has not objected). (Emphasis added.)

5. BKR objects to this provision to any extent it attempts to afford the Debtors jurisdiction over BKR in the Adversary Proceeding or any subsequent matter that has yet to be considered.

6. BKR further objects to the provisions under Section VIII "Means of Implementing the Plan," subsection 7 <u>Miscellaneous</u> which begin on page 33: 7(d) <u>Retention of Jurisdiction</u> ; 7(e) <u>Jurisdiction</u>; 7(f) <u>Causes of Action</u>; 7(i) <u>Specific Retention of Powers</u> and its subsections 7(i)(2), 7(i)(6), and 7(i)(7); and 7(j) <u>Consent to Jurisdiction</u> for similar reasons.

7. BKR has filed a Motion to Withdraw the Reference in the Adversary Proceeding, and Mirabilis has filed a response objecting to BKR's Motion. Thus, these jurisdictional provisions in the Debtors' Plan are an attempt by the Debtors to secure an inappropriate jurisdictional stranglehold on BKR. Further, the Debtors' method of achieving this jurisdictional end-run is questionable. The Debtors have attempted to bind BKR in a document filed in a proceeding to which it is not even a party. But for BKR's monitoring of the main bankruptcy proceedings via ECF, BKR would not have known of the need to object to these jurisdictionally-restrictive provisions.

8. BKR further objects to subsection 17 Barton Doctrine. BKR assumes that the Plan's inclusion of the Barton Doctrine principles are another attempt to mandate jurisdiction as it deems appropriate–solely in this Court. However BKR is uncertain as to the appropriateness of the Barton Doctrine's inclusion in the Plan as the Barton Doctrine relates predominantly to claims brought against Trustees.

9. The Barton Doctrine does not preclude actions in other courts; it requires that permission be sought from and granted by the Bankruptcy Court prior to the onset of such an action. *In the Matter of Linton*, 136 F. 3d 544, 545 (7th Cir. 1998). Additionally, 28 U.S.C. § 959(a) provides exceptions to the Barton Doctrine whereby parties may bring suit without first seeking permission of the Bankruptcy Court. *In the Matter of Krikava*, 217 B.R. 275, 279 (Bankr. D. Neb. 1998). Regardless, BKR objects to this provision.

WHEREFORE, BERMAN, KEAN & RIGUERA, P.A., RICHARD E. BERMAN, and ELENA WILDERMUTH object to the provisions detailed above in the Joint Amended Plan of Liquidation Pursuant to 11 U.S.C. § 1125 for Mirabilis Ventures, Inc., Hoth Holdings, LLC, and AEM, Inc.

Dated this 9th day of October, 2009.

/s/ *Bradley M. Saxton*

_____

BRADLEY M. SAXTON

Florida Bar No. 0855995

bsaxton@whww.com

**WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A.**

Post Office Box 1391

Orlando, FL 32802-1391

(407) 423-4246

(407) 423-7014 (facsimile)

D. DAVID KELLER

Florida Bar No. 288799

ddk@bunnellwoulfe.com

**BUNNELL WOULFE & KELLER, P.A.**

One Financial Plaza, Suite 900

100 Southeast Third Avenue

Fort Lauderdale, FL 33394

(954) 761-8600

(954) 525-2134 (facsimile)

Attorneys for Richard E. Berman, Berman, Kean & Riguera, P.A., Jose Riguera and Elena Wildermuth

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October, 2009, a true and correct copy of the foregoing was furnished via Electronic Transmission to all parties on the ECF mailing list and via U.S. Mail to:

Debtor, Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., President, 341 N. Maitland Avenue, Suite 210, Maitland, Florida 32751

Counsel for Debtor, R. Scott Shuker, Esquire, Latham, Shuker, Eden & Beaudine, LLP, 390 North Orange Avenue, Suite 600, Orlando, Florida 32801

United States Trustee, Elena L. Escamilla, United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, Florida 32806

Intervenor, I. Randall Gold, U.S. Attorney's Office, 401 W. Church Street, Suite 300, Orlando, Florida 32805To all creditors and parties in interest on the mailing matrix attached to the original of this Motion

/s/ Bradley M. Saxton
Bradley M. Saxton