UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  
        CASE NO.: 6:08-bk-04327-KSJ  
        CASE NO.: 6:08-bk-04328-KSJ  
MIRABILIS VENTURES, INC.,   CASE NO.: 6:08-bk-04681-KSJ  
*et al.*,  
    Debtor.  
_____/   CHAPTER 11

**JAMES MOORE & CO., P.L. AND E. JAY HUTTO'S OBJECTION TO JOINT AMENDED PLAN OF LIQUIDATION PURSUANT TO 11U.S.C. § 1125 FOR MIRABILIS VENTURES, INC., HOTH HOLDINGS, LLC, AND AEM, INC.**

    JAMES MOORE & CO., P.L., a Florida limited liability company, and E. JAY HUTTO, an individual (hereinafter "MOORE" and "HUTTO"), by and through their undersigned counsel, hereby object to the Joint Amended Plan of Liquidation Pursuant to 11 U.S.C. § 1125 ("Plan") for Mirabilis Ventures, Inc., Hoth Holdings, LLC, and AEM, Inc. ("Debtors") and says:

    1.    MOORE and HUTTO have not made an appearance, nor filed a claim in this case. This objection is not to be construed as a submission to the Court's jurisdiction or an appearance in this case other than for the purpose of objecting to the Plan. MOORE and HUTTO have, therefore, not submitted to jurisdiction of this Court.

    2.    MOORE and HUTTO were sued by Mirabilis Ventures, Inc., in Adversary Proceeding No. 6:08-ap-00228-KSJ ("Adversary Proceeding"). The Adversary Proceeding purportedly seeks to recover damages from MOORE and HUTTO for alleged negligence. The U.S. District Court for the Middle District of Florida has withdrawn the reference and transferred all future proceedings in the Adversary Proceeding to the District Court. See District Docket No. 19 in Case No. 6:09-cv-00176.

    3.    The Plan appears to be an attempt by the Debtors to authorize this Court to exercise jurisdiction over MOORE and HUTTO and the Adversary Proceeding if MOORE and

HUTTO fail to object to the Plan. MOORE and HUTTO, therefore, object to the Plan and all provisions thereof which could be interpreted to allow this Court to improperly exercise jurisdiction over MOORE and HUTTO or the Adversary Proceeding.

4. Specifically, without limitation, the Plan contains a provision under Section VIII "Means of Implementing the Plan," subsection 5(c) <u>Defendant's Consent to Plan Treatment</u>, on page 28 and in all-caps, which states as follows:

> The Plan contains various provisions pertaining to the recovery of extraordinary income through litigation and settlements. ***Any defendant*** in any legal action brought in connection with the case, whether before the court or another court of competent jurisdiction and whether brought in the United States or elsewhere, ***who fails to file a timely objection to the plan specifically identifying any such provisions to which such defendant objects shall be deemed under the plan to have consented to all such provisions*** (or, in the case of an objecting defendant, all such provisions to which such defendant has not objected). (Emphasis added.)

5. MOORE and HUTTO object to the foregoing provision to the extent it attempts to authorize jurisdiction over MOORE and HUTTO, the Adversary Proceeding or any subsequent matter involving MOORE and HUTTO. MOORE and HUTTO object to the following provisions of the Plan for the same reasons: Section VIII "Means of Implementing the Plan," subsection 7 <u>Miscellaneous</u> which begins on page 33: 7(d) <u>Retention of Jurisdiction</u> ; 7(e) <u>Jurisdiction</u>; 7(f) <u>Causes of Action</u>; 7(i) <u>Specific Retention of Powers</u> and its subsections 7(i)(2), 7(i)(6), and 7(i)(7); and 7(j) <u>Consent to Jurisdiction</u>.

6. MOORE and HUTTO also object to subsection 17 <u>Barton Doctrine</u>. MOORE and HUTTO submit that the <u>Barton Doctrine</u> should not apply to the liquidating agent. In addition, even if the <u>Barton Doctrine</u> applies, the Barton Doctrine cannot be used as a means to authorize jurisdiction by this Court over the Adversary proceeding or MOORE and HUTTO.

2

WHEREFORE, JAMES MOORE & CO., P.L., a Florida limited liability company, and E. JAY HUTTO, an individual, object to the Plan for the reasons set forth above and request that the Court sustain this objection and grant such further relief as the court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the following via the ECF filing system this 9th day of October, 2009 to: U.S. Trustee, 135 West Central Boulevard, Orlando, FL 32801; R. Scott Shuker, Esquire, Latham Shuker Eden & Beaudine LLP, 390 North Orange Avenue, Suite 600, Orlando, FL 32751 and Jennifer Eden, Latham Shuker Eden & Beaudine LLP, 390 North Orange Avenue, Suite 600, Orlando, FL 32751.

s/CHARLES J. MELTZ, ESQUIRE
CHARLES J. MELTZ, ESQUIRE
Florida Bar No. 985491
cjmeltz@growerketcham.com
JEANELLE G. BRONSON
Florida Bar No. 266337
jgbronson@growerketcham.com
Grower, Ketcham, Rutherford,
Bronson, Eide & Telan, P.A.
PO Box 538065
Orlando, FL 32853-8065
Phone: (407) 423-9545
Fax: (407) 425-7104
Attorney for Defendants, JAMES MOORE
& CO., P.L. and E. JAY HUTTO, an
individual