# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| **In re:** | **CASE NO. 6:08-bk-04327-KSJ** |
| | **CASE NO. 6:08-bk-04328-KSJ** |
| **MIRABILIS VENTURES, INC.,** | **CASE NO. 6:08-bk-04681-KSJ** |
| *ET AL.,* | |
| | **CHAPTER 11** |
| **Debtors.** | |
| _____/ | **Hearing on Confirmation scheduled for Friday, October 16, 2009 at 10:00 a.m.** |

## AFFIDAVIT OF R.W. CUTHILL, JR., PRESIDENT OF
## MIRABILIS VENTURES, INC., IN SUPPORT OF CONFIRMATION

STATE OF FLORIDA      )
                                        )SS:
COUNTY OF ORANGE   )

Before me personally appeared R. W. Cuthill, Jr. ("Cuthill"), who, after being duly sworn, deposed and said[1]:

1.      I am the President of Mirabilis Ventures, Inc. ("Mirabilis") and the designated corporate authority for AEM, Inc. ("AEM"), a wholly owned subsidiary of Mirabilis, and Hoth Holdings, LLC ("Hoth"), whose majority shareholder is Mirabilis (collectively, Mirabilis, AEM, and Hoth hereinafter referred to as the "Debtors").

2.      I have first-hand knowledge and am familiar with the matters described herein including (a) the Amended Joint Disclosure Statement, dated July 22, 2009 (the "Disclosure

---

[1]      Terms capitalized in this affidavit shall have the same meaning as used in the Joint Amended Plan of Liquidation submitted by Cuthill (the "Plan") (Doc. No. 234) unless such terms are defined differently herein.

Statement") (Doc No. 221) and Addendum to the Amended Joint Disclosure Statement, filed July 31, 2009 (Doc No. 226); and (b) the Joint Amended Plan of Liquidation (the "Plan"), dated August 14, 2009 (Doc No. 234), which may be modified prior to the Confirmation Hearing.

## A. **SIGNIFICANT EVENTS SUBSEQUENT TO FILING**

3.     Since the Petition Date, the Debtors have continued to operate their businesses as debtors-in-possession under sections 1101(a) and 1108 of the Bankruptcy Code. Pursuant to section 327 of the Bankruptcy Code, the Debtors sought and obtained an order from the Bankruptcy Court authorizing the Debtors to retain Latham, Shuker, Eden & Beaudine, LLP as Debtors' counsel. The Debtors have also sought to employ a variety of legal, accounting and investigation professionals to assist them with the administration and preservation of the Debtors' estates.

4.     On August 6, 2008, the United States of America ("USA") indicted Frank L. Amodeo ("Amodeo"), for conspiracy, failure to remit payroll taxes, wire fraud, and obstruction of an agency investigation. See *United State of America v. Frank L. Amodeo*, Case No.: 08-cr-176-Orl-28-GJK (Dist. Court Doc. No. 1). The indictment contained criminal forfeiture provisions, which sought the forfeiture, *inter alia*, of all assets of the estates of the Debtors and their related entities. On August 14, 2008, USA filed a motion to intervene and to stay the Debtors' bankruptcy cases with this Court ("Intervener Motion") (Bankr. Doc. No. 48). In the Motion, USA sought to stay the Bankruptcy Case in an effort to pursue a forfeiture action against property of the Debtors including, but not limited to, proceeds seized in the various law firm trust accounts, vehicles, real estate, and other personal property. (Bankr. Doc. No. 48). On September 4, 2008, the USA amended the Civil Complaint to add additional property, including property owned by Mirabilis (Civil Complaint Doc. No. 67).

2

5.     On September 23, 2008, Amodeo plead guilty to five counts of the indictment. (Dist. Court Doc. No. 28 and 33). The plea agreement included an agreement by Amodeo to forfeit all of the proceeds of his conspiracy charged in Count One, including the assets of the Debtors' bankruptcy estates.

6.     On the same date that Mr. Amodeo pled guilty, September 23, 2008, the USA filed a Motion to Dismiss the Bankruptcy Case based upon its bad faith filing alleging that the sole purpose of the filing was for Mr. Amodeo's personal benefit (the "Dismissal Motion") (Bankr. Doc. No. 71). The Debtors deny that the petitions were filed in bad faith. On September 29, 2008, the Intervener Motion was scheduled to be heard before this Court. However, the hearing was postponed by joint stipulation of both parties, and the Dismissal Motion and the Intervener Motion were continued.

7.     On September 29, 2008 the USA filed a motion in the Amodeo Criminal Case for entry of a Preliminary Order of Forfeiture ("Forfeiture Motion") (District Court Case Doc. No. 40). In its Motion, the USA sought the forfeiture of a significant number of assets, including the Debtors' assets, and authority to seize of all of the assets sought for forfeiture. On October 2, 2008, the District Court entered a Preliminary Order of Forfeiture ("Preliminary Forfeiture Order") (Dist. Court Doc. No. 46). Pursuant to the Preliminary Forfeiture Order, the USA may seize property forfeited under the Order immediately, regardless of the Debtors' appeal. On October 3, 2008, the Debtors filed an Emergency Motion to Enforce Automatic Stay and for Sanctions in the Bankruptcy Case ("Sanctions Motion") (Bankr. Doc. No. 89). On October 30, 2008, the USA indicted Mirabilis and AEM, alleging conspiracy to divert payroll taxes. The Mirabilis and AEM indictments include criminal forfeiture counts.

3

8.     On October 8, 2008, and subsequent to this date, Debtors counsel and USA met to discuss possible global resolutions of all issues which have been raised, or could be raised, between USA and the Debtors, including the resolution of the Intervener Motion, Dismissal Motion, Forfeiture Motion and Sanctions Motion.  In full and final resolution of these issues, claims and demands, the parties agreed that it was in the best interest of all parties to reach an agreement related to the administration of assets of the Debtors (the "Compromise").  On November 25, 2008, the Debtors filed a Motion to Approve Compromise of Controversy regarding the aforementioned dispute (the "Compromise Motion")  (Doc. No. 101).  On March 4, 2009, the Court entered an order approving the Compromise Motion  (Doc. No. 145).

9.     The Debtors' assets are divided between those that will continue to be administered by the Debtors' bankruptcy estate and those forfeited to the USA.  The following assets have been forfeited to the USA:

a.     The equity interest of Mirabilis and the Unsecured Claims of Mirabilis and its related entities in the WinPar bankruptcy estate, Case No. 07-11908, pending in the Eastern District of Tennessee, shall be forfeited to the USA.

b.     The note in the principal amount of $5,500,000.00 dated May 27, 2007 payable to Mirabilis from Conrad D.  Eigenmann, Jr. ("Eigenmann Note") shall be forfeited to the USA, however, the payment due on the note in January 2009, which is based upon a formula and will be not less than $100,000.00, shall be paid to the Mirabilis bankruptcy estate and administered by the Mirabilis bankruptcy estate.   The USA agrees that for a period of 12 months, it will delay sale of the Eigenmann Note and will allow the Mirabilis estate to market for sale or otherwise attempt to compromise the Eigenmann Note, subject to approval by the USA.

4

c.    All retainers seized from attorney's trust accounts, pursuant to warrants issued by the USA, which are the subject of the Civil and Criminal forfeiture actions shall be forfeited to the USA.

10.    Assets to be retained and administered by the Debtors' bankruptcy estates, as more fully set forth in Exhibit "B" to the Compromise Motion are as follows:

a.    Any causes of action of the Debtors against insurance carriers, or for malpractice against professionals shall be retained by the Debtors estates.

b.    All causes of action, including but not limited to fraudulent transfer causes of action shall be retained by the Debtors, provided however, that the Debtors will not bring fraudulent transfer actions to recover assets set forth on Exhibit "A" to the Compromise Motion.

c.    The fraudulent transfer action filed by Hoth Holdings against Coastal Equity Partners, LLC et. al. on August 1, 2008. ("Hoth Adversary") (Hoth Adv Doc. No. 1) shall remain an asset of the Hoth bankruptcy estate, and any proceeds from the Hoth Adversary shall remain property of the bankruptcy estate. The USA agrees not to directly forfeit the property located at 3801 Carolina Ave, Richmond, Virginia, which is the subject of the Hoth Adversary.

d.    The note payable to AEM from O2HR dated June 1, 2007 in the amount of $2,235,800.00 shall be an asset of the AEM bankruptcy estate. The note payable to National Med-Staff, Inc. dated June 1, 2007 in the amount of $188,300.00 shall be an asset of the Mirabilis bankruptcy estate ("O2HR Notes").

11.    Any and all property of the Debtors' estates not specifically set forth in the Compromise Motion shall remain property of the bankruptcy estates. Likewise, any and all property set forth on Exhibit "A" to the Compromise Motion, and not specifically set forth above, was forfeited to the USA. In addition, and under the Compromise, the Debtors were required

5

amend the schedules to include an unsecured forfeiture claim in the Mirabilis and AEM cases for USA in the amount of $200,000,000.00 ("Forfeiture Claim"). As a result of the Compromise, Mirabilis filed four (4) simultaneous adversary proceedings against Mirabilis' legal and financial advisors for the negligence in advising Mirabilis. *See, In re R.E. Berman, et al.*, Adv Pro No 6:08-ap-222; *In re Rachlin, Cohen & Holtz, LLP*, Adv Pro No 6:08-ap-223; *In re Buchanan, Ingersoll & Rooney, PL, et al.,* Adv Pro No 6:08-ap-227; and *In re James Moore & Co, PL*, Adv Pro No 6:08-ap-228.

12. The Debtors have already begun to bring funds back into their estates for the benefit of its creditors. North American Communications, Inc. ("NACI") filed its Petition for Chapter 7 liquidation in the Bankruptcy Court of Utah. See In re North American Communications, Inc., Case No. 07-24900 (Doc. No. 1). Mirabilis is the only equity interest holder in North American Communications, Inc. Mirabilis anticipates that there will be a distribution to Mirabilis upon NACI's final liquidation within the next year. Furthermore, Mirabilis has reached compromises with Floyd Road, LLC and Robi A. Roberts, et al. that settles separate lawsuits that Mirabilis had against Floyd and Roberts. (Doc. No. 172, 187). As a result of the compromises, Debtors' estates recovered One Hundred Twenty Five Thousand Dollars ($125,000.00) for its creditors. In addition, Hoth filed a fraudulent transfer action against Coastal and other entities in order to set aside the fraudulent transfer of the Virginia Property. The Debtors will continue to pursue causes of action against Mirabilis' legal and accounting professionals, as well as other causes of action, including but not limited to fraudulent transfer actions for the benefit of its creditors.

6

## B. PLAN OVERVIEW

13.    In summary, the Plan provides for the substantive consolidation of all three

debtors into one Liquidating Debtor and for the liquidation of all of the Debtors' assets and the

cessation of its business. The Debtors' only assets are its cash on hand, its Causes of Action, and

the Promissory Notes. The Allowed Priority Claims will be paid in full from the Liquidating

Debtor from the proceeds from the Causes of Actions and Promissory Notes. The Allowed

Unsecured Claims of all Debtors will be combined into one Class and will receive their *pro rata*

distribution of payments from the Liquidating Debtor after the Allowed Priority Claims have

been paid in full. Equity Interests will be cancelled.

14.    R. W. Cuthill, Jr., will serve as the President, Secretary and Treasurer and the sole

Director of the Liquidating Debtor and will be responsible for the operations of the Liquidating

Debtor for the benefit of the Allowed Priority Claims and Allowed Unsecured Claims. Cuthill

will perform his duties in accordance with the provisions of the Plan.

## C. STATUS OF ACCEPTANCES BY IMPAIRED CLASSES

15.    I have reviewed the Ballot Tabulation, and the status of the impaired classes under

the Plan is summarized in the following table:

| Classes | Creditor | Status |
|---------|----------|--------|
| 1 | Hendricks Claim | Accepts |
| 2 | General Unsecured Claims | Accepts |
| 3 | Equity | No Vote |

7

## D. TREATMENT AND CLASSIFICATION OF CLAIMS

16.    All Claims and Interest treated under the Plan are divided into the following

Classes, which shall be mutually exclusive:

        a.    Class 1. Hendricks Secured Claim

        b.    Class 2. General Unsecured Claims  Class 1 consists of all Allowed

Unsecured Creditors.

        c.    Class 3. Equity Interests in Debtors.  Class 2 consists of all Interests in the

Debtors.

17.    Each holder of an Administrative Claim who complies with the requirements set

forth herein shall be paid by Debtors 100% of the portion of such Claim which becomes an

Allowed Claim in Cash unless otherwise ordered by the Court or agreed to by such holder, on or

before the Effective Date, or such later date as may be agreed to by such holder.  If any such

Claim does not become an Allowed Claim prior to the Effective Date, on the date that any

portion of such Claim becomes an Allowed Claim such portion shall become immediately

payable in Cash by the Liquidating Debtor.  As provided for in the Plan, Extraordinary Income

shall be first used to pay Administrative Claims.  However, nothing in this provision of the Plan

shall preclude Debtor from paying any holder of an Administrative Claim less than 100% of its

Allowed Claim in Cash on the Effective Date provided that such Claim holder consents to

payment terms other than as set forth herein.

18.    In full satisfaction of its Allowed Claims, Holders of Allowed Priority Tax Claims

will be paid in full by Cuthill from the Liquidating Debtor.  Debtors believe Allowed Priority

Tax Claims will be approximately $140,000.00, consisting of state revenue tax claims. Each

holder of an Allowed Priority Tax Claims shall receive Cash equal to the amount of such

8

Allowed Claim on the Effective Date in accordance with §1129(a)(9)(C). In the event that there is insufficient Cash upon Effective Date to pay all Allowed Priority Tax Claims, any unpaid portion of such Allowed Priority Tax Claim will be payable in quarterly payments beginning on the later of three (3) months after the Effective Date or after the entry of any respective Final Order allowing such Claims and ending with a final quarterly payment on the last date which occurs before the fifth anniversary of the Petition Date with interest accruing on all unpaid portions of such Allowed Claims at an annual rate equal to the Prime Rate plus two percent (2%).

19.     Class 1 is impaired. Class 1 consists of the Allowed Secured Claim of Hendricks. Pursuant to a settlement with the Hendricks, Mirabilis will allow one (1) unsecured claim (treated the same as Class 2) by Hendricks against the the Debtors. Mirabilis and Hendricks will enter into a joint stipulation for dismissal with prejudice of all claims by and between them in the State Case and the Federal Case.

20.     Class 2 is impaired. Class 2 consists of the Allowed Unsecured Claims of the General Unsecured Creditors. Holders of Allowed Class 2 Claims will receive *pro rata* payments on account of their Allowed Class 2 Claims from the Liquidating Debtor after the Allowed Priority Tax Claims have been paid in full. The proceeds of all Causes of Action and all proceeds from the Promissory Notes will be held in an account created by the Liquidating Debtor ("Liquidation Trust Account"). Cuthill shall make Payments in Cash to the holders of Allowed Class 2 Claims from the Liquidation Trust Account after all Allowed Priority Tax Claims have been paid in full, and at such times as Cuthill, in his able discretion, deems prudent.

21.     Class 3 consists of all equitable interests in the Debtors. The Class is impaired under the Plan because on the Effective Date of the Plan all equity interests in the Debtors shall be cancelled.

22.     All Classes of Claims are impaired, and Classes 1 and 2 have voted in favor of the Plan.

E.  <u>CONFIRMATION REQUIREMENTS</u>

23.     I have reviewed the Plan with my attorney and have determined that it complies with the Code.

a.      <u>PLAN COMPLIANCE - SECTION 1129(a)(1)</u>

By way of example, the Plan:

(1)     Designates, subject to Bankruptcy Code §1122 of the Bankruptcy Code, Classes of Claims and Interests;

(2)     Specifies Classes that are not impaired and Classes that are impaired;

(3)     Specifies the treatment of any Classes that are impaired under the Plan;

(4)     Provides the same treatment for each Claim or Interest of a particular Class; and

(5)     Provides adequate means for the Plan's execution.

b.      <u>PROPONENT COMPLIANCE - SECTION 1129(a)(2)</u>

The Debtor has complied with all applicable provisions of the Bankruptcy Code.  By way of example, the Debtor has:

(1)     Performed and complied with the duties imposed under Bankruptcy Code §1106;

(2)     Solicited acceptances to the Plan only in accordance with Bankruptcy Code §1125;

(3)      Obtained court orders for the employment of professionals; and

(4)      Complied with the Code and Rules regarding the use, sale and lease of property of the estate.

### c.    GOOD FAITH - SECTION 1129(a)(3)

The Plan has been proposed in good faith and not by any means forbidden by law. The purpose of the Plan is to liquidate Debtors' assets and prosecute the Causes of Action in a manner that maximizes recoveries to all creditors. Pursuant to Federal Rule of Bankruptcy Procedure 3020(b)(2), if no objection is timely filed, the Court may determine that the Plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.

### d.    PAYMENTS TO PROFESSIONALS - SECTION 1129(a)(4)

All payments made, or to be made, by Debtors in or in connection with this case or in connection with the Plan either have been approved by or are subject to the approval of the Bankruptcy Court. At the hearing on Confirmation, the Court will determine and, to the extent appropriate, allow as reasonable certain fees and costs of administration.

### e.    POST CONFIRMATION MANAGEMENT - SECTION 1129(a)(5)

(1)      The Plan, as modified, provides that Cuthill will be President, Secretary and Treasure and the sole Director of the Liquidating Debtor, who is responsible for the recovery of Extraordinary Income for the benefit of Debtors' creditors with Allowed Claims. The Liquidating Debtor will maintain its corporate existence for as long as such existence is beneficial to the recovery of Extraordinary Income and shall continue its efforts to collect Extraordinary Income until the Termination Date, as defined in the Plan. The Stock will be held

for the benefit of unsecured creditors in a liquidating trust. The Liquidating Debtor shall be administered by Cuthill, whose duties are outlined below.

        (a)     The Plan, as modified, provides for Cuthill to recover Extraordinary Income for the benefit of creditors with Allowed Claims. Cuthill shall have the duties and responsibilities as set forth in the Plan and shall be retained, and may be terminated, as provided for in the Plan.

        (b)     Timing. Upon the Effective Date, Cuthill shall become the sole officer and director of the Liquidating Debtor.

        f.     <u>GOVERNMENT APPROVAL - SECTION 1129(a)(6)</u>

        There are no governmental regulatory commissions with jurisdiction after Confirmation of the Plan whose approval is needed.

        g.     <u>BEST INTEREST OF CREDITORS - SECTION 1129(a)(7)</u>

        (1)     With respect to each Impaired Class of Claims or Interests, each holder of a Claim or Interest of such Class has either accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount such holder would receive if the Debtor was liquidated under Chapter 7 of the Code on such date.

        (2)     As set forth in the liquidation analysis in Section VI of the Disclosure Statement, I believe that the Creditors of the Debtors would fair materially poorer in a Chapter 7 liquidation.

h.   ACCEPTANCE OR REJECTION OF PLAN - SECTION 1129(a)(8)

As noted earlier, there are three impaired Class of Claims.  Attached as **Exhibit A** is a ballot tabulation setting forth the acceptances of the Plan.  As evident from the Ballot Tabulation, two of the Impaired Classes voted in favor of the Plan.  The Class of Interests did not vote.

i.   PRIORITY CLAIMS - SECTION 1129(a)(9)

The Plan provides for payment in full of all Allowed Administrative and Priority Claims.  To the extent such Claims do exists, each holder of an Allowed Priority Tax Claims shall receive Cash equal to the amount of such Allowed Claim on the Effective Date in accordance with §1129(a)(9)(C).  In the event that there is insufficient Cash upon Effective Date to pay all Allowed Priority Tax Claims, any unpaid portion of such Allowed Priority Tax Claim will be payable in quarterly payments beginning on the later of three (3) months after the Effective Date or after the entry of any respective Final Order allowing such Claims and ending with a final quarterly payment on the last date which occurs before the fifth anniversary of the date of the Petition Date with interest accruing on all unpaid portions of such Allowed Claims at an annual rate equal to the Prime Rate plus two percent (2%).

There are no Priority Wage Claims.  In addition, all administrative expenses due as ordered by the Court at the hearing on Confirmation will be paid in full on or before the Effective Date or according to such other agreements as may be made by the Liquidating Debtors and the administrative claimants.  The source of payment will be from the Extraordinary Income.

j.    ACCEPTANCE BY IMPAIRED CLASS - SECTION 1129(a)(10)

I have reviewed the Classes of Impaired Claims under the Plan, and at least one Impaired Class, without including acceptances by insiders, has accepted the Plan.

k.    FEASIBILITY - SECTION 1129(a)(11)

Under the Plan, the Assets and Causes of Action will be transferred to the Liquidating Debtors. Cuthill will be responsible for administering and liquidating all Extraordinary Income in the possession of the Liquidating Debtors. Through liquidation and prosecution of the Causes of Action, I believe the Liquidating Debtors will be able to make the payments required under the Plan.

l.    TRUSTEE FEES - SECTION 1129(a)(12)

The Plan provides for the payment of all fees payable under 28 U.S.C. §1930 on the Effective Date of the Plan. Mirabilis Ventures, Inc., and AEM, Inc., owe the United States Trustee's quarterly fees for the third and fourth quarter of 2009. Hoth Holdings, LLC, owes United States Trustee quarterly fees from Petition Date (May 27, 2008) through fourth quarter 2009.

m.    RETIREE CLAIMS - SECTION 1129(a)(13)

Debtors do not have any retiree benefit plans; therefore, there are no unsecured claims for contributions to a retiree benefit plan.

n.    CRAMDOWN - SECTION 1129(b)(2)(A)

The only impaired Class which did not vote in favor of the Plan is the Class of Equity Holders. The Trustee will file a motion to cram down Class 3 and, because there is no junior interests receiving or retaining any interest in property of the Debtors, the Plan may be confirmed over the nonvote of Class 3.

14

## F. OBJECTIONS TO CONFIRMATION

24.     Under the Plan, any objections to Confirmation were required to have been filed and served by October 9, 2009. Several objections were received, but Debtors anticipate resolving all issues raised in such objections.

FURTHER AFFIANT SAYETH NOT.

**MIRABILIS VENTURES, INC.,** *et al.*

By: _____
     R.W. Cuthill, Jr.
     President

STATE OF FLORIDA          )
                          )SS:
COUNTY OF ORANGE          )

Sworn to and subscribed before me this 15th day of October 2009 by **R. W. CUTHILL, JR.**, President of Mirabilis Ventures, Inc., and corporate representative for Hoth Holdings, LLC, and AEM, Inc., [ ✓ ] who is personally known to me or [_____] who presented

_____ as identification.

_____
Signature of Person Taking Acknowledgment
Print Name: _____Brenda Kitch_____
Title: Notary Public
Serial No. (if any) _____
Commission Expires: __11/15/2012__

BRENDA KITCH
MY COMMISSION # DD824621
EXPIRES: November 15, 2012

[NOTARY SEAL]

In re:

MIRABILIS VENTURES, INC.,
*ET AL.*,

Debtors.

_____/

CASE NO. 6:08-bk-04327-KSJ
CASE NO. 6:08-bk-04328-KSJ
CASE NO. 6:08-bk-04681-KSJ

CHAPTER 11

### Certificate of Service

I **HEREBY CERTIFY** that a true copy of Affidavit of R.W. Cuthill, Jr. In Support of Confirmation, together with all exhibits, has been furnished by facsimile and U.S. mail, postage-paid to: Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., President, c/o 341 N. Maitland Ave, Suite 210, Maitland, Florida 32751; Charles A. Carlson, Esq., Barnett, Bolt, Kirkwood, Long & Bride, P.A., 601 Bayshore Boulevard, Suite 700, Tampa, Florida 33606; the Local Rule 1007-2 Parties-in-Interest List for Mirabilis Ventures, Inc., Hoth Holdings, LLC, and AEM, Inc., as shown on the matrices attached to the original of this affidavit filed with the Court; and the United States Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801, this 15th day of October 2009.

/s/ R. Scott Shuker
R. Scott Shuker
Florida Bar No. 984469
rshuker@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
390 N Orange Avenue, Suite 600
PO Box 3353 (32802-33535)
Orlando, FL 32801
Tel: 407-481-5800
Fax: 407-481-5801
Attorneys for the Debtors

U:\Bkry\Mirabilis\Pldg\Confirm Afldvt.wpd

Label Matrix for local noticing
113A-6
Case 6:08-bk-04327-KSJ
Middle District of Florida
Orlando
Thu Oct 15 11:14:02 EDT 2009

Advantage Collection Prof
2775 Jade Street
Mora, MN 55051-6240

American Express
2965 West Corporate Lakes Bl
Weston, FL 33331-3626

BNA Tax Management
9435 Key West Ave.
Rockville, MD 20850-3339

Kimberly Bartley
Waldron & Schneider LLP
15150 Middlebrook Drive
Houston, TX 77058-1226

Brandywine Grande C. LP
c/o Cantor Arkema, PC
1111 East Main Street
Richmond, VA 23219-3531

Buchanan Ingersoll & Rodney
401 E Jackson St.
Suite 2500
Tampa, FL 33602-5236

Corporate Personnel Network, Inc
c/o David T. Ward
15615 Alton Pkwy #175
Irvine, CA 92618-7303

Joseph A DeMaria
Tew Cardenas LLP
1441 Brickell Avenue
Suite 1500
Miami, FL 33131-3431

Mariane L Dorris
Latham Shuker Eden & Beaudine LLP
390 North Orange Avenue
Suite 600
Orlando, FL 32801-1684

Elena L Escamilla
United States Trustee
135 W Central Blvd  Suite 620
Orlando, FL 32801-2440

First Commercial Ins. Corp.
POB 126160
Hialeah, FL 33012-1602

Forge Capital Partners LLC
c/o Bart Valdes
609 W Horatio St
Tampa FL 33606-2272

James E Foster
Akerman Senterfitt
Post Office Box 231
Orlando, FL 32802-0231

Frank L. Amodeo
3875 South Orange Ave
Suite 500 -PMB 1810
Orlando, FL 32806

Fred Sandlin
161 Mallard Lane
Daytona Beach, FL 32119-8331

Gill R Geldreich
Tennessee Attorney General's Office
Post Office 20207
Nashville, TN 37202

Gilbert Weisman
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355-0701

I Randall Gold
United States Attorney's Office
501 West Church Street
Suite 300
Orlando, FL 32805-2281

Elizabeth A Green
Latham Shuker Eden & Beaudine LLP
390 North Orange Avenue
Suite 600
Orlando, FL 32801-1684

Horton Johnson
3211 Northglenn Drive
Orlando, FL 32806-6371

Humana/RMS
77 Hartland Street
Suite 401
East Hartford, CT 06108-3253

Carol Koehler Ide
U S Department of Justice - Tax Division
Post Office Box 14198
Ben Franklin Station
Washington, DC 20044-4198

Jackson Lewis
Attn:Anne Krupman
One North Broadway
White Plains, NY 10601-2310

Jeffrey Reichel
c/o Gary Barnes
3414 Peachtree Rd #1600
Atlanta, GA 30326-1164

Jeffrey Reichel
c/o Jill E. Kelso, Esquire
Akerman Senterfitt
PO Box 231
Orlando FL 32802-0231

Kenneth & Diane Hendricks
One ABC Parkway
Beloit, WI 53511-4466

Gordon L Kiester
Florida Department of Revenue
P O Box 2299
Mango, FL 33550-2299

LeClair Ryan Trust
P.O. Box 2499
Richmond, VA 23218-2499

LexisNexis
P.O. Box 7247-7090
Phildelphia, PA 19170-0001

Charles J Meltz
Grower Ketcham
Post Office Box 538065
Orlando, FL 32853-8065

Mirabilis Ventures, Inc
c/o R.W.Cuthill, Jr
341 N. Maitland Ave #210
Maitland, FL 32751-4771

On Target Solutions
3491 Woodley Park Place
Oviedo, FL 32765-5104

PaySource USA VII, Inc.
650 Poe Ave.
Dayton, OH 45414

Saxon Gilmore, PA
201 E. Kennedy Blvd.
Suite 600
Tampa, FL 33602-5819

Bradley M Saxton
Post Office Box 1391
Orlando, FL 32802-1391

R Scott Shuker
Latham Shuker Eden & Beaudine LLP
Post Office Box 3353
Orlando, FL 32802-3353

Tennessee Dept of Labor & Workforce
Dev-Unemployment Ins
c/o TN Atty General Ofc Bankruptcy Div
PO Box 20207
Nashville TN 37202-4015

Tenshi Leasing
2875 S. Orange Ave.
Suite 500 PMB 1810
Orlando, FL 32806-5455

Titanium Technologies
2875 S. Orange Ave.
Suite 500 PMB 1810
Orlando, FL 32806-5455

Bart R Valdes
deBeaubien Knight Simmons Mantzaris Neal
332 North Magnolia Avenue
Orlando, FL 32801-1609

Joseph H Varner III
Holland & Knight, LLP
101 North Tampa Street, Suite 4100
Tampa, FL 33602

David T Ward
15615 Alton Pkwy #175
Irvine, CA 92618-7303

C Brent Wardrop
deBeubien Knight Simmons Mantzaris Neal
332 North Magnolia Avenue
Orlando, FL 32801-1609

Gilbert Barnett Weisman
Becket & Lee LLP
16 General Warren Blvd
P O Box 3001
Malvern, PA 19355-0701

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Corporate Personnel Network, Inc
c/o David T. Ward
15615 Alton Pkwy #175
Irvine, CA 92618-7303

(u)John Burcham
undeliverable

(u)Mark J. Bernet
no city
no state

End of Label Matrix
Mailable recipients    44
Bypassed recipients     3
Total                  47

Label Matrix for local noticing
113A-6
Case 6:08-bk-04328-KSJ
Middle District of Florida
Orlando
Thu Oct 15 11:15:11 EDT 2009

Coastal Equity Partners
Attn: Moreco Ptnrs, Mgr
350 Camino Gardens Blvd #102
Boca Raton, FL 33432-5825

Commonwealth of Virginia
Cty of Henrico-DOF/Treasury
Attn: M Erickson, Rev Coll
PO Box 27032
Richmond, VA 23273-7032

Mariane L Dorris
Latham Shuker Eden & Beaudine LLP
390 North Orange Avenue
Suite 600
Orlando, FL 32801-1684

Elena L Escamilla
United States Trustee
135 W Central Blvd  Suite 620
Orlando, FL 32801-2440

I Randall Gold
United States Attorney's Office
501 West Church Street
Suite 300
Orlando, FL 32805-2281

Hoth Holdings, LLC
c/o R.W.Cuthill, Jr
341 N. Maitland Ave #210
Maitland, FL 32751-4771

Jimmy D Parrish
Latham Shuker Eden & Beaudine LLP
Post Office Box 3353
Orlando, FL 32802-3353

R Scott Shuker
Latham Shuker Eden & Beaudine LLP
Post Office Box 3353
Orlando, FL 32802-3353

United States of America
c/o Nicole M Andrejko, Esq
US Attorney's Office FLM
501 W Church St, Ste 300
Orlando, FL 32805-2281

Bart R Valdes
deBeaubien Knight Simmons Mantzaris Neal
332 North Magnolia Avenue
Orlando, FL 32801-1609

C Brent Wardrop
deBeubien Knight Simmons Mantzaris  Neal
332 North Magnolia Avenue
Orlando, FL 32801-1609

End of Label Matrix
Mailable recipients    11
Bypassed recipients     0
Total                  11

Label Matrix for local noticing
113A-6
Case 6:08-bk-04681-KSJ
Middle District of Florida
Orlando
Thu Oct 15 11:15:58 EDT 2009

AEM, Inc
340 N Maitland Ave
Ste 210
Maitland, FL 32751-4784

Richard Lee Barrett
PO Box 533983
Orlando, FL 32853 3983

Charles A Carlson
Barnett, Bolt, Kirkwood, Long & McBride
Post Office Box 3287
Tampa, FL 33601-3287

Elena L Escamilla
United States Trustee
135 W Central Blvd  Suite 620
Orlando, FL 32801-2440

Gill R Geldreich
Tennessee Attorney General's Office
Post Office 20207
Nashville, TN 37202

I Randall Gold
United States Attorney's Office
501 West Church Street
Suite 300
Orlando, FL 32805-2281

R Scott Shuker
Latham Shuker Eden & Beaudine LLP
Post Office Box 3353
Orlando, FL 32802-3353

Tennessee Department of Revenue
c/o Attorney General's Office
Bankruptcy Unit c/o Robert Cooper
PO BOX 20207
Nashville, TN 37202-4015

End of Label Matrix
Mailable recipients     8
Bypassed recipients     0
Total                   8

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In re:  

MIRABILIS VENTURES, INC.,
*ET AL.*,

               Debtors.

_____/

CASE NO. 6:08-bk-04327-KSJ
CASE NO. 6:08-bk-04328-KSJ
CASE NO. 6:08-bk-04681-KSJ

CHAPTER 11

Hearing on Confirmation scheduled for
Friday, October 16, 2009 at 10:00 a.m.

## BALLOT TABULATION

| CLASS | CREDITOR<br>Amount Per Ballot | VOTE |
|---|---|---|
| 1 | <u>Hendricks</u><br>$2,887,997.28 | |
| | Number of Votes: | |
| | Number of Votes Accepting: | |
| | Dollar Amount of Votes: | |
| | Dollar Amount of Votes Accepting: | |
| | % of Votes Accepting: | |
| | % of Dollar Amounts Accepting: | |
| | Impaired Class: | Yes |
| | Requisite Vote: | |

| CLASS | CREDITOR<br>Amount Per Ballot | VOTE |
|---|---|---|
| 2 | <u>General Unsecured Creditors</u><br>$2,951,179.03 | ACCEPTS |
| | Number of Votes: | 4 |
| | Number of Votes Accepting: | 3 |
| | Dollar Amount of Votes: | $2,951,179.03 |
| | Dolloar Amount of Votes Accepting: | $2,441,640.03 |
| | % of Votes Accepting: | 75% |
| | % of Dollar Amounts Accepting: | 82.7% |
| | Impaired Class: | Yes |
| | Requisite Vote: | Yes |

EXHIBIT "A"

| CLASS | CREDITOR Amount Per Ballot | VOTE |
|-------|---------------------------|------|

| CLASS | CREDITOR<br>Amount Per Ballot | VOTE |
|-------|-------------------------------|------|
| 3 | Equity Interests | No Vote |
| | Number of Votes: | 0 |
| | Number of Votes Accepting: | 0 |
| | Dollar Amount of Votes: | $0 |
| | Dollar Amount of Votes Accepting: | $0 |
| | % of Votes Accepting: | 0% |
| | % of Dollar Amounts Accepting: | 0% |
| | Impaired Class: | Yes |
| | Requisite Vote: | No |

The exact vote, by creditor, is attached to this Tabulation as **Exhibit A**.

**DATED** this 15th day of October 2009.

/s/ R. Scott Shuker
R. Scott Shuker
Florida Bar No. 984469
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
390 N. Orange Avenue, Suite 600
Orlando, Florida 32801
Tel: 407-481-5800
Fax: 407-481-5801
Attorneys for Debtor

# MIRABILIS VENTURES, INC, *ET AL.*
## CASE NO. 6:08-bk-04327-KSJ

## EXHIBIT A - BALLOT TABULATION

| CLASS | CREDITOR | VOTE | CLAIM AMOUNT | COMMENTS |
|---|---|---|---|---|
| 1 | Hendricks | Accepts | $2,887,997.28 | |

| CLASS | CREDITOR | VOTE | CLAIM AMOUNT | VOTE | CLAIM AMOUNT | COMMENTS |
|---|---|---|---|---|---|---|
| 2 | **GENERAL UNSECURED CLAIMS** | | | | | |
| | Wm. G West Trustee, Estate of SW Doctors, Inc | Accepts | $2,200,000.00 | | | |
| | Jeffrey Reichel | | | Rejects | $509,539.00 | |
| | American Express Travel Related Svcs Co | Accepts | $239,703.16 | | | |
| | American Express Travel Related Svcs Co | Accepts | $1,936.87 | | | |
| | TOTAL VALID VOTE: 4 | % VOTE: | $ DOLLAR: | | | |
| | ACCEPTS: 3 | ACCEPTS: 75% | 82.7% | | | |
| | REJECTS: 1 | REJECTS: 25% | 17.3% | | | |

| CLASS | CREDITOR | VOTE | CLAIM AMOUNT |
|---|---|---|---|
| 3 | **EQUITY INTERESTS** | NO VOTE | |