UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MIRABILIS VENTURES, INC.,            Case No. 6:08-bk-04327-KSJ
                                                     Chapter 11
        Debtor.                            /

**O2HR, LLC'S, OBJECTION TO JOINT
AMENDED PLAN OF LIQUIDATION PURSUANT TO 11 U.S.C. § 1125**

Defendant, O2HR, LLC ("O2HR"), hereby objects to the Joint Amended Plan of Liquidation Pursuant to 11 U.S.C. § 1125 (the "Plan") for Mirabilis Ventures, Inc., Hoth Holdings, LLC, and AEM, Inc. (the "Debtors"), on the following grounds:

1.       O2HR is not a party to this case and has not made a general appearance or filed a claim as a creditor in this case. As such, O2HR has not submitted to jurisdiction of this court. Further, the O2HR's objection should not be construed as a submission to this Court's jurisdiction.

2.       O2HR's only connection to this case lies in the fact that O2HR has been sued in two adversary proceedings commenced by Mirabilis Ventures, Inc., Adversary Proceeding No. 6:09-ap-00813-KSJ and No. 6:09-ap-00814-KSJ ("Adversary Proceedings"). The Adversary Proceedings seek to recover damages from O2HR for the alleged non-payment of two promissory notes.

3.       O2HR received a copy of the Plan through ECF notification. Portions of the Plan can be interpreted as an intentional design by the Debtors to obtain jurisdiction

over defendants, such as O2HR, if they fail to object to the Plan. This jurisdictional net is potentially broad and sweeping. The Debtors' attempt could deny O2HR its ability to pursue its legitimate rights in a forum other than the Bankruptcy Court, simply by failing to object to the Plan.

4. In particular, the Plan contains a provision under Section VIII "Means of Implementing the Plan," subsection 5(c) <u>Defendant's Consent to Plan Treatment</u>, on page 28 and in all-caps, which states as follows:

> The Plan contains various provisions pertaining to the recovery of extraordinary income through litigation and settlements. *Any defendant* in any legal action brought in connection with the case, whether before the court or another court of competent jurisdiction and whether brought in the United States or elsewhere, *who fails to file a timely objection to the plan specifically identifying any such provisions to which such defendant objects shall be deemed under the plan to have consented to all such provisions* (or, in the case of an objecting defendant, all such provisions to which such defendant has not objected). (Emphasis added.)

5. O2HR objects to this provision to any extent it attempts to afford the Debtors jurisdiction over O2HR in the Adversary Proceedings or any subsequent matter that has yet to be considered.

6. O2HR further objects to the provisions under Section VIII "Means of Implementing the Plan," subsection 7 <u>Miscellaneous</u> which begin on page 33: 7(d) <u>Retention of Jurisdiction;</u> 7(e) <u>Jurisdiction;</u> 7(f) <u>Causes of Action;</u> 7(i) <u>Specific Retention of Powers</u> and its subsections 7(i)(2), 7(i)(6), and 7(i)(7); and 7(j) <u>Consent to Jurisdiction</u> for similar reasons.

7.      O2HR demanded a jury trial in the Adversary Proceedings and Mirabilis Ventures, Inc., moved to strike the demands. Thus, these jurisdictional provisions in the Debtors' Plan are an attempt for the Debtors to secure an inappropriate jurisdictional stranglehold on O2HR. Further, the Debtors' method of achieving this jurisdictional end-run is questionable. The Debtors have attempted to bind O2HR in a document filed in a proceeding to which it is not even a party. But for O2HR's monitoring of the main bankruptcy proceedings via ECF, as well as its receipt of objections interposed by other non-parties, O2HR would not have known of the need to object to these jurisdictionally-restrictive provisions.

8.      O2HR further objects to subsection 17 <u>Barton Doctrine.</u> O2HR assumes that the Plan's inclusion of the Barton Doctrine principles are another attempt to mandate jurisdiction as it deems appropriate--solely in this Court. However, O2HR is uncertain as to the appropriateness of the Barton Doctrine's inclusion in the Plan as the Barton Doctrine relates predominantly to claims brought against Trustees.

9.      Inclusion of the Barton Doctrine in the Plan, as it potentially relates to O2HR, appears to be another questionable attempt by the Debtors to seek an unfair and inappropriate advantage.

10.     The Barton Doctrine does not preclude actions in other courts; it requires that permission be sought from and granted by the Bankruptcy Court prior to the onset of such an action. *In the Matter of Linton,* 136 F. 3d 544, 545 (7th Cir. 1998). Additionally, 28 U.S.C. § 959(a) provides exceptions to the Barton Doctrine whereby parties may bring

suit without first seeking permission of the Bankruptcy Court. *In the Matter of Krikava,* 217 B.R. 275, 279 (Bankr. D. Neb. 1998). Regardless, O2HR objects to this provision.

WHEREFORE, O2HR, LLC, objects to the provisions detailed above in the Joint Amended Plan of Liquidation Pursuant to 11 U.S.C. § 1125 for Mirabilis Ventures, Inc., Hoth Holdings, LLC, and AEM, Inc., and urges this Court to sustain O2HR's objections and order the Debtor to modify the Joint Amended Plan accordingly.

                                              ADDISON & HOWARD, P. A.
Post Office Box 172535
Tampa, Florida 33672-0535
Tel: (813) 223-2000
Fax: (813) 228-6000
Attorneys for O2HR, LLC

/s/Michael C. Addison
Michael C. Addison
Florida Bar No. 145579
m@mcalaw.net

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on October 15, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to Elena L. Escamilla and R. Scott Shuker, Esq., as listed below and a copy was served by United States mail upon Mirabilis Ventures, Inc.

      /s/Michael C. Addison
      Michael C. Addison

Mirabilis Ventures, Inc.
c/o R. W. Cuthill, Jr., President
341 N. Maitland Ave., Suite 210
Maitland, FL  32751
Debtor

R. Scott Shuker, Esq.
Latham Shuker Barker Eden & Beaudine, LLP
390 N. Orange Ave., Suite 600
Orlando, FL  32801
(407) 481-5800   FAX (407) 481-5801
Attorneys for Debtor

Elena L. Escamilla
U. S. Trustee
135 W. Central Blvd., Suite 620
Orlando, FL  32806

s:\clients open\o2hr.mirabilis adv 813 aem\pld\objection to plan o2hr 43933.doc