# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**In re:**

| | |
|---|---|
| **MIRABILIS VENTURES, INC.,** | **CASE NO. 6:08-bk-04327-KSJ** |
| **HOTH HOLDINGS, LLC, and** | **CASE NO. 6:08-bk-04328-KSJ** |
| **AEM, INC.,** | **CASE NO. 6:08-bk-04681-KSJ** |
| **Debtors.** | **CHAPTER 11** |

_____/

## ORDER CONFIRMING JOINT AMENDED PLAN OF LIQUIDATION, AS MODIFIED, SUBMITTED BY MIRABILIS VENTURES, INC., HOTH HOLDINGS, LLC, AND AEM, INC.

**THIS CASE** came before the Court at a hearing on October 16, 2009 (the "Hearing") to consider: (a) confirmation of the Joint Amended Plan of Liquidation submitted by Mirabilis Ventures, Inc., ("Mirabilis"), Hoth Holdings, LLC ("Hoth"), and AEM, Inc. ("AEM") (collectively, hereinafter referred to as the "Debtors"), dated as of August 14, 2009 (Doc. No. 234 - Mirabilis, Doc. No. 133 - AEM, Doc. No. 115 - Hoth), and as modified on October 15, 2009 (Doc No. 371 - Mirabilis, Doc. No. 172 - AEM, Doc. No. 148 - Hoth), (collectively, each of these Docket entries, hereafter referred to as the "Plan"); (b) Motion for Cramdown of Class 3, Equity Interests, which was filed with the Court on October 15, 2009 (Doc. No. 370) ("Cramdown Motion"); (c) the Motion to Approve Compromise with Diane Hendricks, individually and as Trustee of Hendricks Irrevocable Trust ("Hendricks Compromise") (in the Mirabilis case) (Doc No. 320); (d) the Motion to Approve Compromise with Diane Hendricks, individually and as Trustee of Hendricks Irrevocable Trust (in the AEM case) (Doc. No. 159); and (e) the objections to confirmation filed by Hans C. Beyer, *et al.* (Doc No. 321); Rachlin Cohen & Holtz, LLP (Doc No. 322); Richard E. Berman, *et al*. (Doc No. 338); James Moore &

Co, PL (Doc No. 365); the Internal Revenue Service (Doc No. 366); and O2HR, LLC (Doc No. 369) (collectively, hereinafter referred to as the "Objections").

On August 4, 2009, the Court entered an Order Approving the Disclosure Statement, Scheduling Confirmation Hearing for September 16, 2009, Establishing Confirmation, Compensation, and Administrative Claims Hearing Procedures, and Fixing Time for Filing Acceptances or Rejections of Plan (Doc. No. 228 - Mirabilis, Doc. No. 121 - AEM, Doc. No. 112 - Hoth) (the "Balloting Order").   The Plan was distributed to creditors and parties-in-interest on and after August 14, 2009.   Thereafter, on September 1, 2009, the Court entered an amended order rescheduling the hearing on confirmation of the Plan for October 16, 2009 ("Amended Order") (Doc No. 266).   Capitalized terms used herein and not otherwise defined shall have the respective meanings ascribed to them in the Plan and Disclosure Statement.

At the Hearing, counsel for Debtor made the following *ore tenus* modifications: (a) Cuthill will agree to periodic meetings with the U.S. Attorney or IRS upon reasonable notice (as opposed to ten (10) days as set forth in the Plan); (b) nothing in the Plan or Confirmation Order expands the jurisdiction of the Bankruptcy Court beyond the jurisdiction set forth by applicable Federal Statutes; (c) the Exculpation Clause set forth in Article IX of the Plan shall not eliminate any liability for Allowed tax Claims nor shall it relieve the Liquidating Debtor from its responsibility for timely filing both corporate and payroll tax returns and from timely paying all applicable taxes. Moreover, the Exculpation Clause does not prospectively release the Liquidating Debtor or any responsible person related to federal taxes;  and (d) the additional notice provided to the IRS as set forth in Article VI, 5 of the Plan shall apply to both uncashed and returned checks (collectively, (a) - (d) referred to as the "*Ore Tenus* Modifications").

Evergreen Security Ltd.
Case No. 01-00533-6B1                          C:\DOCUME~1\ADMINI~1\LOCALS~1\TEMP\08-2K-04327-KSJ-ORDER_CONFIRMING_JOINT_AMENDED_PLAN_OF_LIQUIDATION-8BBRXWHSIF.DOC

2

The Court, having considered the: (a) Plan; (b) proffer of counsel at the Hearing; (c) Affidavit of Cuthill in Support of Confirmation ("Confirmation Affidavit") and the Ballot Tabulation ( Doc. No. 368 - Mirabilis, Doc. No. 171 - AEM, Doc. No. 147 - Hoth); (e) the Cramdown Motion; (f) the Objections; (g) the Ore Tenus Modificaitons; and (h) the arguments of all counsel present at the Hearing; and with the Court being familiar with the Plan and other relevant factors affecting this case and having taken judicial notice of the entire record in this case, makes the following findings of fact and conclusions of law pursuant to Rule 7052(a) of the Federal Rules of Bankruptcy Procedure made applicable to this matter pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure:

**I.   Findings of Fact and Conclusions of Law**

A.    Debtors, as proponents of the Plan, have provided good and sufficient notice of: (a) the filing of the Plan and Disclosure Statement; (b) the deadline to file and serve objections to confirmation of the Plan and Disclosure Statement; (c) the deadline and procedures for voting on the Plan; and (d) the hearing date on the confirmation of the Plan;

B.    Debtors have afforded all parties-in-interest with an adequate opportunity to be heard regarding the Plan and Disclosure Statement, and the Plan complies with Bankruptcy Code §1127 and Federal Rule of Bankruptcy Procedure 3019.   All parties received adequate notice in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Balloting Order.

C.    The Court has jurisdiction to conduct the Hearing and to confirm the Plan pursuant to 28 U.S.C. §1334.

D.    Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(L), and this Court has jurisdiction to enter a final order with respect thereto.

E.      Mirabilis, Hoth, and AEM are proper Debtors under Section 109 of the Bankruptcy Code.

F.      The Ballot Tabulation filed by the Debtors (as an exhibit to the Confirmation Affidavit) on October 15, 2009, validly and correctly sets forth the tabulation of votes on the Plan, as required by the Bankruptcy Code, Bankruptcy Rules, the Local Rules and the Balloting Order.

G.      The Debtors have solicited and tabulated votes in respect of the Plan in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Balloting Order.

H.      The Plan was voted on by all Classes of Impaired Claims that were entitled to vote pursuant to the Bankruptcy Code and the Bankruptcy Rules.

I.      The Plan has been accepted in writing by the requisite majorities of all Impaired Classes of Claims.

J.      The Plan satisfies all of the applicable provisions of the Bankruptcy Code, and, as required by Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtors as the proponents.   Pursuant to Bankruptcy Rule 3016(c), both the Plan and Disclosure Statement have described in specific and conspicuous language all acts proposed to be enjoined and identified all entities subject to the injunction contained in the Plan.

K.      In accordance with § 1122(a) of the Bankruptcy Code, Article III of the Plan classifies each Claim against and Interest in the Debtors that are substantially similar to such Claims or Interests.   The Plan, therefore, satisfies § 1122(a) of the Bankruptcy Code.

L.      The Plan adequately and properly classifies all Claims and Interests required to be classified, and, accordingly, satisfies § 1123(a)(1) of the Bankruptcy Code.

M.      Pursuant to Article IV of the Plan, all Classes of Claims are identified as Impaired.   Accordingly, the Plan satisfies § 1123(a)(2) of the Bankruptcy Code.

N.      Article VI of the Plan specifies the treatment of each Impaired Class of Claims and Interests.   Accordingly, the Plan satisfies § 1123(a)(3) of the Bankruptcy Code.

O.      The Plan provides the same treatment for each Claim or Interest in each Class unless the holder of such a Claim or Interest agrees to less favorable treatment.   Accordingly, the Plan satisfies § 1123(a)(4) of the Bankruptcy Code.

P.      Article IX of the Plan sets forth the means by which the Plan will be implemented. The Plan makes adequate means for its implementation and satisfies § 1123(a)(5) of the Bankruptcy Code.

Q.      Upon the occurrence of the Effective Date, the amended and restated certificate of incorporation of the Liquidating Debtor will contain provisions prohibiting the issuance of non-voting equity securities.   Accordingly, the Plan satisfies § 1123(a)(6) of the Bankruptcy Code.

R.      The Debtors have disclosed the identities of those persons who will serve as officers and directors of the Liquidating Debtor.   Accordingly, the Plan satisfies § 1123(a)(7) of the Bankruptcy Code.

S.      The Plan provides that all executory contracts or unexpired leases will be deemed rejected upon the Effective Date, except for any such contracts or leases that (a) have been assumed or rejected pursuant to final Order of the Bankruptcy Court, (b) are specifically treated in the Plan, or (c) are the subject, as of entry of this Order, of a motion to assume currently pending before the Bankruptcy Court.   The Plan further provides that the entry of the Confirmation Order constitutes approval of such rejections pursuant to §§ 365(a) and 1123(b)(2)

of the Bankruptcy Code, in each case as of, and subject to the occurrence of, the Effective Date. The Debtors' decision regarding the assumption and rejection of executory contracts and unexpired leases is based on and is within their sound business judgment, is necessary to the implementation of the Plan, and is in the best interests of the Debtors, their estates, Holders of Claims, and other parties in interest in this Chapter 11 Case.

T.      Consistent with the requirements of § 1146(c) of the Bankruptcy Code, the transfer or vesting of any real or personal property of the Debtors or the issuance of any securities in accordance with the Plan or the Confirmation Order,   is not subject to taxation under any state or local law imposing a stamp, transfer or similar tax.

U.      The Debtors have complied with all of the provisions of the Bankruptcy Code and the Bankruptcy Rules governing notice, disclosure, and solicitation in connection with the Plan, the Disclosure Statement, and all other matters considered by this Court in connection with this Chapter 11 Case.

V.      The Debtors have properly solicited votes with respect to the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, as well as the Balloting Order.   All of the Ballots were properly solicited and tabulated. The Debtors accordingly have satisfied § 1129(a)(2) of the Bankruptcy Code.

W.      This Court has examined the totality of the circumstances surrounding the formulation of the Plan.   The Plan has been proposed in good faith by the Debtors.   The Debtors have acted in good faith in formulating and proposing the Plan and have properly performed their fiduciary duties.   All parties have acted in good faith and received no unfair advantage.

Evergreen Security Ltd.
Case No. 01-00533-6B1                                   C:\DOCUME~1\ADMINI~1\LOCALS~1\TEMP\08-BK-04327-KSJ-ORDER_CONFIRMING_JOINT_AMENDED_PLAN_OF_LIQUIDATION-8BBRXWHSIF.DOC

6

X.    Since the Debtors' business has not continued after the Petition Date and the sole

goal of the Plan is to generate the maximum amount of Extraordinary Income possible for the

benefit of the Holders of Allowed Claims, the Plan does not provide for the discharge of any

claims or liabilities.

Y.    On the Effective Date: (i) all assets, and all proceeds thereof, and all liabilities of

the Debtors, will be treated as though the assets and liabilities were merged into a single entity

which shall be the Liquidating Debtor; (ii) all Intercompany Claims will receive no distribution

under the Plan; (iii) any obligation of any Debtors and all Guaranties thereof executed by one or

more of the Debtors, and any Claims filed in a case of a Debtor hereof or to be filed in

connection with any such obligation and guarantee will be deemed one Claim against the

Liquidating Debtor; (iv) each and every Claim filed in the individual Chapter 11 Case of any of

the Debtors will be deemed filed against the Liquidating Debtor; and (v) for purposes of

determining the availability of the right of setoff under section 553 of the Bankruptcy Code, the

Debtors shall be treated for purposes of the Plan as one entity so that, subject to the other

provisions of section 553 of the Bankruptcy Code, debts due to any of the Debtors may be set off

against the debts of any of the Debtors.

Z.    On the Effective Date, the Liquidating Debtor shall receive, retain, and pursue for

the benefit of holders of Allowed Claims, any and all Causes of Action belonging to any of the

Debtors.  Any rights to claim any legal privileges previously enjoyed by the Debtors shall also

vest in the Liquidating Debtor to be exercised by the President.  For purposes of the Plan, the

Liquidating Debtor, through its President acting in his or her official, shall be designated as the

representative of the Bankruptcy Estates for the retention and enforcement of any Claim or

Interest belonging to the Debtors or the Bankruptcy Estates pursuant to 11 U.S.C. §

Evergreen Security Ltd.
Case No. 01-00533-6B1                                   C:\DOCUME~1\ADMINI~1\LOCALS~1\TEMP\08-BK-04327-KSJ-ORDER_CONFIRMING_JOINT_AMENDED_PLAN_OF_LIQUIDATION-8BBRXWHSIF.DOC

7

1123(b)(3)(B).   Any recovery from the Causes of Action will be paid to the holders of Allowed Claims as provided for herein, less the costs of recovering or attempting to recover Extraordinary Income through the Causes of Action and other means.

AA.    All payments to be made by Cuthill to Professionals retained by order of the Court for services or for costs and expenses in or in connection with this Chapter 11 Case, through the Confirmation Date, have been or are subject to review and approval by this Court upon the pending, and any supplemental, applications filed under §§ 330, 331 or 503(b) of the Bankruptcy Code.   Accordingly, the Plan satisfies § 1129(a)(4) of the Bankruptcy Code.

BB.    Article IX of the Plan provides for post confirmation payment by the Liquidating Debtor of certain fees and expenses of professionals employed by the Liquidating Debtor, without prior Court order, and the Court shall have jurisdiction over this matter only as provided under the Plan.

CC.    The Debtors have disclosed the identities, affiliations and compensation of the individuals who will serve as officers and/or directors of the Liquidating Debtor.   Cuthill will act as the initial President and the initial Director of the Liquidating Debtor.   The appointment, or continuation in office, of such individual is consistent with the interests of creditors and with public policy.   Accordingly, the Plan satisfies § 1129(a)(5) of the Bankruptcy Code.

DD.    The Plan does not provide for any changes in rates that require regulatory approval of any governmental agency. Section 1129(a)(6) of the Bankruptcy Code is accordingly not applicable.

EE.    Each Holder of an Impaired Claim that has not accepted the Plan will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtor was liquidated

under Chapter 7 of the Bankruptcy Code.    Thus, the Plan satisfies the "best interests" test under § 1129(a)(7)(A)(ii) of the Bankruptcy Code.

FF.    Pursuant to the Ballot Tabulations all Impaired Classes of Claims have voted in favor of the Plan.  The equity securities representing the Interests in Class 3 (Common Stock) have not voted; however, there is no holder of a junior Interest that will receive or retain any property on account of such Interest.    Accordingly, the Plan may be confirmed over the deemed rejection by Class 3, pursuant to § 1129(b)(2)(C) of the Bankruptcy Code.

GG.    Article IV, V, and VI of the Plan provide that, as of the Effective Date, all Allowed Administrative Claims and Allowed Priority Tax Claims should be fully satisfied and all Interests shall be extinguished.  In the event that any Allowed Priority Tax Claim remains unpaid after the Effective Date, the Liquidating Debtor shall insure that such Allowed Claims are paid prior to making any payments on account of Allowed Class 1 or 2 Claims.    Accordingly, the Plan satisfies the requirements of § 1129(a)(9) of the Bankruptcy Code.

HH.    The Plan satisfies § 1129(a)(10) of the Bankruptcy Code because an Impaired Class has voted to accept the Plan by the requisite majority, determined without including any acceptance of the Plan by Insiders.

II.    The Plan provides for the payment on the Effective Date (or as soon as practicable thereafter) of all fees payable under § 1930, Title 28, United States Code.  The Plan satisfies Section 1129(a)(12) of the Bankruptcy Code.

JJ.    It is not the principal purpose of the Plan to avoid taxes or the application of § 5 of the Securities Act of 1933, as amended.

KK.    The omission of any reference or specific discussion of all or part of any particular provision of the Plan herein shall have no effect on the validity, binding effect and enforceability

as every other provision of the Plan.   To the extent of any inconsistencies between the terms of this Confirmation Order and the Plan, the terms of this Confirmation Order shall control, except as otherwise provided herein.

LL.    If any provision of this Confirmation Order is hereafter modified, vacated, or reversed by subsequent Order of this Court or any other court of competent jurisdiction, such reversal, modification, or vacation shall not affect the validity of the obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's receipt of written notice of any such order; nor shall such reversal, modification or vacation hereof affect the validity or enforceability of such obligations.   Notwithstanding any reversal, modification or vacation hereof, any such obligations incurred or undertaken pursuant to and in reliance on this Confirmation Order prior to the effective date of such reversal, modification or vacation shall be governed in all respects by the provisions hereof and of the Plan, and all documents, instruments and agreements related thereto, or any amendments or modifications thereto.

MM.    The *Ore Tenus* Modifications do not constitute substantial modifications and, thus, no further solicitation is required.   The *Ore Tenus* Modification are deemed incorporated into the Plan.

For the foregoing reasons, the Court determines that the Plan should be confirmed. Accordingly, it is hereby

**ORDERED:**

1.    The Plan is in all respects confirmed pursuant to § 1129 of the Bankruptcy Code and all of its terms and provisions are approved.   The Debtors and Liquidating Debtor are authorized and directed to take any and all actions contemplated to be taken by it under the Plan.

Evergreen Security Ltd.
Case No. 01-00533-6B1                                        C:\DOCUME~1\ADMINI~1\LOCALS~1\TEMP\08\04327-KSJ-ORDER_CONFIRMING_JOINT_AMENDED_PLAN_OF_LIQUIDATION-8BBRXWHSIF.DOC

10

2.      The Objections are overruled. With respect to the objections filed by the adversary proceeding defendants: Hans C. Beyer, et al., Rachlin Cohen & Holtz, LLP, Richard E. Berman, et al., and James Moore & Co, PL, and notwithstanding anything herein to the contrary, neither the Plan nor this Confirmation Order shall be construed in any way to create, expand or modify the jurisdiction of this Court with respect to the above-named objecting parties. Furthermore, the above-named objecting parties have not submitted themselves to the jurisdiction of this Court by the filing of the objections.

3.      The Cramdown Motion is granted.

4.      In accordance with § 1141(a) of the Bankruptcy Code, the provisions of the Plan and this Confirmation Order are binding on the Debtors, Liquidating Debtor, each Creditor, and every other party-in-interest in this case and each of their respective successors and assigns (whether or not such Creditors or parties-in-interest voted to accept the Plan, whether or not they are Impaired under the Plan, and whether or not any such Holder has filed, or is deemed to have filed a proof of Claim or proof of Interest), and any other Person giving, acquiring, or receiving property under the Plan, and any lessor or lessee of Property to or from the Debtor.  The rights afforded in the Plan and the treatment of all Claims and Interests therein shall be in exchange for and in complete satisfaction of all Claims and Interests of any nature whatsoever, known or unknown, including, except as expressly provided in the Plan, interest accrued on or expenses incurred in connection with such Claims from and after the Order for Relief, against, the Liquidating Debtor or its property or interests in property.

5.      The provisions of this Confirmation Order will become operative on the Effective Date.

6.      In accordance with §§ 524 and 105(a) of the Bankruptcy Code, and except as otherwise provided in the Plan and this Confirmation Order on and after the Effective Date all Persons are permanently enjoined from, and restrained against, commencing or continuing in any court any suit, action, or other proceeding, or otherwise asserting any Claim or Interest, seeking to hold liable:    (a) the Liquidating Debtor and all officers and directors noted in the Confirmation Affidavit; and (b) the property of Liquidating Debtor, for any claim, obligation, right, interests, debt or liability that has been discharged or released pursuant to the Plan and for any and all claims arising under bankruptcy or nonbankruptcy law relating in any way to the Debtors, Liquidating Debtor or its business, except for any claims or actions related to gross negligence or willful misconduct.

7.      In accordance with § 1141(b) of the Bankruptcy Code and the Plan, title to the Debtors' assets, shall vest in the Liquidating Debtor on the Effective Date.    Until the Effective Date, the Debtors and Cuthill shall continue to perform their duties under the Code.    Except as otherwise expressly provided in the Plan and in this Confirmation Order, all assets and property of the Debtors shall be vested in the Liquidating Debtor, free and clear of all Liens, security interests, Claims and Interests of holders of Claims or Interests, and all such Liens, security interests, Claims and Interests are hereby extinguished.

8.      The provisions of Articles VI and IX of the Plan, governing distributions, reserves and procedures for resolving and treating disputed claims in Class 2 of the Plan, are found to be fair and reasonable and are hereby approved.

9.      Payment of all Allowed Claims of Professionals for fees and/or expenses, as provided herein, shall be paid on the date on which any Order authorizing the payment of such fees and/or expenses to such professional becomes a Final Order.

10.     The Debtors shall comply with all terms and conditions of the Plan, which terms and conditions are incorporated herein by reference.

11.     The Debtors are hereby authorized and directed to execute any necessary documents to meet the statutory requirements if any, for filing necessary papers with the State of Florida or any other jurisdiction to effectuate the terms of the Plan.

12.     The Debtors are hereby vested with the rights and powers granted to the Debtors pursuant to § 1107(a) of the Bankruptcy Code with respect to the allowance, treatment or avoidance of Liens or Claims which remain unresolved as of the Effective Date.

13.     The President of the Liquidating Debtor is hereby appointed as the representative of the Estate pursuant to 11 U.S.C. § 1123(b)(3)(B) for the purpose of retaining and enforcing the Causes of Action.

14.     Upon the Effective Date, the President, on behalf of the Liquidating Debtor, shall have the right, and be vested with the authority, to seek adjudication of the Causes of Action. Such rights shall be transferred to the Liquidating Debtor for the benefit of Class 2 Creditors as of the Effective Date, and the President, as representative of the estate, and subject to the relevant provisions and limitations set forth in the Plan, shall have the right and be fully vested with the authority to assert and prosecute such Causes of Action, and to prosecute, settle or compromise any such  Causes of Action, for the benefit of Class 2 Creditors.

15.     Upon the Effective Date, all executory contracts and unexpired leases of the Debtors not previously assumed by Order of this Court or subject to a pending motion to assume shall be deemed rejected, unless such contracts or leases were or are otherwise assumed pursuant to the Plan.   Parties to such rejected leases and contracts are required to submit their claims for rejection damages, if any, pursuant to the provisions of 11 U.S.C. § 502(g), within 30 days

Evergreen Security Ltd.
Case No. 01-00533-6B1                                                    C:\DOCUME~1\ADMINI~1\LOCALS~1\TEMP\08304327-KSJ-ORDER_CONFIRMING_JOINT_AMENDED_PLAN_OF_LIQUIDATION-8BBRXWHSIF.DOC

13

hereof.   All of the Debtors' right, title and interest in any contracts, leases or agreements entered into by the Debtors after the Petition Date, and/or not subject to assumption or rejection under § 365 of the Bankruptcy Code, shall vest in the Liquidating Debtor without further action on the Effective Date.

16.     In accordance with § 1145 of the Bankruptcy Code, the offer or issuance, sale, exchange or other transfer by the Debtors of any security in accordance with the Plan or this Confirmation Order,   is hereby declared exempt from: (a) the provisions of § 5 of the Securities Act of 1933, as amended (15 U.S.C. §77(e), as amended); and (b) any state or local law requiring registration for the offer or sale of a security or registration or licensing of the issuer or an affiliate thereof as an underwriter, broker or dealer in securities.

17.     Pursuant to § 1146(c) of the Bankruptcy Code and the Plan, the issuance, transfer, or exchange of notes or securities under the Plan the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan shall not be subject to any stamp, real estate transfer, or similar tax.   All filing and recording officers are hereby directed to accept for filing or recording all instruments of transfer to be filed and/or recorded, without the payment of any such taxes.

18.     All entities holding Claims against or Interests in the Debtors that are treated under the Plan are hereby directed to execute, deliver, file or record any document, and to take any action necessary to implement, consummate and otherwise effect the Plan in accordance with their respective terms, and all such entities shall be bound by the terms and provisions of all documents executed and delivered by them in connection with the Plan.

Evergreen Security Ltd.
Case No. 01-00533-6B1                    C:\DOCUME~1\ADMINI~1\LOCALS~1\TEMP\0894-04327-KSJ-ORDER_CONFIRMING_JOINT_AMENDED_PLAN_OF_LIQUIDATION-8BBRXWHSIF.DOC

14

19.     In accordance with § 1142 of the Bankruptcy Code, the Debtor, the Liquidating Debtor and any other entity designated pursuant to the Plan are hereby authorized, empowered, and directed to issue, execute, deliver, file, and record any document, and to take any action necessary or appropriate to implement, consummate and otherwise effectuate the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents issued, executed and delivered by them as necessary or appropriate to implement or effectuate the transactions contemplated by the Plan.

20.     The Debtors are hereby authorized upon subsequent order of the Bankruptcy Court, to amend or modify the Plan at any time prior to the Effective Date, but only in accordance with § 1127 of the Bankruptcy Code and the Plan.

21.     The Debtors shall pay to the United States Trustee the fees imposed pursuant to 28 U.S.C. § 1930(a)(6) within ten (10) days of the entry of this Order for preconfirmation periods and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period.

22.     The Liquidating Debtor shall further pay to the United States Trustee the fees imposed pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), until the earlier of the closing of this case by the issuance of Final Decrees by the Court, or until the entry of Orders by this Court dismissing this case or converting this case to another chapter under the Bankruptcy Code.  The Liquidating Debtor shall provide to the United States Trustee, upon the payment of each post-confirmation payment, an appropriate affidavit indicating all the cash disbursements for the relevant period.

23.     Until this case is closed through the entry of a final decree, the Court shall retain jurisdiction pursuant to Rule 3020(d) to ensure that the provisions and the intent of the Plan are

Evergreen Security Ltd.
Case No. 01-00533-6B1                                        C:\DOCUME~1\ADMINI~1\LOCALS~1\TEMP\08B04327-KSJ-ORDER_CONFIRMING_JOINT_AMENDED_PLAN_OF_LIQUIDATION-8BBRXWHSIF.DOC

15

carried out.  The Court shall also retain jurisdiction to hear and determine all claims against the Debtor; to hear, determine, and enforce all Causes of Action arising in, arising under, or related to this Case and which may exist on behalf of the Debtors, or the Liquidating Debtor; to hear and resolve all objections to the fees or expenses of Professionals or others as provided for in the Plan; and to confirm, after proper notice and hearing, any proposed sale of assets (although after the Effective Date no such sale of assets would require Bankruptcy Court approval).  Nothing contained herein shall prevent the Debtors or the Liquidating Debtor from taking such action as may be necessary in the prosecution of any cause of action which may exist on its or on the Debtors' behalf and nothing contained herein shall prevent any creditor from enforcing any claim it may have against third parties who may be liable as a result of the Debtors' obligation to such creditor except as specifically provided for herein.

24.    In the event the Liquidating Debtor fails to follow the provisions of M.D. Fla. L.B.R. 3022-1, Liquidating Debtor shall file a report within ninety (90) days from the date of the Confirmation Order, setting forth the progress made in consummating the Plan.  The Report shall include:

(a)    a statement of distribution by Class, name of Creditor, date of distribution, and amounts paid;

(b)    a statement of transfer of property; and

(c)    a statement of affirmation that Liquidating Debtor has substantially complied with the provisions of the confirmed Plan.

25.    Within five (5) days after the entry of this Confirmation Order, the Liquidating Debtor shall mail to all known Creditors and Holders of Interests and all other parties in interest (including Professionals) copies of this Confirmation Order.

Evergreen Security Ltd.
Case No. 01-00533-6B1                                    C:\DOCUME~1\ADMINI~1\LOCALS~1\TEMP\04327-KSJ-ORDER_CONFIRMING_JOINT_AMENDED_PLAN_OF_LIQUIDATION-8BBRXWHSIF.DOC

16

26.    This Confirmation Order shall be deemed to constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or other governmental authority, whether foreign or domestic, or judicial or administrative body, whether foreign or domestic, with respect to the implementation or consummation of the Plan.

27.    Hereafter, the only parties to whom notices of matters and proceedings shall be given, and on whom service of pleadings is required shall be limited to the Liquidating Debtor, care of the President and his professionals, and the United States Trustee, by notifying or serving them and their respective counsel of record at the following addresses:

Liquidating Debtor
c/o R.W. Cuthill, Jr.
341 N. Maitland Ave., Ste. 210
Maitland, FL 32751

With a copy to:

R.Scott Shuker
Latham, Shuker, Eden & Beaudine, LLP
PO Box 3353
Orlando, FL    32801

United States Trustee:
135 West Central Blvd, Suite 620
Orlando, Florida 32801

28.    Pursuant to the provisions of Bankruptcy Rule 3020(e), the ten-day stay otherwise required is hereby waived, and this Confirmation Order shall become effective immediately upon

Evergreen Security Ltd.
Case No. 01-00533-6B1                                    C:\DOCUME~1\ADMINI~1\LOCALS~1\TEMP\08327-04327-KSJ-ORDER_CONFIRMING_JOINT_AMENDED_PLAN_OF_LIQUIDATION-8BBRXWHSIF.DOC

17

entry, and the Effective Date shall occur as soon as the conditions precedent to effectiveness set forth in the Plan have occurred or been waived as provided for in the Plan.

     **DONE AND ORDERED** on October 27, 2009.

_____

**KAREN S. JENNEMANN**
United States Bankruptcy Judge

Copies to:

Debtor: R. W. Cuthill, Jr., 341 N. Maitland Ave., Suite 210, Maitland, Florida 32751;

Debtor's Counsel:   R. Scott Shuker, Esq., Latham, Shuker, Eden & Beaudine, LLP, PO Box 3353, Orlando, Florida 32802-3353;

Office of the United States Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801; and

All Creditors & Interested Parties

Evergreen Security Ltd.
Case No. 01-00533-6B1                             C:\DOCUME~1\ADMINI~1\LOCALS~1\TEMP\0818\04327-KSJ-ORDER_CONFIRMING_JOINT_AMENDED_PLAN_OF_LIQUIDATION-8BBRXWHSIF.DOC

18