UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT
OF FLORIDA

**FILED**

OCT 30 2009

CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

In re: Mirabilis Ventures Inc.                          Case No:

_____/

## Motion for Appointment of Guardian Ad Litem

Comes now, Frank L. Amodeo, a contingent creditor in the case and the corporate representative of the sole secured creditor; as well as the corporate representative of two of the largest unsecured creditors and moves the Court to appoint a Guardian Ad Litem, showing the Court in support of which as follows:

1.    Amodeo was declared legally incompetent by the State of Florida on or about May 26, 2008.

2.    This Court and the Debtor first had an indication of such incompetency on June 14, 2008, when the matter was brought to the Court's attention during a hearing by Assistant United States Attorney I. Randall Gold, Esquire.

3.    This order of incompetency remains in full force and effect. As such Amodeo lacks the legal authority to contract or represent Amodeo's interests before this Court or in this action.

4.    This Court has authority to appoint a guardian ad litem pursuant to Federal Rule of Procedure 17(c) or its bankruptcy equivalent.

5.    The Eleventh Circuit Court of Appeals and the District Court for the Middle District of Florida have determined an incompetent is entitled to a guardian ad litem appointed by the Court in civil litigation. Burke v. Smith 252F.3d 1260 (11th Cir 2001); Greenworth Life Insurance Co. v. Sehorne 2008 U.S. Dist LEXIS 30369 (April 2008 M.D. of Fla.); Scannavino v. Fla. Dept. of Corrections 242 F.R.D.662, 2007 U.S. Dist LEXIS 41579 (M.D. of Fla. 2007).

6.    The Supreme Court has determined that the prior determination of state courts are to be given preclusive effect in federal courts pursuant to the principle that federal courts are required by the full faith and credit provisions of federal law currently embodied in 28 USCS § 1738. This principle is long established, originally found in the Act of 1790; Mills v. Duryee (1813) 11 US 481; Thompson v. Williams (1874) 85 U.S. 457, 21 L.Ed 897; American Surety Co. v. Baldwin (1932) 287 US 156; 77 L.Ed 231, 53 S. Ct 98; Allen v. McMurry (1980) 449 US 90, 66 L. Ed 2d 308, 101 S.Ct 411; Kremer v. Chemical Construction Corp. (1982) 72 L. Ed 2d, 102 S.Ct 1883; Demosthenes v. Baal (1990) 495 U.S. 731, 109L.Ed 2d 762, 110 S.Ct. 2223.

7.    Since Amodeo has substantial interests in the outcome of the bankruptcy proceeding, substantial duties to claimants in the case and has been declared incompetent, and since Amodeo lacks a general representative;

1

Amodeo is entitled to appointment of a guardian ad litem.

Wherefore, Amodeo respectfully requests the Court appoint a guardian ad litem and such other and further relief as the Court deems appropriate and fair.

Respectfully submitted this ⅖day of October 2009.

Frank L. Amodeo
F.C.C.-Low
P.O.Box 1031
Coleman, Florida 33521


## CERTIFICATE OF SERVICE

A copy of this motion has been served by first class mail on the following:

1. I. Randall Gold, Esq. c/o United States Attorney's Office
   501 W. Church St., Suite 300, Orlando, Fla 32801

2. Elizabeth Green, Esq. c/o Latham Shuker et. al.
   390 North Orange Ave, Suite 600, Orlando, Fla. 32802-3553

10/26/09

Date

Frank L. Amodeo