

In re:
MIRABILIS VENTURES, INC.                    Case No.: 6:08-bk-04327-KSJ

Chapter 11

_____/

### Response to Mirabilis Venture, Inc's
### Objection to Allowance of Claim No. ⬛
of Paradyme, Inc.

Comes Now, Paradyme, Inc., and files this response to the Debtors' objection and requests the Court to treat this matter as an adversary proceeding. In support of which showing the Court as follows:

1.    Paragraphs 1 through 10 of the Debtors' objection are admitted.

2.    In response to paragraph 10, 11, 12, and 13 Amodeo's plea agreement's validity is in dispute based on issues of competency, voluntariness, constitutional violations and public policy (see affidavit of Amodeo which will be filed in this case on or about November 5, 2009 and incorporated by reference.

3.    In response to paragraph 14, 15, 16, 17, 18, 19, and 20. Paradyme admits these paragraphs as between the Debtor and the USA. Otherwise denied.

To the extent the disputed preliminary order of forfeiture has any effect at all it is limited to Amodeo s interest in Paradyme assets.

4.    In regards to paragraph 20, 21, and 22, Paradyme notes the Paradyme claim was filed prior to the Compromise of Controversy between the Debtors and the USA.

If either the USA or the Debtors had wished to address the Paradyme claim; they could have contacted Paradyme regarding the issue and included Paradyme in the Compromise.

Both USA and Debtors chose not to address the claim nor involve Paradyme in the resolution.

As such the compromise is just what the compromise purports: a settlement of controversy between USA and Debtor.

Paradyme's rights vis-a-vis both the USA and the Debtors' remain unresolved.

Finally, factually the Debtors' officers up to and including the current officers have repeatedly claimed that the Debtors (AEM,Inc. in particular) did not own the Paradyme book of business.

None the less, AEM,Inc. collected the payroll taxes of Paradyme, deposited those taxes into an AEM Inc. bank account; then proceeded to transfer the taxes not to Paradyme, not to the IRS on behalf of Paradyme but instead spent the money or transferred the funds to other companies owned by the Debtor.

Calling this a loan is very polite, but regardless of the name of the misappropriation it is a valid claim against the bankruptcy estate.

5.    As to paragraph 23; Amodeo is an authorized representative of Paradyme, its liquidating director as such. Amodeo has standing in this bankruptcy proceeding to file a claim. Any forfeiture affects only Amodeo s personal interests, if these, not the rights of Paradyme.

6.    As to paragraph 24, the claim was calculated by using the Debtors' business records and with the assistance of the Debtors' officers and employees.

Further the current officers of the Debtors' admit; neither AEM nor Mirabilis had anywhere near $123,200,045.13 in gross revenues, this money had to come from somewhere else.

The somewhere else was PBS and Paradyme; whether loan, misappropriation, or breach of the Debtors' contract with PBS and Paradyme or breach of duty.

7.    Paragraph 25 is denied.

8.    Paradyme also needs to bring to the Court s attention Paradyme has never been served with a copy of the Debtors disclosure statement or the Debtors' plan.

Paradyme never received a ballot or was given an opportunity to vote To the extent a plan has been confirmed Paradyme asks the Court to reconsider such confirmation

Paradyme requests the Debtor be directed to serve upon Paradyme s representative a copy of the disclosure statement and plan; as well as a ballot.

9.    Paradyme has not yet received an objection to Paradyme s claim; however since Paradyme s claim substantially overlaps PBS' claim. Paradyme filed this response in anticipation of an objection and in belief the issues are best resolved jointly for purposes of judicial economy

Wherefore Paradyme requests Paradyme's claim be allowed, costs of this action be awarded against the Debtors', this matter be treated as a contested-matter with full discovery typically available in an adversary proceeding and such other and further relief as the Court deems

appropriate and fair.

Respectfully submitted this 3rd day of November  2009

Paradyme, Inc.
c/o Frank L. Amodeo
F.C.C – Low
P. O . Box 1031
Coleman , FL 33521 -1031


## CERTIFICATE OF SERVICE

The undersign certifies a copy of this response has been served by first class mail on this $3rd$ day of November  2009 to

R . Scott Shuker , Esq.
Latham, Shuker, Eden and Beaudine LLP
390 North Orange Avenue
Suite 600
Orlando, Florida 32802 –3353