UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED

NOV 09 2009

CLERK, U.S. BANKRUPT
ORLAND

In re:                                         Case No.: 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                      CHAPTER 11
            Debtor.

_____/

Response to Mirabilis Venture,Inc's
Objection to Allowance of Claim No.15

Comes Now, Titanium Technologies,Inc., and files this response to
the Debtors' objection and requests the Court to treat this matter as an
adversary proceeding. IN support of which showing the Court as follows:

1.   Paragraphs 1 through 10 of the Debtors' objection are admitted.

2.   In response to paragraph 10, 11, 12, and 13, Amodeo's plea agreement's
validity is in dispute based on issues of competency, voluntariness,
constitutional violations, and public policy (see affidavit of Amodeo which
will be filed in this case on or about November 5, 2009 and incorporated
by reference).

3.   In response to paragraph 14, 15, 16, 17, 18, 19, and 20. Titanium
admits these paragraphs as between the Debtor and the USA.

     As to Titanium, Titanium's assets are not forfeit.

     To the extent the disputed preliminary order of forfeiture has any
effect at all it is limited to Amodeo's interest in Titanium's assets.
not Titanium's interest.

4.   In regards to paragraph 20, 21, and 22, Titanium notes the Titanium
claim was filed prior to the Compromise of Controversy between the Debtors
and the USA.

     If either the USA or the Debtors had wished to address the Titanium
claim; they could have contacted Titanium regarding the issues and included
Titanium in the Compromise.

     Both USA and Debtors chose not to address the claim nor involve Titanium
in the resolution.

     As such the compromise is just what the compromise purports; a settlement
of controversy between USA and Debtor.

     Titanium's rights vis a vis both the USA and the Debtors' remain unresolved.

5.   As to paragraph 23, Amodeo is an authorized representative of Titanium,

its liquidating director as such. Amodeo has standing in this bankruptcy proceeding to file a claim. Any forfeiture affects only Amodeo's personal interests, if these, not the rights of Titanium.

**6.** Titanium's claim of $31,544,910.88 was calculated by former officers of the Debtors, using the Debtors contemporaneously maintained business record.

**7.** Paragraph 25 of the objection is denied.

**8.** Titanium also needs to bring to the Court's attention Titanium has never been served with a copy of the Debtors disclosure statement or the Debtors' plan.

Titanium never received a ballot or was given an opportunity to vote. To the extent a plan has never been confirmed Titanium asks the Court to reconsider such confirmation.

Titanium requests the Debtor be directed to serve upon Titanium's representative a copy of the disclosure statement and plan; as well as a ballot.

WHEREFORE, Titanium requests Titanium's claim be allowed, costs of this action be awarded against the Debtors', this matter be treated as a contested-matter with full discovery, typically available in an adversary proceeding and such other and further relief as the Court deems appropriate and fair.

Respectfully submitted this ⟋ day of November 2009.

Titanium Technologies,Inc.
c/o Frank L. Amodeo
F.C.C.-Low
P.O. Box 1031
Coleman, Florida 33521

2

## CERTIFICATE OF SERVICE

The undersigned certifies a copy of this response has been served by first class mail on this ___S___ day of November 2009 to:

R. Scott Shuker,Esq.
Latham, Shuker, Eden, and Beaudine LLP
390 North Orange Avenue
Suite 600
Orlando, Florida 32802-3353

Frank L. Amodeo