**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |
|---|---|
| In re: | : |
| MIRABILIS VENTURES, INC., | : Case No. 6:08-BK-04327-KSJ |
| Debtor. | : Chapter 11 |

**SECURE SOLUTIONS, LLC'S RESPONSE TO MIRABILIS VENTURES, INC.'S OBJECTION TO ALLOWANCE OF CLAIM NO. 27**

SecureSolutions, LLC ("Secure Solutions") hereby responds (the "Response") to Mirabilis Ventures, Inc.'s Objection to Allowance of Claim No. 27 Submitted by Secure Solutions, LLC (Docket No. 340) (the "Claims Objection"). In support of the Response, Secure Solutions, by and through its undersigned counsel, respectfully represents:

**Background**

1. On May 27, 2008, Mirabilis Ventures, Inc., the debtor and debtor-in-possession in the above captioned chapter 11 case (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code").

2. The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3. On September 22, 2008, Secure Solutions filed a proof of claim in the Debtor's case in the amount of $3,650,000 plus offset of Mirabilis debt or equity claims, which was docketed as Proof of Claim No. 27 (the "Claim").[1]

4. On October 9, 2009, the Debtor filed the Claims Objections, objecting to each of the two Claims.

### Jurisdiction

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

6. In the Claims Objection, Mirabilis maintains simply that "[a]ny lost profits alleged by SSLLC are not recoverable as damages from Mirabilis. Therefore, Claim No. 27 should be disallowed to the extent that it represents profit loss to SSLLC." Claims Objection ¶ 7.

However, numerous courts have held that claims for lost profits are, in fact, allowable as claims against a debtor in bankruptcy. See, e.g., In re Best Payphones, Inc., Case No. 01-15472, 2007 Bankr. LEXIS 1677, at *1-2 (Bankr. S.D.N.Y. May 8, 2007) (concluding that claimant "holds an allowed claim for lost profits in the principal sum of $238,082.43, plus statutory interest accruing through the petition

---

[1] The same day, Secure Solutions also filed a second proof of claim in the Debtor's case in the amount of $1,178,611, which was docketed as Proof of Claim No. 26. The Debtor filed a separate objection with respect to that claim, and Secure Solutions is filing a separate response substantially contemporaneously herewith.

date"), reh'g denied, 50 Bankr. Ct. Dec. 60 (Bankr. S.D.N.Y. 2008); In re LJSC, Ltd., Case No. 05-16216, 2006 Bankr. LEXIS 861, *22 (Bankr. D. Kan. May 4, 2006) ("AeroMech is entitled to its anticipated lost revenue in the amount of $ 409,200.").

7. Additionally, in the Claims Objection, Mirabilis maintains that Secure Solution's request to have Mirabilis' ownership or debt positions declared null and void is "equitable relief which is inappropriate in the context of this Proof of Claim." Claims Objection ¶ 8. However, the very definition of "claim" recognizes that a claim may be based on equitable relief:

> The term "claim" means—
> **(A)** right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, *equitable,* secured, or unsecured; or
> **(B)** *right to an equitable remedy* for breach of performance if such breach gives rise to a right to payment, whether or not such *right to an equitable remedy* is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. §101(5) (emphasis added).

8. Finally, in the Claims Objection, Mirabilis maintains that the Claim should be disallowed because "no copies of the instruments upon which SSLLC relies have been filed with its claim." Claims Objection ¶ 9. However, Rule 3001(c) of the Federal Rules of Bankruptcy Procedure requires writings to be attached to a proof of claim only when the claim is based upon a writing. See Fed. R. Bankr. P. 3001(c) ("When a claim . . . is based on a writing, the original or a duplicate shall be

filed with the proof of claim."). Here, as set forth in the proof of claim form, Secure Solutions' claim is based upon lost profits that were caused by Mirabilis, and is not based upon a written document.

WHEREFORE Secure Solutions respectfully requests entry of an order (I) overruling and denying the Claims Objections, and (II) granting Secure Solutions such other and further relief as is just.

Dated: January 18, 2010

>/s/ Peter N. Hill
>Peter N. Hill.
>Fla. Bar No. 368814
>Wolff, Hill, McFarlin & Herron, P.A.
>1851 W. Colonial Drive
>Orlando, FL 32804
>Telephone: (407) 648-0058
>Fax: (407) 648-0681
>Email:  phill@whmh.com
>
>Attorneys for Secure Solutions, LLC

CERTIFICATE OF SERVICE

I certify that on January 18, 2010 a copy of the foregoing was furnished to the following by United States first class mail, post prepaid, or by electronic mail:

Marianne L. Dorris, Esq., Latham, Shuker, Eden & Beaudine, LLP, P.O. Box 3353, Orlando, FL 32802-3353

United States Trustee, 135 West Central Blvd., Suite 620, Orlando, FL 32801

>/s/ Peter N. Hill
>Peter N. Hill