UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                  CASE NO.  6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                               CHAPTER 11

                    Debtor.

_____/

## MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY BY AND BETWEEN MIRABILIS VENTURES, INC. AND JEFFREY REICHEL

---

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Bankruptcy Court will consider this motion, objection or other matter, without further notice or hearing unless a party in interest files an objection within twenty one (21) days from the date this paper is entered on the docket. If you object to the relief requested in this motion, you must file your objection with the Clerk of the Bankruptcy Court at 135 W. Central Blvd., Suite 950, Orlando, Florida 32801 and serve a copy on counsel for the Debtor, R. Scott Shuker, Esq., Latham, Shuker, Barker, Eden & Beaudine, LLP, P. O. Box 3353, Orlando, Florida 32802-3353.

If you file and serve an objection within the time permitted, the Bankruptcy Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Bankruptcy Court will consider that you do not oppose the granting of the relief requested in the motion, will proceed to consider the motion without further notice or hearing, and may grant the relief requested.

---

MIRABILIS VENTURES, INC. ("Mirabilis" or the "Debtor"), by and through its undersigned counsel, and pursuant to Federal Rule of Bankruptcy Procedure 9019(a), moves for an order approving the settlement agreement between the Debtor and JEFFREY REICHEL ("Reichel") ("Motion"), and, in support thereof, states as follows:

1.      On May 27, 2008, Mirabilis filed a Chapter 11 Petition in the United States Bankruptcy Court, Middle District of Florida, Orlando Division ("Bankruptcy Court") Case No. 6:08-bk-04327-KSJ (the "Bankruptcy Case").

2.     On October 27, 2009, the Court entered an Order approving the Debtor's Joint Plan of Liquidation (the "Plan"). (Doc. No. 375).

## Jurisdiction

3.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district for this Motion pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Background

5.     Mirabilis and Reichel are parties to a certain civil action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Civil Case No. 07-11827 (the "Lawsuit").

6.     Mirabilis filed the Lawsuit alleging certain breaches and causes of action against Reichel relating to that certain Stock Purchase Agreement by and between Reichel and Mirabilis, which agreement was executed on December 29, 2005 ("Stock Purchase Agreement"); Reichel answered and counterclaimed alleging certain breaches and causes of action relating to the Stock Purchase Agreement.

7.     The Lawsuit contains claims and counterclaims arising out of and in connection with and related to said Stock Purchase Agreement as well as other claims.

8.     The parties wish to resolve all disputes between them asserted in the Lawsuit and other claims, disputes, causes of action, contracts, demands, transactions and differences among them, as provided in a settlement agreement (the "Settlement Agreement") in exchange for consideration set forth in the Agreement.  A true and correct copy of the Settlement Agreement is attached to the original Motion filed with the Court as **Exhibit "A"**.

9.    Mirabilis' and Reichel's obligations under the Settlement Agreement are expressly predicated on the entry of an Order by the Bankruptcy Court approving the Settlement Agreement and the terms and conditions contained therein.

10.    Under the Settlement Agreement, and in full resolution of the claims that may have been asserted by Reichel against Mirabilis in the Lawsuit, Mirabilis agrees that it will not object to Reichel's Amended Proof of Claim, filed on or about September 23, 2008 in the amount of $708,481.39 (as a non-priority unsecured claim) and bearing docket number 24-2 in the Bankruptcy Case ("Reichel Proof of Claim").    Mirabilis agrees that it will withdraw its objection to Reichel's Proof of Claim and further agrees that it will file no further objection to the Reichel Proof of Claim. Mirabilis further agrees that it will permit Reichel to recover a distribution as an unsecured creditor in his pro rata share pursuant to the Reichel Proof of Claim if a distribution is made to unsecured creditors in the Bankruptcy Case pursuant to the Plan.

11.    In exchange, upon entry of a Final Order approving the Settlement Agreement, Reichel shall cause his counsel to promptly dismiss with prejudice any claims and causes of action that he has asserted against Mirabilis in the Lawsuit and Mirabilis shall cause its counsel to promptly dismiss with prejudice any claims or causes of actions it has asserted against Reichel in the Lawsuit; however, such dismissal with prejudice of the claims does not in any way affect the Reichel Proof of Claim in the Bankruptcy Case.

12.    Also, pursuant to the Settlement Agreement, Mirabilis will release Reichel from any and all obligations with regard to any employment agreements or restrictive covenants related to the Stock Purchase Agreement including, but not limited to, those agreements which are attached as exhibits to the Stock Purchase Agreement and such agreements, covenants and

3

any obligation thereto by any party will be null and void as of the effective date of the Settlement Agreement.

## Requested Relief

13.    The parties entered into the Settlement Agreement to avoid the risks, delay, and expense of litigation.

14.    Federal Rule of Bankruptcy Procedure 9019(a) states, in part, "[T]he Court may approve a compromise or settlement."

15.    Mirabilis believes the Settlement Agreement is fair, reasonable, and in the best interest of the estate and its creditors and requests the entry of an order approving the Settlement Agreement.

16.    The alternative to the Settlement Agreement is burdensome and costly litigation which would consume valuable estate resources with no guaranty of success.

**WHEREFORE**, Mirabilis respectfully requests that this Court enter an order granting the Motion for approval of the Settlement Agreement and granting such further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 1st day of February 2010.

/s/ Justin M. Luna          JML
R. Scott Shuker, Esq.
Florida Bar No. 0984469
rshuker@lseblaw.com
Mariane Dorris, Esq.
Florida Bar No. 173665
Justin M. Luna, Esq.
Florida Bar No. 0037131
Latham, Shuker, Eden & Beaudine, LLP
390 N. Orange Ave., Suite 600
Orlando, FL 32801
Tel: (407) 481-5800
Fax: (407) 481-5801
*Attorneys for Mirabilis Ventures, Inc.*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                          CASE NO.  6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                       CHAPTER 11

                    Debtor.
_____/

### Certificate of Service

   I HEREBY CERTIFY that a true copy of the **MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY BY AND BETWEEN MIRABILIS VENTURES, INC. AND JEFFREY REICHEL**, together with all exhibits, has been furnished either electronically or by facsimile and by U.S. First Class, postage prepaid mail to: Gary Barnes, Esq., *Counsel for Jeffrey Reichel*, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. 3414 Peachtree Road, N.E. Suite 1600, Monarch Plaza, Atlanta, Georgia 30326 ; Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., President, c/o 341 N. Maitland Ave., Suite 210, Maitland, Florida 32751; United States Trustee: Elena L. Escamilla, Esq., 135 W. Central Blvd., Suite 620, Orlando, Florida 32806; Intervenor: I. Randall Gold, Esq., United States Attorney's Office, 501 West Church Street, Suite 300, Orlando, Florida 32765; and all parties on the attached Local Rule 1007-2 parties-in-interest list, as shown on the matrix attached to the original of this motion filed with the Court, this 1st day of February, 2010.

                                        /s/ Justin M. Luna
                                        Justin M. Luna, Esquire

5

Label Matrix for local noticing
113A-6
Case 6:08-bk-04327-KSJ
Middle District of Florida
Orlando
Mon Feb  1 11:43:52 EST 2010

Michael E. Addison
Addison & Howard, P.A.
Post Office Box 172535
Tampa, FL 33672-0535

Advantage Collection Prof
2775 Jade Street
Mora, MN 55051-6240

American Express
2965 West Corporate Lakes Bl
Weston, FL 33331-3626

BNA Tax Management
9435 Key West Ave.
Rockville, MD 20850-3339

Kimberly Bartley
Waldron & Schneider LLP
15150 Middlebrook Drive
Houston, TX 77058-1226

Brandywine Grande C. LP
c/o Cantor Arkema, PC
1111 East Main Street
Richmond, VA 23219-3531

Buchanan Ingersoll & Rodney
401 E Jackson St.
Suite 2500
Tampa, FL 33602-5236

Corporate Personnel Network, Inc
c/o David T. Ward
15615 Alton Pkwy #175
Irvine, CA 92618-7303

Joseph A DeMaria
Tew Cardenas LLP
1441 Brickell Avenue
Suite 1500
Miami, FL 33131-3431

Mariane L Dorris
Latham Shuker Eden & Beaudine LLP
390 North Orange Avenue
Suite 600
Orlando, FL 32801-1684

Tara C Early
Stanton & Gasdick PA
390 North Orange Avenue
Suite 260
Orlando, FL 32801-1612

Elena L Escamilla
United States Trustee
135 W Central Blvd  Suite 620
Orlando, FL 32801-2440

F. Del Kelley
5220 S. Washington Ave
Titusville, FL 32780-7316

Kristina E. Feher
Atlantic Legal Group, P.A.
10101 9th St. N., Suite 248
St. Petersburg, FL 33716-3800

First Commercial Ins. Corp.
POB 126160
Hialeah, FL 33012-1602

Forge Capital Partners LLC
c/o Bart Valdes
609 W Horatio St
Tampa FL 33606-2272

James E Foster
Akerman Senterfitt
Post Office Box 231
Orlando, FL 32802-0231

Frank L. Amodeo
1875 South Orange Ave
Suite 500 -PMB 1810
Orlando, FL 32806

Fred Sandlin
161 Mallard Lane
Daytona Beach, FL 32119-8331

Gill R Geldreich
Tennessee Attorney General's Office
Post Office 20207
Nashville, TN 37202

Gilbert Weisman
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355-0701

Gillio Development, Inc.
657 Caledonia Place
Sanford, FL 32771-6403

I Randall Gold
United States Attorney's Office
501 West Church Street
Suite 300
Orlando, FL 32805-2281

Elizabeth A Green
Baker & Hostetler LLP
200 S Orange Ave
Suntrust Center, Suite 2300
Orlando, FL 32801-3410

Kenneth D Herron Jr
1851 West Colonial Drive
Orlando, FL 32804-7013

Peter N Hill
Wolff Hill McFarlin & Herron PA
1851 West Colonial Drive
Orlando, FL 32804-7013

Horton Johnson
6211 Northglenn Drive
Orlando, FL 32806-6371

Humana/RMS
77 Hartland Street
Suite 401
East Hartford, CT 06108-3253

Carol Koehler Ide
U S Department of Justice - Tax Division
Post Office Box 14198
Ben Franklin Station
Washington, DC 20044-4198

Jackson Lewis
Attn:Anne Krupman
One North Broadway
White Plains, NY 10601-2310

Jeffrey Reichel
c/o Gary Barnes
3414 Peachtree Rd #1600
Atlanta, GA 30326-1164

Jeffrey Reichel
c/o Jill E. Kelso, Esquire
Akerman Senterfitt
PO Box 231
Orlando FL 32802-0231

Kenneth & Diane Hendricks
One ABC Parkway
Beloit, WI 53511-4466

Gordon L Kiester
Florida Department of Revenue
P O Box 2299
Mango, FL 33550-2299

Roy S Kobert
Post Office Box 4961
Orlando, FL 32802-4961

LeClair Ryan Trust
P.O. Box 2499
Richmond, VA 23218-2499

LexisNexis
P.O. Box 7247-7090
Phildelphia, PA 19170-0001

Esther A McKean
Akerman Senterfitt
Post Office Box 231
Orlando, FL 32802-0231

Charles J Meltz
Grower Ketcham
Post Office Box 538065
Orlando, FL 32853-8065

Mirabilis Ventures, Inc
c/o R.W.Cuthill, Jr
341 N. Maitland Ave #210
Maitland, FL 32751-4771

Todd K Norman
Stump Callahan Dietrich & Spears PA
Post Office Box 3388
Orlando, FL 32802-3388

On Target Solutions
3491 Woodley Park Place
Oviedo, FL 32765-5104

PaySource USA VII, Inc.
650 Poe Ave.
Dayton, OH 45414

RKT Constructions, Inc
5220 S. Washington Ave
Titusville, FL 32780-7316

Robi A. Roberts
2921 S. Washington Ave
Titusville, FL 32780-5022

Robi A. Roberts Trust
2921 S. Washington St
Titusville, FL 32780-5022

Saxon Gilmore, PA
201 E. Kennedy Blvd.
Suite 600
Tampa, FL 33602-5819

Bradley M Saxton
Post Office Box 1391
Orlando, FL 32802-1391

R Scott Shuker
Latham Shuker Eden & Beaudine LLP
Post Office Box 3353
Orlando, FL 32802-3353

Tennessee Dept of Labor & Workforce
Dev-Unemployment Ins
c/o TN Atty General Ofc Bankruptcy Div
PO Box 20207
Nashville TN 37202-4015

Tenshi Leasing
2875 S. Orange Ave.
Suite 500 PMB 1810
Orlando, FL 32806-5455

Titanium Technologies
2875 S. Orange Ave.
Suite 500 PMB 1810
Orlando, FL 32806-5455

United States Trustee - ORL
135 W. Central Blvd., Suite 620
Orlando, FL 32801-2440

Bart R Valdes
deBeaubien Knight Simmons Mantzaris Neal
332 North Magnolia Avenue
Orlando, FL 32801-1609

Joseph H Varner III
Holland & Knight, LLP
101 North Tampa Street, Suite 4100
Tampa, FL 33602

David T Ward
15615 Alton Pkwy #175
Irvine, CA 92618-7303

F Brent Wardrop
deBeubien Knight Simmons Mantzaris  Neal
332 North Magnolia Avenue
Orlando, FL 32801-1609

Gilbert Barnett Weisman
Becket & Lee LLP
16 General Warren Blvd
P O Box 3001
Malvern, PA 19355-0701

Stuart Wilson-Patton
Tennessee Attorney General's Office
Post Office Box 20207
Nashville, TN 37202-4015

Melissa Youngman
Wolf Hill McFarlin & Herron PA
1851 W Colonial Drive
Orlando, FL 32804-7013

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Corporate Personnel Network, Inc          (u)Karen S. Jennemann          (u)John Burcham
c/o David T. Ward                            Orlando                        undeliverable
15615 Alton Pkwy #175
Irvine, CA 92618-7303


(u)Mark J. Bernet                            End of Label Matrix
no city                                      Mailable recipients    60
no state                                     Bypassed recipients     4
                                             Total                  64

## SETTLEMENT AGREEMENT AND RELEASE

~JANUARY 28 2010~ This Settlement Agreement and Release ("Agreement") is entered into effective the _28 TH_ day of ~June, 2009~ by and between Mirabilis Ventures, Inc. (hereinafter referred to as "Mirabilis") on one part and Jeffrey Reichel (hereinafter referred to as "Reichel") on the other part (Mirabilis and Reichel are hereinafter collectively referred to as the "Settling Parties").

## RECITALS

A.    Mirabilis and Reichel are parties to a certain civil action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Civil Case No. 07-11827 ("the Lawsuit").

B.    On May 27, 2008, Mirabilis Ventures, Inc. filed a Chapter 11 Petition in the United States Bankruptcy Court, Middle District of Florida, Orlando Division ("Bankruptcy Court") Case No. :6:08-BK-04327-KSJ.  Mirabilis is still a Debtor in Possession in this Bankruptcy Case ("Bankruptcy Case").

C.    Mirabilis filed the Lawsuit alleging certain breaches and causes of action against Reichel [related to that certain Stock Purchase Agreement by and between Reichel and Mirabilis, which agreement was executed on December 29, 2005 ("Stock Purchase Agreement")]; Reichel answered and counterclaimed alleging certain breaches and causes of action.

D.    The Lawsuit contains claims and counterclaims arising out of and in connection with and related to said Stock Purchase Agreement as well as other claims.

E.    The Settling Parties wish to resolve all disputes between them asserted in the Lawsuit and other claims, disputes, causes of action, contracts, demands, transactions and differences among them as provided in this Agreement in exchange for the considerations set forth below.

NOW THEREFORE, in consideration for the mutual recitals, promises, terms, conditions and covenants set forth herein, the sufficiency of which is hereby acknowledged and for other good and valuable consideration referenced herein, the Settling Parties agree as follows:

1.    **Incorporation of Recitals.** All recitals set forth above are incorporated into and made a part of this Agreement.

2.    **Reichel Unsecured Claim.** On or about September 23, 2008 filed an Amended Proof of Claim in the amount of $708,481.39 bearing docket number 24-2 in the Bankruptcy Case ("Reichel Proof of Claim").  Mirabilis hereby agrees that it will not object to the Reichel Proof of Claim. Mirabilis hereby agrees that it will withdraw its objection to the Reichel Proof of Claim and will not further object to said Reichel Proof of Claim but permit Reichel to participate as an unsecured creditor in the amount of the Reichel Proof of Claim.

**EXHIBIT "A"**

3.   **No Admission.** This Agreement is entered into in connection with the compromise and settlement of disputed claims and the execution of this Agreement does not constitute and shall not be construed as an admission of fault, liability or wrongdoing by any party hereto. This Agreement does not constitute and should not be construed as an admission by any of the Settling Parties to the truth or validity of any claims asserted or contentions advanced by any other Settling Party.

4.   **Court Approval/Dismissal.**

A.   Mirabilis shall cause its counsel to promptly file a Motion with the Bankruptcy Court to seek approval of this Agreement. This Agreement is contingent upon entry of a Final Order approving this Agreement by the Bankruptcy Court.

B.   Upon entry of a Final Order approving this Agreement, the Settling Parties shall cause their counsel to promptly dismiss with prejudice any claims and causes of action that they have asserted against each other in the Lawsuit. It is agreed and understood, however, that the dismissal with prejudice of the claims does not in any way affect the Reichel Proof of Claim.

5.   **Release.** Each of the Settling Parties for itself and its respective shareholders, officers, directors, subsidiaries, affiliates, parents, entities, predecessors, successors, employees (both past and present), representatives, attorneys and assigns, executors or administrators as the case may be, do hereby irrevocably acquit, release and discharge each adverse Settling Party and said adverse Settling Party's respective shareholders, officer, directors, members, managers, subsidiaries, affiliates, parents, entities, successors, employees (both past and present), representatives, executors, administrators, attorneys and assigns from and against all claims, demands, obligations, actions, suits, controversies, disputes and causes of action of every type and nature (including claims for attorneys' fees, costs and expenses), whether at law or in equity and whether then known or unknown with respect to all matters that were alleged or could have been alleged by claim, defense, counterclaim or crossclaim in the lawsuit and being in connection with, arising from or related to the Stock Purchase Agreement, the Stock Purchase Agreement transaction and all disputed transactions between the Settling Parties, or their respective shareholders, officers, directors, subsidiaries, related in any way to the subject matter of Stock Purchase Agreement prior to the date of this Agreement.   Specifically, Mirabilis also releases Reichel from any and all obligations with regard to any employment agreements or restrictive covenants related to the Stock Purchase Agreement including, but not limited to, those agreements which are attached as exhibits to the Stock Purchase Agreement and such agreements, covenants and any obligation thereto by any party are null and void as of the effective date of this Agreement

6.   **Headings.** The headings within this Agreement are for the purpose of convenience or reference only and should not limit, modify, extend or otherwise affect any of the terms of this Agreement.

7.   **Severability.** The provisions of this Agreement are severable, and if any of its provisions are declared void in whole or in part the decision so holding should not be construed as impairing any other provisions unless such remaining provisions, standing alone, cannot fairly be regarded as reflecting the Settling Parties' original mutual understanding as the complete resolution of all matters described herein.

8.    **Binding on Successors.**  This Agreement shall be binding upon and inure to the benefit of the Settling Parties hereto and their respective agents, attorneys, officers, directors, managers, members, shareholders, parent entities, divisions, affiliates, successors and assigns, including but not limited to any Bankruptcy Trustee of Mirabilis, whether in Chapter 11 or Chapter 7, including by way of merger or acquisition or change in control provided, however, that the Settling Parties shall not assign any of their rights, benefits or interests and correspondingly should not permit the assumption of any of their duties, obligations and liabilities under this Agreement without the prior express written consent of the other parties.

9.    **Non-assignment of Claims.**  Settling Parties each represent that they have not heretofore assigned or transferred, or purported to assign or transfer, nor shall they hereafter assign or transfer to any person or entity in whole or in part, any claims, charges, complaints, demands, agreements or liabilities released under paragraph 5 of this Agreement.

10.    **Representation and Authority.**  Any representation of the Settling Parties in this Agreement is made as of the effective date of the Agreement, which shall occur upon entry of a Final Order approving this Agreement.  With the exception of approval of this Agreement by the Bankruptcy Court, the Settling Parties represent and acknowledge that they are authorized to and have the authority to execute this Agreement.  The Settling Parties further represent and warrant that they have had sufficient and adequate opportunity to consult with their respective counsel in connection with the resolution of this matter and in executing this Agreement and that they do not rely and have not relied on any representation or statement made by any of the Settling Parties or by any of the Settling Parties' agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement other than that which is expressly stated in this Agreement.

11.    **Advice of Counsel.**  Each party acknowledges that he/it has been represented by counsel in the negotiation and execution of this Agreement and that such execution is undertaken of such party's free will.

12.    **Integration.**  This Agreement constitutes the complete Agreement and understanding of the Settling Parties and all prior promises, commitments, negotiations, understandings and agreements (whether oral or written) are merged herein.  This Agreement may not be modified except by written agreement signed by all of the Settling Parties hereto and approved by the Bankruptcy Court.

13.    **Law.**  This Agreement is made and entered into under the laws of the State of Florida, which law shall govern its validity and interpretation.

14.    **Counterparts.**  This Agreement may be executed in multiple counterparts, each of which shall be fully effective as an original but which together shall constitute only one instrument.

**IN WITNESS WHEREOF**, the Settling Parties have executed this Agreement effective the day and year first above written, having read and fully understood the provisions hereof.

**MIRABILIS VENTURES, INC.**


By: _____
      (President)  *NOT AS AN INDIVIDUAL*


**JEFFREY REICHEL**


_____

- 4 -

**IN WITNESS WHEREOF,** the Settling Parties have executed this Agreement effective the day and year first above written, having read and fully understood the provisions hereof.

**MIRABILIS VENTURES, INC.**

By: _____
(President)

**JEFFREY REICHEL**

_____

- 4 -