UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

                                                          CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES INC.,

            DEBTOR.                    CHAPTER 11

-----------------------------------------------------

**MOTION TO SET ASIDE ORDER SUSTAINING OBJECTION TO
CLAIM NO. 32 SUBMITTED BY GILLIO DEVELOPMENT, INC.**

Gillio Development Inc. ("Gillio"), by and through its undersigned attorneys, and pursuant to Rule 60 (b) (1) of the Federal Rules of Civil Procedure, which is incorporated in Federal Bankruptcy Rule 9024, requests the Court vacate and set aside the Order Sustaining Objection to Claim No. 32 of Gillio Development Inc. entered on December 10, 2009 and in support thereof states as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. 1334. This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. 157(b). Venue is proper before this Court pursuant to 28 U.S.C. 1408 and 1409.

2. The statutory predicate for the relief sought herein is Rule 60(b)(1) of the Federal Rules of Civil Procedure, which is incorporated in Federal Bankruptcy Rule 9024.

**Procedural and Factual Background**

3. The basis for Gillio's claim is a corporate rent guaranty executed by Mirabilis and contained in a Lease Agreement entered into by and between Gillio and Frank's Crispies, LLC on December 21, 2005 (See **Exhibit A** - The Lease Agreement and Corporate Guaranty [labeled Exhibit G] is annexed hereto).

4. As a condition precedent to entering into the Lease Agreement, Gillio required that the performance of the obligations of the tenant be unconditionally and absolutely guaranteed by Mirabilis.

5. In Exhibit G attached and incorporated into the Lease Agreement and entitled "Corporate Guaranty," Mirabilis agrees to "guaranty all financial obligations set forth for the tenant" in the Lease Agreement.

6. The tenant defaulted under the Lease Agreement and on September 16, 2008, judgment was entered in favor of Gillio in Orange County, Ninth Circuit Case No.: 08-CC-007818-O.

7. On September 22, 2008 Gillio, thru its attorney, John A Yanchek, Esq., filed its Proof of Claim against Mirabilis Ventures, Inc. ("Mirabilis") for the sum of One Million Seven Hundred Ninety-Two Thousand Dollars ($1,792,000.00).

8. On October 9, 2009, Mirabilis filed an Objection to Allowance of Claim No. 32 submitted by Gillio.

9. Pursuant to the Certificate of Service filed by Mirabilis, notice of the Objection to Allowance of Claim was sent either electronically and/or by US First Class, postage prepaid mail to: Gillio Development Inc., c/o John A. Yanchek, Esq. 889 N. Washington Blvd., Suite B, Sarasota, FL 34236 on October 9, 2009.

10. There has been no information provided that the Debtor provided its objection by mail.

11. At the time of service, attorney John A Yanchek, Esq., through a highly publicized scandal, was suspended from the practice of law. He was incarcerated in Federal Prison on the date the Objection to Allowance of Claim was sent electronically.

12. Gillio did not learn of the Objection of Allowance of Claim until after the Order Sustaining the Objection was entered by the court.

13. Gillio retained the undersigned law firm on January 12, 2010 to represent its interests and file the motion herein.

**Motion to Vacate Order Pursuant to Rule 60(b)(1) - Excusable Neglect**

14. Rule 60(b)(1) of the Federal Rules of Civil Procedure, which is incorporated in Federal Bankruptcy Rule 9024, allows a court to "relieve a party or a party's legal representative from a final judgment, order, or proceedings for ... mistake, inadvertence, surprise, or excusable neglect." FED R. CIV. P. 60(b)(1); FED. R. BANKR.P. 9024.

15. A defaulting party seeking to establish mistake, inadvertence, or excusable neglect must show that:

    1. it had a meritorious defense that might have affected the outcome,

    2. granting the motion would not result in prejudice to the non-defaulting party; and

    3. a good reason existed for failing to reply.

Florida Physicians Ins. Co., Inc. v. Ehlers & Co., 8 F.3d 780, 782 (11th Cir. 1993); See also E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990).

16. In the Supreme Court's decision in Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership, the Court considered the meaning of "excusable neglect" within the context of

Bankruptcy Rule 9006(b)(1), which "empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline `was the result of excusable neglect.'" 507 U.S. 382, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), (quoting FED. R. BANKR.P. 9006(b)(1)). The Court held that the bankruptcy court should have weighed a number of factors in determining excusable neglect including:

> (1) the danger of prejudice to the debtor,
>
> (2) the length of delay and its potential impact on judicial proceedings,
>
> (3) the reason for the delay, including whether it was within the reasonable control of the movant, and
>
> (4) whether the movant acted in good faith.

Id. at 395, 113 S.Ct. 1489.

17. In the instant case, Mirabilis's Notice of Objection to Claim (pursuant to the Certificate of Service), was sent electronically to Gillio by and through its attorney.

18. Gillio did not receive Notice of Objection to Claim No. 32 until after the Order Sustaining the Objection was entered and accordingly did not timely file a response.

19. The danger of prejudice to the Debtor is minimal, as the Debtor will have the opportunity to properly and formally oppose the claim.

20. The length of delay in this case will be minimal, as Gillio's counsel is prepared to move forward with a response to the Debtor's objection to the Claim. The potential impact on judicial proceedings would be no different if Gillio would have been able to respond to Debtor's Objection when served.

21. The reason for the delay is that Gillio's attorney was suspended from the practice of law and imprisoned at the time of service (see **Exhibit B**).

22. Gillio acted in good faith and should not be penalized for the excusable neglect of its former legal counsel. Moreover, granting the motion herein would not result in prejudice to Mirabilis.

**Motion to Vacate Order – Improper Service**

23. Rule 3007 of the Federal Rules of Bankruptcy Procedure provides as follows:

    An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding. Fed. R. Bankr. P. 3007.

24. An objection to the allowance of a claim is a contested matter governed by Rule 9014. Fed. R. Bankr. P. 3007 (Advisory Committee Note); Fed. R. Bankr. P. 9014 (Advisory Committee Note); Fairchild v. Internal Revenue Service of United States (In re Fairchild), 969 F.2d 866, 868 (10th Cir. 1992).

25. Most courts that have considered the issue have held that Rule 9014 requires that an objection to claim must be served in the manner provided by Rule 7004 for service of a summons and complaint. See Boykin v. Marriott International, Inc. (In re Boykin), 246 B.R. 825 (Bankr. E.D. Va. 2000); United States v. Levoy (In re Levoy), 182 B.R. 827 (9th BAP 1995); In re Schweitzer, 145 B.R. 292 (Bankr. E.D. Ark. 1992); United States v. Oxylance Corp., 115 B.R. 380 (N.D. Ga. 1990); In re Morrell, 69 B.R. 147 (N.D. Cal. 1986).

26. Rule 7004 provides, in part, that service upon a corporation may be made by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or any agent authorized by appointment or by law to receive service of process, for the corporation. Fed. R. Bankr. P. 7004(b)(3), (7), (8).

27. Rule 2002(g) of the Federal Rules of Bankruptcy Procedure provides that certain notices shall be mailed to the creditor's address stated in a duly filed proof of claim. Rule 2002(g), however, does not apply to an objection to claim which must be served as required by Rules 9014 and 7004. In re Boykin, 246 B.R. at 828-29.

28. Movant, by filing a proof of claim, subjected itself to the Court's equitable power to disallow its claim. Granfinanciera v. Nordberg, 492 U.S. 33, 109 S. Ct. 2782, 2798-2799 and n. 14, 106 L. Ed. 2d 26 (1989); Langenkamp v. Culp, 498 U.S. 42, 111 S. Ct. 330, 331, 112 L. Ed. 2d 343 (1990).

29. However, an order sustaining an objection and disallowing a claim is void where there has been defective service. See In re Levoy, 182 B.R. at 833.

30. In the instant case, Mirabilis's Notice of Objection to Claim (pursuant to the Certificate of Service), was sent electronically to Gillio by and through its attorney, but there has been no evidence provided that a Notice of Objection was properly served.

31. Notice was not properly served to Gillio's counsel and as such a proper response could not and was not filed.

**Validity of Claim – Alleged Lack of Consideration**

32. Gillio has a valid, enforceable claim under and pursuant to the Corporate Guaranty executed by Mirabilis.

33. There was sufficient consideration proffered for the Corporate Guaranty of the Lease Agreement entered into by Mirabilis.

34. As a condition precedent to Gillio entering into the Lease Agreement, Gillio required that the performance of the obligations of the tenant be unconditionally and absolutely guaranteed by Mirabilis.

35. In the Lease Agreement itself, the parties acknowledge sufficient consideration received, to wit: "for and in consideration of the foregoing premises, the mutual covenants and agreements set forth herein, the consummation of the transfer of the premises to Landlord, and other good and valuable consideration, all of which each party agrees constitutes sufficient consideration received at or before the delivery hereof…"

## Validity of Claim – Pursuant to Rule 544

36. Gillio's claim for a Corporate Guaranty for rents due under a Lease Agreement is valid *in whole or in part* under and pursuant to 11 U.S.C. §544 and 11 U.S.C. §502.

37. The fact that the claim *amount* may be disputed does not invalidate the claim in its entirety.

## Requested Relief

38. In the interest of justice and based on excusable neglect, Gillio respectfully requests this court vacate and set aside the Order Sustaining Objection to Claim No. 32 entered on December 10, 2009; and further

39. Direct Mirabilis to properly serve its objection to Proof of Claim on Gillio.

**WHEREAS**, Gillio Development Inc. respectfully requests this Court enter an Order to Vacate and Set Aside the Order Sustaining Objection to Claim No. 32 , and direct **Mi**rabilis Ventures Inc. to properly serve its Objection to Proof of Claim on Gillio Development Inc. and for such other and further relief as the Court deems just and proper in the circumstances.

Dated: February 2, 2010.

                                              Respectfully submitted,
                                              ATLANTIC LEGAL GROUP, P.A.
                                              Counsel to the Gillio Development, Inc.
                                              10101 9th St. N., Suite 248
                                              St. Petersburg, FL  33716
                                              (727) 346-1900
                                              By:

                                              ____/s/ Kristina Feher_____
                                              KRISTINA E. FEHER
                                              Florida Bar No.: 52082
                                              kfeher@atlanticlegalgroup.com