FILED IN OPEN COURT

THIS ___3rd___ DAY OF ___February___ , 20_10_

LEE ANN BENNETT, CLERK

UNITED STATES BANKRUPTCY COURT

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In re:                                                         Case No. 6;08-bk-04327-KSJ

**MIRABILIS VENTURES, INC.**

    Debtor.

_____/

## EXHIBIT LIST OF MIRABILIS VENTURES, INC. FOR HEARING ON OBJECTION BY THE UNITED STATES OF AMERICA TO DISBURSEMENT OF PAYMENTS

| Exhibit No. | Date Identified | Date Admitted | Brief Description |
|---|---|---|---|
| 1 | 02/03/2010 | 2/3/10 | Motion for Approval of Compromise of Controversy By and Between Debtors and the United States of America (Doc. No. 101) |
| 2 | 02/03/2010 | 2/3/10 | Order Approving Compromise of Controversy By and Among Debtors and the United States of America (Doc. No. 145) |
| 3 | 02/03/2010 | 2/3/10 | Order Confirming Joint Amended Plan of Liquidation, as Modified, Submitted By Mirabilis Ventures, Inc., Hoth Holdings, LLC, and AEM, Inc. (Doc. No. 375) |

By: _____

    Deputy Clerk, In Attendance

EXHIBIT IDENTIFICATION-TAG

Exhibit No. 1

Debtor:        Mirabilis Ventures, Inc.

Case No.:      6:08-bk-04327-KSJ

Pltf.(s):      _____

Deft.(s):      _____

Adv. Pro. No.: _____

Filed for Identification:    02/03/2010 _____

Admitted in Evidence:        2/3/10 _____

Date:          February 3, 2010

Nature of Proceeding: Objection to Disbursements by the United States of America

United States Bankruptcy Court for the
Middle District of Florida
Orlando Division

By Kahui Deto _____, Deputy Clerk

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                          CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                       CHAPTER 11

Debtor.
_____/

## MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY
## BY AND BETWEEN DEBTORS AND THE UNITED STATES OF AMERICA

---

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Bankruptcy Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within twenty (20) days from the date of service of this motion. If you object to the relief requested in this motion, you must file your objection with the Clerk of the Bankruptcy Court at 135 W. Central Blvd., Suite 950, Orlando, Florida 32801, and serve a copy on Elizabeth Green, Esq., Latham, Shuker, Eden & Beaudine, LLP, P.O. Box 3353, Orlando, Florida 32802-3353.

If you file and serve an objection within the time permitted, the Bankruptcy Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Bankruptcy Court will consider that you do not oppose the granting of the relief requested in the motion, will proceed to consider the motion without further notice or hearing, and may grant the relief requested.

---

MIRABILIS VENTURES, INC. ("Mirabilis"), along with its related entities), Hoth

Holdings, LLC ("Hoth"), and AEM, INC. ("AEM")(collectively, "Debtors"), by and through

their undersigned attorneys, and pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(3)

and 9019(a), hereby file this Motion for Approval of Compromise of Controversy By and

Between Debtors and the United States of America ("Motion") and, in support, state as follows:

## Background Facts and Procedural Posture

1.   On May 27, 2008, the Debtors filed voluntary petitions for relief with the United States Bankruptcy Court for the Middle District of Florida: *In re Mirabilis Ventures, Inc.*, Case No. 6:08-bk-04327-KSJ, *In re Hoth Holdings, LLC*, Case No. 6:08-bk-04328-KSJ, and *In re AEM, Inc.*, Case No. 6:08-bk-04681 ("Bankruptcy Cases"). (Bankr. Doc. No. 1).

2.   The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

3.   This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334. Venue in this district is proper pursuant to 28 U.S.C. §1409.

4.   The statutory predicate for the relief sought herein is Bankruptcy Code section 105.

5.   On April 25, 2008, the United States of America ("USA") filed an *in rem* Civil Forfeiture Complaint Case No. 6:08-cv-00067-MSS-KRS in the District Court for the Middle District of Florida, Orlando Division ("Civil Complaint") against certain property owned by Mirabilis. (Civil Complaint Doc No. 1).   On September 4, 2008 the USA amended the Civil Complaint, to add additional property, including property owned by Mirabilis. (Civil Complaint Doc. No. 67).

6.   On August 6, 2008, the United States of America ("USA") indicted Frank L. Amodeo ("Amodeo"), for conspiracy, failure to remit payroll taxes, wire fraud, and obstruction of an agency investigation. *See United State of America v. Frank L. Amodeo*, Case No.: 08-cr-176-Orl-28-GJK (Dist. Court Doc. No. 1).

7.     The indictment contains criminal forfeiture provisions which seek the forfeiture, *inter alia*, of all assets of the estates of the Debtors and their related entities.

8.     On August 14, 2008, USA filed a motion to intervene and to stay the Debtors' bankruptcy cases with this Court ("Intervener Motion")(Bankr. Doc. No. 48).

9.     In the Motion, USA seeks to stay the Bankruptcy Case in an effort to pursue a forfeiture action against property of the Debtors including, but not limited to, proceeds seized in the various law firm trust accounts, vehicles, real estate, and other personal property. (Bankr. Doc. No. 48)

10.    Furthermore, USA represented to the Bankruptcy Court that if the items are forfeited, "they will become property of the United States and will not remain in the related bankruptcy estates." (Bankr. Doc. No. 48 at para. 6).

11.    On September 23, 2008, Amodeo plead guilty to five counts of the indictment. (Dist. Court Doc. No. 28 and 33). The plea agreement included an agreement by Amodeo to forfeit all of the proceeds of his conspiracy charged in Count One, including the assets of the Debtors' bankruptcy estates.

12.    On September 23, 2008, USA filed a Motion to Dismiss the Bankruptcy case based upon its bad faith filing alleging that the sole purpose of the filing was for Mr. Amodeo's personal benefit (the "Dismissal Motion")(Bankr. Doc. No. 71).

13.    On September 29, 2008, the Intervener Motion was scheduled to be heard before this Court. However, the hearing was postponed by joint stipulation of both parties, and the Dismissal Motion and the Intervener Motion were set for October 17, 2008.

14.     On September 29, 2008 the USA filed a motion in the Amodeo Criminal Case for entry of a Preliminary Order of Forfeiture ("Forfeiture Motion")(District Court Case Doc. No. 40). In its Motion, the USA sought the forfeiture of a significant number of assets, including the Debtors' assets, and authority to seize of all of the assets sought for forfeiture.

15.     On October 2, 2008, the District Court entered a Preliminary Order of Forfeiture ("Preliminary Forfeiture Order"). (Dist. Court Doc. No. 46). Pursuant to the Preliminary Forfeiture Order, the USA may seize property forfeited under the Order immediately, regardless of the Debtors' appeal.

16.     On October 3, 2008, the Debtors filed an Emergency Motion to Enforce Automatic Stay and for Sanctions in the Bankruptcy Case ("Sanctions Motion"). (Bankr. Doc. No. 89).

17.     On October 30, 2008 the USA indicted Mirabilis and AEM, alleging conspiracy to divert payroll taxes. The Mirabilis and AEM incitements include criminal forfeiture counts.

## The Controversy

18.     The crux of the controversy between the Debtors and the USA is whether the USA has the legal right and authority to seize property of the Debtors, which is largely the subject of the Intervener Motion, Dismissal Motion, Forfeiture Motion and Sanctions Motion. USA has asserted in the District Court Case that Frank Amodeo used funds and assets of the Debtors to commit fraud against third parties, and that by Frank Amodeo's own admission, those assets, some of which are titled to the Debtors, are subject to criminal and civil forfeiture.

19.     USA believes that it is entitled to seize property of the Debtors despite the current Bankruptcy Cases and the automatic stay, because civil and criminal forfeitures are

exempt from the application of the automatic stay pursuant to 11 U.S.C. §§ 362(b)(1) and (4). The USA further believes  that the Debtors do not have a claim to the forfeitable property superior to that of the USA as set defined in 21 U.S.C. § 853(n)(6); therefore, while the Debtors may assert a claim in the forfeiture proceeding, the USA believes such claim will be denied by the district court.

20.    Debtors have asserted, among other things, that the civil and criminal forfeiture actions by the USA are a violation of the automatic stay provision of the Bankruptcy Code that the actions of the USA are not exempt from the automatic stay, and that any claim or action is to enforce pecuniary claims of the USA and are therefore not subject to seizure.  The Debtors have also asserted that the District Court does not have jurisdiction over the Debtors' assets and any relief granted by the District Court regarding the Debtors' assets is not proper.  Furthermore, the Debtors assert that the action of the USA violate the Due Process Clause of the Fifth Amendment of the United States Constitution by failing to provide adequate and timely notice of a taking. Lastly, the Debtors allege that the USA's actions violate public policy and the Bankruptcy Code's intent because granting such relief would allow the USA to side-step the Bankruptcy process to the detriment of the Debtors, the Debtors' creditors and other parties in interest.

21.    Debtors have asserted that by attempting to seize, funds, lawsuit proceeds and other property that may belong to the Debtors and its creditors, USA's continued collection actions are unlawful.

22.    Furthermore, the Debtors and USA disagree as to what property is subject to forfeiture, if such forfeiture was allowed.

## The Compromise

23.    On October 8, 2008, and subsequent to this date, Debtors counsel and USA met to discuss possible global resolutions of all issues which have been raised, or could be raised, between USA and the Debtors, including the resolution of all outstanding motions.

24.    In full and final resolution of these issues, claims and demands, the parties have agreed that it is in the best interest of all parties to reach an agreement related to the administration of assets of the Debtors. The Debtors' assets will be divided between those that will continue to be administered by the Debtors' bankruptcy estate and those forfeited to the USA

25.    The following assets, as more fully set forth in **Exhibit "A",** shall be forfeited to the USA:

a.    The equity interest of Mirabilis and the Unsecured Claims of Mirabilis and its related entities in the WinPar bankruptcy estate, Case No. 07-11908, pending in the Eastern District of Tennessee, shall be forfeited to the USA.    However, the Mirabilis bankruptcy estate will retain all rights to the funds, if any, generated by the WinPar estate as a result of the fraudulent transfer action styled, Richard P. Jahn, Jr. as Trustee v. Atlantic American Capital Group, LLC et. al. filed on August 6, 2008. (WinPar Adv. Doc. No. 1) ("WinPar Fraudulent Transfer Action"). If for any reason the validity of Atlantic American's lien is determined by the forfeiture court(s) the funds related to the WinPar Fraudulent Transfer Action will be transferred to the forfeiture court pending entry of a final judgment of forfeiture.

b.    The note in the principal amount of $5,500,000.00 dated May 27, 2007 payable to Mirabilis from Conrad D. Eigenmann, Jr. ("Eigenmann Note") shall be forfeited to

the USA, however, the payment due on the note in January 2009, which is based upon a formula and will be not less than $100,000.00, shall be paid to the Mirabilis bankruptcy estate and administered by the Mirabilis bankruptcy estate.     The USA agrees that for a period of 12 months, it will delay sale of the Eigenmann Note and will allow the Mirabilis estate to market for sale or otherwise attempt to compromise the Eigenmann Note, subject to approval by the USA.

     c.     All retainers seized from attorney's trust accounts, pursuant to warrants issued by the USA, which are the subject of the Civil and Criminal forfeiture actions shall be forfeited to the USA.

     26.     Assets to be retained and administered by the Debtors bankruptcy estates, as more fully set forth in **Exhibit "B"** are as follows:

     a.     The funds, if any, generated by the WinPar estate as a result of pending the WinPar Fraudulent Transfer Action against Atlantic American. If for any reason the validity of Atlantic American's lien is determined by the forfeiture court(s) the funds related to the WinPar Fraudulent Transfer Action will be transferred to the forfeiture court pending entry of a final judgment of forfeiture.

     b.     Any causes of action of the Debtors against insurance carriers, or for malpractice against professionals shall be retained by the Debtors estates.

     c.     All causes of action, including but not limited to fraudulent transfer causes of action shall be retained by the Debtors, provided however, that the Debtors will not bring fraudulent transfer actions to recover assets set forth on **Exhibit "A"**.

     d.     The fraudulent transfer action filed by Hoth Holdings against Coastal Equity Partners, LLC et. al. on August 1, 2008. ("Hoth Adversary") (Hoth Adv Doc. No. 1) shall

remain an asset of the Hoth bankruptcy estate, and any proceeds from the Hoth Adversary shall remain property of the bankruptcy estate.    The USA agrees not to directly forfeit the property located at 3801 Carolina Ave, Richmond, Virginia, which is the subject of the Hoth Adversary, subject to the provisions of Paragraph 28 below.

   e. The note payable to AEM from O2HR dated June 1, 2007 in the amount of $2,235,800.00 shall be an asset of the AEM bankruptcy estate. The note payable to National Med-Staff, Inc. dated June 1, 2007 in the amount of $188,300.00 shall be an asset of the Mirabilis bankruptcy estate ("O2HR Notes").  The USA agrees not to directly forfeit the O2HR Notes, subject to the provisions of Paragraph 28 below.

  27. Any and all property of the Debtors' estates not specifically set forth herein shall remain property of the bankruptcy estates. Likewise, any and all property set forth on **Exhibit "A"**, and not specifically set forth above, shall be forfeited to the USA.

  28. In addition, the Debtors shall amend the schedules to include an unsecured forfeiture claim in the Mirabilis and AEM cases for USA in the amount of $200,000,000.00 ("Forfeiture Claim"). The Debtors will propose a plan of reorganization which creates a liquidating trust and consolidates the AEM and Mirabilis cases. R. W. Cuthill, Jr. ("Cuthill") will serve as the Trustee, and the USA, as an unsecured creditor, will retain an oversight role. The Plan will provide that subsequent to confirmation, professional fees paid by the trust will be noticed to creditors on a ten day negative notice basis and may be subject to objection. In the event an objection is filed, the court will retain jurisdiction pursuant to the plan to resolve any dispute related therein. Any and all funds paid to the USA by the bankruptcy estates shall be forfeited to the USA in partial satisfaction of the money judgment already entered against

defendant Frank Amodeo. Because the USA seeks entry of corresponding money judgments against defendants Mirabilis and AEM in the pending Indictment and such money judgments would create joint and several liability against all three defendants, any funds credited towards the money judgment entered against defendant Frank Amodeo would also be in partial satisfaction of any money judgments entered against Mirabilis and AEM.

29. The Debtors shall pay LM Liquidators, Inc. to continue to act as the repository for the electronic and paper documents of Mirabilis and its affiliates and subsidiaries located at 4602 35th Street SW, Orlando, FL. and 1604 Premier Road, Orlando, Florida. These payments will include payment for labor and reimbursement of expenses such as rent, utilities, security, maintenance, and other expenses associated with the safekeeping of the documents. The USA and the Debtors shall cooperate in maintaining the documents which shall remain in the sole custody and control of the USA.

30. The Debtors will withdraw and/or will agree not to file any claims in the related forfeiture cases and hereby waive their right to any future notice in such actions.

31. All pending motions filed by the USA, in the bankruptcy cases, and all pending motions filed by the Debtors against the USA shall be withdrawn with prejudice.

32. The Debtors will pursue all claims objections, if applicable, and USA will assist in providing information, permitted by law, related to the claims objections.

33. Cuthill shall voluntarily be available to testify and will share all work papers with USA, provided that there is not conflict of interest.

34. Debtors have reviewed the payment of attorney's fees to Leventhal and Slaughter, P.A., A. Brian Phillips, P.A., Sands, White & Sands, P.A., and Robert E. Panoff, P.A. ("Criminal

Attorneys") and agree that the bankruptcy estate may not have claims for repayment of the attorney's fees to the criminal attorneys or the attempt to recover the attorneys fees from the criminal attorneys would not be in the best interest of the estate.

35.    This agreement will remain in full force and effect between the USA and the Debtors until entry of an order on the compromise by the Bankruptcy court.

36.    Debtors believe that this compromise is in the best interest of the creditors of the Debtors' estate because it avoids the time, expense, and uncertainty of litigating the issues presented in this motion and enables the Debtors to concentrate their efforts on the current case.

**WHEREFORE**, Mirabilis Ventures, Inc., respectfully requests that this Court enter an order granting the Motion for Approval of the Compromise of Controversy by and between the Debtors and the United States of America and granting such further relief that this Court deems just and proper.

**DATED** this 25th day of November, 2008.

| /s/ I. Randall Gold | /s/ Elizabeth A. Green |
|---|---|
| I. Randall Gold, Esq. | Elizabeth A. Green, Esq. |
| Florida Bar No.: 0268062 | Florida Bar No.: 0600547 |
| United States Attorney's Office | Latham, Shuker, Eden & Beaudine, LLP |
| 501 West Church Street, Suite 300 | 390 N. Orange Ave., Suite 600 |
| Orlando, FL 32805 | Orlando, FL 32801 |
| Telephone: (407) 648-7500 | Telephone: (407) 481-5800 |
| Facsimile: (407) 648-7643 | Facsimile: (407) 481-5801 |
| | |
| /s/ Anita M. Cream | |
| Anita M. Cream, Esq. | |
| Florida Bar No.: 056359 | |
| United States Attorney's Office | |
| 400 N. Tampa Street, Suite 3200 | |
| Tampa, FL 33602 | |
| Telephone: (813) 274-6301 | |
| Facsimile: (813) 274-6220 | |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                          CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                       CHAPTER 11

                    Debtor.
_____/

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the **MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY BY AND AMONG DEBTORS AND THE UNITED STATES OF AMERICA** has been furnished by electronic transmission and/or U.S. First Class mail, postage prepaid, to: Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., President, c/o 341 N. Maitland Ave, Suite 210, Maitland, Florida 32751; I. Randall Gold, United States Attorney's Office, 501 West Church Street, Suite 300, Orlando, FL 32805; all creditors as shown in the matrix attached hereto; and the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801 on this 25th day of November 2008.

/s/ Elizabeth A. Green
Elizabeth A. Green, Esq.

## Government Asset List

The properties subject to forfeiture in the pending criminal and/or civil forfeiture cases are:

(a)     614 Lake Avenue, Orlando, FL;

(b)     709 Euclid Avenue, Orlando, FL;

(c)     1159 Delaney Avenue, Orlando, FL;

(d)     Proceeds from the sale of 509 Riverfront Parkway, Chattanooga, TN –
        Mirabilis Equity interest and unsecured claims of Mirabilis and its affiliates;

(e)     4905 Research Drive, Huntsville, AL;

(f)     102 West Whiting Street, Tampa, Florida;

(g)     2006 BMW 750Li, VIN #WBAHN8353GDT30059;

(h)     2006 Black Harley Davidson, VIN #1HD1BWB156Y077592;

(i)     2006 Mercedes Benz CLS 500C Coupe, VIN #WDDDJ75X46A032858;

(j)     2006 Mercedes Benz CLS 55AMG, VIN # WDDDJ76X66A055945;

(k)     Gates Learjet Model 25D Aircraft No. 4488W;

(l)     $253,487.45.00 in proceeds seized from the Trust Account of the law firm of
        Balch Bingham LLP;

(m)     $101,393.86 in proceeds seized from the Trust Account of the law firm of
        Shutts & Bowen;

(n)     $42,419.72 in proceeds seized from the Trust Account of the law firm of
        Mateer and Harbert;

(o)     $100,000.00 in proceeds seized from the Trust Account of the law firm of
        Maher, Guily, Maher PA;

(p)     $105,922.96 in proceeds seized from the Trust Account of the law firm of
        Martin, Pringle, Oliver, Wallace, & Baur LLP;

(q)     $50,000 In proceeds seized from the Trust Account of the law firm of Bieser,
        Greer & Landis LLP;

(r)     $8,518.30 in proceeds seized from the Trust Account of the law firm of Allen,
        Dyer, Doppelt, Milbrath & Gilchrist PA;

(s)     $25,000 in proceeds seized from the Trust Account of the law firm of Valenti,
        Hanley & Robinson PLLC;

Exhibit A

(t)     $10,000 in proceeds seized from the Trust Account of the law firm of Brown, Stone, & Nimeroff LLC;

(u)     $21,900 in proceeds seized from the Trust Account of the law firm of Hunt Rudd PA;

(v)     $41,029.54 in proceeds seized from the Trust Account of the law firm of Ford & Harrison PA;

(w)    $12,528.51 in proceeds seized from the Trust Account of the law firm of Broad & Cassel;

(x)     $20,754.19 in proceeds seized from the Trust Account of the law firm of Latham, Shuker, Barker, Eden, & Beaudine LLC;

(y)     $13,100.99 in proceeds seized from Fifth Third Bank Account No. 7440599020 in the Name of Soone Business Development;

(z)     $37,629.16 in proceeds seized from the trust account of the law firm of Charles W. McBurney, Jr.;

(aa)    A promissory note in the amount of $3,500,000.00 dated on or about May 7, 2007 between Wellington Capital and Worker's Temporary Staffing, Inc., including payments of $63,000.00 per month;

(bb)    All payments due under the promissory note in the amount of $5,500,000.00 dated May 27, 2007 between Mirabilis Ventures, Inc. and Conrad D. Eigenmann, Jr. after the January 2009 payment;

(cc)    The assets of the following corporations, including but not limited to the below listed lawsuits and/or settlements:

Anthony T. Sullivan v. AQMI Strategy (07-CA-0015981-0);
Michael Mapes, et al. v. Wellington Capital Group, Inc.(8:07cv77);
Dutko Global Advisors LLC v. AQMI Strategy Corporation (48-2007-CA-018164-0);
Providence Property & Casualty Insurance Co, et al. v. Paradyme, Inc., d/b/a Presidion Solutions VI (4:07-CV-202)
Presidion Corporation v. Arrow Creek, Inc., et al. (50-2006-CA-0014170)

### Corporations:

AQMI Strategy Corporation,
Nexia Strategy Corporation,
Presidion Solutions, Inc.,
Professional Benefit Solutions, Inc.,
    d/b/a Presidion Solutions VII, Inc.
Quantum Delta Enterprises, Inc.,
    d/b/a Siren Resources, Inc.,
        Titanium Technologies, Inc.,
    f/k/a Titanium Consulting Services, Inc.,
Tenshi Leasing, Inc.
Wellington Capital Group, Inc.

Exhibit A

## Debtor's Asset List

The properties subject to forfeiture in the pending criminal and/or civil forfeiture cases are:

(a)     3801 Carolina Avenue, Richmond, VA;

(b)     The funds, if any, generated by the fraudulent transfer lawsuit from the sale of 509 Riverfront Parkway, Chattanooga, TN;

(c)     January 2009 payment due under a promissory note in the amount of $5,500,000.00 dated on or about May 27, 2007 between Mirabilis Ventures, Inc. and Conrad D. Eigenmann, Jr.;

(d)     The assets of the following corporations, including but not limited to the below listed lawsuits and/or settlements:

Corporations:

AEM, Inc., d/b/a Mirabilis HR,
Hoth Holdings, LLC,
Mirabilis Ventures, Inc..

Lawsuits:

| Style of case | Location | Case No. |
|---|---|---|
| Mirabilis Ventures, Inc. v. Jeffrey Reichel | Broward County, Florida | CACE 07011827 |
| Mirabilis Ventures, Inc, and Nexia Strategy Corp. v. Palaxar Group, LLC, et al. | Orange County, Florida | 07-co-13191 (37) |
| Mirabilis Ventures, Inc. v. Forge Capital Partners, LLC, et al. | Orange County, Florida | 07-CA-13828 (33) |
| Mirabilis Ventures, Inc. v. J.C. Services, Inc., et al. | U.S.D.C., M.D. Fl. | 6:06-cv-1957-Orl-22KRS |
| AEM, Inc. d/b/a Mirabilis HR v. Sheryl Okken, Progressive Employer Services, LLC, et al. | Brevard County, Florida | 05-2007-CA-006526 |

| Style of case | Location | Case No. |
|---|---|---|
| RKT Constructors, Inc. v. Del Kelley and Robi Roberts | Orange County, Florida | 2007-CA-012599-0 |
| Mirabilis Ventures, Inc. v. Stratis Authority, Inc., et al. | Orange County, Florida | 07-ca-13826 (37) |
| Mirabilis Ventures, Inc. v. Premier Servicing, LLC and Robert Konicki | Orange County, Florida | 07-ca-33197 (34) |
| Mirabilis Ventures, Inc. v. Robert Lowder, et al. | Orange County, Florida | 2006-CA-005742-0 |
| Kenneth Hendricks, et al. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | U.S.D.C., M.D.Fl. | 8:07-cv-661-T17EAJ |
| Kenneth Hendricks, et al. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | Hillsborough County, Florida | DC-07-014201J |
| Berman, Kean & Riguera, P.A. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | Broward County, Florida | 07-024968 (21) |
| Paysource, Inc. And Robert Sacco v. Mirabilis Ventures, Amodeo, et al. (Counterclaim) | U.S.D.C., S.D. Ohio | 3:07cv0129 |
| Prime Acquisition Group, LLC v. Ionic Services, Inc., et al. (Counterclaim) | Palm Beach County, Florida | 502007CA02242 |
| Briarcliff Village, LLC v. Mirabilis Ventures, Inc. | Clay County, Missouri | 07CY-CV09414 |
| William Gregory v. Floyd Road v. Mirabilis Ventures, Inc. (Counterclaim) | Hillsborough County, Florida | 07-CA-010780 |
| Coastal Equity Partners, LLC v. Pacific Atlantic Capital Corp., et al. (Counterclaim) | Henrico County, Virginia | CL07-1960 |

| Style of case | Location | Case No. |
|---|---|---|
| Liberty Property Limited Partnership v. Mirabilis Ventures, Inc., et al. (Counterclaim, settled) | Duval County, Florida | 162007CA003642 |
| Tranmere Rovers Football Club v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Liverpool, England | 7LV30022 |
| Mark Lang v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Orange County, Florida | 48-2007-CA-002929-O |
| David Chaviers, Norman Chaviers, Kellie Ledbetter and Tom Hancock v. Mirabilis Ventures, Inc. And Frank Amodeo, et al. (Counterclaim, settled) | U.S.D.C., N.D. Ala. | CV-07-0442-cls |
| Carlton Fields v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Hillsborough County, Florida | 07-CC-038145 |
| Brevard County v. RKT Constructors, Inc. (Counterclaim, settled) | Brevard County, Florida | 05-2007-CA-12251 |
| Bellsouth v. RKT Constructors, Inc., et al. (Counterclaim, settled) | Orange County, Florida | 05-2007-CA-9660-0 |
| Capital Office Products of Volusia County, Inc., v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Volusia County, Florida | 2007-34950 COCI |
| CDW Corporation, Inc. v. Information Systems, Inc. (Counterclaim, settled) | Cook County, Illinois | 2007-L-002446 |
| RKT Constructors, Inc. v. Florida Department of Transportation (Settled) | Broward County, Florida | 05-2003-CA-047397 |

| Style of case | Location | Case No. |
|---|---|---|
| RKT Constructors, Inc. v. Florida Department of Transportation (Settled) | Broward County, Florida | 05-2006-CA-060518 |

(e)    Any and all property of the following bankruptcy estates, including funds which now constitute or have constituted funds of the estate:

| Style of case | Location | Case No. |
|---|---|---|
| Sam Hopkins, Trustee v. Todd Pattison and Mirabilis Ventures, Inc. | U. S. Bankruptcy Court, D. Idaho | 08-08005-JDP |
| In Re: Mirabilis Ventures, Inc. | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04327-KSJ |
| In Re: Hoth Holdings, LLC | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04328-KSJ |
| In Re: AEM, Inc. | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04681 |
| In Re: North American Communications | U. S. Bankruptcy Court, D. Utah | 2:07-bk-24900 |

Label Matrix for local noticing
113A-6
Case 6:08-bk-04327-KSJ
Middle District of Florida
Orlando
Tue Nov 25 13:09:22 EST 2008

A Very Private Eye
4589 Southfield Ave.
Orlando, FL 32812-7751

AQMI
P.O. Box 144515
Orlando, FL 32814-4515

AQMI Strategy Corporation
2875 S Orange Ave #500
Orlando, FL 32806-5455

Acquisitions & Entilement Group Inc
A & E
3161 Gatlin Dr
Rockledge, FL 32955-7018

Advantage Collection Prof
2775 Jade Street
Mora, MN 55051-6240

Alexander Walton
336 Blue Heron Drive
Winter Park, FL 32789-3511

American Express
2965 West Corporate Lakes Bl
Weston, FL 33331-3626

American Express Travel Related Svcs Co
Inc Corp Card
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355-0701

Atlantic American Capital Group, LLC
c/o Bart R. Valdes, Esq.
609 W. Horatio St. Tampa, FL 33606
(

BNA Tax Management
9435 Key West Ave.
Rockville, MD 20850-3339

Balch & Bingham LLP
Attn: Russ Campbell Esq
1901 Sixth Ave N, Ste 1500
Birmingham, AL 35203-4642

Richard Lee Barrett
PO Box 533983
Orlando, FL 32853 3983

Kimberly Bartley
Waldron & Schneider LLP
15150 Middlebrook Drive
Houston, TX 77058-1226

Berman Kean & Riguera PA
2101 West Commercial Blvd.
Suite 2800
Ft. Lauderdale, FL 33309-3070

Brandywine Grande C. LP
c/o Cantor Arkema, PC
1111 East Main Street
Richmond, VA 23219-3531

Brandywine Grande C. LP
c/o Kevin J. Funk
POB 561
Richmond, VA 23218-0561

Brian Fischer
17118 Gulf Pine Circle
Wellington, FL 33414-6357

Brian Taylor
5    orah
F    od, NJ 07023-1114

Bruce Carpenter
1020 Golf Valley Drive
Apopka, FL 32712-2568

Buchanan Ingersoll & Rodney
401 E Jackson St.
Suite 2500
Tampa, FL 33602-5236

Centro Executive Offices
P.O. Box 4916
Orlando, FL 32802-4916

Chad Walters
417 Langholm Drive
Winter Park, FL 32789-5252

Charles McBurney
6550 St. Augustine Drive
Suite 105
Jacksonville, FL 32217-2847

Charles Rahn
4589 Southfield Ave
Orlando, FL 32812-7751

Christine Resler
1918 Lauderdale Street
Houston, TX 77030-4106

Conrad Eigenmann
1050 Miller Drive
Altamonte Springs, FL 32701-7505

Corporate Personnel Network, Inc
c/o David T. Ward
15615 Alton Pkwy #175
Irvine, CA 92618-7303

Daniel Myers
3648 Crescent Park Blvd.
Orlando, FL 32812-3825

David Robinson
9152 Phillips Grove Terrace
Orlando, FL 32836-5058

Dean Armitage
12839 Daugherty Drive
Winter Garden, FL 34787-6515

Derek Roy
12713 Hensel Road
Huntley, IL 60142-9797

Diane Hendricks, Ind. & as PR of the Estate
c/o Charles A. Carlson, Esq.
Barnett Bolt Kirkwood Long & McBride
PO Box 3287
Tampa, Florida 33601-3287

Edith Curry
11916 Brookmeade Court
Glen Allen, VA 23059-5416

Elena L Escamilla
United States Trustee
135 W Central Blvd  Suite 620
Orlando, FL 32801-2440

Fernando Simo
815 Lake Evalyn Drive
Celebration, FL 34747-4804

Fernando Simos
815 Lake Evalyn Drive
Celebration, FL 34747-4804

First Commercial Ins. Corp.
7900 N.W. 155th Street
Suite 201
Miami Lakes, FL 33016-5844

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

Florida Department of Revenue
c/o Don Kiester
POB 2299
M     FL 33550-2299

Florida Dept of Revenue
Attn:  Executive Director
5050 W Tennessee St
Tallahassee, FL 32399-0140

Forge Capital Partners LLC
c/o Bart Valdes
609 W Horatio St
Tampa FL 33606-2272

Frances-Ann Moran
1600 Parkwood Circle #300
Atlanta, GA 30339-2119

Frank Amodeo
2875 S. Orange Ave.
Suite 500 PMB 1810
Orlando, FL 32806-5455

Frank Hailstones
734 Lake Biscayne Way
Orlando, FL 32824-4908

Frankie Buddy Winsett
402 N. Carolina Ave.
Palm Harbor, FL 34683-5473

Fred Sandlin
161 Mallard Lane
Daytona Beach, FL 32119-8331

Gill R Geldreich
Tennessee Attorney General's Office
Post Office 20207
Nashville, TN 37202

George Sheldon
1?   Westpoint Circle
Or...do, FL 32835-8183

George Stuart
916 Valencia Ave.
Orlando, FL 32804-7030

George W. Eplin
1164 Citrus Oaks Run
Winter Springs, FL 32708-4800

Gilbert Weisman
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355-0701

Gillio Development, Inc.
657 Caledonia Place
Sanford, FL 32771-6403

Gillo Development, Inc
c/o John A Yanchek
889 N Washington #B
Sarasota, FL 34236-4207

Glenn Thompson
520 Shadow Lane
Van Buren, AR 72956

I Randall Gold
United States Attorney's Office
501 West Church Street
Suite 300
Orlando, FL 32805-2281

Gordon Mike Adkins
5703 Red Bug Lake Rd.
#274
Winter Springs, FL 32708-4969

Elizabeth A Green
Latham Shuker Eden & Beaudine LLP
390 North Orange Avenue
Suite 600
Orlando, FL 32801-1684

Greg Nicoson
387 Hunters Blind Drive
Columbia, SC 29212-1651

Hans Beyer
2514 W. Sunset Drive
Tampa, FL 33629-5339

Horton (Woody) Johnson
3211 Northglenn Drive
Orlando, FL 32806-6371

Horton Johnson
3211 Northglenn Drive
Orlando, FL 32806-6371

Humana/RMS
77 Hartland Street
Suite 401
East Hartford, CT 06108-3253

I-3 Media Group
1103 N Lake Destiny Rd.
Suite 302
Maitland, FL 32751

Internal Revenue Service
850 Trafalgar Court Ste 200
Group 3300
Maitland, FL 32751-4153

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

Ionic Services Inc
Dan Sharp
7012 Harrison Ave Ste 6
Cincinnati OH 45247-4212

Jackson Lewis
Attn:Anne Krupman
One North Broadway
White Plains, NY 10601-2310

James Pitts
Secure Solutions, LLC
1490 Swanson Drive, Suite 200
Oveido, FL 32765-5860

James Sadrianna
10025 Chatham Oaks Court
Orlando, FL 32836-5939

James Vandevere
8363 Via Verona
Orlando, FL 32836-7701

Jason Carlson
13113 Hadley Cir W
White Bear Lake, MN 55110-6075

Jay Stollenwerk
5009 Pelleport Ave.
Orlando, FL 32812-1124

Jeffrey Reichel
c/o Gary Barnes
3414 Peachtree Rd #1600
Atlanta, GA 30326-1164

Jeffrey Reichel
c/o Jill K. Kelso, Esquire
Akerman Senterfitt
PO Box 231
Orlando FL 32802-0231

Jodi Jaiman
533 Tuten Trail
Orlando, FL 32828-8364

John Durcham
3415/A Bahia Drive
Ft. Lauderdale, FL 33316

Joseph Robinson
7317 Lismore Court
Orlando, FL 32835-6150

Jill E Kelso
Akerman Senterfitt
Post Office Box 231
Orlando, FL 32802-0231

Kenneth & Diane Hendricks
One ABC Parkway
Beloit, WI 53511-4466

Kevin Billings
541 Minnehaha Road
Maitland, FL 32751-4568

Kevin Leonard
646 King Harold Court
Oviedo, FL 32765-9134

Kevin Munroe
3466 Bay Meadow Court
Windermere, FL 34786-7800

Gordon L Kiester
Florida Department of Revenue
P O Box 2299
Mango, FL 33550-2299

Kiran Chhaganlal
355 Twelve Oaks Drive
Winter Springs, FL 32708-6194

Larry Childers
504 Briarcliff Pkwy
Kansas City, MO 64116-1668

Larry Haber
6131 Mesing Lane #305
Cocoa Beach, FL 32931-5618

Lauire Andrea Consulting Srv
528 Myrtle Rd.
Naples, FL 34108-2657

Laurie Andrea
528 Myrtle Road
Naples, FL 34108-2657

Laurie Holtz
1826 West 23rd Street
Sunset Island #3
Miami Beach, FL 33140-4521

Lawrence Haber
1579 Lake Baldwin Lane
Orlando, FL 32814-6698

Lawrence LaBelle
7737 Fox Knoll Place
Winter Park, FL 32792-9378

LeClair Ryan Trust
P.O. Box 2499
Richmond, VA 23218-2499

LeClairRyan
c/o Christopher L. Perkins
951 East Byrd Street
Richmond, VA 23219-4040

Leighton Allen Archer
983 Troon Trace
Winter Springs, FL 32708-4319

LexisNexis
P.O. Box 7247-7090
Phildelphia, PA 19170-7090

LexisNexis,Div. of Reed Elsevier,Inc.
Attn: Beth Farnham
9443 Springboro Pike
Miamisburg, OH 45342-4425

Mark J. Bernet Esq
200 S Orange Ave, Ste 2800
Orlando, FL 32801-3455

Martin Flynn
1969 Alafaya #236
Orlando, FL 32828-8732

Matthew Moore
137 Christine Drive
Satellite Beach, FL 32937-2243

Matthew Porter
543 Margaret Court
Orlando, FL 32801-3806

Michael A. O'Sullivan
6005 Johnson Ave
Bethesda, MD 20817-3434

Michelle Hladky
1400 Margate Ave.
Orlando, FL 32803-2120

Mike Dement
3222 Derby Lane
Williamsburg, VA 23185-1463

Norman Bruce Walko
1135 Hillsboro Mile
Hillsboro Beach, FL 33062-1902

Oliver Phipps
2970 Bridgehampton Lane
Orlando, FL 32812-5948

On Target Solutions
3491 Woodley Park Place
Oviedo, FL 32765-5104

Orange County Tax Collector
Attn: Earl K. Wood
Post Office Box 2551
Orlando FL 32802-2551

Orange Cty Tax Collector
Attn: Earl K. Wood
P.   x 2551
Orlando, FL 32802-2551

Parbatie Diana Kristona
1915 Tumblewater Blvd.
Ocoee, FL 34761-3350

Jimmy D Parrish
Latham Shuker Eden & Beaudine LLP
Post Office Box 3353
Orlando, FL 32802-3353

Paul Glover
1312 Winter Springs Blvd.
Winter Springs, FL 32708-3801

PaySource USA VII, Inc.
650 Poe Ave.
Dayton, OH 45414

Peter Anderson
33725 Terragona Drive
Soorento Lakes, FL 32776-6916

Peter Michae Barbee
7343 River Country Drive
Weeki Wochee, FL 34607-2042

Phillp Kaprow
1005 Antelope Trail
Winter Springs, FL 32708-4141

Professional Benefits solutions, Inc
2875 S Orange Ave #500
Orlando, FL 32806-5455

Quasar
P.O. Box 4916
Orlando, FL 32802-4916

Ramaroa Inguva
102 Gadwall Court
Harvest, AL 35749-7938

Richard Berman
3400 Galt Ocean Drive
Unit 1602 South
Ft. Lauderdale, FL 33308-7000

Richard Sams
2526 Mason Oaks Drive
Valrico, FL 33596-6497

Robert Curry
4662 Middlebrook Road
Apt. J
Orlando, FL 32811-3097

Robert E. Leib
1419 N Bywater Lane
Fox Point, WI 53217-2845

Robert Konicki
23281 Water Circle
Boca Raton, FL 33486-8538

Robert Moreyra
4001 Bayshore Blvd.
Tampa, FL 33611-1704

Robert Pollack
8767 The Esplanade #36
Orlando, FL 32836-8782

Robert S. Forman, P.A.
2101 West Commercial Blvd.
Suite 2800
Ft. Lauderdale, FL 33309-3070

Ronald Wilbur
728 SE 23rd Street
Ocala, FL 34471-5306

SEC
Branch of Reorganization
3475 Lenox Rd NE #1000
Atlanta, GA 30326-3235

Saxon Gilmore, PA
201 E. Kennedy Blvd.
Suite 600
Tampa, FL 33602-5819

Scott Goldberg
2868 Monticello Place
# 205
Orlando, FL 32835-2905

Scott Wealing
1368 Countrywind Drive
Apopka, FL 32703-7474

Sean Tucker Clancy
217 Settlers Row N
Ponte Vedra, FL 32082-3941

Securities Exchange Commission
175 West Jackson Street
Suite 900
Chicago IL 60604-2615

Shane Cooper
351 Channelside Walkway
#4304
Tampa, FL 33602-6765

Shane Williams
517 Heatheroak Cove
Altamonte Springs, FL 32714-5418

SunTrust Bank
Attn: Bankruptcy/Legal Dept
200 S Orange Avenue
Orlando, FL 32801-3495

Tennessee Dept of Labor & Workforce
Dev-Unemployment Ins
c/o TN Atty General Ofc Bankruptcy Div
PO Box 20207
Nashville TN 37202-4015

Tenshi Leasing
2875 S. Orange Ave.
Ste 500 PMB 1810
Orlando, FL 32806-5455

Terry Carney
561 High Street
Petersburg, VA 23803-3859

Teesah Ivey
5374 Majestic Oak Circle
St. Cloud, FL 34771-9647

Titanium Technologies
2875 S. Orange Ave.
Suite 500 PMB 1810
Orlando, FL 32806-5455

Tom Broadhead
11916 Brookmeade Court
Glen Allen, VA 23059-5416

Tom J. Hancock
2511 Veranda Trace
Hokes Bluff, AL 35903

Tracey Mertens
1120 Ansley Circle
Apt. #302
Apopka, FL 32703-2901

UHY Advisors, Inc
12900 Hall Rd #500
Sterling Heights, MI 48313-1153
Attn: Marc Fisher

United States Trustee - ORL
135 W. Central Blvd., Suite 620
Orlando, FL 32801-2440

Bart R Valdes
deBeaubien Knight Simmons Mantzaris Neal
332 North Magnolia Avenue
Orlando, FL 32801-1609

Vance Felker
3 Eucalyptus Circle
Ormond Beach, FL 32176-3110

David T Ward
15615 Alton Pkwy #175
Irvine, CA 92618-7303

C Brent Wardrop
deBeubien Knight Simmons Mantzaris  Neal
332 North Magnolia Avenue
Orlando, FL 32801-1609

Gilbert Barnett Weisman
Becket & Lee LLP
16 General Warren Blvd
P O Box 3001
Malvern, PA 19355-0701

Wellington Capital Group, Inc
2875 S Orange Ave #500
Orlando, FL 32806-5455

William G. West, Ch 7 Trustee for the Est
of Southwest Doctors, Inc
c/o Marc Schneider/Kimberly Bartley
15150 Middlebrook Dr.
Houston, TX 77050-1226

William G. West, Trustee for the Southwester
c/o Marc H. Schneider
Waldron & Schneider, LLP
15150 Middlebrook Drive
Houston, Texas 77050-1226

William Reynolds
3521 Plumb Street
Houston, TX 77005-2927

Woody (Horton) Johnson
3212 Northglenn Drive
Orlando, FL 32806

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
Centralized Insolvency Ops
PO Box 21126
Philadelphia, PA 19114

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Argent BD, LLC
c/o Bart R. Valdes Esq.

(u)Briarcliff Village, LLC

(d)Corporate Personnel Network, Inc
c/o David T. Ward
15615 Alton Pkwy #175
Irvine, CA 92618-7303

(u)Dan Pietro
no city
no state

(d)Frank Hailstones
734 Lake Biscayne Way
Orlando, FL 32824-4908

(u)Linda Duncan
no city
no state

(u)Mark J. Bernet
no city
no state

(u)Richard E. Berman
no city
no state

End of Label Matrix
Mailable recipients    156
Bypassed recipients      8
Total                  164

## EXHIBIT IDENTIFICATION-TAG

### Exhibit No. 2

Debtor:           Mirabilis Ventures, Inc.

Case No.:         6:08-bk-04327-KSJ

Pltf.(s):         _____

Deft.(s):         _____

Adv. Pro. No.:    _____

Filed for Identification:     02/03/2010 _____

Admitted in Evidence:         2/3/10 _____

Date:             February 3, 2010

Nature of Proceeding:   Objection to Disbursements by the United States of America

United States Bankruptcy Court for the
Middle District of Florida
Orlando Division

By _____, Deputy Clerk

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                  CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,               CHAPTER 11

          Debtor.
_____/

## ORDER APPROVING COMPROMISE OF CONTROVERSY BY AND AMONG DEBTORS AND THE UNITED STATES OF AMERICA

THIS CASE came on for hearing on February 18, 2009, upon the motion ("Motion")(Doc. No. 101) filed by MIRABILIS VENTURES, INC. ("MVI"), along with its related entities, HOTH HOLDINGS, LLC ("Hoth"), and AEM, INC. ("AEM")(collectively, the "Debtors"), for the approval of a proposed compromise by and among the Debtors and the United States of America ("USA"). The terms of the compromise are substantially set forth in the Motion and the Settlement Agreement Terms set forth in Exhibit "A" and Exhibit "B" (the "Agreement"), copies of which are attached to the Motion. In the Motion, the Debtor seeks the approval of the Bankruptcy Court with respect to the Agreement reached by and among the above-referenced parties.

Upon consideration of the Motion, the Court determined that: (i) the Motion was served upon the United States Trustee and all interested parties with the Local Rule 2002-4 negative-notice legend informing the parties of their opportunity to object within twenty (20) days of the date of service, and (ii) no party filed an objection within the time permitted or all objections were withdrawn prior to the hearing. It is hereby

ORDERED:

1.     The Motion is granted. The Agreement is approved.

2.      The Debtors and the USA are authorized and directed to consummate the compromise in accordance with the terms of the Agreement.

**DONE AND ORDERED** on March 4, 2009.

**KAREN S. JENNEMANN**
United States Bankruptcy Judge

Copies furnished to:

Debtor: Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., President of Mirabilis Ventures, Inc., 341 N. Maitland Ave., Ste. 210, Maitland, FL 32751;

Mirabilis Ventures, Inc., c/o Aaron Bates, Esq., Bates Mokwa, 126 E. Jefferson Street, Orlando, FL 32801;

Debtor's Counsel: Elizabeth A. Green, Esq., Latham, Shuker, Eden & Beaudine, LLP, P.O. Box 3353, Orlando, FL 32802-3353;

Assistant United States Attorney, I. Randall Gold, Esq., Assistant United States Attorney, Office of the U.S. Attorney, 501 N. Church Street, Suite 300, Orlando, FL 32805;

Office of the U.S. Trustee, 135 W. Central Blvd., Ste. 620, Orlando, FL 32801; and

Local Rule 1007-2 Parties-in-Interest

EXHIBIT "A"

## Government Asset List

The properties subject to forfeiture in the pending criminal and/or civil forfeiture cases are:

(a)    614 Lake Avenue, Orlando, FL;

(b)    709 Euclid Avenue, Orlando, FL;

(c)    1159 Delaney Avenue, Orlando, FL;

(d)    Proceeds from the sale of 509 Riverfront Parkway, Chattanooga, TN – Mirabilis Equity interest and unsecured claims of Mirabilis and its affiliates;

(e)    4905 Research Drive, Huntsville, AL;

(f)    102 West Whiting Street, Tampa, Florida;

(g)    2006 BMW 750Li, VIN #WBAHN8353GDT30059;

(h)    2006 Black Harley Davidson, VIN #1HD1BWB156Y077592;

(i)    2006 Mercedes Benz CLS 500C Coupe, VIN #WDDDJ75X46A032858;

(j)    2006 Mercedes Benz CLS 55AMG, VIN # WDDDJ76X66A055945;

(k)    Gates Learjet Model 25D Aircraft No. 4488W;

(l)    $253,487.45.00 in proceeds seized from the Trust Account of the law firm of Balch Bingham LLP;

(m)    $101,393.86 in proceeds seized from the Trust Account of the law firm of Shutts & Bowen;

(n)    $42,419.72 in proceeds seized from the Trust Account of the law firm of Mateer and Harbert;

(o)    $100,000.00 in proceeds seized from the Trust Account of the law firm of Maher, Guily, Maher PA;

(p)    $105,922.96 in proceeds seized from the Trust Account of the law firm of Martin, Pringle, Oliver, Wallace, & Baur LLP;

(q)    $50,000 In proceeds seized from the Trust Account of the law firm of Bieser, Greer & Landis LLP;

(r)    $8,518.30 in proceeds seized from the Trust Account of the law firm of Allen, Dyer, Doppelt, Milbrath & Gilchrist PA;

(s)    $25,000 in proceeds seized from the Trust Account of the law firm of Valenti, Hanley & Robinson PLLC;

(t)    $10,000 in proceeds seized from the Trust Account of the law firm of Brown, Stone, & Nimeroff LLC;

**EXHIBIT "A"**

(u)   $21,900 in proceeds seized from the Trust Account of the law firm of Hunt Rudd PA;

(v)   $41,029.54 in proceeds seized from the Trust Account of the law firm of Ford & Harrison PA;

(w)   $12,528.51 in proceeds seized from the Trust Account of the law firm of Broad & Cassel;

(x)   $20,754.19 in proceeds seized from the Trust Account of the law firm of Latham, Shuker, Barker, Eden, & Beaudine LLC;

(y)   $13,100.99 in proceeds seized from Fifth Third Bank Account No. 7440599020 in the Name of Soone Business Development;

(z)   $37,629.16 in proceeds seized from the trust account of the law firm of Charles W. McBurney, Jr.;

(aa)   A promissory note in the amount of $3,500,000.00 dated on or about May 7, 2007 between Wellington Capital and Worker's Temporary Staffing, Inc., including payments of $63,000.00 per month;

(bb)   All payments due under the promissory note in the amount of $5,500,000.00 dated May 27, 2007 between Mirabilis Ventures, Inc. and Conrad D. Eigenmann, Jr. after the January 2009 payment;

(cc)   The assets of the following corporations, including but not limited to the below listed lawsuits and/or settlements:

Anthony T. Sullivan v. AQMI Strategy (07-CA-0015981-0);
Michael Mapes, et al. v. Wellington Capital Group, Inc.(8:07cv77);
Dutko Global Advisors LLC v. AQMI Strategy Corporation (48-2007-CA-018164-0);
Providence Property & Casualty Insurance Co, et al. v. Paradyme, Inc., d/b/a Presidion Solutions VI (4:07-CV-202)
Presidion Corporation v. Arrow Creek, Inc., et al. (50-2006-CA-0014170)

Corporations:

AQMI Strategy Corporation,
Nexia Strategy Corporation,
Presidion Solutions, Inc.,
Professional Benefit Solutions, Inc.,
     d/b/a Presidion Solutions VII, Inc.
Quantum Delta Enterprises, Inc.,
     d/b/a Siren Resources, Inc.,
               Titanium Technologies, Inc.,
          f/k/a Titanium Consulting Services, Inc.,
          Tenshi Leasing, Inc.
          Wellington Capital Group, Inc.

EXHIBIT "B"

## Debtor's Asset List

The properties subject to forfeiture in the pending criminal and/or civil forfeiture cases are:

(a)   3801 Carolina Avenue, Richmond, VA;

(b)   The funds, if any, generated by the fraudulent transfer lawsuit from the sale of 509 Riverfront Parkway, Chattanooga, TN;

(c)   January 2009 payment due under a promissory note in the amount of $5,500,000.00 dated on or about May 27, 2007 between Mirabilis Ventures, Inc. and Conrad D. Eigenmann, Jr.;

(d)   The assets of the following corporations, including but not limited to the below listed lawsuits and/or settlements:

Corporations:

AEM, Inc., d/b/a Mirabilis HR,
Hoth Holdings, LLC,
Mirabilis Ventures, Inc.,

Lawsuits:

| Style of case | Location | Case No. |
| --- | --- | --- |
| Mirabilis Ventures, Inc. v. Jeffrey Reichel | Broward County, Florida | CACE 07011827 |
| Mirabilis Ventures, Inc, and Nexia Strategy Corp. v. Palaxar Group, LLC, et al. | Orange County, Florida | 07-co-13191 (37) |
| Mirabilis Ventures, Inc. v. Forge Capital Partners, LLC, et al. | Orange County, Florida | 07-CA-13828 (33) |
| Mirabilis Ventures, Inc. v. J.C. Services, Inc., et al. | U.S.D.C., M.D. Fl. | 6:06-cv-1957-Orl-22KRS |
| AEM, Inc. d/b/a Mirabilis HR v. Sheryl Okken, Progressive Employer Services, LLC, et al. | Brevard County, Florida | 05-2007-CA-006526 |

EXHIBIT "B"

| Style of case | Location | Case No. |
|---|---|---|
| RKT Constructors, Inc. v. Del Kelley and Robi Roberts | Orange County, Florida | 2007-CA-012599-0 |
| Mirabilis Ventures, Inc. v. Stratis Authority, Inc., et al. | Orange County, Florida | 07-ca-13826 (37) |
| Mirabilis Ventures, Inc. v. Premier Servicing, LLC and Robert Konicki | Orange County, Florida | 07-ca-33197 (34) |
| Mirabilis Ventures, Inc. v. Robert Lowder, et al. | Orange County, Florida | 2006-CA-005742-0 |
| Kenneth Hendricks, et al. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | U.S.D.C., M.D.Fl. | 8:07-cv-661-T17EAJ |
| Kenneth Hendricks, et al. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | Hillsborough County, Florida | DC-07-014201J |
| Berman, Kean & Riguera, P.A. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | Broward County, Florida | 07-024968 (21) |
| Paysource, Inc. And Robert Sacco v. Mirabilis Ventures, Amodeo, et al. (Counterclaim) | U.S.D.C., S.D. Ohio | 3:07cv0129 |
| Prime Acquisition Group, LLC v. Ionic Services, Inc., et al. (Counterclaim) | Palm Beach County, Florida | 502007CA02242 |
| Briarcliff Village, LLC v. Mirabilis Ventures, Inc. | Clay County, Missouri | 07CY-CV09414 |
| William Gregory v. Floyd Road v. Mirabilis Ventures, Inc. (Counterclaim) | Hillsborough County, Florida | 07-CA-010780 |
| Coastal Equity Partners, LLC v. Pacific Atlantic Capital Corp., et al. (Counterclaim) | Henrico County, Virginia | CL07-1960 |

F:\CM\ECF\SCANNED PDF DOCUMENTS\JUDICIAL ASSISTANT\JUDGE JENNEMANN'S JA\MIRABILIS 08-BK-4327-KSJ-ORDER_APPROVING_COMPROMISE_OF_CONTROVERSY-1\FVASYP2W7.DOC

6

**EXHIBIT "B"**

| Style of case | Location | Case No. |
|---|---|---|
| Liberty Property Limited Partnership v. Mirabilis Ventures, Inc., et al. (Counterclaim, settled) | Duval County, Florida | 162007CA003642 |
| Tranmere Rovers Football Club v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Liverpool, England | 7LV30022 |
| Mark Lang v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Orange County, Florida | 48-2007-CA-002929-0 |
| David Chaviers, Norman Chaviers, Kellie Ledbetter and Tom Hancock v. Mirabilis Ventures, Inc. And Frank Amodeo, et al. (Counterclaim, settled) | U.S.D.C., N.D. Ala. | CV-07-0442-cls |
| Carlton Fields v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Hillsborough County, Florida | 07-CC-038145 |
| Brevard County v. RKT Constructors, Inc. (Counterclaim, settled) | Brevard County, Florida | 05-2007-CA-12251 |
| Bellsouth v. RKT Constructors, Inc., et al. (Counterclaim, settled) | Orange County, Florida | 05-2007-CA-9660-0 |
| Capital Office Products of Volusia County, Inc., v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Volusia County, Florida | 2007-34950 COCI |
| CDW Corporation, Inc. v. Information Systems, Inc. (Counterclaim, settled) | Cook County, Illinois | 2007-L-002446 |
| RKT Constructors, Inc. v. Florida Department of Transportation (Settled) | Broward County, Florida | 05-2003-CA-047397 |

EXHIBIT "B"

| Style of case | Location | Case No. |
|---|---|---|
| RKT Constructors, Inc. v. Florida Department of Transportation (Settled) | Broward County, Florida | 05-2006-CA-060518 |

(e)    Any and all property of the following bankruptcy estates, including funds which now constitute or have constituted funds of the estate:

| Style of case | Location | Case No. |
|---|---|---|
| Sam Hopkins, Trustee v. Todd Pattison and Mirabilis Ventures, Inc. | U. S. Bankruptcy Court, D. Idaho | 08-08005-JDP |
| In Re: Mirabilis Ventures, Inc. | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04327-KSJ |
| In Re: Hoth Holdings, LLC | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04328-KSJ |
| In Re: AEM, Inc. | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04681 |
| In Re: North American Communications | U. S. Bankruptcy Court, D. Utah | 2:07-bk-24900 |

F:\CMECF\SCANNED PDF DOCUMENTS\JUDICIAL ASSISTANTS\JUDGE JENNEMANN'S JA\MIRABILIS\08-BK-4327-KSJ-ORDER_APPROVING_COMPROMISE_OF_CONTROVERSY-1PVASYY2WJ.DOC

8

EXHIBIT IDENTIFICATION-TAG

Exhibit No. 3

Debtor:          Mirabilis Ventures, Inc.

Case No.:        6:08-bk-04327-KSJ

Pltf.(s):        _____

Deft.(s):        _____

Adv. Pro. No.:   _____

Filed for Identification:        02/03/2010 _____

Admitted in Evidence:            2/3/10 _____

Date:        February 3, 2010

Nature of Proceeding:  Objection to Disbursements by the United States of America

United States Bankruptcy Court for the
Middle District of Florida
Orlando Division

By _____, Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:

MIRABILIS VENTURES, INC.,                    CASE NO. 6:08-bk-04327-KSJ
HOTH HOLDINGS, LLC, and                      CASE NO. 6:08-bk-04328-KSJ
AEM, INC.,                                   CASE NO. 6:08-bk-04681-KSJ

        Debtors.                            CHAPTER 11

_____/

## ORDER CONFIRMING JOINT AMENDED PLAN OF LIQUIDATION, AS MODIFIED, SUBMITTED BY MIRABILIS VENTURES, INC., HOTH HOLDINGS, LLC, AND AEM, INC.

THIS CASE came before the Court at a hearing on October 16, 2009 (the "Hearing") to consider: (a) confirmation of the Joint Amended Plan of Liquidation submitted by Mirabilis Ventures, Inc., ("Mirabilis"), Hoth Holdings, LLC ("Hoth"), and AEM, Inc. ("AEM") (collectively, hereinafter referred to as the "Debtors"), dated as of August 14, 2009 (Doc. No. 234 - Mirabilis, Doc. No. 133 - AEM, Doc. No. 115 - Hoth), and as modified on October 15, 2009 (Doc No. 371 - Mirabilis, Doc. No. 172 - AEM, Doc. No. 148 - Hoth), (collectively, each of these Docket entries, hereafter referred to as the "Plan"); (b) Motion for Cramdown of Class 3, Equity Interests, which was filed with the Court on October 15, 2009 (Doc. No. 370) ("Cramdown Motion"); (c) the Motion to Approve Compromise with Diane Hendricks, individually and as Trustee of Hendricks Irrevocable Trust ("Hendricks Compromise") (in the Mirabilis case) (Doc No. 320); (d) the Motion to Approve Compromise with Diane Hendricks, individually and as Trustee of Hendricks Irrevocable Trust (in the AEM case) (Doc. No. 159); and (e) the objections to confirmation filed by Hans C. Beyer, *et al.* (Doc No. 321); Rachlin Cohen & Holtz, LLP (Doc No. 322); Richard E. Berman, *et al.* (Doc No. 338); James Moore &

Co, PL (Doc No. 365); the Internal Revenue Service (Doc No. 366); and O2HR, LLC (Doc No. 369) (collectively, hereinafter referred to as the "Objections").

On August 4, 2009, the Court entered an Order Approving the Disclosure Statement, Scheduling Confirmation Hearing for September 16, 2009, Establishing Confirmation, Compensation, and Administrative Claims Hearing Procedures, and Fixing Time for Filing Acceptances or Rejections of Plan (Doc. No. 228 - Mirabilis, Doc. No. 121 - AEM, Doc. No. 112 - Hoth) (the "Balloting Order"). The Plan was distributed to creditors and parties-in-interest on and after August 14, 2009. Thereafter, on September 1, 2009, the Court entered an amended order rescheduling the hearing on confirmation of the Plan for October 16, 2009 ("Amended Order") (Doc No. 266). Capitalized terms used herein and not otherwise defined shall have the respective meanings ascribed to them in the Plan and Disclosure Statement.

At the Hearing, counsel for Debtor made the following *ore tenus* modifications: (a) Cuthill will agree to periodic meetings with the U.S. Attorney or IRS upon reasonable notice (as opposed to ten (10) days as set forth in the Plan); (b) nothing in the Plan or Confirmation Order expands the jurisdiction of the Bankruptcy Court beyond the jurisdiction set forth by applicable Federal Statutes; (c) the Exculpation Clause set forth in Article IX of the Plan shall not eliminate any liability for Allowed tax Claims nor shall it relieve the Liquidating Debtor from its responsibility for timely filing both corporate and payroll tax returns and from timely paying all applicable taxes. Moreover, the Exculpation Clause does not prospectively release the Liquidating Debtor or any responsible person related to federal taxes; and (d) the additional notice provided to the IRS as set forth in Article VI, 5 of the Plan shall apply to both uncashed and returned checks (collectively, (a) - (d) referred to as the "*Ore Tenus* Modifications").

The Court, having considered the: (a) Plan; (b) proffer of counsel at the Hearing; (c) Affidavit of Cuthill in Support of Confirmation ("Confirmation Affidavit") and the Ballot Tabulation ( Doc. No. 368 - Mirabilis, Doc. No. 171 - AEM, Doc. No. 147 - Hoth); (e) the Cramdown Motion; (f) the Objections; (g) the Ore Tenus Modificaitons; and (h) the arguments of all counsel present at the Hearing; and with the Court being familiar with the Plan and other relevant factors affecting this case and having taken judicial notice of the entire record in this case, makes the following findings of fact and conclusions of law pursuant to Rule 7052(a) of the Federal Rules of Bankruptcy Procedure made applicable to this matter pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure:

**I.  Findings of Fact and Conclusions of Law**

A.      Debtors, as proponents of the Plan, have provided good and sufficient notice of: (a) the filing of the Plan and Disclosure Statement; (b) the deadline to file and serve objections to confirmation of the Plan and Disclosure Statement; (c) the deadline and procedures for voting on the Plan; and (d) the hearing date on the confirmation of the Plan;

B.      Debtors have afforded all parties-in-interest with an adequate opportunity to be heard regarding the Plan and Disclosure Statement, and the Plan complies with Bankruptcy Code §1127 and Federal Rule of Bankruptcy Procedure 3019.  All parties received adequate notice in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Balloting Order.

C.      The Court has jurisdiction to conduct the Hearing and to confirm the Plan pursuant to 28 U.S.C. §1334.

D.      Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(L), and this Court has jurisdiction to enter a final order with respect thereto.

Evergreen Security Ltd
Case No. 01-00533-6B1                    C:\DOCUME~1\ADMINI~1\LOCALS~1\TEMP08~3\C-04327-KSJ-ORDER_CONFIRMING_JOINT_AMENDED_PLAN_OF_LIQUIDATION-8BBRXWHSIF.DOC

3

E.      Mirabilis, Hoth, and AEM are proper Debtors under Section 109 of the Bankruptcy Code.

F.      The Ballot Tabulation filed by the Debtors (as an exhibit to the Confirmation Affidavit) on October 15, 2009, validly and correctly sets forth the tabulation of votes on the Plan, as required by the Bankruptcy Code, Bankruptcy Rules, the Local Rules and the Balloting Order.

G.      The Debtors have solicited and tabulated votes in respect of the Plan in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Balloting Order.

H.      The Plan was voted on by all Classes of Impaired Claims that were entitled to vote pursuant to the Bankruptcy Code and the Bankruptcy Rules.

I.      The Plan has been accepted in writing by the requisite majorities of all Impaired Classes of Claims.

J.      The Plan satisfies all of the applicable provisions of the Bankruptcy Code, and, as required by Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtors as the proponents.  Pursuant to Bankruptcy Rule 3016(c), both the Plan and Disclosure Statement have described in specific and conspicuous language all acts proposed to be enjoined and identified all entities subject to the injunction contained in the Plan.

K.      In accordance with § 1122(a) of the Bankruptcy Code, Article III of the Plan classifies each Claim against and Interest in the Debtors that are substantially similar to such Claims or Interests.  The Plan, therefore, satisfies § 1122(a) of the Bankruptcy Code.

L.      The Plan adequately and properly classifies all Claims and Interests required to be classified, and, accordingly, satisfies § 1123(a)(1) of the Bankruptcy Code.

M.    Pursuant to Article IV of the Plan, all Classes of Claims are identified as Impaired.  Accordingly, the Plan satisfies § 1123(a)(2) of the Bankruptcy Code.

N.    Article VI of the Plan specifies the treatment of each Impaired Class of Claims and Interests.  Accordingly, the Plan satisfies § 1123(a)(3) of the Bankruptcy Code.

O.    The Plan provides the same treatment for each Claim or Interest in each Class unless the holder of such a Claim or Interest agrees to less favorable treatment.  Accordingly, the Plan satisfies § 1123(a)(4) of the Bankruptcy Code.

P.    Article IX of the Plan sets forth the means by which the Plan will be implemented.  The Plan makes adequate means for its implementation and satisfies § 1123(a)(5) of the Bankruptcy Code.

Q.    Upon the occurrence of the Effective Date, the amended and restated certificate of incorporation of the Liquidating Debtor will contain provisions prohibiting the issuance of non-voting equity securities.  Accordingly, the Plan satisfies § 1123(a)(6) of the Bankruptcy Code.

R.    The Debtors have disclosed the identities of those persons who will serve as officers and directors of the Liquidating Debtor.  Accordingly, the Plan satisfies § 1123(a)(7) of the Bankruptcy Code.

S.    The Plan provides that all executory contracts or unexpired leases will be deemed rejected upon the Effective Date, except for any such contracts or leases that (a) have been assumed or rejected pursuant to final Order of the Bankruptcy Court, (b) are specifically treated in the Plan, or (c) are the subject, as of entry of this Order, of a motion to assume currently pending before the Bankruptcy Court.   The Plan further provides that the entry of the Confirmation Order constitutes approval of such rejections pursuant to §§ 365(a) and 1123(b)(2)

of the Bankruptcy Code, in each case as of, and subject to the occurrence of, the Effective Date. The Debtors' decision regarding the assumption and rejection of executory contracts and unexpired leases is based on and is within their sound business judgment, is necessary to the implementation of the Plan, and is in the best interests of the Debtors, their estates, Holders of Claims, and other parties in interest in this Chapter 11 Case.

T.     Consistent with the requirements of § 1146(c) of the Bankruptcy Code, the transfer or vesting of any real or personal property of the Debtors or the issuance of any securities in accordance with the Plan or the Confirmation Order,   is not subject to taxation under any state or local law imposing a stamp, transfer or similar tax.

U.     The Debtors have complied with all of the provisions of the Bankruptcy Code and the Bankruptcy Rules governing notice, disclosure, and solicitation in connection with the Plan, the Disclosure Statement, and all other matters considered by this Court in connection with this Chapter 11 Case.

V.     The Debtors have properly solicited votes with respect to the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, as well as the Balloting Order. All of the Ballots were properly solicited and tabulated. The Debtors accordingly have satisfied § 1129(a)(2) of the Bankruptcy Code.

W.     This Court has examined the totality of the circumstances surrounding the formulation of the Plan. The Plan has been proposed in good faith by the Debtors. The Debtors have acted in good faith in formulating and proposing the Plan and have properly performed their fiduciary duties. All parties have acted in good faith and received no unfair advantage.

X.     Since the Debtors' business has not continued after the Petition Date and the sole goal of the Plan is to generate the maximum amount of Extraordinary Income possible for the benefit of the Holders of Allowed Claims, the Plan does not provide for the discharge of any claims or liabilities.

Y.     On the Effective Date: (i) all assets, and all proceeds thereof, and all liabilities of the Debtors, will be treated as though the assets and liabilities were merged into a single entity which shall be the Liquidating Debtor; (ii) all Intercompany Claims will receive no distribution under the Plan; (iii) any obligation of any Debtors and all Guaranties thereof executed by one or more of the Debtors, and any Claims filed in a case of a Debtor hereof or to be filed in connection with any such obligation and guarantee will be deemed one Claim against the Liquidating Debtor; (iv) each and every Claim filed in the individual Chapter 11 Case of any of the Debtors will be deemed filed against the Liquidating Debtor; and (v) for purposes of determining the availability of the right of setoff under section 553 of the Bankruptcy Code, the Debtors shall be treated for purposes of the Plan as one entity so that, subject to the other provisions of section 553 of the Bankruptcy Code, debts due to any of the Debtors may be set off against the debts of any of the Debtors.

Z.     On the Effective Date, the Liquidating Debtor shall receive, retain, and pursue for the benefit of holders of Allowed Claims, any and all Causes of Action belonging to any of the Debtors.  Any rights to claim any legal privileges previously enjoyed by the Debtors shall also vest in the Liquidating Debtor to be exercised by the President.  For purposes of the Plan, the Liquidating Debtor, through its President acting in his or her official, shall be designated as the representative of the Bankruptcy Estates for the retention and enforcement of any Claim or Interest belonging to the Debtors or the Bankruptcy Estates pursuant to 11 U.S.C. §

1123(b)(3)(B).  Any recovery from the Causes of Action will be paid to the holders of Allowed Claims as provided for herein, less the costs of recovering or attempting to recover Extraordinary Income through the Causes of Action and other means.

AA.    All payments to be made by Cuthill to Professionals retained by order of the Court for services or for costs and expenses in or in connection with this Chapter 11 Case, through the Confirmation Date, have been or are subject to review and approval by this Court upon the pending, and any supplemental, applications filed under §§ 330, 331 or 503(b) of the Bankruptcy Code.  Accordingly, the Plan satisfies § 1129(a)(4) of the Bankruptcy Code.

BB.    Article IX of the Plan provides for post confirmation payment by the Liquidating Debtor of certain fees and expenses of professionals employed by the Liquidating Debtor, without prior Court order, and the Court shall have jurisdiction over this matter only as provided under the Plan.

CC.    The Debtors have disclosed the identities, affiliations and compensation of the individuals who will serve as officers and/or directors of the Liquidating Debtor.  Cuthill will act as the initial President and the initial Director of the Liquidating Debtor.  The appointment, or continuation in office, of such individual is consistent with the interests of creditors and with public policy.  Accordingly, the Plan satisfies § 1129(a)(5) of the Bankruptcy Code.

DD.    The Plan does not provide for any changes in rates that require regulatory approval of any governmental agency. Section 1129(a)(6) of the Bankruptcy Code is accordingly not applicable.

EE.    Each Holder of an Impaired Claim that has not accepted the Plan will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtor was liquidated

under Chapter 7 of the Bankruptcy Code. Thus, the Plan satisfies the "best interests" test under § 1129(a)(7)(A)(ii) of the Bankruptcy Code.

FF.    Pursuant to the Ballot Tabulations all Impaired Classes of Claims have voted in favor of the Plan. The equity securities representing the Interests in Class 3 (Common Stock) have not voted; however, there is no holder of a junior Interest that will receive or retain any property on account of such Interest. Accordingly, the Plan may be confirmed over the deemed rejection by Class 3, pursuant to § 1129(b)(2)(C) of the Bankruptcy Code.

GG.    Article IV, V, and VI of the Plan provide that, as of the Effective Date, all Allowed Administrative Claims and Allowed Priority Tax Claims should be fully satisfied and all Interests shall be extinguished. In the event that any Allowed Priority Tax Claim remains unpaid after the Effective Date, the Liquidating Debtor shall insure that such Allowed Claims are paid prior to making any payments on account of Allowed Class 1 or 2 Claims. Accordingly, the Plan satisfies the requirements of § 1129(a)(9) of the Bankruptcy Code.

HH.    The Plan satisfies § 1129(a)(10) of the Bankruptcy Code because an Impaired Class has voted to accept the Plan by the requisite majority, determined without including any acceptance of the Plan by Insiders.

II.    The Plan provides for the payment on the Effective Date (or as soon as practicable thereafter) of all fees payable under § 1930, Title 28, United States Code. The Plan satisfies Section 1129(a)(12) of the Bankruptcy Code.

JJ.    It is not the principal purpose of the Plan to avoid taxes or the application of § 5 of the Securities Act of 1933, as amended.

KK.    The omission of any reference or specific discussion of all or part of any particular provision of the Plan herein shall have no effect on the validity, binding effect and enforceability

as every other provision of the Plan.   To the extent of any inconsistencies between the terms of this Confirmation Order and the Plan, the terms of this Confirmation Order shall control, except as otherwise provided herein.

LL.    If any provision of this Confirmation Order is hereafter modified, vacated, or reversed by subsequent Order of this Court or any other court of competent jurisdiction, such reversal, modification, or vacation shall not affect the validity of the obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's receipt of written notice of any such order; nor shall such reversal, modification or vacation hereof affect the validity or enforceability of such obligations.   Notwithstanding any reversal, modification or vacation hereof, any such obligations incurred or undertaken pursuant to and in reliance on this Confirmation Order prior to the effective date of such reversal, modification or vacation shall be governed in all respects by the provisions hereof and of the Plan, and all documents, instruments and agreements related thereto, or any amendments or modifications thereto.

MM.    The *Ore Tenus* Modifications do not constitute substantial modifications and, thus, no further solicitation is required.   The *Ore Tenus* Modification are deemed incorporated into the Plan.

For the foregoing reasons, the Court determines that the Plan should be confirmed. Accordingly, it is hereby

**ORDERED:**

1.    The Plan is in all respects confirmed pursuant to § 1129 of the Bankruptcy Code and all of its terms and provisions are approved.   The Debtors and Liquidating Debtor are authorized and directed to take any and all actions contemplated to be taken by it under the Plan.

Evergreen Security Ltd.
Case No. 01-00533-6B1                  C:\DOCUME~1\ADMINI~1\LOCALS~1\TEMP\04327-KSJ-ORDER_CONFIRMING_JOINT_AMENDED_PLAN_OF_LIQUIDATION-8BGRXWHSIF.DOC

10

2.    The Objections are overruled. With respect to the objections filed by the adversary proceeding defendants: Hans C. Beyer, et al., Rachlin Cohen & Holtz, LLP, Richard E. Berman, et al., and James Moore & Co, PL, and notwithstanding anything herein to the contrary, neither the Plan nor this Confirmation Order shall be construed in any way to create, expand or modify the jurisdiction of this Court with respect to the above-named objecting parties. Furthermore, the above-named objecting parties have not submitted themselves to the jurisdiction of this Court by the filing of the objections.

3.    The Cramdown Motion is granted.

4.    In accordance with § 1141(a) of the Bankruptcy Code, the provisions of the Plan and this Confirmation Order are binding on the Debtors, Liquidating Debtor, each Creditor, and every other party-in-interest in this case and each of their respective successors and assigns (whether or not such Creditors or parties-in-interest voted to accept the Plan, whether or not they are Impaired under the Plan, and whether or not any such Holder has filed, or is deemed to have filed a proof of Claim or proof of Interest), and any other Person giving, acquiring, or receiving property under the Plan, and any lessor or lessee of Property to or from the Debtor. The rights afforded in the Plan and the treatment of all Claims and Interests therein shall be in exchange for and in complete satisfaction of all Claims and Interests of any nature whatsoever, known or unknown, including, except as expressly provided in the Plan, interest accrued on or expenses incurred in connection with such Claims from and after the Order for Relief, against, the Liquidating Debtor or its property or interests in property.

5.    The provisions of this Confirmation Order will become operative on the Effective Date.

6.      In accordance with §§ 524 and 105(a) of the Bankruptcy Code, and except as otherwise provided in the Plan and this Confirmation Order on and after the Effective Date all Persons are permanently enjoined from, and restrained against, commencing or continuing in any court any suit, action, or other proceeding, or otherwise asserting any Claim or Interest, seeking to hold liable:   (a) the Liquidating Debtor and all officers and directors noted in the Confirmation Affidavit; and (b) the property of Liquidating Debtor, for any claim, obligation, right, interests, debt or liability that has been discharged or released pursuant to the Plan and for any and all claims arising under bankruptcy or nonbankruptcy law relating in any way to the Debtors, Liquidating Debtor or its business, except for any claims or actions related to gross negligence or willful misconduct.

7.      In accordance with § 1141(b) of the Bankruptcy Code and the Plan, title to the Debtors' assets, shall vest in the Liquidating Debtor on the Effective Date.   Until the Effective Date, the Debtors and Cuthill shall continue to perform their duties under the Code.   Except as otherwise expressly provided in the Plan and in this Confirmation Order, all assets and property of the Debtors shall be vested in the Liquidating Debtor, free and clear of all Liens, security interests, Claims and Interests of holders of Claims or Interests, and all such Liens, security interests, Claims and Interests are hereby extinguished.

8.      The provisions of Articles VI and IX of the Plan, governing distributions, reserves and procedures for resolving and treating disputed claims in Class 2 of the Plan, are found to be fair and reasonable and are hereby approved.

9.      Payment of all Allowed Claims of Professionals for fees and/or expenses, as provided herein, shall be paid on the date on which any Order authorizing the payment of such fees and/or expenses to such professional becomes a Final Order.

10.    The Debtors shall comply with all terms and conditions of the Plan, which terms and conditions are incorporated herein by reference.

11.    The Debtors are hereby authorized and directed to execute any necessary documents to meet the statutory requirements if any, for filing necessary papers with the State of Florida or any other jurisdiction to effectuate the terms of the Plan.

12.    The Debtors are hereby vested with the rights and powers granted to the Debtors pursuant to § 1107(a) of the Bankruptcy Code with respect to the allowance, treatment or avoidance of Liens or Claims which remain unresolved as of the Effective Date.

13.    The President of the Liquidating Debtor is hereby appointed as the representative of the Estate pursuant to 11 U.S.C. § 1123(b)(3)(B) for the purpose of retaining and enforcing the Causes of Action.

14.    Upon the Effective Date, the President, on behalf of the Liquidating Debtor, shall have the right, and be vested with the authority, to seek adjudication of the Causes of Action. Such rights shall be transferred to the Liquidating Debtor for the benefit of Class 2 Creditors as of the Effective Date, and the President, as representative of the estate, and subject to the relevant provisions and limitations set forth in the Plan, shall have the right and be fully vested with the authority to assert and prosecute such Causes of Action, and to prosecute, settle or compromise any such  Causes of Action, for the benefit of Class 2 Creditors.

15.    Upon the Effective Date, all executory contracts and unexpired leases of the Debtors not previously assumed by Order of this Court or subject to a pending motion to assume shall be deemed rejected, unless such contracts or leases were or are otherwise assumed pursuant to the Plan. Parties to such rejected leases and contracts are required to submit their claims for rejection damages, if any, pursuant to the provisions of 11 U.S.C. § 502(g), within 30 days

hereof. All of the Debtors' right, title and interest in any contracts, leases or agreements entered into by the Debtors after the Petition Date, and/or not subject to assumption or rejection under § 365 of the Bankruptcy Code, shall vest in the Liquidating Debtor without further action on the Effective Date.

16.    In accordance with § 1145 of the Bankruptcy Code, the offer or issuance, sale, exchange or other transfer by the Debtors of any security in accordance with the Plan or this Confirmation Order, is hereby declared exempt from: (a) the provisions of § 5 of the Securities Act of 1933, as amended (15 U.S.C. §77(e), as amended); and (b) any state or local law requiring registration for the offer or sale of a security or registration or licensing of the issuer or an affiliate thereof as an underwriter, broker or dealer in securities.

17.    Pursuant to § 1146(c) of the Bankruptcy Code and the Plan, the issuance, transfer, or exchange of notes or securities under the Plan the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan shall not be subject to any stamp, real estate transfer, or similar tax. All filing and recording officers are hereby directed to accept for filing or recording all instruments of transfer to be filed and/or recorded, without the payment of any such taxes.

18.    All entities holding Claims against or Interests in the Debtors that are treated under the Plan are hereby directed to execute, deliver, file or record any document, and to take any action necessary to implement, consummate and otherwise effect the Plan in accordance with their respective terms, and all such entities shall be bound by the terms and provisions of all documents executed and delivered by them in connection with the Plan.

Evergreen Security Ltd.
Case No. 01-00533-6B1                    C:\DOCUME~1\ADMINI~1\LOCALS~1\TEMP\04327-KSJ-ORDER_CONFIRMING_JOINT_AMENDED_PLAN_OF_LIQUIDATION-8BBRXWHSIF.DOC

14

19.     In accordance with § 1142 of the Bankruptcy Code, the Debtor, the Liquidating Debtor and any other entity designated pursuant to the Plan are hereby authorized, empowered, and directed to issue, execute, deliver, file, and record any document, and to take any action necessary or appropriate to implement, consummate and otherwise effectuate the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents issued, executed and delivered by them as necessary or appropriate to implement or effectuate the transactions contemplated by the Plan.

20.     The Debtors are hereby authorized upon subsequent order of the Bankruptcy Court, to amend or modify the Plan at any time prior to the Effective Date, but only in accordance with § 1127 of the Bankruptcy Code and the Plan.

21.     The Debtors shall pay to the United States Trustee the fees imposed pursuant to 28 U.S.C. § 1930(a)(6) within ten (10) days of the entry of this Order for preconfirmation periods and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period.

22.     The Liquidating Debtor shall further pay to the United States Trustee the fees imposed pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), until the earlier of the closing of this case by the issuance of Final Decrees by the Court, or until the entry of Orders by this Court dismissing this case or converting this case to another chapter under the Bankruptcy Code.  The Liquidating Debtor shall provide to the United States Trustee, upon the payment of each post-confirmation payment, an appropriate affidavit indicating all the cash disbursements for the relevant period.

23.     Until this case is closed through the entry of a final decree, the Court shall retain jurisdiction pursuant to Rule 3020(d) to ensure that the provisions and the intent of the Plan are

carried out. The Court shall also retain jurisdiction to hear and determine all claims against the Debtor; to hear, determine, and enforce all Causes of Action arising in, arising under, or related to this Case and which may exist on behalf of the Debtors, or the Liquidating Debtor; to hear and resolve all objections to the fees or expenses of Professionals or others as provided for in the Plan; and to confirm, after proper notice and hearing, any proposed sale of assets (although after the Effective Date no such sale of assets would require Bankruptcy Court approval). Nothing contained herein shall prevent the Debtors or the Liquidating Debtor from taking such action as may be necessary in the prosecution of any cause of action which may exist on its or on the Debtors' behalf and nothing contained herein shall prevent any creditor from enforcing any claim it may have against third parties who may be liable as a result of the Debtors' obligation to such creditor except as specifically provided for herein.

24.     In the event the Liquidating Debtor fails to follow the provisions of M.D. Fla. L.B.R. 3022-1, Liquidating Debtor shall file a report within ninety (90) days from the date of the Confirmation Order, setting forth the progress made in consummating the Plan. The Report shall include:

> (a)     a statement of distribution by Class, name of Creditor, date of distribution, and amounts paid;
>
> (b)     a statement of transfer of property; and
>
> (c)     a statement of affirmation that Liquidating Debtor has substantially complied with the provisions of the confirmed Plan.

25.     Within five (5) days after the entry of this Confirmation Order, the Liquidating Debtor shall mail to all known Creditors and Holders of Interests and all other parties in interest (including Professionals) copies of this Confirmation Order.

26.    This Confirmation Order shall be deemed to constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or other governmental authority, whether foreign or domestic, or judicial or administrative body, whether foreign or domestic, with respect to the implementation or consummation of the Plan.

27.    Hereafter, the only parties to whom notices of matters and proceedings shall be given, and on whom service of pleadings is required shall be limited to the Liquidating Debtor, care of the President and his professionals, and the United States Trustee, by notifying or serving them and their respective counsel of record at the following addresses:

> Liquidating Debtor
> c/o R.W. Cuthill, Jr.
> 341 N. Maitland Ave., Ste. 210
> Maitland, FL 32751
>
> With a copy to:
>
> R.Scott Shuker
> Latham, Shuker, Eden & Beaudine, LLP
> PO Box 3353
> Orlando, FL    32801
>
> United States Trustee:
> 135 West Central Blvd, Suite 620
> Orlando, Florida 32801

28.    Pursuant to the provisions of Bankruptcy Rule 3020(e), the ten-day stay otherwise required is hereby waived, and this Confirmation Order shall become effective immediately upon

entry, and the Effective Date shall occur as soon as the conditions precedent to effectiveness set

forth in the Plan have occurred or been waived as provided for in the Plan.

    **DONE AND ORDERED** on October 27, 2009.

*Karen S.*

_____

**KAREN S. JENNEMANN**
United States Bankruptcy Judge

Copies to:

Debtor: R. W. Cuthill, Jr., 341 N. Maitland Ave., Suite 210, Maitland, Florida 32751;

Debtor's Counsel:   R. Scott Shuker, Esq., Latham, Shuker, Eden & Beaudine, LLP, PO Box 3353, Orlando, Florida 32802-3353;

Office of the United States Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801; and

All Creditors & Interested Parties