UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

MIRABILIS VENTURES, INC.,           Case No. 6:08-bk-04327-KSJ
et al.,           Case No. 6:08-bk-04328-KSJ
          Case No. 6:08-bk-04681-KSJ

    Debtors.
_____/

## UNITED STATES' OBJECTION TO DISBURSEMENTS

The creditor, United States of America, by and through counsel, objects to the planned distribution by the liquidating agent of his compensation (approximately $125,000), and distributions to other professionals, specifically including the following sums:

- $57,202.18 to Broad and Cassel for January fees and expenses (noticed March 8, 2010)

- $6,074.53 to Shutts & Bowen LLP for February fees and expenses (noticed March 11, 2010)

Procedural History

On May 27, 2008, the debtors, Mirabilis Ventures, Inc., and AEM, Inc., through their newly-appointed President, R.W. Cuthill, filed Chapter 11 cases. On October 30, 2008, the companies were indicted for conspiring to divert federal payroll taxes. (The indictments include criminal forfeiture counts.) On March 4, 2009, this Court approved a compromise between the United States and the debtors regarding assets subject to forfeiture. (DE 101, 145.) On October 27, 2009, the debtors' liquidating plan was

4714888.1

confirmed. Cuthill, as liquidating agent, is required by the confirmed plan to recover and liquidate the debtors' assets and distribute the proceeds to pay administrative expenses, allowed priority tax claims, and then unsecured claims, the largest of which is an allowed $200,000,000 forfeiture claim by the United States that was the subject of the March 2009 compromise. (DE 375.)

In addition to the allowed $200,000,000 forfeiture claim, the United States Internal Revenue Service has filed a proof of claim in *Mirabilis Ventures, Inc.*, for unsecured priority taxes in the amount of $395,023.11, and a claim in *AEM, Inc.*, for unsecured priority taxes in the amount of $2,492,059.53. The administrative claim in *Mirabilis* stands at approximately $200,000. The claims have been objected to, and those contested matters are on-going.

These consolidated bankruptcy cases have been funded through assets excepted from forfeiture by the United States, including $500,000 in cash from the "Eigenmann Note," other cash, and numerous causes of action. According to the liquidating agent's latest litigation report, served February 26, 2010, other than collection of $18,000 in notes receivable, the liquidating agent has made no substantive recoveries on any of the assets that are supposed to be administered by these estates.

It appears that continued funding is speculative at best. It is largely dependent on the liquidating agent recovering on a few lawsuits, which were filed in late December 2009; a claimed income tax overpayment of $1,010,769 on behalf of Mirabilis (which refund claim is the subject of one of the IRS contested matters); a claimed employment

tax overpayment of $246,424 on behalf of Mirabilis (which, according to the IRS, does not exist); and claimed payroll tax overpayments of $25,155,522 on behalf of AEM (which refund claims are the subject of the other IRS contested matter).

The initial funding provided to the bankruptcy estates by the United States, plus another $6,000, has been expended – and $544,620 of those funds, or 93%, has been for professional fees. Despite his employment for almost two years, the liquidating agent has recovered virtually nothing. No payments have been made to any creditors. The only payments made have been to the liquidating agent and his hired professionals. Further distributions should be stayed until the estates pay the IRS' latest administrative claim and demonstrate that they have accumulated funds to pay at least a fraction of the unsecured debt.

Argument

The bankruptcy code permits a trustee to employ professionals, and this Court has authorized the employment of a number of professionals, including accountants and specialized counsel. The court may set the terms and conditions of their employment, and may modify the terms and conditions if developments in the case warrant. Payment of reasonable compensation for professionals is allowed for the actual, necessary costs and expenses of preserving the estate, if the services were beneficial to the estate at the time rendered, and depend on the value of the services rendered. 11 U.S.C. §§ 327, 328, 330, 503(b)(1), (4).

Greater scrutiny of a fee application is required in liquidations, particularly where, as here, the liquidation of a debtor's assets results in no payment to creditors and only payment of the professionals responsible for the liquidation.  *In re Kusler*, 224 B.R. 180, 184 (Bankr. N.D. Okla. 1998).  "'Absent extraordinary circumstances, bankruptcy estates should not be consumed by the fees and expenses of court-appointed professionals.'" *Id*. (*citing In re Toney*, 171 B.R. 414, 415 (Bankr. S.D.Fla. 1994)).  "As several courts have noted, the bankruptcy process is not designed 'principally to serve as a fund for payment of professional fees.' *[In re] Chas. A. Stevens*, 105 B.R. [866,] 871 [(Bankr. N.D. Ill. 1989)]; *[In re] Amberg*, 148 B.R. [376,] 377-78 [(Bankr. D. Conn. 1992)]; *Toney*, 171 B.R. at 415." *In re Big Rivers Elec. Corp.*, 233 B.R. 768, 786 (Bankr. W.D. Ky. 1999), *aff'd in part, rev'd in part on other grnds.*, 252 B.R. 676 (W.D. Ky. 2000).

The United States has provided virtually all of the funds to these estates, and has seen no benefit to anyone other than employed professionals. Its claims exceed $200,000,000, and there is little if any progress toward recovery. Under such circumstances, continued bleeding of these limited estates should be stopped.

JOHN A. DICICCO
Acting Assistant Attorney General

  s/ Carol Koehler Ide
CAROL KOEHLER IDE
Trial Attorney, Tax Division
U.S. Dept. of Justice
P.O. Box 14198
Washington, DC 20044
Telephone: (202) 514-5887
Telefax: (202) 514-4963
E-mail: Carol.Koehler.Ide@usdoj.gov

Of Counsel:

    A. LEE BENTLEY, III
    Acting United States Attorney

CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on March 17, 2010, I electronically filed the foregoing United States' Objection to Disbursements with the Clerk of the Court by using the CM/ECF system, which will send notice to –

R. Scott Shuker
LATHAM, SHUKER, EDEN & BEAUDINE, LLP
390 N. Orange Ave., Suite 600
Orlando, FL 32801
*Attorneys for Debtors*

Elena L. Escamilla
Office of the United States Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32806
*United States Trustee*

I. Randall Gold
Office of the United States Attorney
501 W. Church St., Suite 300
Orlando, FL 32805
*Intervenor*

and that I served a copy by first class mail to –

Mirabilis Ventures, Inc.
c/o/ R.W. Cuthill, Jr.
341 N. Maitland Ave., Suite 210
Maitland, FL 32751
*Debtor*

            s/ Carol Koehler Ide
            Trial Attorney, Tax Division
            U.S. Department of Justice
            P.O. Box 14198, Ben Franklin Station
            Washington, D.C. 20044
            Telephone: (202) 514-5887
            Telefax: (202) 514-9868
            E-mail: Carol.Koehler.Ide@usdoj.gov