UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                    CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                 CHAPTER 11

        Debtor.
_____/

**DEBTOR'S OBJECTION TO UNITED STATES' MOTION
TO TREAT HEARING ON OBJECTION TO CLAIM NO. 2 OF THE
INTERNAL REVENUE SERVICE AS SCHEDULING CONFERENCE
<u>(Hearing Date Presently Scheduled for April 22, 2010 at 2:00 p.m.)</u>**

**MIRABILIS VENTURES, INC.** ("Mirabilis" or "Debtor"), as debtor-in-possession in the above referenced bankruptcy case, hereby files its Objection to the United States' Motion to Treat Hearing on Objection to Claim No. 2 of the Internal Revenue Service as Scheduling Conference (the "Continuance Motion") and, in support thereof, states as follows:

1.    On May 27, 2008, Mirabilis and Hoth Holdings LLC ("Hoth") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code (the "Petition Date"). On June 5, 2008, AEM, Inc. ("AEM") also filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. The bankruptcy cases are styled as follows: (i) *In re: Mirabilis Ventures, Inc.*, case no. 6:08-bk-04327-KSJ (the "Mirabilis Bankruptcy Case"); (ii) *In re: Hoth Holdings, LLC*, case no. 6:08-bk-04328-KSJ (the "Hoth Bankruptcy Case"); and (iii) *In re: AEM, Inc.*, case no. 6:08-bk-04681-KSJ (the "AEM Bankruptcy Case") (collectively, Mirabilis, Hoth and AEM shall be referred to as "Debtors").

2.  On October 9, 2009, Mirabilis filed an Objection to the Allowance of Claim No. 2 submitted by the Internal Revenue Service ("MVI-IRS Claim Objection") (Doc. No. 325). As set forth in the MVI-IRS Claim Objection, the IRS bases Claim No. 2 on taxes accrued during the 2005 tax year. However, the 2005 amended tax return for Mirabilis and its entities, filed September 15, 2009 (the "Amended Return"), demonstrates that the Debtors generated a net operating loss in the amount of $18,044,400.00 in the tax year ending December 31, 2006. Pursuant to the Amended Return, Debtors' 2006 losses are being carried back to the tax year ending December 31, 2005 to offset all income generated in 2005. Therefore, the IRS has no claim and Claim No. 2 must be disallowed in its entirety.

3.  On October 16, 2009, the Bankruptcy Court conducted a hearing ("Confirmation Hearing") to consider the confirmation of the Joint Amended Plan of Liquidation submitted by Mirabilis, Hoth and AEM, dated as of August 14, 2009 (Mirabilis Doc. No. 234, Hoth Doc. No. 115, AEM Doc. No. 133), and as modified on October 15, 2009 (Mirabilis Doc. No. 371, Hoth Doc. No. 148, AEM Doc. No. 172) (collectively, each of these docket entries shall hereinafter be referred to as the "Plan"). On October 27, 2009, the Bankruptcy Court entered an order confirming the Plan ("Confirmation Order") (Mirabilis Doc. No. 375, Hoth Doc. No. 150, AEM Doc. No. 174).

4.  On December 3, 2009, the IRS served its First Request for the Production of Documents and its First Set of Interrogatories on MVI (collectively, the "First Discovery Request"). On December 29, 2009, MVI responded to the First Discovery

Request by producing business records on a CD titled "MVI Docs for USA" which contains detailed records, 941 workpapers and other documents that explain the legal and factual basis of all claimed deductions, that Mirabilis had a net operating loss of $18,044,400 for tax year 2006, and that Mirabilis is entitled to carry said NOL back to tax year 2005.

5. On January 28, 2010, the IRS served its Second Request for the Production of Documents and its Second Set of Interrogatories on MVI (collectively, the "Second Discovery Request"). The information sought in the Second Discovery Request was largely identical to the information sought and obtained by the First Discovery Request.

6. On February 22, 2010, MVI formally responded to the Second Discovery Request; however, throughout the auditing process, Mr. Kirtus L. Bocox of KPMG LLP and Mr. Cuthill have been responding to "Information Document Requests" issued by Revenue Agent Neera Kar.

7. On March 15, 2010, Mr. Cuthill and Mr. Bocox met with Revenue Agent Neera Kar. At the March 15, Revenue Agent Kar requested a few additional documents from MVI and advised them that her audit report would soon be complete.

8. On March 23, 2010, Revenue Agent Kar advised Mr. Bocox that the audit report was almost complete, but that the report would recommend a disallowance of a portion of the claimed 2006 payroll deduction.

9. On March 24, 2010, counsel for MVI advised counsel for the IRS, that MVI believed it had fully complied with the First Discovery Request, the Second

Discovery Request, and all of the "Information Document Requests" from Revenue Agent Kar. Counsel for MVI also advised counsel for the IRS that MVI intended to proceed with the scheduled April 22, 2010, evidentiary hearing ("Hearing") on the MVI-IRS Claim Objection.

10. On March 24, 2010, counsel for the IRS sent a letter to counsel for MVI alleging that numerous documents had not been produced, and that depositions would need to be taken to further substantiate the claimed payroll deductions. The March 24 letter did state that MVI had "been able to substantiate only about $11,000,000.00 out of the claimed $18,000,000 in compensation paid during 2006."

11. Although MVI still contends the Debtors generated a net operating loss in the amount of $18,044,400.00 in the tax year ending December 31, 2006, the agreement of $11,000,000 is still sufficient to resolve the MVI-IRS Claim Objection. The continuance of the discovery process and delay of the Hearing only cause the Debtors to incur additional unnecessary expense.

12. Furthermore, the IRS has filed Objections to Disbursements related to attorneys' fees on the grounds that the professionals in these bankruptcy cases are spending too much time and money needlessly litigating with parties(Doc. Nos. 514, 520, 524). However, in the instant proceeding, the IRS is the cause for the needless increase and waste in attorneys' fees.

13. On numerous occasions, counsel for the IRS has stated she would work to make the audit process efficient and expeditious. Such counsel has also consistently complained of "excessive fees" in these bankruptcy cases. However, in complete

contravention of both prior assertions to this Court, the IRS seeks to further delay the matter despite over six (6) months of preparation and three (3) months of discovery. Clearly, this delay is self-induced and not sought for a proper purpose.

**WHEREFORE**, Mirabilis Ventures, Inc. respectfully requests this Court enter an Order denying the Motion, and for such other and further relief as the Court deems just and proper under the circumstances.

**RESPECTFULLY SUBMITTED** this __14TH__ day of April, 2010.

/s/ Mariane L. Dorris
R. Scott Shuker, Esq.
Florida Bar No. 984469
rshuker@lseblaw.com
Mariane L. Dorris
Florida Bar No. 0173665
mdorris@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
390 N. Orange Avenue, Suite 600
P. O. Box 3353 (32802-3353)
Orlando, Florida 32801
Telephone: 407-481-5800
Facsimile: 407-481-5801
Attorneys for Mirabilis Ventures, Inc.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                          CASE NO. 6:08-bk-04327

MIRABILIS VENTURES, INC.,                      CHAPTER 11

          Debtor.
_____/

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the **DEBTOR'S OBJECTION TO UNITED STATES' MOTION TO TREAT HEARING ON OBJECTION TO CLAIM NO.2 OF THE INTERNAL REVENUE SERVICE AS SCHEDULING CONFERENCE** has been furnished by electronic and/or U.S. First Class mail, postage prepaid, to: Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., President, c/o 341 N. Maitland Ave, Suite 210, Maitland, Florida 32751; **Carol Koehler Ide**, Trial Attorney, Tax Division, U.S. Department of Justice, P.O. Box 14198, Washington, D.C. 20044 or, if by overnight delivery, 555 4th Street, N.W., Room 6915, Washington, D.C. 20001; the Local Rule 1007-2 Parties in Interest matrix attached hereto; and the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801 on this 14th day of April 2010.

                                        /s/ Mariane L. Dorris
                                        Mariane L. Dorris, Esquire