IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                Case No. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                              Chapter 11

    Debtor,
_____

## MOTION TO CONFIRM PROPERTY OF THE ESTATE UNDER THE COURT APPROVED COMPROMISE WITH THE UNITED STATES OF AMERICA (D.E. 101)

Debtor, moves the Bankruptcy Court, pursuant to 11 U.S.C. § § 541(a) and 105(a) to confirm the rights given to the Debtor pursuant to the *Order Approving Compromise Of Controversy By And Between Debtors And The United States Of America* (D.E. 101), and states as follows:

### Brief Argument

The USA has asserted ownership of a bankruptcy asset, by virtue of the attached Objection[1] to the undersigned's substitution of counsel in the Palaxar Litigation, in contravention of this Court's March 4, 2009 Order (D.E.145).

### I.   Background

1.    Prepetition, on November 9, 2007, the Debtor, along with Nexia Strategy Corporation, filed suit against Palaxar Group, LLC., et al.[2] (the "Palaxar Litigation").

2.    On May 27, 2008, the Debtor filed a voluntary petition for relief, with related entities, in the bankruptcy cases styled, *In re Mirabilis Ventures, Inc.*, Case No. 6:08-bk-

---

[1] See attached Exhibit
[2] *Mirabilis Ventures Inc. and Nexia Strategy Corporation v. Palaxar Holdings, LLC., Frank Hailstones and Edith Curry* Case 6:07-cv-01788-JA-GJK, (Middle District of Florida, Orlando Division) for Breach of Contract (Count I); Breach of Fiduciary Duty (Count II); Misappropriation of Trade Secrets (Count III); Conversion (Count IV); Civil Conspiracy (Count V); Injunctive Relief (Count VI); Unjust Enrichment (Count VII), for fraud amongst other matters.

04327-KSJ, *In re Hoth Holdings, LLC*, Case No. 6:08-bk-04328-KSJ, and *In re AEM, Inc.*, Case No. 6:08-bk-04681 ("Bankruptcy Cases") (D.E. 1).

3. As part its sworn Schedules, Mirabilis disclosed that it is the 100% shareholder of its co-plaintiff, Nexia Strategy Corporation in the Palaxar Litigation. Nexia Strategy Corporation became inactive and on September 26, 2008, was a dissolved Florida corporation.

4. On April 25, 2008, the United States of America ("USA") filed an *in rem* civil forfeiture complaint[3] ("Civil Forfeiture") against certain assets owned by Mirabilis. (Civil Forfeiture D.E. 1). On September 4, 2008 the USA amended the Civil Forfeiture, to add additional assets owned by Mirabilis. (Civil Forfeiture D.E. 67).

5. On November 28, 2008, the Debtors filed a *Motion For Approval Of Compromise Of Controversy By And Among Debtors And The United States Of America* ("USA Settlement") (D.E. 101) to resolve the competing claims to estate assets between the Debtors' and the Civil Forfeiture. Put simply, the USA Settlement determined that, "the Debtors' assets will be divided between those that will continue to be administered by the Debtors' bankruptcy estate and those forfeited to the USA"[4].

6. The USA Settlement was approved by this Court over a year ago, on March 4, 2009 (D.E. 145) and is final and non appealable.

7. The USA Settlement expressly and purposefully addressed in detail the retention of the Palaxar Litigation. The pending Palaxar Litigation was specifically listed as a

---

[3] Case No. 6:08-cv-00067-MSS-KRS in the District Court for the Middle District of Florida, Orlando Division ("Civil Forfeiture")
[4] See Paragraph 24 of the USA Settlement. Pursuant to the USA Settlement, (i) the Exhibit "A" assets shall be forfeited to the USA and (ii) the Exhibit "B" assets shall be retained and administered through this bankruptcy case.

2

4824-3670-1701.1
43582/0007

chose in action that would not be distrubed[5]. For the avoidance of doubt, this chose in action was specifically described as "**Mirabilis Ventures, Inc., and Nexia Strategy Corp.** v. Palaxar Group, LLC, et al." in the USA Settlement.[6] (emphasis added)

8. On, August 14, 2009 this Court confirmed the *Joint Amended Plan of Liquidation Pursuant to 11 U.S.C 1125 For Mirabilis Ventures, Inc., Hoth Holdings, LLC, and AEM, Inc. hereinafter (the "Plan")* (Bank. D.E 234).

9. As part of the Plan the Debtor retained the rights to any and all of its Causes of Action post confirmation. As of the Confirmation Hearing, the USA no longer objected to the Plan.

## II. Confirmation of Rights

10. A non-party, the USA recently filed an Objection[7] in the Palaxar Litigation contending that "the Bankruptcy Court's Order approving the compromise does not authorize Mirabilis to represent the interests of Nexia in this litigation." (Palaxar Litigation D.E. 225).

11. It is the Debtor's position that the Bankruptcy Court's Order Approving the *Motion for Approval of Compromise of Controversy By and Between Debtors and The United States of America* confirmed the Debtor's right to retain on behalf of itself and Nexia, the continued prosecution of the Palaxar litigation without description.

12. The Movant concedes that the Government Asset List does identify "Nexia Strategy Corporation" as one of the corporate shells transferred to the USA. However, the Government Asset List[8] only identifies five (5) lawsuits which the parties agreed

---

[5] See the second lawsuit listed on page 1 of Exhibit "B" to the USA Settlement.
[6] See page 1 of Exhibit "B" to the USA Settlement.
[7] See attached Exhibit.
[8] See Exhibit "A" to the USA Settlement.

3

would be transferred to the USA-- the Palaxar litigation is <u>not</u> included on the Government List. The Debtor's Assets List[9] does include the Palaxar Litigation as well as 27 other lawsuits.

13. It is a well-settled rule of interpretation that when two provisions contained in a contract conflict, the specific term controls over the general one. See, *United States Postal Service v. American Postal Workers Union*, 922 F.2d 256, 260 (5th Cir.1991); *Boatmen's National Bank of St. Louis v. Smith*, 835 F.2d 1200,1203 (7th Cir. 1987).("Where the document contains both general and specific provisions relating to the same subject, the specific controls").

14. Had the parties intended for the USA to obtain the separate rights to the Palaxar Litigation, the parties would have specifically listed the Palaxar Litigation on the Government Asset List.

15. At the time of the USA Settlement, the USA was clearly aware of the pending Palaxar Litigation. With that knowledge, the USA agreed that certain choses in action, *expressly including the Palaxar Litigation,* would be maintained by the Debtor.

WHEREFORE, the Liquidating Debtor seeks confirmation from this Court that it has it has consistently maintained the right to pursue the Palaxar Llitigation on the behalf of Mirabilis and Nexia Strategy Corporation as contemplated by Compromise with the USA.

---

[9] See Exhibit "B".

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been serviced on those parties receiving CM/ECF service this 15th day of April, 2010.

**BROAD AND CASSEL**
Special Counsel for the Debtor
390 North Orange Avenue, Suite 1400
Orlando, Florida  32801
P.O. Box 4961 (32802-4961)
Telephone:   (407) 839-4200
Facsimile:    (407) 650-0927


By:_____/s/ Roy S. Kobert_____
Roy S. Kobert, P.A.
Florida Bar #: 777153
rkobert@broadandcassel.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRABILIS VENTURES, INC., and
NEXIA STRATEGY CORPORATION,

    Plaintiffs,

v.

PALAXAR GROUP, LLC;
PALAXAR HOLDINGS, LLC;
FRANK HAILSTONES; EDITH
CURRY a/k/a EDITH BROADHEAD;
and TERENCE CHU,

    Defendants,

v.

MIRABILIS VENTURES, INC., et al.,

    Third Party Defendants,

Case No. 6:07-cv-01788-Orl-28KRS

## UNITED STATES' OBJECTION TO SUBSTITUTION OF COUNSEL FOR NEXIA STRATEGY CORPORATION

The United States of America, by and through undersigned counsel, hereby responds to the motion of Broad and Cassel to be substituted as counsel for Nexia Strategy Corporation in place of Balch and Bingham. See Doc. 209. The United States objects to this motion to substitute.

First, Nexia is now the property of the United States and, as such, cannot be represented by private counsel without the consent of the Government. On November 16, 2009, this Court entered an Order of Forfeiture in United States v. Amodeo, Case No. 6:08-cr-176-Orl-28GJK, forfeiting to the United States the interests in various corporate entities, including Nexia Strategy Corporation. Similarly, in the pending bankruptcy case, Mirabilis Ventures, Inc., Case No. 6:08-

bk-4327-KSJ, the court entered an Order on March 5, 2009, approving a compromise between the debtors and the United States whereby various assets were forfeited to the Government and not made part of the bankruptcy estate, including Nexia Strategy Corporation. As a result of these orders, the United States owns Nexia. Broad and Cassel has no authority to represent the interest of Nexia in this case.

Furthermore, it is the position of the United States that the bankruptcy court's order approving the compromise does not authorize Mirabilis to represent the interests of Nexia in this litigation. The motion for compromise provided that certain assets would be retained and administered by the debtors' bankruptcy estates. In part, those assets include Mirabilis Ventures, Inc. and this lawsuit. The order of compromise, however, can only be read as providing that Mirabilis' interest in this litigation – not Nexia's – remains part of the bankruptcy estate. To interpret the bankruptcy compromise as permitting Mirabilis to continue representing Nexia's interest in this case simply because Nexia was a wholly owned subsidiary ignores the fact that Nexia now belongs to the United States.

Dated; March 29, 2010

Respectfully submitted,

A. Brian Albritton
United States Attorney

By:  /s/ Scott H. Park
Scott H. Park
Assistant U. S. Attorney
Identifying No. USA084
501 W. Church Street, Suite 300
Orlando, Florida 32805
Telephone:  407/648-7500
Facsimile:  407/648-7643
E-Mail:  scott.park@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants:

John Russell Campbell
Balch & Bingham

Jane S. Raskin/Martin R. Raskin
Raskin & Raskin

Kathleen B. Havener
The Havener Law Firm

Todd K. Norman
Nicolette Corso Vilmos
Broad & Cassel

James R. Lussier
Mateer & Harbert

Craig S. Warkol
Bracewell & Giuliani

and sent a copy of regular U.S. mail, postage paid, to the following non-CM/ECF participants:

Terence Chu
5637 Country Hills Lane
Glen Allen, VA 23059

Frank Amodeo
48883-019
B-3
FCC-Low
P.O. Box 1031
Coleman, FL 33521

/s/ Scott H. Park
Assistant United States Attorney