UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MIRABILIS VENTURES, INC.,

      Debtor,                            Case No. 6:08-bk-04327KSJ

_____/

**UNITED STATES' RESPONSE TO MOTION TO CONFIRM PROPERTY OF ESTATE UNDER THE COURT APPROVED COMPROMISE**

The United States of America, by and through undersigned counsel, hereby responds to the Debtor's Motion to Confirm Property of the Estate.  See Doc. 526. While this matter was argued during the hearing on April 23, 2010, the United States now submits a written response to the Debtor's motion.

1.      In its Motion to Confirm Property of the Estate, Debtor seeks to clarify the right of Mirabilis to litigate on behalf of Nexia all causes of action which the latter entity may have against defendants in the case captioned Mirabilis Ventures, Inc. and Nexia Strategy Corp. v. Palaxar Group, LLC, et al, Case No. 6:07-cv-01788-Orl-28KRS, now pending in district court.   Debtor takes the position that the above-captioned lawsuit is property of the bankruptcy estate, including any causes of action brought on behalf of Nexia Strategy Corp.

2.      Debtor bases its position on the Motion for Approval of Compromise filed in this case last year (Doc. 101), and, more specifically, on the various assets listed on both Exhibits A and B to that motion.  In part, Exhibit A to that motion identified "Nexia Strategy Corporation" as an asset to be forfeited to the United States.  Furthermore, on November 16, 2009, the district court also entered an Order of Forfeiture in United States v. Amodeo, Case No. 6:08-cr-176-Orl-28GJK,

forfeiting to the United States interests in various corporate entities, including Nexia Strategy Corporation.

3.      Exhibit B to the Motion for Approval of Compromise listed various lawsuits as assets of the bankruptcy estate, including the case captioned <u>Mirabilis Ventures, Inc. and Nexia Strategy Corp. v. Palaxar Group, LLC</u>.

4.      Based upon the list of lawsuits included in Exhibit B, Mirabilis takes the position that it may litigate the interests of Nexia Strategy Corp. in the pending federal court litigation.  The United States disputes that interpretation of the Motion for Approval of Compromise.

5.      Nexia Strategy Corporation is property of the United States; that statement is abundantly clear based on Exhibit A to the Motion for Approval of Compromise, and the district court's order of forfeiture in the criminal case against Amodeo.  In this regard, it is inconsistent to read Exhibit B to the Motion for Approval of Compromise as authorizing the Debtor to assert causes of action on behalf of Nexia in the federal court.  That interpretation authorizes a private law firm to represent the interests of the United States, which is contrary to the statutory provision empowering the Department of Justice as the litigation unit for the United States.  "Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested ... is reserved to officers of the Department of Justice, under the direction of the Attorney General." 28 U.S.C. § 516.  This provision is strictly construed, and, absent an independent grant of litigation authority, all litigation involving the United States rests with the Attorney General, and a government lawyer does not have the authority to delegate, transfer or otherwise grant to private counsel the right to represent the United States.

Of course, the Attorney General may authorize the retention of private counsel. Such authority generally stems from 28 U.S.C. § 510, and usually involves the retention of private counsel for a federal employee sued in his or her personal capacity. See generally 28 C.F.R. § 50.15 & 50.16. None of this is applicable here. Private counsel is seeking to represent an entity that is owned by the United States, and that representation is contrary to the grant of litigation authority in § 516.

6. Furthermore, Debtor's interpretation conflicts with the forfeiture of Nexia, as a corporation, to the government. Indeed, Mirabilis' reading of the Motion for Approval of Comprise creates a contradiction; on the one hand, Mirabilis acknowledges that the Government owns Nexia, while, on the other, asserting that it may represent the interests of that Governmentally-owned corporation in federal court.

7. Instead, Exhibits A and B to the Motion for Approval of Compromise can be read consistently by finding that Mirabilis' interest in the federal court litigation against Palaxar – not Nexia's – remains part of the bankruptcy estate, and counsel for Mirabilis is free to assert in that litigation whatever claims Mirabilis may have against the defendants. That interpretation leads to a balanced, fair reading of Exhibits A and B; it both recognizes that Nexia is owned by the Untied States, and also acknowledges that Mirabilis may continue to assert as an asset of the bankruptcy estate its claims against Palaxar, et al., in the federal court litigation.

8. If the Court determines that the Motion for Approval of Compromise is ambiguous due to the two provisions in Exhibits A and B, then the Untied States contends that the intent of the parties in drafting that agreement becomes relevant[1]

---

[1] Counsel for Mirabilis has raised the issue of intent of the parties in its motion. An evidentiary hearing would necessitate affidavits or testimony from those individuals involved in the settlement negotiations.

and, in that regard, an evidentiary hearing may be warranted.


Dated: April 27, 2010                          Respectfully submitted,

                                               A. Lee Bentley
                                               Assistant U.S. Attorney

                          By:    /s/ Scott H. Park
                                 Scott H. Park
                                 Assistant U. S. Attorney
                                 Identifying No. USA084
                                 501 W. Church Street, Suite 300
                                 Orlando, Florida 32805
                                 Telephone:    407/648-7500
                                 Facsimile:    407/648-7643
                                 E-Mail:  scott.park@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties receiving CM/ECF service.


                                 /s/ Scott H. Park
                                 Assistant United States Attorney