UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re                                              )
                                                   )
MIRABILIS VENTURES, INC.,          )      Case No. 6:08-bk-04327-KSJ
                                                   )      Chapter 11
          Debtor.                            )
                                                   )
_____)

ORDER SETTING EVIDENTIARY HEARING ON
DEBTOR'S MOTION TO CONFIRM PROPERTY OF THE ESTATE UNDER THE COURT
APPROVED COMPROMISE WITH THE UNITED STATES OF AMERICA

This case came on for hearing on April 22, 2010, on the debtor's Motion to Confirm Property of the Estate under the Court Approved Compromise with the United States of America (Doc. No. 526). The debtor's motion seeks an order establishing its ownership rights to prepetition claims in ongoing litigation in federal district court that are held by one of the debtor's wholly owned subsidiaries, Nexia Strategy Corporation. The debtor argues that its ownership of Nexia's claims was established under a settlement agreement with the United States of America, which was approved by this Court on March 4, 2009 (Doc. No. 145). The USA asserts the opposite—that the settlement agreement granted it ownership of Nexia's claims.

The settlement agreement is ambiguous on this point. The lawsuit under dispute is referred to in the settlement agreement as "Mirabilis Ventures, Inc. and Nexia Strategy Corp. v. Palaxar Group, LLC, et al." and is specifically listed under section (d) of the Debtor's Asset List. The debtor argues that because the lawsuit is listed in this section, the parties intended that the debtor would retain the claims of both Mirabilis and Nexia. "Nexia Strategy Corporation," however, is listed under section (cc) of the Government Asset List. And the preamble to that section states that "[t]he assets of the following corporations, including *but not limited to* the below listed lawsuits and/or settlements" (emphasis added) are the government's assets. The government thus argues that under this section it received the right to all of Nexia's assets,

including its claims in the Palaxar lawsuit, despite no specific reference in section (cc) to the Palaxar lawsuit.

Because there is an ambiguity in the settlement agreement, the Court cannot settle this dispute by reference to the settlement agreement alone. The Court has therefore determined that an evidentiary hearing is required on the sole issue of the parties' intent at the time of drafting the settlement agreement regarding ownership of Nexia's claims in the Palaxar lawsuit.

Accordingly, it is

ORDERED that an evidentiary hearing shall be conducted on **May 19, 2010, at 2:00 p.m.** to allow the parties an opportunity to present parol evidence on the parties' intent.

DONE AND ORDERED in Orlando, Florida, on May 4, 2010.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies furnished to:

Debtor: Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., 341 N. Maitland Ave. #210, Maitland, FL 32751

Debtors' Attorney: Latham Shuker Eden & Beaudine LLP, attn. Justin Luna, 390 N. Orange Ave. Suite 600, Orlando FL 32801

Special Counsel for Debtor: Broad and Cassel, attn. Roy Kobert, 390 N. Orange Ave., Suite 1400, Orlando, FL 32801

Attorney for USA: Scott H. Park, Assistant U.S. Attorney, ID No. USA084, 501 W. Church St., Suite 300, Orlando, FL 32805