IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:   Case No. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,   Chapter 11 Proceeding

Debtor.

_____

### NOTICE OF FILING OF UNITED STATES MAGISTRATE JUDGE GREGORY J. KELLY'S ORDER ON MIRABILIS VENTURES, INC., AND NEXIA STRATEGY CORPORATION'S MOTION FOR SUBSTITUTION OF COUNSEL

COME NOW the Debtor, Mirabilis Ventures, Inc., by and through its undersigned attorney, hereby files the attached Order by United States Magistrate Judge Gregory J. Kelly on Mirabilis Ventures, Inc., and Nexia Strategy Corporation's Motion for Substitution of Counsel in Case No. 6:07-cv-1788-Orl-28GJK.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been serviced on those parties receiving CM/ECF service this 13th day of May, 2010.

                                            **BROAD AND CASSEL**
                                            Special Counsel for the Debtor
                                            390 North Orange Avenue, Suite 1400
                                            Orlando, Florida  32801
                                            P.O. Box 4961 (32802-4961)
                                            Telephone:   (407) 839-4200
                                            Facsimile:    (407) 650-0927

                                  By:_____*/s/ Roy S. Kobert*_____
                                            Roy S. Kobert, P.A.
                                            Florida Bar #: 777153
                                            rkobert@broadandcassel.com

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MIRABILIS VENTURES, INC., and**
**NEXIA STRATEGY CORPORATION,**

        **Plaintiffs,**

-vs-                                                          Case No. 6:07-cv-1788-Orl-28GJK

**PALAXAR GROUP, LLC, PALAXAR**
**HOLDINGS, LLC, FRANK HAILSTONES,**
**EDITH CURRY, and FICTITIOUS**
**DEFENDANTS 1 THROUGH 8,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR SUBSTITUTION OF COUNSEL (Doc. No. 209)
>
> **FILED:** March 9, 2010
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

On March 9, 2010, Mirabilis Ventures, Inc. ("Mirabilis") and Nexia Strategy Corporation ("Nexia") (collectively, the "Plaintiffs") filed a Motion for Substitution of Counsel (the "Motion"). Doc. 209. The Motion requests an order granting the withdrawal of Allen M. Estes, Esq. and John Russell Campbell, Esq. ("Estes and Campbell") as Plaintiffs counsel of record and substituting Todd K. Norman, Esq. and Nicolette Vilmos, Esq. as Plaintiffs' counsel of record. *Id.* On March 11, 2010,

Edith Curry and Frank Hailstones (the "Curry and Hailstones") filed a response (the "Response") to the Motion arguing that it should be denied because: 1) Plaintiffs' current counsel has not filed a notice of intent to withdraw; and 2) Nexia Strategy Corporation is now the property of the United States government as a result of an order from a Bankruptcy Court and, therefore, Todd K. Norman, Esq. and Nicolette Vilmos, Esq. may not represent Nexia Strategy Corporation without the consent of the United States. Doc. No. 215 at 2-3. Curry and Hailstones request that if the Court grants the Motion, that it retain jurisdiction over Plaintiffs' current counsel with respect to their conduct in this case. *Id.* at 3. Curry and Hailstones do not provide any facts or law to support their argument that the Court should retain jurisdiction overt Plaintiffs' current counsel.

On March 15, 2010, Estes and Campbell, without seeking leave of Court, filed a reply to the Response. Doc. No. 218. The reply fails to comply with Local Rule 3.01(c) and, therefore, the Court will not consider it. The Clerk is directed to **STRIKE** the reply (Doc. No. 218).

On March 18, 2010, pro se Defendant Terence Chu ("Chu") filed a response in opposition ("Chu's Response") arguing that the Motion should be denied because: 1) substituting counsel will unduly delay the case; 2) Chu intends to file a Rule 11 motion against Estes and Campbell; and 3) no attorney representing Mirabilis made an attempt to confer with Chu prior to filing the Motion. Doc. 220 at ¶¶ 1, 4, 8. Attached to Chu's Response is a December 15, 2009 letter he sent to Messrs Estes, Norman, and others advising that he would file a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure unless the claims against him in this case are dismissed. Doc. No. 220 at 10-11. Rule 11(b), Federal Rules of Civil Procedure, requires that a motion for sanctions under Rule 11 must be served on the opposing party at least twenty-one days before filing the motion with the Court.

*Id.* From what is stated in his letter, it appears that Chu did enclose a copy of his proposed Rule 11 motion with his letter, but the motion is not attached to Chu's Response and, to date, Chu has not filed a Rule 11 motion. *See* Doc. No. 220 at 12. Thus, Chu has failed to establish a basis for the Court to retain jurisdiction over Estes and Campbell.

On March 29, 2010, the United States (the "Government") filed an objection (the "Objection") to the Motion as to Nexia. Doc. No. 225. The Government asserts that Nexia is now the property of the Government pursuant to an order of forfeiture in *United States v. Amodeo*, Case No. 6:08-cr-176-Orl-28GJK. Doc. No. 225 at 1. Moreover, in a pending bankruptcy case, *Mirabilis Ventures, Inc.*, Case No. 6:08-bk-4327-KSJ, the Government asserts that the court entered an order "approving a compromise . . . whereby various assets were forfeited to the Government and not made part of the bankruptcy estate, including Nexia. . . ." Doc. No. 225 at 2. As a result, the Government maintains that Norman and Vilmos have "no authority to represent the interest of Nexia in this case," and Mirabilis has no authority to represent the interests of Nexia in this litigation. Doc. No. 225 at 2.[1]

Based on the forgoing, the Motion is **GRANTED in part and DENIED in part**. It is hereby **ORDERED**:

1. Estes and Campbell's request to withdraw as counsel of record for Mirabilis and Norman and Vilmos's request to be substituted as counsel of record for Mirabilis is **GRANTED**;

2. The Motion is otherwise **DENIED**; and

---

[1] Since the order of the bankruptcy court, no attorney has filed a notice of appearance on behalf of Nexia besides its current counsel.

3. Pursuant to Local Rule 2.03(e), a corporation may not proceed pro se. Therefore, Nexia is directed to retain substitute counsel and have substitute counsel file a notice of appearance on behalf of Nexia within fourteen (14) days. After the expiration of fourteen days or after substitute counsel makes an appearance, Estes and Campbell will be permitted to renew their motion to withdraw as counsel of record for Nexia.

**DONE** and **ORDERED** in Orlando, Florida on April 29, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Parties

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE