UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,  CHAPTER 11

Debtor.
_____/

## MIRABILIS VENTURES, INC.'S MOTION FOR AN ORDER TO COMPEL DISCOVERY FROM GILLIO DEVELOPMENT, INC.

**MIRABILIS VENTURES, INC.** ("MVI" or "Debtor"), by and through its undersigned counsel, and pursuant to 11 U.S.C. § 105, and Rules 7037 and 9014 of the Federal Rules of Bankruptcy Procedure hereby files this Motion for an Order to Compel Discovery from **GILLIO DEVELOPMENT, INC.** ("Gillio") (the "Motion"). In support thereof, Debtor states as follows:

### I. FACTUAL AND PROCEDURAL HISTORY

1. On May 27, 2008, MVI filed a voluntary petition for relief under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") with the Clerk of this Court. (Doc. No.1).

2. On September 22, 2008, Gillio filed a proof of claim in the amount of $1,792,000.00 allegedly based on a rent guaranty. ("Claim No. 32").

3. On October 9, 2009, the Debtor filed its objection to Claim No. 32. (Doc. No. 345).

4. On December 10, 2009, after failing to receive any response from Gillio, or its then counsel, an Order was entered sustaining Debtor's objection to Claim No. 32. (Doc. No. 436).

5. On February 2, 2010, Gillio's new counsel filed a Motion to Set Aside Order Sustaining Objection to Claim No.32. (Doc No. 484).

6. On May 11, 2010, after noting the agreement of the parties, this Court entered an Order Granting Motion to Set Aside Order Sustaining Objection to Claim No. 3. Gillio was granted a second opportunity to defend against the Debtor's claim objection. (Doc. No. 549).

## II. DEBTOR'S FIRST REQUEST TO PRODUCE TO GILLIO

7. On June 15, 2010, Debtor served Gillio with its First Request to Produce ("Document Request"). A true and correct copy of Debtor's First Request for Production is attached hereto as **Exhibit "A."**

8. In the First Request for Production (the "RFP"), Debtor requests the most basic documents that are material to the amount of Gillio's claim and to the Debtor's objection thereto, which include, among other things:

   a. Any and all documents Gillio intends to introduce or rely upon at trial or hearing in support of its Claim No. 32;

   b. Any and all documents and correspondence relating to the determination and computation of Claim No. 32;

   c. Any and all documents and correspondence evidencing consideration given to MVI for its Guaranty;

   d. Any and all documents and correspondence relating to all attempts taken by Gillio, successful and otherwise, to re-let all or any portion of the Premises; and

   e. All correspondence by and between Gillio and any expert(s) who will testify on behalf of Gillio at trial in support of its Proof of Claim

9. Gillio failed to supply **any** of the requested information by July 15, 2010, or in any of the twelve days that have transpired since July 15, 2010.

10. As a follow up, the undersigned counsel for the Debtor sent an email to Gillio's counsel on July 20, 2010 informing its counsel that responses to the Debtor's discovery requests

were past due and inquiring into the status of Gillio's responses. Gillio's counsel failed to respond to, or to acknowledge the email inquiry. A true and correct copy of the July 20th correspondence is attached hereto as **Exhibit "B."**

11. On July 23, 2010, after failing to receive a response to the July 20th email, the undersigned counsel for Debtor sent an additional email to counsel re-iterating our request for information regarding the status of Gillio's responses to discovery, and informing counsel of our intent to file a motion to compel should we fail to receive a response to our email. A true and correct copy of the July 23rd correspondence is attached hereto as **Exhibit "C."**

12. On July 27, 2010, after failing to receive a response to the July 20th and 23rd emails, the undersigned counsel for Debtor made multiple calls to Gillio's counsel and sent an additional email to counsel re-iterating our request for information regarding the status of Gillio's responses to discovery, and re-iterating our intent to file a motion to compel should we fail to receive a response to our email. A true and correct copy of the July 27th correspondence is attached hereto as **Exhibit "D."**

13. Debtor's attorneys have made good faith efforts to resolve the discovery dispute, but have been met with a wall of silence.

### III. DEBTOR'S FIRST SET OF INTERROGATORIES TO GILLIO

14. On June 15, 2010, Debtor served Gillio with its First Set of Interrogatories (the "Interrogatories"). A true and correct copy of the Interrogatories is attached hereto as **Exhibit "E."**

15. In Plaintiff's Interrogatories, Debtor asks basic questions regarding the foundation for Gillio's claim, including:

    a. Details regarding the identification of all documents, exhibits, objects or other tangible things which evidence, refer or are related to Claim No. 32;

3

b. Details of any and all facts which support Gillio's attempts to mitigate damages from the Lease; and

c. Details regarding written notice provided to MVI.

16. Gillio failed to respond to the Debtor's Interrogatories by July 15, 2010, or in any of the twelve days that have transpired since July 15, 2010.

17. To date, the Debtor has not received any form of communication from Gillio or from its counsel with respect to the Interrogatories.

18. The Debtor's faith efforts to follow up with Gillio's counsel to determine the status of Gillio's response to Interrogatories has similarly been met with silence.

## IV. **ARGUMENT**

19. Federal Rule of Civil Procedure 26(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7026, provides that "[p]arties may obtain discovery of any matter, not privileged, which is relevant to the subject matter involved in the pending action. . ." Furthermore, the Eleventh Circuit has recognized that "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)(citing Fed. R. Civ. P. 26(b)(1)). The scope of permissible discovery is broad and encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L.Ed. 2d 253 (1978).

16. Furthermore, consistent with the notice-pleading system established by the Federal Rules of Civil Procedure, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. *Hickman v. Taylor*, 329 U.S. 495, 500-501, 67 S. Ct. 385, 388, 91 L.Ed. 451 (1947). Nor is discovery limited to the merits of

4

a case, for a variety of fact-orientated issues may arise during litigation that are not related to the merits. *See, Oppenheimer Fund, Inc., 437 U.S. at 351, 98 S. Ct. at 2389.*

17. There is little doubt that the requested documents are relevant. Gillio has submitted a claim of almost $1.8 million based on the Debtor's alleged guaranty of a lease. It is unclear whether there was a valid guaranty, and assuming *arguendo*, that there was a valid lease and guaranty, what steps did Gillio take to mitigate its damages, and what support, if any, does Gillio have to support the amounts claimed.

18. Furthermore, the Interrogatories ask the most basic questions regarding the basis of Gillio's claim. However, Gillio has failed and continues to fail to answer simple questions such as "identify any and all facts which relate to written notice provided to MVI lists" or "identify the any and all facts which relate to the Base Rent under the Lease."

19. Gillio was granted a second "bite at the apple" so to speak, when this Court granted its Motion to Set Aside Order Sustaining Objection to Claim No. 32. However, Gillio's silence and inaction lead the Debtor to wonder whether, in retrospect, Gillio was deserving of such an opportunity.

20. Gillio's failure to respond is affecting the Debtor and its counsel's ability to bring to a conclusion its objection to Claim No. 32. These documents, along with the other documents outlined above, must be produced and the Interrogatories must be sufficiently answered.

## V. **REQUESTED RELIEF**

21. Debtor requires the responses to the Document Request and Interrogatories as soon as possible in order to bring to a conclusion its objection to Claim No. 32, and requests that (i) Gillio be compelled to comply within ten (10) days from entry on an order on this Motion, or (ii) should Gillio fail to comply, an order shall be entered sustaining the Debtor's objection to Claim No. 32.

**WHEREFORE,** Debtor respectfully requests that the Court enter an order: (i) compelling Gillio to produce the documents requested under Debtor's First Request for Production within ten (10) days from entry of the order; (ii) compelling Gillio to sufficiently and accurately respond to the questions in Debtor's First Set of Interrogatories within ten (10) days from entry of the order; (iii) providing for entry of an order sustaining the Debtor's objection to Claim No. 32 should Gillio fail to comply with either or any of the compelled discovery provisions noted above; and (iv) for such other and further relief as this Court deems just and proper under the circumstances.

**DATED** this 28th day of July, 2010.

/s/ Justin M. Luna
Marianne L. Dorris, Esquire
Florida Bar No. 0173665
Justin M. Luna, Esquire
Florida Bar No. 0037131
Victoria Kothari, Esquire
Florida Bar No. 0730831
Latham Shuker Eden & Beaudine, LLP
390 N. Orange Avenue, Suite 600
P.O. Box 3353
Orlando, Florida 32802-3353
Tel: (407) 481-5800
Fax: (407) 481-5801
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.  CHAPTER 11

Debtor.
_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of **MIRABILIS VENTURES, INC. MOTION TO COMPEL DISCOVERY FROM GILLIO DEVELOPMENT, INC.** together with all exhibits, has been furnished either electronically and/or by U.S. First Class, FedEx Overnight, or postage prepaid mail to: Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., 341 N. Maitland Ave., Suite 210, Maitland, Florida 32751; Attorney for Gillio Development, Inc., c/o Kristina E. Feher, Esquire, Atlantic Legal Group, P.A., 10101 9th St. N., Suite 248, St. Petersburg, FL 33716 and Kent Gross, Esquire, Atlantic Legal Group, P.A., 841 Douglas Ave, Ste. 150 Altamonte Springs, FL 32714; and the U.S. Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801, this 28th day of July, 2010.

/s/ Justin M. Luna
Justin M. Luna, Esq.