UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

MIRABILIS VENTURES, INC.,                Case No. 6:08-bk-04327-KSJ
et al.,

      Debtors.
_____/

**UNITED STATES' MOTION FOR PROTECTIVE ORDER AND
CERTIFICATE OF NECESSITY OF REQUEST FOR EMERGENCY HEARING**

The creditor, United States of America, by and through counsel and pursuant to

Rule 26(c), applicable in this contested matter initiated with the debtor's objection to the

Internal Revenue Service's request for payment of post-petition taxes, requests entry of a

protective order forbidding the debtor from taking the deposition of Internal Revenue

Service Revenue Officer George Carpenter, scheduled for **Thursday, August 19, 2010,**

**at 9:30 a.m.**  (A copy of the Notice of Deposition is attached as Exhibit 1.)

As noted in the debtor's Objection (DE 567), Revenue Officer Carpenter is

investigating the potential personal tax liabilities of R.W. Cuthill for unpaid trust fund

taxes, pursuant to 26 U.S.C. § 6672.  In its Objection the debtor contended that the IRS's

conduct of the investigation is inappropriate and warrants imposition of attorneys' fees.

But Mr. Cuthill's *personal* tax liability is irrelevant to the subject matter of this

bankruptcy proceeding and beyond the jurisdiction of this Court.  It is inappropriate to

use the limited resources of this debtor and this Court to conduct discovery into

Mr. Cuthill's personal liability or the propriety of the IRS's conduct in investigating

Mr. Cuthill's personal liability.  To the extent Revenue Officer Carpenter possesses

information regarding the *debtor's* tax liabilities, his knowledge is limited and duplicative

of that of two other IRS officials whose depositions are scheduled for August 19, and 20,

2010: Revenue Officer Bryan Morris and Insolvency Specialist Sherrill Summers.

Revenue Officer Carpenter's deposition would be unduly burdensome, cumulative, and

duplicative at best.  His deposition should be cancelled.[1]

*Factual Summary*

The debtor, Mirabilis Ventures, Inc., has objected to the Internal Revenue

Service's request for payment of administrative expenses, claim number 36-4,[2] on the

ground that (a) its post-petition liabilities are satisfied through application of a pre-

petition credit of $400,000; and (b) the IRS violated the automatic stay when it returned

the pre-petition credit to the proper tax period.  Mirabilis seeks application of the pre-

petition credit to post-petition periods; a refund of any overpayment; and attorneys' fees

and costs for the alleged stay violation and alleged "vexatious and litigious conduct."

---

[1] Alternatively, if permitted to proceed, the deposition should be limited to the debtor's objection to the Internal Revenue Service's request for payment of post-petition taxes of the debtor, and questions concerning any investigation of the personal liability of Mr. Cuthill should be prohibited.

[2] Requests for payment of estimated post-petition taxes were made on May 22, 2009; July 8, 2009; and August 31, 2009 (DE 279, 280, 281).  The most recent amendment to the request was filed in response to the debtor's filing of its delinquent employment tax returns in December 2009.  (A copy is attached as Exhibit 2.)

The United States has opposed the debtor's Objection. This contested matter is scheduled for a final evidentiary hearing on **September 15, 2010**.

The "administrative claim" lists employment tax[3] due for the third and fourth quarters of 2008; and the first, second, and third quarters of 2009, based on tax returns filed by the debtor in December 2009, plus applicable interest and penalties. Additional tax, interest, and penalties may come due for subsequent periods.

The debtor claims that it owes no post-petition employment tax liabilities because Mirabilis Ventures has a $400,000 credit on its first quarter 2007 employment tax account (a pre-petition period); that it can apply that credit to the second quarter 2007 (a pre-petition period) and to the post-petition tax periods for which Mirabilis admits taxes are due and owing;[4] and that Mirabilis can then receive a refund of some $234,486.18. (DE 567 & Composite Exhibit D.)

The debtor's request for a refund fails to take into account applicable interest and penalties (for late-filing and non-payment), as well as the fact that any pre-petition "overpayment" would give rise to a right of setoff in favor of the Government rather than a credit applicable to post-petition liabilities. *See* 11 U.S.C. §§ 506(a)(1), 553; 26 U.S.C.

---

[3] References to "employment tax" include tax pursuant to Form 940 (Federal Unemployment Tax Act) and Form 941 (Social Security and income tax withholding).

[4] The Forms 941 filed by the debtor show tax due as follows: third quarter 2008 ($39,846.96); fourth quarter 2008 ($17,774.20); first quarter 2009 ($29,771.27); second quarter 2009 ($31,924.73); and third quarter 2009 ($17,590.91) – the exact amounts shown on the administrative claim.

4714888.1

§ 6402.  It also fails to recognize that the so-called credit was applied to *both* the

Mirabilis income tax liability for the year 2005 – where it generated a refund paid to the

debtor – and later, and erroneously, to the employment tax account.  The so-called credit

cannot be applied twice.  Therefore, post-confirmation, the IRS returned the amount to

the correct tax period.[5]

Hence, not only is there no overpayment due to this debtor based on the $400,000

credit, but the debtor owes the United States post-petition tax liabilities *based on tax

returns the debtor filed* in the total amount of $203,949.15 as of June 7, 2010, plus

interest and statutory additions and penalties to the date of payment.  (A copy of the draft

amended Request for Payment, showing this updated computation, is attached as

Exhibit 3.)  Collection of this liability is the subject of the Government's administrative

claim and the debtor's pending Objection.  Therefore, the amount of the post-petition

liability and the IRS's application of the $400,000 credit are proper subjects of discovery.

Those issues will be explored through the depositions of Revenue Officer Morris and

Insolvency Specialist Summers.  Revenue Officer Carpenter can testify only to the fact

that IRS records reflect that Mirabilis owes post-petition taxes and that there is no

---

[5] The credit amount was taken into account in computing the debtor's 2005 income tax liability.  Now that the audit of the debtor's 2005 tax year and subsequent tax years is complete, it has been determined that Mirabilis has a pre-petition income tax overpayment for 2005 in the amount of $1,054,308.78 and for 2006 in the amount of $68,539.51, which has been claimed as a setoff against the payroll tax liability of the co-debtor, AEM, Inc.  (Amended Claim No. 4-2.)

4714888.1

pending credit.  He can add nothing to the process.  (See Declaration of Revenue Officer Carpenter, attached as Exhibit 4.)

In its Objection the debtor also attempts to litigate Mr. Cuthill's potential personal liability and the propriety of the IRS actions in investigating it.  The debtor contends that Revenue Officer Carpenter, "in an attempt to intimidate and strong-arm Mr. Cuthill," interviewed Mr. Cuthill about the non-payment of the reorganized debtor's taxes and his potential personal liability for the trust fund portion of those taxes, and asked that he sign two forms: a collection information statement and a report of interview.  The debtor claims it needs to depose Revenue Officer Carpenter "regarding the facts and circumstances concerning the alleged unpaid [Form] 941 taxes – if he didn't he could not possibly be investigating Mr. Cuthill directly for unpaid 941 taxes."  (E-mail from debtor's counsel dated July 30, 2010, attached hereto as Exhibit 5, p.2.)  Two IRS officials are being deposed about the debtor's unpaid taxes, and the United States has responded to the debtor's discovery requests, detailing the computation of Mirabilis' liabilities.  The debtor's assertion that it only wants to depose Revenue Officer Carpenter about Mirabilis' liabilities seems disingenuous; at best it will be unreasonably cumulative, duplicative discovery.

## Argument

Section 6672 of the Internal Revenue Code allows the United States to collect the unpaid trust fund portion of a company's tax liabilities from those people responsible for withholding, collecting, or paying over Social Security and income taxes withheld from

4714888.1

employees' wages, who willfully failed to carry out that responsibility.  26 U.S.C.

§§ 6672, 7501.  The "trust fund recovery penalty" is "separate and distinct from that

imposed on the employer under sections 3102 and 3402 of the Internal Revenue Code. ..."

*United States v. Huckabee Auto Co.*, 783 F.2d 1546, 1548-49 (11th Cir. 1986) (citations

omitted).  Therefore, the jurisdiction of the bankruptcy court "does not ... extend to the

separate liabilities of taxpayers who are not debtors under the Bankruptcy Code."  *Id.*

Thus, Mr. Cuthill's potential Section 6672 liability is not something this Court can

adjudicate, and exploration of that potential liability through the deposition of Revenue

Officer Carpenter is inappropriate.

     Moreover, Section 7433 of the Internal Revenue Code provides the exclusive

remedy for taxpayers to challenge alleged unauthorized collection activities by IRS

officials, whether they are a debtor challenging a violation of the discharge injunction or

automatic stay, or a non-debtor challenging routine collection actions.  26 U.S.C.

§ 7433(a), (e).  In either instance taxpayers first must exhaust their administrative

remedies.  26 U.S.C. § 7433(d)(1); 26 C.F.R. § 301.7433-2; *Delvecchio v. Smith*, 558

F.Supp.2d 1243, 1249 (S.D. Fla. 2008).  To the extent the debtor seeks to depose

Revenue Officer Carpenter for an alleged violation of the automatic stay or discharge

injunction, it is premature until Mirabilis exhausts its administrative remedies and brings

an appropriate action in this Court.  To the extent the debtor seeks to depose Revenue

Officer Carpenter in connection with a potential Section 7433 action on Mr. Cuthill's

behalf, its request is similarly premature, and this Court lacks jurisdiction over any such cause of action.

Rule 26(c) of the Federal Rules of Civil Procedure provides that a party may seek an order protecting "a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in connection with a particular discovery request. The protective order may preclude discovery, limit discovery, or impose conditions on the scope or method of discovery. The determination whether to impose such a protective order must take into account the right of the party propounding such discovery to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."

The United States has cooperated in the scheduling of the depositions of three IRS officials with personal knowledge about Mirabilis' employment tax liabilities and the application of the $400,000 payment in issue.  But it is inappropriate to allow this estate to conduct discovery regarding a non-debtor's potential liability or a non-debtor's potential lawsuit.  Limiting the deposition to what Revenue Officer Carpenter knows about Mirabilis' liability, while preferable to an unqualified deposition, still would impose an undue burden and waste resources, as Revenue Officer Carpenter's testimony would be unreasonably cumulative and duplicative of that offered by two of the other IRS witnesses.

4714888.1

*Certification of Consultation*

In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, undersigned counsel conferred with counsel for the debtor regarding the necessity for Revenue Officer Carpenter's deposition.  On July 29, 2010, Government counsel explained that the Revenue Officer's deposition would cover irrelevant material, and that we opposed the deposition.  (Exhibit 5, pp.4-5.)  Debtor's counsel disagreed and suggested that the Government seek a protective order which could be heard on August 12.  (*Id*. at p.4.)  Government counsel inquired why debtor wished to depose the Revenue Officer, and was advised that the revenue officer must know about Mirabilis' Form 941 liabilities.  Debtor's counsel again suggested filing a motion for protective order.  (*Id*. at pp.2-3.)  It was clear that the debtor would not agree to forego the deposition, and Government counsel determined that further discussions would be futile.

The parties discussed the possibility of the debtor taking a Rule 30(b)(6) deposition of the IRS in lieu of taking the depositions of Ms. Yip (in Denver, scheduled for August 17, 2010), Revenue Officer Morris (in Orlando, scheduled for August 19, 2010), Revenue Officer Carpenter, and Ms. Summers (in Orlando, scheduled for August 20, 2010), however, to date the deposition notices have not been withdrawn, nor has a Rule 30(b)(6) notice been served.

*Certification of Necessity for Emergency Hearing*

As set forth in the attached Certification of Necessity of Request for Emergency Hearing, Revenue Officer Carpenter's deposition is scheduled for **August 20, 2010**, in

4714888.1

advance of the final evidentiary hearing set in this contested matter for **September 15, 2010**.  A determination of whether the deposition must go forward should be made prior to August 13, 2010, so that the United States may make arrangements to prepare the Revenue Officer for deposition and obtain the necessary authorization.  Government counsel is scheduled to travel to Denver for the Yip deposition then to Orlando for the remaining depositions, so time is of the essence.

JOHN A. DICICCO
Acting Assistant Attorney General

  s/ Carol Koehler Ide
CAROL KOEHLER IDE
Trial Attorney, Tax Division
U.S. Dept. of Justice
P.O. Box 14198
Washington, DC 20044
Telephone: (202) 514-5887
Telefax: (202) 514-4963
E-mail: Carol.Koehler.Ide@usdoj.gov

Of Counsel:

A. LEE BENTLEY, III
Acting United States Attorney

4714888.1

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 6, 2010, I electronically filed the foregoing United States' Motion for Protective Order and Certificate of Necessity of Request for Emergency Hearing, with exhibits and Certification of Necessity of Request for Emergency Hearing, with the Clerk of the Court by using the CM/ECF system, which will send notice to –

R. Scott Shuker
Mariane L. Dorris
LATHAM, SHUKER, EDEN & BEAUDINE, LLP
390 N. Orange Ave., Suite 600
Orlando, FL 32801
*Attorneys for Debtors*

and that I served a copy by first class mail to –

Mirabilis Ventures, Inc.
c/o/ R.W. Cuthill, Jr.
341 N. Maitland Ave., Suite 210
Maitland, FL 32751
*Debtor*

<div style="margin-left:40%">

___s/ Carol Koehler Ide_____
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198, Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 514-5887
Telefax:  (202) 514-9868
E-mail:  Carol.Koehler.Ide@usdoj.gov

</div>

- 10 -

4714888.1