# TRANSCRIPT OF PROCEEDINGS

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.: 2008-4327

IN RE:

MIRABILIS VENTURE, INC., ET AL.,

DEBTORS.

_____/

HEARING ON VARIOUS MOTIONS

FILED

AUG 16 2010

CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

BEFORE:     THE HONORABLE KAREN S. JENNEMANN
DATE:       OCTOBER 16, 2009
TIME:       10:07 A.M.
LOCATION:   UNITED STATES BANKRUPTCY COURT
            137 WEST CENTRAL BOULEVARD
            ORLANDO, FLORIDA 32801

APPEARANCES:

ON BEHALF OF DEBTORS:           SCOTT SHUKER, ESQUIRE
                                MARIANE DORRIS, ESQUIRE

ON BEHALF OF UNITED STATES:     CAROL IDE, ESQUIRE
                                RANDY GOLD, ESQUIRE
                                ANITA CREAM, ESQUIRE

ON BEHALF OF U.S. TRUSTEE:      KEN MEEKER, ESQUIRE

ON BEHALF OF ADVERSARY
    DEFENDANTS:                 BRAD SAXTON, ESQUIRE
                                CHARLES MELTZ, ESQUIRE



# Realtime Reporters, Inc.

Registered Professional Reporters
Certified Video Technicians

1188 Fox Forrest Circle • Apopka, Florida 32712 • (407) 884-4662 • FAX (407) 884-4664
*Sandra A. Dawkins, President • Professional Reporting Since 1977*






| | 2 |
|---|---|
| 1 | PROCEEDINGS |
| 2 | THE CLERK: ALL RISE. THE UNITED STATES BANKRUPTCY |
| 3 | COURT FOR THE MIDDLE DISTRICT OF FLORIDA IS NOW IN SESSION. |
| 4 | THE HONORABLE KAREN S. JENNEMANN PRESIDING. GOD SAVE THE |
| 5 | UNITED STATES AND THIS HONORABLE COURT. YOU MAY BE |
| 6 | SEATED. |
| 7 | CASE NUMBER 08-4327, MIRABILIS VENTURES, INC., CASE |
| 8 | NUMBER 08-4328, HOTH HOLDINGS, LLC. AND CASE NUMBER 08-4681, |
| 9 | AEM, INC., ALL INTERESTED PARTIES, PLEASE COME FORWARD AND |
| 10 | ENTER YOUR APPEARANCES. |
| 11 | MR. SHUKER: GOOD MORNING, YOUR HONOR, SCOTT SHUKER |
| 12 | AND MARIANE DORRIS, ON BEHALF OF THE THREE DEBTORS. WITH |
| 13 | ME AT COUNSEL TABLE IS MR. CUTHILL, WHO IS THE PRESIDENT OF |
| 14 | MIRABILIS. |
| 15 | MS. IDE: GOOD MORNING, YOUR HONOR, CAROL IDE, ON |
| 16 | BEHALF OF THE UNITED STATES AND WITH ME IN THE COURTROOM |
| 17 | ARE RANDY GOLD AND ANITA CREAM. |
| 18 | MR. MEEKER: IF IT PLEASE THE COURT, KEN MEEKER, ON |
| 19 | BEHALF OF THE U.S. TRUSTEE. |
| 20 | MR. SAXTON: GOOD MORNING, JUDGE, BRAD SAXTON. I'M |
| 21 | HERE FOR THE ADVERSARY DEFENDANTS, BERMAN, KEENE AND |
| 22 | RIGUERRA, P.A., RICHARD BERMAN AND ELENA BUILDERMOOTH. |
| 23 | THE COURT: VERY GOOD. |
| 24 | MR. SAXTON: YOUR HONOR, WE FILED AN OBJECTION NOT --- |
| 25 | LIMITED OBJECTION, NOT INTENDING TO CONSENT TO THE |

1      JURISDICTION OF THE COURT, I THINK THOSE MATTERS HAVE BEEN

2      WITHDRAWN, BUT I JUST WANT TO MAKE IT CLEAR, WE'RE

3      APPEARING IN THE ADVERSARY PROCEEDINGS, BUT WE FELT

4      COMPELLED TO FILE AN OBJECTION TO THE PLAN AND THAT'S WHY

5      WE'RE HERE.  BUT I THINK THE ISSUES HAVE BEEN RESOLVED WITH

6      THE FILING OF THE AMENDED PLAN.

7            THE COURT: VERY GOOD.  THANK YOU.  THANK YOU.

8            MR. MELTZ: JUDGE, CHUCK MELTZ, ON BEHALF OF

9      ADVERSARY DEFENDANTS, JAMES MOORE AND E.J. HUTTO.  I HAVE

10     A SIMILAR ISSUE TO THAT, WHICH MR. SAXTON JUST ANNOUNCED.

11     THE ONLY DIFFERENCE IS IN OUR PARTICULAR ADVERSARIAL

12     PROCEEDING, IT HAS BEEN TRANSFERRED TO JUDGE PRESNELL, BUT

13     IN AN ABUNDANCE OF CAUTION, I JUST WANTED TO MAKE SURE

14     THERE WAS NOTHING ABOUT THE PLAN THAT SOMEHOW CHANGED

15     THAT OR CAUSED THAT TO BE MISINTERPRETED.

16           THE COURT:  I HAVE ASKED JUDGE PRESNELL'S CHAMBERS

17     TO LET ME KNOW.  WE DON'T GET NOTICES OF WITHDRAWALS OF

18     REFERENCES BECAUSE IT'S JUST A DOCKET ENTRY OR --- WE JUST

19     DON'T KNOW.  SO BERMAN IS THE ONLY REMAINING ADVERSARY

20     PROCEEDING, THAT'S WHAT I NEED TO FIGURE OUT, IS THAT

21     CORRECT, MR. SAXTON, THE BEST AS YOU KNOW WITH ME?

22           MR. SAXTON: I THINK TECHNICALLY OURS IS, BUT WE JUST

23     FILED A PLEADINGS YESTERDAY IN THE DISTRICT COURT, WHICH

24     OBVIOUSLY, YOU DIDN'T SEE, BUT MR. SHUKER CONSENTED TO THE

25     WITHDRAWAL OF THE REFERENCE ---

1          THE COURT: VERY GOOD.

2          MR. SAXTON: --- I REFERENCED IN THE PLEADING IN THE

3     FILE.

4          THE COURT: IT CERTAINLY MAKES SENSE, BUT I JUST NEED

5     TO FIGURE IT OUT.

6          MR. SAXTON: I ANTICIPATE OURS TO BE WITHDRAWN.

7          THE COURT: VERY GOOD. AND THE HUTTO ADVERSARY

8     PROCEEDING IS AND ---

9          MR. VARNER: GOOD MORNING, JUDGE, JOE VARNER FOR

10    HANS BEYER AND SAXTON AND GILMORE. OUR ADVERSARY

11    PROCEEDING IS ALSO STILL IN THIS COURT. WE'RE A LITTLE

12    FARTHER ALONG. WE'VE ACTUALLY ANSWERED THE AMENDED

13    COMPLAINT AND WE'VE DEMANDED A JURY TRIAL, SO I EXPECT

14    WE'LL ALSO BE ABLE TO WORK THINGS OUT WITH MR. SHUKER AS

15    FAR AS TRANSFERRING THE CASE. BUT WE FILED AN OBJECTION

16    ON THE SAME BASES AND FOR THE SAME REASONS THAT WE

17    THINK, THAT'S BEEN RESOLVED.

18         THE COURT: OKAY. VERY GOOD. VERY GOOD.

19         MR. CARLSON: YOUR HONOR, CHARLES CARLSON FOR DIANE

20    HENDRICK AS TRUSTEE, AND I'M HERE ON A MOTION FOR

21    APPROVAL OF COMPROMISE.

22         THE COURT: ABSOLUTELY.

23         MR. IDLES: YOUR HONOR, MY NAME IS ERIC IDLES WITH

24    SHUTTS AND BOWEN AND I'M OUTSIDE COUNSEL FOR MIRABILIS

25    AND I'M PURSUING SEVERAL ADVERSARY PROCEEDINGS BEFORE

5

1   THIS COURT TO MARSHALL ASSETS ON NOTES FOR THE BENEFIT OF

2   THE ESTATE. THANK YOU, YOUR HONOR.

3       THE COURT: THANK YOU. WE'RE HERE TODAY IN

4   CONNECTION WITH THE CONFIRMATION HEARING. I HAVE READ

5   THE AFFIDAVIT OF MR. CUTHILL IN SUPPORT OF CONFIRMATION

6   THAT WAS FILED EITHER LATE YESTERDAY OR THIS MORNING. I

7   SAW THAT THERE HAD BEEN THE MODIFICATIONS TO THE PLAN.

8   THAT I HAVEN'T LOOKED AT, SO IT'S A LITTLE LENGTHY TO DO

9   QUICKLY IN THE MORNING.

10      BUT MR. SHUKER, IF YOU WOULD BRING ME UP TO SPEED AS

11   TO WHERE WE ARE ON THE ANTICIPATED CONFIRMATION ISSUES,

12   WHETHER THERE ARE ANY REMAINING OBJECTIONS TO

13   CONFIRMATION AND JUST GENERALLY WHERE YOU THINK WE'RE

14   GOING TO GO.

15      MR. SHUKER: THANK YOU, YOUR HONOR. I'LL ANSWER THE

16   LAST QUESTION FIRST. I THINK WE'RE GOING TO CONFIRM. THE

17   MODIFICATIONS WERE LARGELY CLEAN UP OR TO ADDRESS SOME

18   OF THE OBJECTIONS OF THE IRS AND THE DEFENDANT OBJECTORS

19   AND I THINK WE'VE DONE THAT. AND TO THE EXTENT I'VE MISSED

20   SOMETHING IN THE RUSH, THEN I THINK WE CAN HANDLE IT BY THE

21   CONFIRMATION ORDER.

22      SO HOW I WOULD LIKE TO PROCEED, YOUR HONOR, IS --- AND

23   WE DO HAVE THE VOTE OF THE CLASSES, CLASSES ONE AND TWO

24   AND A CRAM-DOWN FOR CLASS THREE, WHICH IS EQUITY.

25      I THINK WHAT WILL BE HELPFUL, YOUR HONOR, IS IF I COULD

6

1      HIGHLIGHT THE MODIFICATIONS THEN PROFFER ALONG THE LINES

2      OF THE CONFIRMATION AFFIDAVITS, THE ELEMENTS OF 1129A AND

3      SEE IF THERE ARE ANY REMAINING OBJECTIONS THAT I CAN CLEAN

4      UP THROUGH THE CONFIRMATION ORDER, IF THAT'S ACCEPTABLE,

5      YOUR HONOR.

6              THE COURT: VERY GOOD. GO AHEAD.

7              MR. SHUKER: I'M NEW TO THIS CASE AND I'M REMINDED OF

8      THE MOVIE GODFATHER III WHERE AL PICINO SAYS I KEEP TRYING

9      TO GET OUT AND THEY KEEP DRAGGING ME BACK. SO FORGIVE ME

10     IF THERE ARE SOME GAPS IN THE KNOWLEDGE AS I'VE HAD ABOUT

11     THREE WEEKS INTO THIS CASE. I DID A LITTLE BIT AT THE

12     BEGINNING.

13             BUT THE MODIFICATIONS FALL INTO TWO CATEGORIES; ONE

14     ARE WHAT I CALL CLEAN UP. THE AMENDED PLAN, QUITE

15     HONESTLY, WAS A LITTLE HARD TO FOLLOW AND IT TOOK

16     CONCEPTS FROM A BUNCH OF DIFFERENT OF MY PRIOR PLANS AND

17     DIDN'T REALLY RECONCILE THEM.

18             AND THEN THE OTHER ARE WHAT I BELIEVE ARE NON-

19     MATERIAL CHANGES TO ADDRESS THE CONCERNS OF THE IRS AND

20     THE DEFENDANT OBJECTORS.

21             THE CLEAN-UP ONES ARE AS FOLLOWS, YOUR HONOR. THERE

22     WAS AN ADDENDUM TO THE DISCLOSURE STATEMENT FILED IN

23     JULY --- ON JULY 30TH THAT SAID THERE WAS GOING TO BE

24     SUBSTANTIVE CONSOLIDATION. THEN MY FIRM FILED THE

25     AMENDED JOINT PLAN, BUT LEFT THAT CONCEPT OUT. SO YOU

1    STILL HAVE THIS CONCEPT OF LIQUIDATING DEBTORS, WHICH

2    OBVIOUSLY, IS INAPPROPRIATE IF YOU'RE SUBSTANTIVELY

3    CONSOLIDATED, WHICH WE ARE SEEKING TO DO AND BELIEVE

4    THAT THE GROUNDS SET FORTH IN THE ADDENDUM TO THE

5    DISCLOSURE STATEMENT SUPPORT THAT AND THERE AREN'T ANY

6    OBJECTIONS TO THAT. IT'S JUST SIMPLER AND THEY WERE ALL

7    BASICALLY RUN AS ONE AND IT'S HARD TO DIFFERENTIATE WHO IS

8    OWNED FROM WHOM.

9         SO TO REFLECT THE SUBSTANTIVE CONSOLIDATION, THE

10   MODIFICATIONS MAKE CLEAR THAT IT IS A LIQUIDATING DEBTOR

11   AND THAT WILL BE MIRABILIS.

12        LIKEWISE, YOUR HONOR, MR. CUTHILL'S ROLE IS A LITTLE

13   CONFUSING BECAUSE I THINK INITIAL VERSIONS CONTEMPLATED A

14   LIQUIDATING TRUST AND THEN THE AMENDED PLAN HAD A

15   LIQUIDATING DEBTOR, BUT STILL HAD THIS CONCEPT OF A

16   LIQUIDATING AGENT, WHICH MAKES NO SENSE IN THE CONCEPT OF

17   A LIQUIDATING DEBTOR.

18        SO THE LIQUIDATING AGENT, ONE OF THE THINGS THE

19   MODIFICATION SAID IS DELETED AND REPLACED WITH THE ROLE

20   OF PRESIDENT. MR. CUTHILL FOR THE POST-CONFIRMATION,

21   MIRABILIS, WILL BE THE PRESIDENT, SECRETARY AND TREASURER.

22   UNDER NEVADA LAW, YOU HAVE TO HAVE ALL THREE. HE WILL

23   ALSO BE SOLE DIRECTOR.

24        SO THE MODIFICATIONS --- THE REASON WHY THE

25   MODIFICATIONS AR SO LONG IS BECAUSE THERE ARE SO MANY

1    PLACES WHERE IT SAYS LIQUIDATING AGENT THAT HAVE BEEN

2    CHANGED TO EITHER PRESIDENT OR LIQUIDATING DEBTOR. THEY

3    WERE JUST TWO CONCEPTS THAT DIDN'T WORK TOGETHER.

4         AND THEN FINALLY --- OR ULTIMATELY I GUESS, YOUR

5    HONOR, THE AMENDED PLAN TALKED ABOUT THE STOCK BEING

6    HELD IN A LIQUIDATING AGENT ACCOUNT. I DON'T KNOW WHAT

7    THAT MEANS. BUT BECAUSE WE ARE ELIMINATING THE STOCK,

8    BUT YOU STILL HAVE TO HAVE IT, THE MODIFICATIONS HAVE A

9    STOCK TRUST. THAT STOCK TRUST WILL BE VESTED ONLY WITH

10   THE COMMON STOCK OF THE POST-CONFIRMATION MIRABILIS, SO

11   THEREFORE, IT WON'T BE A TAXABLE ITEM BECAUSE IT WON'T BE

12   RECEIVING INCOME OR HAVING EXPENSES.

13        THE TRUSTEE OF THAT STOCK TRUST WILL BE MR. CUTHILL

14   AND THE BENEFICIARIES, THE HOLDERS HAVE ALLOWED

15   UNSECURED CLAIMS. AND THAT'S A PRETTY STANDARD VEHICLE.

16        AND THEN FINALLY, YOUR HONOR, THE OTHER CLEAN UP

17   WAS THE AMENDED PLAN IN THE INTRODUCTION SAID THERE WERE

18   THREE CLASSES; CLASS ONE, HENDRICKS, CLASS TWO, UNSECURED

19   AND CLASS THREE, EQUITY, AND THEN IN THE BODY, IT KEPT

20   REFERRING TO TWO. THERE ARE THREE. SO IT MADE CLEAR THAT

21   THERE ARE THE THREE CLASSES AND SO WHEN IT REFERENCES THE

22   DISTRIBUTION, IT'S THE CLASS TWO.

23        IN TERMS OF THE SUBSTANTIVE, YOUR HONOR, THE FIRST

24   ONE IS AS TO CLASS ONE, HENDRICK.

25        MAY I GO FORWARD OR DID YOU HAVE QUESTIONS ON THE

1    OTHERS?

2         THE COURT: I CAUGHT THE CONFUSION --- I CAUGHT SOME

3    OF THESE CONFUSIONS, PROBABLY NOT AS MUCH AS YOU AND THE

4    PARTIES DID, BUT IS THERE ANY ISSUE RELATING TO VOTING

5    BECAUSE OF THE CONFUSION OF THE CLASSES?

6         MR. SHUKER: IT'S NOT, BECAUSE THE FOLKS WHO VOTED IN

7    WHATEVER YOU'RE CALLING IT, CLASS ONE OR CLASS TWO,

8    UNSECUREDS VOTED IN FAVOR. THERE WERE ONLY FOUR VOTES,

9    THREE IN FAVOR.

10        THE COURT: OKAY.

11        MR. SHUKER: AND THE HENDRICK, WHO ARE CLASS ONE ---

12        THE COURT: AND YOU HAVE A SETTLEMENT WITH THEM?

13        MR. SHUKER: RIGHT. AND PART OF THAT IS THEY WILL VOTE

14   IN FAVOR. SO WE DID THE VOTING, WE SEPARATED THOSE TWO.

15        THE COURT: OKAY. OKAY. GO AHEAD.

16        MR. SHUKER: THE FIRST SUBSTANTIVE CHANGE, YOUR

17   HONOR, IS CLASS ONE, HENDRICK WHO HAD A CLAIM IN BOTH AEM

18   AND MIRABILIS RELATED TO SOME PROMISSORY NOTES. THE

19   SETTLEMENT WITH THEM ALLOWS THEM TO HAVE ONE CLAIM IN

20   THE APPROXIMATELY AMOUNT OF 2.8-MILLION. THEY FILED IT AS

21   A SECURED CLAIM, WHICH IS WHY THE AMENDED, SEPARATELY

22   CLASSIFIED THEM.

23        THE COMPROMISE SAYS THAT THEY WILL AGREE TO BE

24   TREATED ALONG WITH ALL THE OTHER UNSECUREDS, SO THEY

25   WILL GO INTO THE POT. THEY WILL VOTE IN FAVOR OF THE PLAN

10

1    AND THEN THEREFORE, I WOULD HAVE MY IMPAIRED ACCEPTING

2    CLASS EVEN IF UNSECUREDS DIDN'T VOTE AND THEN WE'LL

3    WITHDRAW THE VARIOUS LAWSUITS.

4         SO IF WE GET THERE PART AND PARCEL OF CONFIRMING THE

5    PLAN WOULD BE APPROVING THE COMPROMISE.

6         THE NEXT CHANGES, YOUR HONOR, HAD TO DO WITH THE

7    OBJECTION AND DISCUSSIONS WE'VE HAD WITH THE IRS AND THE

8    U.S. ATTORNEY. THE FIRST IS THAT NOTICE. WE HAVE AGREED TO

9    GIVE 30-DAYS NOTICE OF ANY COMPROMISE SO THAT THEY HAVE

10   PLENTY OF TIME TO VOICE THEIR OPINION OR OBJECTIONS AND TO

11   DISCUSS WITH THEM WHAT WE'RE TRYING TO DO ON VARIOUS

12   LAWSUITS.

13        WE'VE AGREED THAT IF THEY CONSENT TO THAT

14   SETTLEMENT IN WRITING, WE CAN THEN CONSUMMATE IT. IF THEY

15   DO NOT, WE WILL BRING IT TO THE COURT.

16        THE COURT: AND LET ME JUST MAKE SURE I UNDERSTAND. I

17   HAVEN'T READ THE PROVISION. SO THE NOTICE WOULD BE JUST TO

18   THE IRS, NOT JUDICIAL?

19        MR. SHUKER: AND THE U.S. ATTORNEY AND THE U.S.

20   TRUSTEE.

21        THE COURT: OKAY. SO YOU'RE NOT CONTEMPLATING COURT

22   APPROVAL OF THE SETTLEMENTS ACCEPT IF THERE'S A DISPUTE

23   WITH THAT SMALL GROUP?

24        MR. SHUKER: ABSOLUTELY. AND THE IRS IS ABOUT 98-

25   PERCENT OF THE CREDITOR POT.

1    THE COURT: YES.

2        MR. SHUKER: THEN WE'RE ALSO GOING TO A NOTICE

3    PROVISION FOR PAYMENTS. ANY PAYMENTS TO PROFESSIONALS

4    OR OTHERWISE, OVER 5,000-DOLLARS, WE WILL GIVE 20 DAYS

5    NOTICE TO THE IRS, U.S. ATTORNEY AND THE UNITED STATES

6    TRUSTEE. IF THEY DON'T OBJECT IN THE 20 DAYS, THEY CAN BE

7    PAID. AND IF THEY DO OBJECT, THEY WILL NOT BE PAID. THE

8    OBJECTIVE PORTION WON'T BE PAID UNTIL COURT APPROVAL.

9    THAT WILL COVER BOTH PROFESSIONALS AND POST-

10   CONFIRMATION PAYMENTS TO MR. CUTHILL, AND ANY PAYMENTS

11   POST-CONFIRMATION.

12       THE COURT: REGULAR DISTRIBUTIONS? I MEAN, I DON'T

13   KNOW HOW FREQUENTLY DISTRIBUTIONS WILL OCCUR, BUT THAT -

14   --

15       MR. SHUKER: DISTRIBUTIONS WON'T BE FREQUENT AND

16   THESE WERE MORE IN TERMS OF PAYMENTS, NOT DISTRIBUTIONS

17   TO CREDITORS.

18       THE COURT: OKAY. YOU JUST SAID ALL PAYMENTS.

19       MR. SHUKER: I WAS OVERBROAD.

20       THE COURT: OKAY.

21       MR. SHUKER: IT WAS MEANT TO SAY OPERATING EXPENSES

22   AND PROFESSIONAL PAYMENTS.

23       WE HAVE ALSO PUT IN THE MODIFICATIONS THAT THEY

24   HAVE CLAIMED ABOUT 2.8-MILLION IN PRIORITY CLAIMS AND

25   THOSE HAVE BEEN OBJECTED TO. WE HAVE MADE CLEAR THAT IF

12

1    THERE IS A DISTRIBUTION BEFORE THOSE PRIORITY CLAIMS ARE

2    RESOLVED, THOSE WILL BE FULLY RESERVED FOR AND SO YOU

3    WOULD HAVE TO HAVE IN EXCESS OF 2.8-MILLION BEFORE YOU

4    DISTRIBUTED TO UNSECUREDS.

5        WE HAVE ALSO ---

6        THE COURT: LET ME JUST ASK TWO QUESTIONS. SO THERE'S

7    GOING TO BE A TYPICAL DISPUTED CLAIMS RESERVED?

8        MR. SHUKER: YES.

9        THE COURT: OKAY. ON THE NOTICE OF PAYMENTS AND

10   DISTRIBUTIONS, DID THE PLAN AS IT MODIFIED, MAINTAIN THE

11   REGULAR QUARTERLY REPORTING FOR MR. CUTHILL?

12       MR. SHUKER: WE ACTUALLY MOVED IT --- WELL, QUARTERLY

13   ON DISBURSEMENTS FOR THE U.S. TRUSTEE, YES, BUT FOR

14   REPORTING ON HOW WE'RE DOING LITIGATION-WISE, WE MOVED IT

15   UP TO MONTHLY.

16       THE COURT: MONTHLY. WAS THAT JUST TO THE IRS OR

17   THAT'S TO BE FILED WITH THE COURT?

18       MR. SHUKER: THAT WAS JUST TO IRS AND U.S. ATTORNEY.

19       THE COURT: OKAY. ON ALL LIQUIDATING CASES FROM HERE

20   ON OUT IN THE PRIOR VERSION, THE PLAN HAD THIS PROVISION, I

21   WILL REQUIRE QUARTERLY DISTRIBUTION REPORTS. IT IS SIMILAR

22   TO THE UNITED STATES TRUSTEE, BUT IT'S ONE THAT IS DESIGNED

23   TO BE READABLE ONE PAGE THAT EVERYBODY CAN SEE.

24       MR. SHUKER: AND THAT'S IN THERE.

25       THE COURT: AND THAT STILL IS IN THERE?

1          MR. SHUKER: RIGHT. THAT'S WHAT I CALL THE QUARTERLY

2     DISBURSEMENTS REPORTS.

3          THE COURT: OKAY. OKAY. VERY GOOD.

4          MR. SHUKER: BUT WE'RE GOING TO GIVE THEM, THE U.S.

5     ATTORNEY AND THE IRS A MORE DETAILED.

6          THE COURT: DETAILED MONTHLY REPORT?

7          MR. SHUKER: RIGHT. THAT WE WOULDN'T REALLY WANT

8     PUBLIC, BUT IT WILL TRACK THE LITIGATION, WHAT WE SPENT,

9     WHAT WE EXPECT TO RECOVER, WHERE WE ARE AT IN THE CASES.

10         THE COURT: OKAY.

11         MR. SHUKER: TO THAT END, YOUR HONOR, SINCE WE'RE ON

12    THAT SUBJECT, WE'VE ALSO AGREED TO MEET WITH THE --- HAVE

13    PHONE CONFERENCES OR MEET IN PERSON ANY TIME THE U.S.

14    ATTORNEY OR IRS REQUEST UPON REASONABLE NOTICE,

15    ASSUMING THAT MR. CUTHILL IS NOT OTHERWISE ON A PRE-

16    PLANNED VACATION, THAT'S SOMETHING WE DID IN THE

17    EVERGREEN CASE, WHERE WE DID --- IT'S TOO UNCERTAIN AS TO

18    SET UP SCHEDULES NOW, BUT WE'RE SAYING: IF YOU WANT TO

19    MEET, TELL US ON REASONABLE NOTICE AND WE'LL COME MEET IN

20    ADDITION TO THE MONTHLY REPORTS.

21         WE HAVE ALSO AGREED THAT --- ALTHOUGH THE TIMING OF

22    DISTRIBUTIONS IS SOMEWHAT UNCERTAIN, WE HAVE AGREED

23    THAT AT LEAST THE INITIAL DISTRIBUTION ONCE THE OPERATING

24    ACCOUNT OF THE POST-CONFIRMATION DEBT REACHES 2-MILLION,

25    WE WILL MAKE A DISTRIBUTION OF ONE MILLION DOLLARS. NOW,

1    THAT --- IF THE PRIORITY CLAIM ISN'T RESOLVED, IT WILL JUST BE

2    HELD IN RESERVE.

3        MODIFICATIONS ALSO MAKE CLEAR THAT MR. CUTHILL,

4    BOTH UP UNTIL NOW AND PROSPECTIVE, WILL BE TREATED AS AN

5    EMPLOYEE WITH W-2. THERE WAS A DISPUTE, HE HAD TREATED IT

6    BASED ON ADVICE FROM HIS ACCOUNTANTS AS AN INDEPENDENT

7    CONTRACTOR. THE IRS DIDN'T AGREE WITH THAT TREATMENT

8    AND FILED THE ADMINISTRATIVE CLAIM. WE'VE RESOLVED THAT

9    BY AGREEING THAT HE WILL BE TREATED AS AN EMPLOYEE.

10   GOING BACK AND GOING FORWARD, WE'LL HAVE 60-DAYS TO FILE

11   THE NECESSARY PAYROLL TAX RETURNS AND FOR THE ESTATE TO

12   PAY THE PAYROLL TAX. MR. CUTHILL HAS AGREED THAT HE'S

13   THEN GOING TO HAVE TO FILE AMENDED RETURNS BECAUSE HE

14   PAID SELF-EMPLOYMENT. ONCE HE GETS THAT BACK, HE'LL

15   CONTRIBUTE THAT BACK TO THE ESTATE.

16       TO THAT END, IT PROBABLY MAKES SENSE TO SET THAT

17   ADMINISTRATIVE CLAIM OVER FOR 75-DAYS TO SEE IF WE'VE PAID

18   IT. I DON'T THINK IT SHOULD BE --- IT DOESN'T NEED TO BE

19   WITHDRAWN BECAUSE THEY MAY DISAGREE WITH OUR

20   CALCULATIONS, SO IT SHOULD AT LEAST STAY IN THE PIPELINE.

21       FINALLY, AS TO THE IRS, YOUR HONOR, WE'VE MODIFIED THE

22   EXCULPATION CLAUSE. I'VE LEARNED FROM MS. IDE THIS

23   MORNING THAT WE MAY NOT HAVE MODIFIED IT ENOUGH FOR HER,

24   SO THAT MAY STILL BE A CONTESTED ISSUE FOR YOUR HONOR TO

25   DECIDE, BUT ORIGINALLY, THE EXCULPATION CLAUSE, WAS

1    TYPICALLY BROAD AND ARGUABLY WOULD HAVE COVERED MR.

2    AMADEO, WHICH WAS NOT OUR INTENT.

3    RIGHT NOW, IT ONLY COVERS MR. CUTHILL AND THE

4    PROFESSIONALS HE'S HIRED FOR ACTS THEY'VE TAKEN IN

5    CONNECTION WITH THE CASE PROVIDED THEY WEREN'T GROSSLY

6    NEGLIGENT OR WILLFUL. IT'S A PRETTY STANDARD EXCULPATION

7    CLAUSE, BUT BOILED DOWN TO JUST MR. CUTHILL AND ANY

8    PROFESSIONALS, AND AGAIN, NOT FOR GROSS NEGLIGENCE OR

9    WILLFUL.

10   I CAN ANSWER QUESTIONS ON THOSE OR MOVE TO THE

11   DEFENDANT OBJECTORS.

12   THE COURT: GO AHEAD AND MOVE TO THE DEFENDANT

13   OBJECTORS.

14   MR. SHUKER: THANK YOU, YOUR HONOR. THERE WERE

15   THREE PRIMARY GROUNDS THAT EACH OF THEM CITED. I THINK

16   THERE WERE FIVE OF THEM, THE FOUR DEFENDANTS AND THEN

17   O2HR.

18   AND ONE, THERE WAS THIS INTERESTING PROVISION IN THE

19   PLAN THAT SAID, UNLESS YOU OBJECT, YOU CONSENT TO

20   EVERYTHING. IT WAS A NEAT TRICK I SUPPOSE, BUT IT WAS WAY

21   OVERBROAD. THE MODIFICATIONS SAY THAT PROVISION IS

22   DELETED.

23   SECONDLY, THERE WERE GENERAL OBJECTIONS SAYING

24   THAT CERTAIN PROVISIONS COULD BE READ TO INDICATE THAT

25   THE PARTIES --- THAT YOU RETAIN JURISDICTION EVEN IF YOU

1    DIDN'T. I THINK I'VE NARROWED THE LANGUAGE, BUT IF IT'S

2    UNCLEAR, WE CAN PUT IN THE CONFIRMATION ORDER THAT

3    NOTHING HEREIN WILL CHANGE THE JURISDICTION THE COURT

4    AND THE MATTERS UNDER 1452 OR 157 AND IN FACT, TWO OF THE

5    MATTERS ARE ALREADY OVER IN DISTRICT COURT. WE'VE

6    CONSENTED TO MR. SAXTON'S AND WE'RE GOING TO CONSENT THE

7    SAXTON ONE AS WELL. THEY'RE ALL GOING TO END UP THERE

8    EVENTUALLY, SO NO REASON TO TAKE UP THIS COURT'S TIME WITH

9    THE PRELIMINARIES ONLY TO GET IT ALL READY AND SHIP IT OVER,

10   MR. PRESNELL WAS FULLY CAPABLE OF DECIDING HOW HE WANTS

11   TO HAVE THIS CASE.

12        THE COURT: QUITE ENTHUSIASTIC, I MIGHT ADD.

13        MR. SHUKER: YES. JUDGE PRESNELL AND I APOLOGIZE FOR

14   CALLING HIM MISTER.

15        SO THOSE ARE ALL GOING TO GO OVER THERE AND WE CAN

16   MAKE THAT CLEAR.

17        THE FINAL WAS THERE WAS ALSO A PROVISION IN THE PLAN,

18   I THINK IT WAS A HOLD-OVER FROM EVERGREEN QUITE HONESTLY

19   ABOUT THE BARTON DOCTRINE. THAT WOULD BE FINE IF MR.

20   CUTHILL WAS THE TRUSTEE. HE IS NOT AND EVEN IN SOME OF THE

21   EXPANDED CASES ON BARTON DOCTRINE, I DON'T THINK IT

22   APPLIES TO THE PRESIDENT OF THE DEBTOR UNLESS YOU

23   APPOINTED HIM, WHICH YOU DID NOT. SO THAT WAS DELETED.

24        WITH THOSE, YOUR HONOR, I BELIEVE WE HAVE CAPTURED

25   OR SATISFIED THE OBJECTIONS WITH THE POSSIBLE EXCEPTION OF

1     THE EXCULPATION, WHICH MS. IDE CAN IDENTIFY. I CAN EITHER

2     PROFFER WHY I BELIEVE WE MEET THE 1129A ELEMENTS OR LET

3     THE OTHERS SPEAK BECAUSE I'VE PROBABLY BEEN SPEAKING

4     LONG ENOUGH ON WHAT'S IN THE PLAN. YOUR CALL.

5          THE COURT: VERY GOOD. LET ME JUST TAKE THE POSITIONS

6     OF INTERESTED --- WELL, LET ME FIRST, IS THERE ANY OBJECTION

7     TO THE CONSIDERATION OF MR. CUTHILL'S AFFIDAVIT IN SUPPORT

8     OF CONFIRMATION FOR THE EVIDENCE TO SUPPORT THE

9     CONFIRMATION REQUESTS AND I WILL TAKE THAT AS THE

10    EVIDENTIARY BASIS AND I WOULD WELCOME ANY COMMENTS

11    THAT THE PARTIES MAY HAVE TO EITHER THE AMENDED PLAN OR

12    TO THESE RECENT MODIFICATIONS AND WHETHER THEY STILL

13    SERVE AS ANY BASIS TO DENY CONFIRMATION. IF THERE'S ANY

14    CONCERNS? I KNOW I CERTAINLY HAVEN'T HAD A CHANCE TO

15    REVIEW THEM IN DETAIL. I HOPE YOU ALL HAVE.

16         MS. IDE ON BEHALF OF THE IRS, IF YOU'D LIKE TO GO FIRST.

17         MS. IDE: THANK YOU, YOUR HONOR. WE DID HAVE AN

18    OPPORTUNITY TO READ VERY QUICKLY THROUGH THE

19    MODIFICATIONS TO THE JOINT AMENDED PLAN. ONE OF OUR

20    CONCERNS IN THE UNITED STATES' OBJECTION TO CONFIRMATION

21    WAS THE COMPENSATION FOR THE LIQUIDATING AGENT,

22    WHATEVER THE PHRASE IS NOW, FOR MR. CUTHILL.

23         THE MODIFICATIONS DO CLARIFY QUITE A BIT ON THE

24    COMPENSATION. ONE CONCERN WE HAD THOUGH IS THAT THE

25    COMPENSATION DID NOT APPEAR --- IT APPEARED TO BE

1    EXCESSIVE --- LET ME FIND THE --

2         THE COURT: 400-DOLLARS AN HOUR.

3         MS. IDE: WITHOUT THE CAP, WHICH --- THE STATUTORY CAP,

4    WHICH WE THOUGHT WAS PROBLEMATIC.

5         THE PLAN PROVIDES THAT WITH RESPECT TO EXTRA-

6    ORDINARY INCOME, THERE IS A CAP UNDER 326(A), BUT REGULAR

7    INCOME TO MR. CUTHILL IS NOT SUBJECT TO THAT CAP AND I

8    THINK THAT THAT IS PROBLEMATIC. IT'S SUBJECT TO ABUSE. WE

9    COULD GET EXTRA-ORDINARY COMPENSATION TO MR. CUTHILL

10   AND WE BELIEVE ALL OF HIS COMPENSATION SHOULD BE

11   SUBJECTED TO THAT REVIEW, TO THAT CAP OF 326 BECAUSE HE IS

12   ACTING AS --- DESPITE THE CHANGE IN THE PHRASE, HE IS STILL

13   ACTING AS A LIQUIDATING AGENT OR AS A LIQUIDATING TRUSTEE

14   AND WE WOULD LIKE THOSE CAPS TO BE APPLIED ACROSS THE

15   BOARD.

16        THE COURT: OKAY.

17        MS. IDE: THE SECOND CONCERN THAT WE HAD THAT HASN'T

18   BEEN ADDRESSED IN MODIFICATIONS --- ACTUALLY ONE THAT HAS

19   BEEN ADDRESSED IN MODIFICATIONS IS WE WERE CONCERNED

20   THAT WITH FORMER SECTION 712, WHICH DEALT WITH RETURNED

21   CHECKS OR UNCLAIMED FUNDS, MR. SHUKER HAS CORRECTED

22   THAT IN MODIFICATIONS. IF A PAYMENT IS GOING TO THE UNITED

23   STATES OR TO THE IRS AND SOMEHOW THE CHECK ISN'T CASHED

24   OR IS RETURNED, UNDER BOTH OF THOSE CIRCUMSTANCES, THE

25   DEBTOR IS TO NOTIFY ME AND I WILL FIND OUT WHY MY CLIENT

1     ISN'T CASHING ITS CHECKS.

2            THE COURT: NOTICE REQUIREMENT.

3            MS. IDE: YES. JUST A NOTICE REQUIREMENT TO BOTH OF

4     THOSE CIRCUMSTANCES, SO THAT HAS BEEN CORRECTED.

5            OUR BIGGEST CONCERN THOUGH IS WITH THE EXCULPATION

6     CLAUSE AND MR. SHUKER MADE A VALIANT EFFORT TO TRY AND

7     CLEAN THAT UP. IT'S STILL I THINK OVERBROAD BECAUSE IT

8     POTENTIALLY RELIEVES THE DEBTOR AND MR. CUTHILL

9     PROSPECTIVELY OF ANY LIABILITY FOR DELINQUENT TAX

10    RETURNS, DELINQUENT PAYMENTS, PENALTIES THAT MIGHT BE

11    OTHERWISE JUSTIFIED AND WE BOTH FOR PAST ACTS AS WELL AS

12    IN THE FUTURE FOR IMPLEMENTATION OF THE PLAN. THAT'S AT

13    PAGE 23 OF THE MODIFICATION. IT STARTS AT PAGE 22. IT GOES

14    OVER TO PAGE 23. I THINK THAT CAN BE CLARIFIED TO HAVE A

15    SENTENCE OR TWO IN THE ORDER OF CONFIRMATION THAT DOES

16    NOT RELIEVE HIM OF ANY LAWFUL TAX LIABILITY PROSPECTIVELY.

17           WE DON'T KNOW WHAT MIGHT HAPPEN. THE DEBTOR MAY

18    BE LATE ON FILING TAX RETURNS AND PAYING PAYROLL TAX AND

19    WE'RE NOT GOING TO RELIEVE THAT DEBTOR OR MR. CUTHILL AS

20    THE POTENTIAL RESPONSIBLE OFFICER OF THOSE LIABILITIES,

21    THAT'S CONTRARY TO THE INTERNAL REVENUE CODE.

22           THE COURT: VERY GOOD.

23           MS. IDE: BUT I SUSPECT THAT IF YOUR HONOR AGREES WITH

24    ME, MR. SHUKER AND I CAN AGREE TO A SENTENCE OR TWO IN THE

25    ORDER.

| | |
|---|---|
| 1 | THE COURT: OKAY. ANYTHING ELSE? |
| 2 | MS. IDE: I THINK MR. SHUKER COVERED ALL OF THE OTHER |
| 3 | AGREEMENTS THAT CLARIFY THE MODIFICATIONS. |
| 4 | THE COURT: VERY GOOD. |
| 5 | MS. IDE: WE DO HAVE SOME ISSUES WITH SOME OF THE |
| 6 | PROFESSIONAL FEES, BUT THAT CAN BE ADDRESSED LATER. |
| 7 | THANK YOU, YOUR HONOR. |
| 8 | THE COURT: VERY GOOD. THANK YOU. OTHER PARTIES? |
| 9 | MR. SAXTON, ON BEHALF OF THE BERMAN ADVERSARY |
| 10 | DEFENDANTS? |
| 11 | MR. SAXTON: YES, YOUR HONOR. PERHAPS I CAN SPEAK FOR |
| 12 | THE OTHER DEFENDANTS AND MAYBE CLEAR THIS UP. AS MR. |
| 13 | SHUKER REPRESENTED, I THINK THE ONLY REASON WE'RE HEAR IS |
| 14 | BECAUSE THERE WAS A PROVISION THAT SAID THAT IF WE DON'T |
| 15 | OBJECT, THEN WE CONSENT AND WE WERE CONCERNED ABOUT |
| 16 | THAT AND I THINK MR. SHUKER HAS RESOLVED IT. |
| 17 | I WOULD JUST --- MY ONLY REQUEST WOULD BE IF WE CAN |
| 18 | CONFIRMATION BY ME AND MAYBE WE CAN A PROVISION --- THE |
| 19 | ONLY REMAINING CONCERN IS THAT THERE MAY BE SOME |
| 20 | LANGUAGE BURIED IN ALL OF THE RETENTION OF JURISDICTION |
| 21 | PROVISIONS THAT ARE TYPICALLY THERE DESIGNED TO DEAL WITH |
| 22 | OTHER CAUSES OF ACTION, ISSUES REGARDING CLAIMS, ET |
| 23 | CETERA. I DON'T WANT TO PARSE THOUGH AND TRY TO DELETE |
| 24 | THOSE OUT EVERYWHERE. IF WE COULD HAVE A BLANKET |
| 25 | STATEMENT IN THE CONFIRMATION ORDER THAT SAYS JUST WHAT |

1    MR. SHUKER SAID EARLIER THAT THERE'S NO INTENT TO OBTAIN

2    JURISDICTION OVER THESE PARTIES, AND THEREFORE, THAT

3    RESOLVES THESE OBJECTIONS, I THINK WE COULD BE --- WE COULD

4    WORK IT OUT WITH A SIMPLY PHRASE OR SENTENCE IN THE

5    CONFIRMATION ORDER.

6        THE COURT: AND REALLY WHAT YOU MEAN, THERE'S NO

7    INTENT TO MODIFY WHAT OTHER JURISDICTION ISSUES EXIST. I

8    MEAN, WHATEVER THEY ARE, THEY ARE, AND THE CONFIRMATION

9    ORDER DOESN'T CHANGE THAT?

10       MR. SAXTON: EXACTLY. EXACTLY.

11       THE COURT: VERY GOOD. THANK YOU. AND ON BEHALF OF

12   MR. BEYER AND THE VARIOUS SAXTON DEFENDANTS.

13       MR. VARNER: YES, YOUR HONOR. I AGREE WITH WHAT MR.

14   SAXTON TOLD YOU. IT'S APPARENT TO ME, IT WAS MR. SHUKER'S

15   INTENT TO ADDRESS THOSE OBJECTIONS AND WHILE THERE MAY

16   BE SOME LANGUAGE THAT NEEDS TO BE ADDRESSED THAT DOES

17   RESPOND TO THE OBJECTIONS, MY ONLY OTHER CONCERN IS: I

18   DON'T THINK THE EXCULPATION LANGUAGE BY ITS TERMS APPLIES

19   TO ANYTHING THAT MIGHT HAPPEN IN THOSE LAWSUITS.

20       I WOULD JUST WANT IT TO BE THAT BY WAY OF APPROVAL

21   OF THE CONFIRMATION OF THESE PLANS, THAT NOTHING HAS BEEN

22   DECIDED WITH RESPECT TO THESE LAWSUITS AND THAT

23   WHATEVER THE DISTRICT COURT DECIDES IN THE FUTURE

24   REGARDING AWARDS OF FEES OR COSTS WILL BE SOLELY WITHIN

25   THAT COURT'S JURISDICTION.

1        THE COURT: VERY GOOD. ANY OTHER COMMENTS OR

2    CONCERNS? IS THERE ANY OBJECTION OF THE APPROVAL OF THE

3    SETTLEMENT REACHED WITH THE TRUSTEE OF --- AND I MAY NOT

4    GET THE EXACT NAME RIGHT --- BUT THE HENDRICK'S

5    SETTLEMENT? ANY OBJECTION TO THAT RESOLUTION? VERY

6    GOOD.

7        AND THEN MR. SHUKER, IF YOU COULD JUST RESPOND TO

8    THE IRS' CONCERNS AS WELL AS THE ADVERSARY DEFENDANTS'

9    REQUESTS.

10        MR. SHUKER: SURE. THE FIRST ISSUE ON THE IRS WAS THE

11    COMPENSATION OF MR. CUTHILL. THIS WAS --- THIS

12    COMPENSATION SCHEME WAS TAKEN STRAIGHT OUT OF

13    EVERGREEN. HE GETS PAID HOURLY. THERE IS ALSO A POTENTIAL

14    FOR BONUS COMPENSATION BASED ON THE STATUTORY CAP, BUT

15    IT IS NOT SO THAT IF YOU WOULD DO THAT CALCULATION AND SAY

16    THAT HE HAS BEEN PAID $400, BUT THAT CALCULATION WOULD

17    ALLOW $500, HE WOULD GET AN EXTRA $100. BUT IF THAT

18    CALCULATION AT THE END OF THE DAY WOULD SAY $200.00, HE'S

19    NOT REQUIRED TO RETURN THE $200.00 NOR WOULD HE BE

20    REQUIRED TO NOT GET PAID FOR ALL THE SERVICES ALONG THE

21    TIME. THAT'S HOW WE'VE WORKED DURING THE CASE. THAT'S

22    HOW EVERGREEN WORKED AND THOSE ARE THE TERMS UNDER

23    WHICH MR. CUTHILL WAS WILLING TO SERVE.

24        HE DID INDICATE TO THEM THAT IF THEY WANT TO PICK A

25    DIFFERENT PRESIDENT WHO WILL AGREE THOSE, THEN THAT'S

1    FINE.

2          ON THE NOTICE PROVISION, YES, IT WAS MET TO APPLY TO

3    UNCASHED OR RETURNED AND WE'LL PROVIDE AN ADDITIONAL

4    NOTICE BEFORE ANYTHING BAD WOULD HAPPEN.

5          THE EXCULPATION, YOUR HONOR, I THINK THE QUESTION

6    WAS: DOES IT PROVIDE SOME KIND OF RELEASE FOR EITHER

7    PAYMENT OF 941 TAXES OR IF THEY'RE NOT PAID, RESPONSIBLE

8    OFFICER LIABILITY, AND I DON'T READ IT AS SUCH NOR WAS IT MET

9    TO BE SUCH.

10          NOW, OBVIOUSLY, WE'RE GOING TO GO BACK AND DO THE

11    941 TAXES AND I WOULDN'T WANT MR. CUTHILL HIT WITH LATE

12    FEES AND PENALTIES PERSONALLY FOR WHAT WAS AN HONEST

13    DIFFERENCE OF OPINION AS TO HOW THEY SHOULD BE PAID. SO I

14    THINK YOU CAN MODIFY THE EXCULPATION TO SAY THAT IT

15    WON'T RELIEVE THE ESTATE OR RESPONSIBLE OFFICER FOR

16    LIABILITIES TO PAY OWED AND DUE TAXES AND I THINK THAT

17    ADDRESSES THEIR CONCERN.

18          LIKEWISE, WITH THE DEFENDANTS, IT DOESN'T HAVE ANY

19    IMPACT ON WHETHER THERE'S A PENDING RULE FOR 9011 OR A

20    PENDING RULE FOR MOTION FOR 9011 OR MOTION FOR ATTORNEY'S

21    FEES AND OBVIOUSLY, IT DOESN'T IMPACT THAT.

22          SO I THINK THOSE CAN BE HANDLED IN THE CONFIRMATION

23    ORDER AS WELL AS MAKING IT CLEAR THAT THE ORDER DOESN'T

24    IMPACT JURISDICTION ONE WAY OR THE OTHER.

25          THE COURT: VERY GOOD.

1     MR. SHUKER: SO THAT WOULD BE OUR RESPONSE.

2     THE COURT: DID YOU SEPARATELY FILE A MOTION TO CRAM-

3     DOWN THE EQUITY INTEREST?

4     MR. SHUKER: WE DID. IT WAS FILED YESTERDAY.

5     THE COURT: OKAY.

6     MR. SHUKER: I CAN GIVE YOU THE DOCKET ENTRY, 370.

7     THE COURT: THANK YOU.

8     MR. SHUKER: AND IT BASICALLY RECITES THAT IS NO JUNIOR

9     CLASS RECEIVING OR RETAINING ANYTHING UNDER THE PLAN.

10     THE COURT: VERY GOOD. ANY OTHER CONCERNS? ANY

11     OTHER CONCERNS?

12     IN CONNECTION WITH THE CONFIRMATION OF THE DEBTORS'

13     JOINT AMENDED PLAN, TOGETHER WITH THE MODIFICATIONS FILED

14     YESTERDAY AND IN CONSIDERATION OF MR. CUTHILL'S AFFIDAVIT

15     IN SUPPORT OF CONFIRMATION AND THE FEW RESPONSES THAT

16     HAVE BEEN GIVEN TO TODAY'S HEARING, I WILL MAKE THE

17     FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW

18     PURSUANT TO BANKRUPTCY RULE 7052.

19     FIRST, THAT THE DEBTOR'S PLAN AS MODIFIED DOES NOT

20     CREATE A SUBSTANTIAL MODIFICATION THAT WOULD OTHERWISE

21     REQUIRE FURTHER SOLICITATION OR BALLOTING.

22     THAT THE SUBSTANTIVE CHANGES AFFECT PARTICULAR

23     DEFENDANTS, THAT THERE IS NO HARM TO THE GENERAL

24     UNSECURED CLASS, WHICH IS THE PRIMARY CLASS IN THIS CASE.

25     AND THAT BECAUSE OF THAT, THERE IS JUST GREATER

1    PROTECTIONS, THERE'S NO GREATER OBLIGATION THAT WOULD

2    OTHERWISE REDUCE DISTRIBUTIONS THAT WOULD REQUIRE ANY

3    FURTHER BALLOTING, SO I WOULD FIND THAT THE MODIFICATIONS

4    ARE NOT SUFFICIENT TO REQUIRE FURTHER BALLOTING.

5         I WILL APPROVE THE COMPRISE WITH THE HENDRICK'S

6    TRUSTEE AND THAT RESOLUTION.

7         AND THEN I WOULD FIND THAT CLASSES ONE AND TWO HAVE

8    CAST --- WITH THAT SETTLEMENT APPROVAL, HAVE CAST BALLOTS

9    SUPPORTING THE CONFIRMATION.

10        CLASS THREE IS AN EQUITY CLASS WHO SHARES ARE

11   CANCELLED UNDER THE PLAN AND THERE IS A MOTION FOR CRAM-

12   DOWN THAT WAS RECENTLY FILED, BUT CLEARLY SHOULD BE

13   GRANTED BECAUSE THERE ARE NO JUNIOR CLASSES, AND I WILL

14   GRANT THE MOTION FOR CRAM-DOWN.

15        WITH THAT, I CAN FIND THAT BASED UPON THE FEW

16   ADDITIONAL COMMENTS I'M GOING TO MAKE, THE PLAN WILL

17   COMPLY WITH SECTION 1129A OF THE BANKRUPTCY CODE AND IT IS

18   MORE LIKELY THAN NOT THAT THIS IS THE BEST WAY TO PROCEED,

19   BUT THIS LIQUIDATING WON'T BE FOLLOWED BY ANOTHER

20   LIQUIDATION, THERE'S ONLY ONE.

21        SO I WILL CONFIRM THE PLAN.

22        LET ME ADDRESS THE RESPONSES.  IN TERMS OF MR.

23   CUTHILL'S COMPENSATION, I AM NOT GOING TO MODIFY THE

24   LANGUAGE IN THE PLAN.  I DID REVIEW THE LANGUAGE ON PAGES

25   13 AND 14 IN CONNECTION --- AND 15 IN CONNECTION WITH THE

1   OBJECTION OF THE IRS. I THINK WITH THE ABILITY OF THE

2   SERVICE, THE OBJECTING PARTY TO OBJECT TO THE FEES, YOU'LL

3   GET A MONTHLY. YOU'LL KNOW IT. IF THERE'S A PROBLEM, LET

4   ME KNOW, BUT I'M NOT ANTICIPATING A PROBLEM. I DON'T THINK

5   THAT WILL BE THE CASE AND IF THERE IS, I WILL BE GLAD TO

6   ADDRESS IT.

7       SO YOU HAVE THE ABILITY IF IT DOES GET OUT OF CONTROL

8   TO DO SO. MR. CUTHILL HAS NEVER HAD THAT HAPPEN BEFORE. I

9   DON'T ANTICIPATE IT WILL HAPPEN IN THIS CASE, BUT IF THERE IS,

10  THERE IS A MECHANISM ALREADY IN PLACE IN THE PLAN TO

11  ADDRESS IT.

12      IN CONNECTION WITH THE IRS' OBJECTION TO SECTION 712

13  AND THE RETURN CHECK, THAT'S JUST A NOTICE ISSUE, THE

14  DEBTOR WILL FIX THAT IN THE CONFIRMATION ORDER.

15      IN CONNECTION WITH THE EXCULPATION CLAUSE, I THINK

16  THE ADDITIONAL LANGUAGE SUGGESTED BY MR. SHUKER,

17  HOPEFULLY, WILL ADDRESS THE CONCERN. IT DOES SEEM

18  STANDARD LANGUAGE TO ME, BUT IF WE NEED TO CLARIFY THIS

19  BECAUSE OF THE --- I'M NOT SURE IT'S TERRIBLE UNIQUE, BUT

20  BECAUSE OF THE DELAY IN THE TREATMENT OF MR. CUTHILL'S

21  SALARY, I DON'T MIND PUTTING IT IN THERE AND CERTAINLY

22  SHOULD PUT IT IN THE CONFIRMATION ORDER.

23      AND THE SAME GOES TO ADDRESS THE ADVERSARY

24  PROCEEDING, DEFENDANTS' REQUEST THAT THIS DOES NOT

25  PRECLUDE THEM OR RELEASE FUTURE PROFESSIONAL'S FEES

1    INCURRED IN CONNECTION WITH THE VARIOUS PENDING

2    ADVERSARY PROCEEDINGS BROUGHT AGAINST THEM, SO WE NEED

3    TO CLARIFY THAT NEITHER ONE OF THOSE MATTERS ARE DIRECTLY

4    ADDRESSED BY THE EXCULPATION CLAUSES, BUT AS A GENERAL

5    MATTER, THE CLAUSE WILL CONTROL.

6    AND THE LAST CONCERN THAT I HEARD WAS JUST SIMPLY

7    THAT A REQUEST IN CASE WE MISSED SOME BURIED LANGUAGE IN

8    THE MODIFIED PLAN, THAT WE CONFIRM THAT THE CONFIRMATION

9    ORDER DOES NOT OTHERWISE DISTORT JURISDICTION AS TO THE

10    FOUR ADVERSARY PROCEEDING --- REALLY AS TO --- I THINK

11    THERE'S JUST FOUR, IF THERE'S MORE, IT DOESN'T OTHERWISE

12    DISTORT THE JURISDICTIONAL ISSUES AND OBJECTIONS THAT MAY

13    BE LODGED WITHIN THOSE VARIOUS ADVERSARY PROCEEDINGS.

14    SO THAT LANGUAGE CAN GO IN THERE.

15    AND I WOULD ASK THE PARTIES TO MAKE SURE YOU LOOK

16    AT IT AND MAKE SURE IT ADDRESSES THE CONCERN, BUT I DON'T

17    THINK THAT SHOULD BE DIFFICULT TO CRAFT.

18    AND WITH THAT, I WILL CONFIRM THE PLAN. BUT IF I FAILED

19    TO ADDRESS ANYBODY'S OBJECTION OR IF YOU HAVE ANY

20    QUESTIONS, LET ME KNOW. VERY GOOD.

21    THEN I WILL GO TOWARDS --- THERE ARE A NUMBER OF

22    APPLICATIONS, I THINK SOME PROBABLY HAVE BEEN ADDRESSED

23    AND THEY WERE LIBERALLY ADDED TO THE CALENDAR AND SOME

24    ARE NEW AND FINAL APPLICATIONS. SO ARE YOU READY TO GO ON

25    ALL OF THE APPLICATIONS?

1         MR. SHUKER: ABSOLUTELY. MAY I APPROACH, YOUR

2    HONOR.

3         THE COURT: YES. IF ANYBODY WANTS TO STAY, STAY. IF

4    YOU WANT TO GO, FEEL FREE TO LEAVE. THANK YOU.

5         AND BEFORE --- JUST BEFORE THE FOUR ADVERSARY

6    PROCEEDING, I SAW ONE, BUT CAN WE --- BEFORE WE MOVE TO THE

7    APPLICATIONS, I WANT TO MAKE SURE THAT THERE'S A CLEAN

8    TRANSITION TO THE DISTRICT AND I WANT TO MAKE SURE THAT

9    THIS IS AS SEAMLESS AS POSSIBLE AND THAT'S NOT HAPPENED TO

10   DATE.

11        SO ANY SUGGESTIONS YOU ALL HAVE. I UNDERSTAND THAT

12   ALL FOUR ADVERSARY PROCEEDINGS WILL GO OVER THERE, BUT

13   THEY'RE ALL IN VERY DIFFERENT STAGES AND I DON'T KNOW

14   QUITE HOW TO DO THIS.

15        MR. SHUKER: QUITE HONESTLY, YOUR HONOR, AS OF

16   MONDAY, WE'RE GOING TO STEP OUT OF THOSE.

17        THE COURT: OKAY.

18        MR. SHUKER: MR. CUTHILL HAS HIRED MALPRACTICE

19   COUNSEL AS WELL AS FEDERAL COURT COUNSEL TO WORK IN

20   TANDEM. SO I WILL OBVIOUSLY CONTINUE TO DISCUSS WITH

21   THESE FOLKS UNTIL THE NEW COUNSEL ARE UP TO SPEED

22   WHETHER WE NEED TO FILE CONSENTS OR SOMETHING TO MAKE IT

23   CLEAR AND I'M HAPPY TO DO THAT, BUT I DON'T WANT TO STEP ON

24   THE TOES OF NEW COUNSEL FOR THOSE FOUR LAWSUITS.

25        THE COURT: RIGHT. BECAUSE THEY ARE NON-ORDERED

1    DOCKET ENTRY, WE DON'T EVEN KNOW WHEN IT HAPPENS.

2          FEMALE SPEAKER: YOUR HONOR, IF I COULD. I HATE TO

3    INTERRUPT MR. SHUKER, BUT THE DISTRICT JUDGE PRESNELL HAS

4    JUST RECENTLY ENTERED THE CASE MANAGEMENT REPORT ORDER

5    IN TWO OF THE ADVERSARY AND WHEN THE BERMAN ONE GOES

6    OVER, HE'LL DO THAT AND THAT SETS --- I MEAN, THE DISTRICT

7    COURT FOLLOWS THAT LIKE A BIBLE, SO THEY'LL GO THROUGH

8    AND THEY'LL HAVE THEIR MEETING. IT'S DUE NOVEMBER 6TH, SO

9    WITHIN TWO WEEKS, THEY SHOULD ALL BE TOGETHER AND

10   THEY'LL HAVE FIGURED IT OUT.

11         THE COURT: SOMEBODY WILL FILE SOMETHING OVER HERE

12   BECAUSE RIGHT NOW --- AND OUR SYSTEMS DON'T TALK, SO ---

13         FEMALE SPEAKER: WE CAN JUST --- IF HE WOULD LIKE, THE

14   ONES THAT HAVE ALREADY BEEN REMOVED, WE CAN JUST FILE A

15   NOTICE.

16         THE COURT: THAT WOULD BE WONDERFUL.

17         FEMALE SPEAKER: WE CAN DO THAT TODAY.

18         THE COURT: IF YOU WOULD JUST DO THAT AND THEN IF YOU

19   NEED TO TRANSFER ANYTHING OVER, WE CAN CERTAINLY DO

20   THAT. YOU WOULDN'T THINK YOU WOULD NEED TO IN THE

21   ELECTRONIC AGE, BUT APPARENTLY YOU DO.

22         FEMALE SPEAKER: I THINK THE MOORE DEFENDANTS HAVE

23   ALREADY FILED THEIR ANSWER OVER THERE. THAT WAS ALSO

24   FILED WITH THE DISTRICT COURT. I DON'T BELIEVE --- I DON'T

25   THINK RACHELON HAS FILED AN ANSWER YET. I DON'T RECALL

1       OFF THE TOP OF MY HEAD.

2               THE COURT: AND I DON'T REALLY CARE ABOUT HOW IT GOES

3       FORWARD, I JUST WANT IT TO BE CLEARLY GONE OR NOT GONE.

4       YOU KNOW, I JUST NEED TO KNOW WHERE WE'RE STANDING.

5               FEMALE SPEAKER: I THINK BY NOVEMBER 6TH, IT WILL

6       DEFINITELY GONE, BUT I'LL FILE SOMETHING WITH THE COURT

7       TODAY TO LET YOU KNOW WHICH ONES HAVE BEEN TRANSFERRED.

8               THE COURT: THANK YOU. THANK YOU.

9               MR. SAXTON: AND JUST IN OUR CASE, I THINK WE CAN

10      ACCOMPLISH IT BY A SIMPLY STIPULATION AND ORDER.

11              THE COURT: I WOULD THINK SO. HE'S ANTICIPATING. I

12      KNOW I TALKED WITH JUDGE PRESNELL YESTERDAY KNOWING

13      TODAY WAS COMING AND HE'S SAID WELL, GOSH, YOU DIDN'T

14      KNOW? I SAID NO, I DIDN'T NO. SO YEAH, IF YOU WOULD. I'M SURE

15      HE'S EXPECTING THEM ALL. WE JUST NEED TO EFFECTUATE IT.

16              MR. SHUKER: WE'LL FILE THE NOTICE AND THEN WE'LL

17      COORDINATE WITH THE OTHERS.

18              THE COURT: VERY GOOD. THANK YOU. AND NOW, WE'LL

19      TURN TO THE APPLICATIONS.

20              MR. SHUKER: THANK YOU, YOUR HONOR. I'VE HANDED UP A

21      CHARGE RATHER THAN MAKE YOU WRITE DOWN MIND NUMBING

22      NUMBERS.

23              THE COURT: YES.

24              MR. SHUKER: I THINK IT WILL HELP IF I SUMMARIZE IT FIRST

25      AND THEN GO INTO THE SPECIFICS BECAUSE THERE ARE CERTAIN

1     AGREEMENTS THAT HAVE BEEN MADE AS WELL, THAT AT THE END

2     OF THE DAY, WILL ALLOW IT TO BE ADMINISTRATIVELY SOLVENT,

3     MOST IMPORTANTLY, AND I THINK MEETS AGREEMENTS I'VE DONE

4     WITH THE IRS AND THE U.S. ATTORNEY.

5     THE COURT:  AND CAN I INTERRUPT.  MR. MEEKER, YOU SAT

6     THERE, DID YOU HAVE ANY OBJECTION TO CONFIRMATION?  I'VE

7     ALREADY RULED.  I GUESS YOU WOULD HAVE STOOD UP AND LET

8     ME KNOW.

9     MR. MEEKER:  NO, YOUR HONOR.

10     THE COURT:  OKAY.  THANK YOU.  I'M SORRY, MR. SHUKER.

11     MR. SHUKER:  THAT'S OKAY.

12     YOUR HONOR, THE TOP LINE IS BETWEEN THE THREE CASES

13     FOR ALL OF THE PROFESSIONALS, SO YOU HAVE $1,241,210.16.  NOW,

14     THAT INCLUDES AN ESTIMATED OF $137,324, WHICH WE'RE NOT

15     GOING TO BE PAYING TODAY.

16     THE COURT:  OKAY.

17     MR. SHUKER:  SO ---

18     THE COURT:  AND IF YOU DEDUCT IT OUT, IT'S THE $1,066,000.

19     MR. SHUKER:  INTERIM, $1,066,000.00.

20     NOW, THE CASE IN THE ESTATE IS ONLY ABOUT $690,000.00.

21     HOW WE GET FROM THIS NUMBER TO BEING ABLE TO PAY IS AS

22     FOLLOWS:  OFF THE TOP OF THE $1,066,000, MY FIRM --- AND I'LL

23     ADDRESS THAT MORE WHEN WE GET INTO THE SPECIFICS --- HAS

24     AGREE TO REDUCE THE FEES BY $200,000.00.  ALSO, FOR ALL

25     OTHERS, WE'VE AGREED THAT THEY WILL BE PAID 80-PERCENT OF

1      FEES, 100-PERCENT OF COSTS WITH THE BALANCE TO BE PAID WHEN

2      THERE ARE SUFFICIENT FUNDS.

3           AND THEN WHEN YOU TAKE OUT THE ESTIMATED, WHICH IS

4      PRIMARILY KPM&G, WHICH IS ON PAGE 4, WHICH HAD AN

5      ESTIMATED OF $87,000.00 AND WE DON'T HAVE HARD BILLS FOR

6      THAT AND MR. CUTHILL HAS SOME ISSUES WITH THE NUMBER FOR

7      THREE TAX RETURNS.

8           WHAT YOU COME DOWN TO FOR TODAY THAT WE'RE GOING

9      TO BE SEEKING IS $642,000.00, THAT'S AN ODD NUMBER --- I MEAN,

10     THAT'S ROUNDING, BUT WE HAVE $690,000.00 IN THE BANK, SO WE

11     CAN GET THERE FROM HERE, BUT I WANTED TO EXPLAIN THAT

12     FIRST.

13          I CAN GO INTO THE SPECIFICS BECAUSE I KNOW THAT EVEN

14     WITH THOSE ADJUSTMENTS, THERE ARE A COUPLE THAT THE IRS

15     STILL WANTS TO TAKE ISSUE WITH.

16          THE COURT:  AND LET ME FIRST UNDERSTAND FIRST JUST

17     YOURS, SINCE THIS IS YOURS.  THE TOTAL THAT YOU SOUGHT IS

18     THE $683 ---

19          MR. SHUKER:  YES.

20          THE COURT:  --- IN ALL THREE CASES?

21          MR. SHUKER:  YES.

22          THE COURT:  AND YOU'RE AGREEING TO A $200,000

23     REDUCTION FOR EVERYTHING --- I MEAN, THIS IS THE TOTAL HERE;

24     CORRECT?

25          THE COURT:  YES.  SO AFTER YOU APPLY THE $87,000, WHILE

1   THERE WOULD OTHERWISE BE $594 DUE, WE'RE AGREEING TO TAKE

2   $200,000 OF THAT, SO IT WOULD BE $394.

3       THE COURT:  AND YOU'VE PROBABLY DONE THE MATH

4   BECAUSE I HAVE ---

5       MR. SHUKER:  I'M JUST TAKING 200 OFF THE 594 NUMBER AT

6   THE BOTTOM OF THE PAGE.

7       THE COURT:  VERY GOOD.  SO IT WOULD BE 394.

8       MR. SHUKER:  RIGHT.

9       THE COURT:  GOT IT.  OKAY.

10      MR. SHUKER:  AS TO OUR APPLICATION, YOUR HONOR, I'M

11  HAPPY TO GO THROUGH WHAT WE DID AND IF YOU WOULD LIKE,

12  I'M ALSO HAPPY TO EXPLAIN WHY WE'VE AGREED TO THAT

13  REDUCTION OR I AGREED TO THAT REDUCTION, BUT I DON'T KNOW

14  THAT NEEDS TO GO INTO.  I THINK IT SPEAKS FOR ITSELF.

15      THE COURT:  I DON'T THINK SO.  AND I UNDERSTAND MR.

16  BALDWIN OR BALDWIN AND CO.

17      MR. SHUKER:  HE WAS MR. CUTHILL'S ACCOUNTANT AND SO

18  HIS WOULD BE --- APPROVING THE AMOUNT, THE $33,000.00, WHAT

19  WOULD BE LEFT TO BE PAID, WOULD BE THE $19,795 AND THEN 80-

20  PERCENT OF THAT.

21      THE COURT:  RIGHT.  AND THEN BOCK AND BINGHAM?

22      MR. SHUKER:  THEY WERE PRE-PETITION.

23      THE COURT:  AND I'M SO SORRY, MS. IDE.  MS. IDE.

24      MS. IDE:  YES, YOUR HONOR.

25      THE COURT:  I JUST DO NOT ALLOW ANY CONVERSATION

| | |
|---|---|
| 1 | DURING COURT. |
| 2 | MS. IDE: I'M SORRY, YOUR HONOR. |
| 3 | THE COURT: GO AHEAD. |
| 4 | MR. SHUKER: THEY WERE PRE-PETITION COUNSEL ON ABOUT |
| 5 | A DOZEN STATE COURT SUITS AND THOSE ALL HAD TO BE |
| 6 | TRANSITIONED, SO THERE WORK WAS LARGELY AT THE BEGINNING |
| 7 | OF THE CASE. THAT'S' WHY YOU DON'T SEE ANY SUPPLEMENTS |
| 8 | AND IT WAS FOR TRANSITIONING THE VARIOUS STATE COURT |
| 9 | LAWSUITS TO OUR FIRM AND TO COORDINATE --- |
| 10 | THE COURT: SO THESE ARE REALLY OLD, EARLY --- OLD DEBT |
| 11 | AND OLDER FEES THAT WERE INCURRED IN THE FIRST COUPLE |
| 12 | MONTHS. |
| 13 | MR. SHUKER: IN THE FIRST 30. |
| 14 | THE COURT: THE FIRST 30 DAYS OR SO? |
| 15 | MR. CUTHILL: PROBABLY THE FIRST 90 DAYS OF THE CASE. |
| 16 | BOSH AND BINGHAM WAS HANDLING THE MAJORITY OF THE STATE |
| 17 | COURT SUITS AND THEY HAD TWO TRIPS DOWN HERE AND A LOT OF |
| 18 | TELEPHONE CALLS BACK AND FORTH TO TRANSITION THE CASES |
| 19 | TO THE LATHAM AND SHUKER FIRM. |
| 20 | THE COURT: VERY GOOD. VERY GOOD. AND THEN I KNOW |
| 21 | MR. BARRETT DID A LOT OF THE CRIMINAL REPRESENTATION? |
| 22 | MR. SHUKER: YES. AND HE WAS VERY HELPFUL IN |
| 23 | NEGOTIATING THE ISSUES INVOLVING FORFEITURE AND DEALING |
| 24 | WITH THE CRIMINAL ASPECT. |
| 25 | AND SO AGAIN, WE WOULD BE APPROVING --- BECAUSE IIIS |

1    ESTIMATED TIME IS REALLY DE MINIMUS, IT'S ONLY 6,000.00. WE

2    WOULD BE APPROVING 80,954.36, NET TO BE PAID, $51,713.41,

3    ALLOWED TO BE PAID NOW 80-PERCENT.

4    THE COURT: ALL RIGHT. AND MR. SOLUTEY REPRESENTED A

5    PARTY IN ONE OF THE ADVERSARY?

6    MR. SHUKER: NO.

7    THE COURT: ONE OF THE FOREIGN PIECES?

8    MR. SHUKER: MR. SOLUTEY WAS OUR FORENSIC

9    ACCOUNTANT FOR DOING PREMIUM AUDITS ON INSURANCE. WE

10    ARE SEEKING BOTH FROM THE SUA AND THE GENERAL RE-

11    INSURANCE IN EXCESS OF 4.5 MILLION DOLLARS RETURNS ---

12    REFUNDS, PREMIUM REFUND, AND IN FACT, THERE IS A MEETING

13    ON MONDAY WITH THE SUA TO GO OVER THE 2.9-MILLION DOLLAR

14    REQUEST. HE PREPARED THE AUDIT, THE PREMIUM INSURANCE

15    AUDIT AND IS ONE OF THE FOREMOST EXPERTS IN THAT AREA.

16    THE COURT: I NEVER MET HIM. I UNDERSTAND KP&G. MR.

17    GRISTY.

18    MR. SHUKER: MR. GRISTY IS A PROFESSOR AT THE

19    UNIVERSITY OF FLORIDA.

20    THE COURT: HE WAS THE EXPERT?

21    MR. SHUKER: ON FORFEITURES. I WILL TELL YOU, THAT'S

22    ONE OF THE ONES THAT THE IRS HAS AN ISSUE WITH, BUT HE WAS

23    PRIMARILY TO ADVISE US ON WHAT COULD BE FORFEITED, WHAT

24    SHOULDN'T BE AND ALLOW US TO NEGOTIATE.

25    KPM&G IS THE THREE FEDERAL TAX RETURNS THAT HAVE

1    BEEN COMPLETED AND STATE TAX RETURNS. WHAT WE'RE GOING

2    TO BE SEEKING TODAY, YOUR HONOR, TO PAY IS $56,755.00.

3        THE COURT: AND 80-PERCENT OF THAT; CORRECT?

4        MR. SHUKER: YES.

5        THE COURT: AND SHUTTS AND BOWEN, I SEE FLOYD RHODE

6    IN O2HR LITIGATION; RIGHT?

7        MR. SHUKER: THOSE WERE STATE COURT LAWSUITS THAT

8    CONTINUED POST-PETITION THAT SHUTTS WAS ALREADY

9    HANDLING. MR. ADAMS IS HERE FOR THAT AND THEY CONTINUED

10   TO PROSECUTE THOSE DURING THE CASE AND WE BELIEVE THEY

11   ARE REASONABLE FEES FOR WHAT WAS BEING SOUGHT.

12       THE COURT: L.J. LYNN SMITH.

13       MR. SHUKER: MR. SMITH IS AN ATTORNEY OUT OF

14   TALLAHASSEE. HE GOES HAND AND HAND WITH ---

15       THE COURT: THE PREMIUM AUDIT?

16       MR. SHUKER: MR. SHULTY, WHO HE PREPARED THE LEGAL

17   CASE. NOW, IT HASN'T BEEN FILED YET. IT IS FULLY READY TO FILE

18   PENDING THE OUTCOME OF THE MEETING ON OCTOBER 19TH WITH

19   THE INSURANCE SUA, WHICH I SAID 2.9, ACTUALLY, I WAS WRONG,

20   IT'S 3.9 THAT WE HAVE REQUESTED. HE IS THE FOREMOST EXPERT

21   IN THAT AREA. WE QUITE HONESTLY COULDN'T FIND A LOCAL

22   ONE. I WILL LET YOU KNOW THAT THE U.S. ATTORNEY AND IRS

23   OBJECT TO A FAIR AMOUNT OF TRAVEL TIME WHERE HE CAME

24   DOWN TO LOOK AT THE FILES HERE. HE'S IN TALLAHASSEE AND

25   THERE IS A FAIR AMOUNT OF CAR TRAVEL. IT IS TYPICAL IN MY

1        PRACTICE TO BILL FOR CAR TIME. THE ISSUE THEN IS WHETHER

2        YOU COULD HAVE FOUND SOMEBODY TO DO --- TO MEET THE

3        NEEDS OF THE DEBTOR WITHOUT INCURRING THAT, AND WE, QUITE

4        HONESTLY, COULDN'T FIND SOMEBODY AS EXPERT IN THIS AREA

5        LOCALLY.

6             THE COURT: VERY GOOD.

7             MR. SHUKER: AND THEN THE LAST ONE, YOUR HONOR, WAS

8        THE YUKON FIRM WHO DID THE FORENSIC ACCOUNTING, WHO

9        CAME UP WITH THE SOURCES AND USES THAT ALLOWED US TO

10       TRACE THE FUNDS, THAT ALLOWED US TO TARGET CERTAIN

11       DEFENDANTS AND THEY'VE ALSO DONE SOME FORENSIC

12       ACCOUNTING WORK FOR CERTAIN LITIGATION MATTERS

13       THROUGHOUT THE CASE.

14            THE COURT: VERY GOOD.

15            MR. SHUKER: AND AGAIN, APPLYING THE SAME

16       METHODOLOGY, THE $107,000.00 WILL BE WHAT WILL BE

17       APPROVED, THE BALANCE OTHERWISE DUE WOULD BE THE

18       $69,000.00 AND 80-PERCENT OF THAT WOULD BE PAID.

19            THE COURT: THANK YOU.

20            MR. SHUKER: SO WHEN YOU DO ALL OF THAT MATH, WE

21       WOULD BE PAYING OUT ABOUT $642,000.00 IF YOUR HONOR

22       APPROVES THESE, LEAVING THE ESTATE WITH STILL ABOUT

23       $50,000.00. THE 20-PERCENT HOLDBACKS WOULD BE PAID AS FUNDS

24       ARE DUE AND THE FEES WOULD OTHERWISE BE APPROVED EXCEPT

25       OBVIOUSLY THE HAIRCUT TO MY FIRM.

38

1    THE COURT: VERY GOOD. AND LET ME TAKE THE POSITIONS

2    OF INTERESTED PARTIES. IF YOU'RE SUPPORTING YOUR OWN FEE

3    APPLICATION, I ASSUME THAT'S THE CASE. I DON'T NEED TO HEAR

4    THAT. BUT IF THERE'S ANY OBJECTIONS TO THE FEES AND I KNOW

5    THE SERVICE HAS SOME, AND MS. IDE OR WHOMEVER, MR. GOLD,

6    WHOMEVER.

7    MS. IDE: YOUR HONOR, WE APPRECIATE THE CONCESSION

8    MADE BY THE SHUKER FIRM. WHEN WE WERE DISCUSSING THE

9    $200,000.00 HAIRCUT, WE HADN'T ACCOUNTED FOR THE

10   ADDITIONAL VOLUME OF WORK THAT WOULD BE DONE SINCE

11   SEPTEMBER, BUT I AM SURE THAT MR. SHUKER CAN JUSTIFY THAT

12   AND AGAIN, GOING FORWARD, WE MAY TAKE ISSUE, BUT

13   HOPEFULLY, EVERYTHING WILL WORK VERY EFFICIENTLY.

14   THE ONE OTHER FEE APPLICATION THAT WE WERE

15   CONCERNED WITH, AND AGAIN, THERE ARE A LOT OF LITTLE

16   THINGS IN A NUMBER OF THESE FEE APPLICATIONS AND THE

17   QUESTION IS: DO WE MAKE A BIG DEAL OF THEM OR NOT?

18   THE ONE THAT WE FEEL LIKE WE NEED TO MAKE AN ISSUE

19   OUT OF, YOUR HONOR, IS AS MR. SHUKER SAID, THE FULL BILLING

20   FOR TRAVEL TIME FOR MR. SMITH. IT MAY VERY WELL BE THAT

21   THERE COULDN'T BE --- THAT THEY COULDN'T FIND SOMEONE OF

22   HIS PURPORTED CALIBER HERE IN THE AREA. BUT IF YOU LOOK AT

23   MR. SMITH'S APPLICATION, WHICH IS DOCKET 134, THERE ARE A

24   NUMBER OF TRIPS BETWEEN JACKSONVILLE, TALLAHASSEE AND

25   HERE, BILLED AT HIS FULL HOURLY RATE. IT DOESN'T APPEAR

| 1 | THAT ANY SUBSTANTIVE WORK IS BEING DONE, AND IT SEEMS |
| 2 | UNREASONABLE TO HAVE THE FULL HOURLY RATE BILLED FOR |
| 3 | JUST SITTING IN A CAR. |

4 THERE ARE ALSO APPEARS TO BE DOUBLE BILLING FOR PER
5 DIEM AS WELL AS FOR MEAL EXPENSES. IT'S A LITTLE DIFFICULT
6 TO TELL FROM THE INVOICES, BUT IT LOOKS LIKE JUST FOR
7 EXAMPLE, IN THE JULY THAT THERE ARE --- ON THE JULY BILL,
8 WHICH IS THE FIRST ONE ON THAT APPLICATION, THAT THERE IS A
9 PER DIEM BEING CHARGES AS WELL AS MEAL EXPENSES. I HAVE
10 AN OBJECTION TO DOUBLE COUNTING.

11 THE COURT: AND BEFORE YOU PROCEED ON, LET ME SEE IF I
12 CAN FIND THE APPLICATION.

13 MS. IDE: IT'S AEM 134.

14 THE COURT: AND I PULLED UP THE WRONG CASE. LET ME
15 PULL UP THE RIGHT ONE. GIVE IT JUST A MINUTE FOR IT TO PULL
16 UP. I HAVE IT UP. 134 IS FOR --- I DON'T UNDERSTAND. I'M
17 LOOKING ON PAGE 2 AND IT'S SUBSTANTIALLY MORE THAN THE
18 $37,000.

19 MR. SHUKER: I'M SORRY. WHAT, YOUR HONOR?

20 THE COURT: DO YOU HAVE MR. SMITH'S APPLICATION?

21 MR. SHUKER: YES.

22 THE COURT: DO YOU SEE PAGE 2 AND THE CHART?

23 MR. SHUKER: I DO NOW.

24 THE COURT: DOES ANYBODY KNOW WHAT'S GOING ON? YOU

25 MIGHT KNOW MR. GOLD.

1       MR. GOLD: I THINK THERE MAY BE MORE THAN ONE FEE

2       APPLICATION AND ONE TO WHICH MS. IDE SPOKE OF ONE OF THEM.

3       I THINK IF THAT'S THE COURT'S CONCERN --- IN OTHER WORDS, I

4       THINK IF YOU TAKE ALL OF THE FEE APPLICATIONS FOR MR. SMITH,

5       YOU COME TO THAT AMOUNT.

6       THE COURT: WELL, THAT'S WHAT I THINK WE WERE TRYING

7       TO DO THOUGH.

8       MR. SHUKER: WE WERE. AND I THINK I HAVE AN ERROR IN

9       MY CHART. I THINK IT IS ---

10       MS. IDE: PERHAPS WE DON'T HAVE AN ISSUE, YOUR HONOR,

11       IF HE'S ONLY SEEKING $20,000.00, BUT WE DO HAVE AN ISSUE IF HE

12       IS SEEKING 92.

13       MR. SHUKER: WHAT HAPPENED IS, YOUR HONOR, THE CHART

14       LEFT OFF THE FIRST APPLICATION.

15       THE COURT: OKAY. SO THERE WAS A PREVIOUSLY PAID

16       AMOUNT OF $54,000?

17       MR. CUTHILL: THERE HAS NOT BEEN PREVIOUS PAID

18       AMOUNT.

19       THE COURT: NO PAYMENT.

20       MR. SHUKER: IT WAS JUST LEFT OFF THE CHART.

21       THE COURT: THE $20,544.00 IS THE FINAL APPLICATION I GET;

22       CORRECT?

23       MR. SHUKER: CORRECT.

24       THE COURT: OR IS THAT RIGHT? NO, I DON'T UNDERSTAND.

25       MR. SHUKER: YOUR HONOR, WHY DON'T I ---

1       THE COURT: YES, PLEASE. MAKE A SUGGESTION.

2       MR. SHUKER: I WAS GOING TO SUGGEST EITHER BREAK

3       EITHER TEMPORARILY TO TALK OR IF YOU HAVE OTHER THINGS,

4       PUNT THIS TO A COUPLE OF WEEKS. I DON'T WANT TO MAKE MS.

5       IDE COME BACK THOUGH.

6       THE COURT: SEE, I DON'T EITHER.

7       MR. SHUKER: BUT I WOULD BE GLAD TO TAKE 15 MINUTES

8       AND DISCUSS IT WITH HER AND FIGURE OUT WHY THE CHART IS

9       OFF.

10      THE COURT: AND WE PROBABLY WILL DO THAT BECAUSE

11      THAT MAY GIVE US ALL TIME TO FIGURE IT ALL OUT AND I CAN GO

12      BACK AND LOOK AT IT IN LEISURE.

13      BUT TELL ME WHAT OTHER OBJECTIONS YOU MIGHT HAVE

14      TO ANY OF THE OTHER APPLICATIONS?

15      MS. IDE: WE DON'T HAVE ANYTHING SPECIFIC FOR ANY OF

16      THE OTHER ONES.

17      THE COURT: OKAY. AND I KNOW IT'S A LOT OF MONEY, BUT

18      ALSO, WE HAVE A LOT OTHER THINGS ON OUR PLATES, AND WE

19      CAN --- SOMETIMES NEED TO NIC-PICK AND SOMETIMES WE DON'T --

20      - I DON'T HAVE ANY OBJECTION TO ANY OF THE OTHER

21      APPLICATIONS OR THE PROCEDURES THAT HAVE BEEN OUTLINED.

22      WE WILL NEED TO COME BACK. I DON'T UNDERSTAND MR. SMITH'S

23      AND WE'LL HAVE TO FIGURE THAT OUT.

24      BUT BEFORE WE RECESS FOR A SHORT BREAK, WHICH I WILL

25      DO SO WE CAN SEE IF WE CAN FIGURE IT OUT TODAY, I SORT OF

42
1   NEED TO KNOW WHERE WE'RE GOING ON THE OBJECTIONS TO THE

2   CLAIM ON ANY POST-CONFIRMATION ISSUES SO THAT IF WE NEED

3   TO DISCUSS THOSE PROCEDURES, WE CAN ALSO DO THAT DURING

4   THIS BREAK.  I KNOW THAT THERE'S A NUMBER OF LISTED

5   OBJECTIONS ALL BY NEGATIVE NOTICE.

6        DO YOU ANTICIPATE SIGNIFICANT RESPONSES OR LITIGATION

7   RELATING TO THOSE OBJECTIONS?

8        MR. SHUKER:  WITH THE EXCEPTION OF THE IRS, NO.

9        THE COURT:  OKAY.  THAT'S WHAT I WAS THINKING.

10       MR. SHUKER:  MOST OF THEM HAVE TO DO WITH WHO THEY

11   WERE ASSESSING AGAINST AND THOSE AREN'T --- EVEN IF THEY'RE

12   OBJECTED, THEY WON'T TAKE A LOT OF TIME.

13       THE COURT:  WELL, AND THEY'VE BECOME IMMATERIAL

14   WITH SUBSTANTIVE CONSOLIDATION, DON'T THEY?

15       MR. SHUKER:  SOME OF THEM NON-DEBTORS.

16       THE COURT:  GOT IT.

17       MR. SHUKER:  AND SOME OF THEM ARE FOR SERVICES TO MR.

18   AMADEO.  BUT AT THE END OF THE DAY, I DON'T THINK THEY'RE

19   FACTUALLY INTENSIVE.  IT MAY BE A LEGAL QUESTION OF

20   WHETHER THE REORGANIZED --- OR THE LIQUIDATING DEBTOR IS

21   LIABLE.

22       THE IRS, TAX ONES ARE ALSO MORE COMPLICATED AND SO

23   THAT MAY TAKE SOME MORE TIME.  THERE MAY BE MORE

24   INFORMATION THAT WE OWE THEM.  SO I WOULD THINK ---

25       THE COURT:  AND IS IT LIMITED TO JUST THE ONE CLAIM,

1       CLAIM TWO, OR ARE THERE MULTIPLE CLAIMS?

2              MR. SHUKER: THERE ARE TWO PRIORITY CLAIMS, ONE IN

3       MIRABILIS AND ONE IN AEM.

4              THE COURT: THANK YOU.

5              MR. SHUKER: WHAT I WOULD SUGGEST, YOUR HONOR, IS WE

6       SET A STATUS CONFERENCE 45-DAYS OUT. THAT WAY, THOSE THAT

7       HAVE NOT RESPONDED WILL BE DEALT WITH. THOSE THAT HAVE

8       CAN BE --- WE CAN DISCUSS SCHEDULING, WHETHER WE WANT TO

9       DO THAT NOW OR AFTER THE 30 DAYS.

10             THE COURT: AND YOU DON'T EXPECT THE VARIOUS STATE

11      DEPARTMENTS OF TAXATION. YOU THINK THAT THEY'RE IN LINE

12      WITH ---

13             MR. SHUKER: WE BELIEVE SO, YES.

14             THE COURT: OKAY.

15             MR. SHUKER: A LOT OF THOSE WERE BASED ON CLAIMS OF

16      REAL PROPERTY TAXES AND WE DON'T OWN ANY REAL PROPERTY

17      NOR DID WE AT THE TIME.

18             THE COURT: VERY GOOD. AND I'M LOOKING AT THE LISTED

19      OBJECTIONS IN AEM AND WE DON'T HAVE THE IRS' OBJECTION

20      LISTED, SO WE MISSED THAT I'M SURE. BUT WE'LL NEED TO FIGURE

21      THAT OUT.

22             BUT ANY --- DO YOU AGREE THAT A STATUS CONFERENCE IN

23      45 DAYS OR SO, WHICH YOU'RE WELCOME TO APPEAR BY PHONE,

24      JUST TO SEE WHERE WE'RE GOING MAKES SENSE OR EVEN LONGER?

25             MS. IDE: I THINK THAT MAKES SENSE, YOUR HONOR, AND

44

1        WITH RESPECT TO THE OBJECTION TO THE TWO TAX CLAIMS, IF

2        MIGHT BRIEFLY, IN AEM, THE PRIORITY TAX CLAIM IS ABOUT 2.4-

3        MILLION DOLLARS AND THAT DEALS WITH 941 TAXES FOR ONE

4        PARTICULAR QUARTER.

5             BASED ON A RETURN FILED BY AEM, AEM NOW WANTS TO

6        FILE AMENDED FORM 941 RETURNS, BREAKING ITSELF OUT FROM

7        THREE NON-DEBTOR ENTITIES.  AND, YOU KNOW, OBVIOUSLY, THAT

8        CAN BE LOOKED AT MORE QUICKLY THAN THE IRS' USUAL THREE

9        YEAR AUDIO PERIOD IF WE HAVE ALL OF THE WORK PAPERS AND

10       ALL THE TAX RETURNS FILED BY ALL OF THE ENTITIES THAT

11       THEY'RE TRYING TO BREAK OUT.

12            AND OF COURSE, WE HAVE TO SUBSTANTIATE WHERE ALL OF

13       THE WORKERS WORKED AND ALL OF THAT, BUT I IMAGINE IF A 941

14       WAS FILED FOR AEM CRAVING IT OUT, THEN THERE WILL BE

15       SUFFICIENT DOCUMENTATION AND IF THAT CAN JUST BE SENT TO

16       ME, WE CAN GET PEOPLE WORKING ON IT.

17            ON THE MIRABILIS MATTER, IT'S AN INCOME TAX LIABILITY

18       AND IN SEPTEMBER, AN AMENDED FORM 1120 WAS FILED,

19       CLAIMING A HUGE NET OPERATING LOSS THAT THEY'RE TRYING TO

20       CARRY BACK OF SOME 18-MILLION DOLLARS.

21            AGAIN, I HAVE A REVENUE AGENT BEING ASSIGNED TO THAT

22       AND IF WE GET ALL OF THOSE WORK PAPERS SENT TO THE

23       REVENUE AGENT, MAYBE WE'LL KNOW SOMETHING IN 45-DAYS,

24       SOMETHING SUBSTANTIVE.

25            THE COURT:  IS THAT THE RIGHT PERIOD OF TIME?  I DON'T

1    WANT TO BRING US BACK FOR A STATUS CONFERENCE TOO SOON.

2           MS. IDE: WE CAN CERTAINLY TELL YOU HOW THINGS ARE

3    GOING IN 45 DAYS.

4           THE COURT: OKAY. WHEN DO YOU ANTICIPATE THE

5    AMENDED 941 TAX RETURN IN AEM, MR. CUTHILL?

6           MR. CUTHILL: WELL, I HAVEN'T DECIDED WHETHER TO FILE

7    IT YET.

8           THE COURT: OKAY.

9           MR. CUTHILL: IT WOULD CREATE AN 18-MILLION DOLLAR

10   REFUND TO THE DEBTOR FROM THE IRS AND I HAVEN'T DISCUSSED

11   THAT WITH THE IRS. I HAVE --- WE FILED AN OBJECTION TO THEIR

12   CLAIM BECAUSE THE CLAIM CONSOLIDATED FOUR CORPORATIONS,

13   THREE OF WHICH WERE NOT SUBSIDIARIES OR MIRABILIS.

14          THE PAYROLL TAX RETURN WAS SIGNED BY NOT AN OFFICER

15   OR DIRECTOR OR AN AUTHORIZED PARTY TO MIRABILIS, AND SO,

16   THE RETURN ITSELF WAS A FRAUDULENT RETURN. YOU KNOW, I

17   PROBABLY NEED TO DISCUSS WITH THE IRS WHETHER I'M

18   ACTUALLY GOING TO FILE FOR THE 18-MILLION DOLLAR REFUND.

19          MS. IDE: AND OF COURSE, YOUR HONOR, IF WE FIND THE 18-

20   MILLION DOLLARS HAS ACTUALLY BEEN PAID TO THE IRS BY THESE

21   ENTITIES, WE WILL BE MORE THAN HAPPY ---

22          THE COURT: BUT YOU'RE NOT ANTICIPATING THAT.

23          MS. IDE: WE DIDN'T SEE A BAG OF 18-MILLION DOLLARS

24   COMING INTO US ANYTIME IN THE LAST FEW YEARS, SO THAT'S A

25   PRETTY FOUNDATIONAL ISSUE THERE. THANK YOU, YOUR HONOR.

1      THE COURT: OKAY. AND THERE'S ONE OTHER ISSUE ON THE

2      CALENDAR WE HAVEN'T ADDRESSED AND THAT WAS THE

3      DEBTOR'S OBJECTION TO THE CLAIM OF AQMI STRATEGY AND THE

4      RESPONSE THAT MR. AMADEO PERSONALLY FILED TO THAT.

5      MR. SHUKER: AND WE ARE, IF WE HAVEN'T, WE'LL BE FILING

6      TODAY OR TOMORROW, FILING A MOTION TO STRIKE THAT

7      RESPONSE BECAUSE HE FILED IT ON BEHALF OF A COMPANY, BUT

8      HE FILED IT HIMSELF. SO I WOULD THINK WE'LL JUST SET THAT

9      RESPONSE ---

10     THE COURT: WE'LL SET IT OVER FOR THE SAME DATE AND

11     TIME.

12     MR. SHUKER: --- IN THE ORDINARY COURSE. YES.

13     THE COURT: AND MS. CREAM, DID YOU WANT TO BE HEARD?

14     I'VE GOTTEN A LOT OF MR. AMADEO'S FILINGS LATELY.

15     MS. CREAM: YOUR HONOR, I THINK THAT WILL ACTUALLY BE

16     MUCH EASIER TO RESOLVE THEN MAYBE MR. SHUKER REALIZES.

17     THE GOVERNMENT WILL SOON HAVE A FINAL ORDER OF

18     FORFEITURE FOR AQMI AND THEY'LL GET IT RESOLVED THAT WAY.

19     THE COURT: OKAY. WE WILL SET IT OVER TO THE SAME

20     DATE AND TIME. SO LET'S SET --- LET'S DO SET OVER A STATUS

21     CONFERENCE IN WHAT WILL BE THE LIQUIDATED DEBTOR

22     TRAVELING UNDER THE NAME OF MIRABILIS. WE'LL SET THAT

23     OVER FOR --- AND WHERE ARE MY DATES?

24     UNIDENTIFIED SPEAKER: SHE HAS IT.

25     THE COURT: NO, NO, THE DATES FOR FUTURE HEARINGS. AH,

1    RIGHT HERE. I HAVE TOO MUCH PAPERWORK UP HERE. HOW

2    ABOUT DECEMBER THE 9TH AT 11:00, DECEMBER THE 9TH AT 11:00,

3    THAT WILL JUST BE --- WE WILL ADD ANY MATTERS THAT WE NEED

4    TO ADD AT THAT DOCKET, BUT IT CERTAINLY WILL BE THE STATUS

5    CONFERENCE ON THE TWO OBJECTIONS FILED BY THE DEBTOR TO

6    THE TWO IRS CLAIMS. WE'LL CARRY OVER THE AQMI OBJECTION.

7    IF THERE ARE ANY CONTESTED OBJECTIONS THAT WE DO --- THAT

8    DO ARISE, WE'LL SET THOSE FOR THE SAME DATE AND TIME. AND

9    WE'LL SEE WHERE WE GO FROM THERE.

10    SO I THINK THAT LEAVES ONLY IN MY MIND THE ISSUE ON

11    MR. SMITH'S FEES AND QUITE HONESTLY, I DON'T MIND CARRYING

12    THAT OVER IF THAT'S THE SIMPLEST THING TO DO OR IF WE CAN

13    GET IT RESOLVED, I DON'T MIND TAKING A SHORT BREAK.

14    MR. SHUKER: IF WE CAN TAKE FIVE OR TEN MINUTES SO

15    THAT SOMETHING CAN BE PAID, I WOULDN'T LIKE HIM TO WAIT

16    UNTIL DECEMBER BECAUSE I DON'T THINK HE HAS BEEN PAID. I

17    JUST --- I NEED TO FIND OUT IF IT'S A TYPO OR WHAT WENT WRONG

18    AND THEN TALK WITH MS. IDE.

19    THE COURT: I CERTAINLY DON'T MIND. WE'LL TAKE JUST A

20    FEW MINUTE BREAK AND THEN WE'LL COME BACK AS SOON AS THE

21    PARTY ARE, BUT NO LATER THAN 11:15. IF YOU GET DONE EARLIER,

22    LET ME KNOW.

23    THE CLERK: ALL RIGHT.

24    (WHEREUPON, A SHORT RECESS WAS HAD.)

25    THE CLERK: ALL RISE. THE COURT IS BACK IN SESSION. THE

1    HONORABLE KAREN S. JENNEMANN PRESIDING. YOU MAY BE

2    SEATED.

3          THE COURT: AND WE'LL RETURN TO DISCUSS MR. SMITH'S

4    APPLICATION.

5          MR. SHUKER: YES, YOUR HONOR.

6          THE COURT: OR APPLICATIONS, I GUESS.

7          MR. SHUKER: AND I APPRECIATE MS. IDE'S HONESTY. AS SHE

8    SAID, SHE SHOULD HAVE JUST STOOD UP AND SAID 37 IS GREAT

9    WITH US, BUT I APPRECIATE HER HONESTLY AND WHILE MS.

10    GRAVELO DID AN AMAZING OF PUTTING THIS CHART TOGETHER

11    AND THIS BINDER, YOU CAN FAULT ME FOR NOT READING EVERY

12    PAGE IN THAT BINDER. THERE WAS A FIRST FEE APPLICATION OF

13    $54,330 THAT WAS NOT INCLUDED IN THE CHART AND HAS NOT

14    BEEN APPROVED.

15          SO I THINK WHAT WE'VE AGREED WITH THE IRS AND THE U.S.

16    ATTORNEY IS --- LET ME GIVE YOU THE NUMBERS FIRST. THERE

17    WAS A FIRST APPLICATION OF $54,330 EVEN. THE FINAL

18    APPLICATION IS THE CHART WAS ACTUAL TIME OF $17,132.75, TIME

19    AND COST, AND AN ESTIMATE OF $20,544.40, WHICH WE DON'T HAVE

20    BILLS FOR YET.

21          SO WHAT I HAVE SUGGESTED IS TO ALLOW TO BE PAID 80-

22    PERCENT OF THE $54,330 AND THE $17,132, WHICH IS ROUGHLY

23    $71,000 AND CHANGE, PAY 80-PERCENT OF THAT, SET OVER FOR THE

24    DECEMBER HEARING THE ESTIMATED TIME AND WE WILL GET

25    HARD BILLS TO IRS AND U.S. ATTORNEY AND PRESERVE THEIR

| | |
|---|---|
| 1 | ABILITY TO THAT TIME TO VOICE THE OBJECTION TO THE TRAVEL |
| 2 | TIME BECAUSE THESE IS ENOUGII LEFT OVER THAT IF YOU |
| 3 | COMPLETELY RULE THAT THE TRAVEL TIME COMES OUT, THERE'S |
| 4 | NOT AN ISSUE OF DISGORGEMENT OR ANYTHING LIKE THAT. |
| 5 | SO IT WILL --- ALL TIME OTHER THAN TRAVEL TIME WILL BE |
| 6 | ALLOWED. TRAVEL TIME AS CONTAINED IN THE FIRST AND THE |
| 7 | FINAL AT 80-PERCENT CAN BE PAID, BUT NOT APPROVED AND THEN |
| 8 | WE COME BACK IN DECEMBER TO CONSIDER THE ESTIMATED AND |
| 9 | ANY REMAINING OBJECTIONS. I HOPE I HAVEN'T MUDDIED THAT, |
| 10 | BUT I THINK STATED IT. |
| 11 | THE COURT: VERY GOOD. I WILL TELL YOU, IT'S VERY |
| 12 | PROBABLY WHEN I ACTUALLY WOULD HAVE TIME TO LOOK AT |
| 13 | THIS AND I DID ONLY BRIEFLY LOOK AT IT DURING THE RECESS. |
| 14 | THE TRAVEL TIME IS NOT GOING TO BE ALLOWED IN FULL AS |
| 15 | REQUESTED, SO YOU MIGHT EVEN WANT TO SUGGEST TO MR. |
| 16 | SMITH THAT HE COME UP WITH SOMETHING THAT HE |
| 17 | UNDERSTANDS THAT REASONABLE. BUT THAT WILL NOT BE |
| 18 | ALLOWED IN THE FORMAT REQUESTED. THAT'S JUST --- IT'S |
| 19 | AMAZING WHAT YOU CAN DO WITH THINGS LIKE VIDEO AND |
| 20 | TELEPHONES, YOU KNOW. I UNDERSTAND THE NEED FOR SOME |
| 21 | MEETINGS, BUT AT THESE RATES, I'M NOT GOING TO PAY THE |
| 22 | TRAVEL EXPENSES THAT ARE REQUESTED, SO. |
| 23 | ULTIMATELY, YOU'LL SUCCEED. I JUST DON'T KNOW IN |
| 24 | WHAT AMOUNT. |
| 25 | IS THERE ANY OBJECTION TO THAT PROPOSAL? |

1        MS. IDE: NO, YOUR HONOR. I THINK THAT MAKES SENSE.

2        THE COURT: OKAY. OTHER THAN THAT, I DON'T INTEND TO

3        MODIFY OR ALTER ANY OF THE REQUESTED FEE APPLICATIONS

4        AND WILL ALLOW THEM IN FULL AS REQUESTED. THE ORDER WILL

5        BE ONE HARD TO CRAFT BECAUSE IT WILL HAVE TO ADDRESS BOTH

6        THE PAYMENTS, AND THEN THE HOLD-BACK AND THEN THE

7        AUTHORITY FOR FUTURE PAYMENTS, BUT I THINK THAT YOU CAN

8        CRAFT THAT.

9        IT WOULD BE EASIER IF YOU JUST ONE ORDER ON

10        EVERYTHING, ONE ORDER ON JUST THE APPLICATIONS, THAT WAY

11        I'LL HAVE THE CHART AND ---

12        MR. SHUKER: ONE ORDER ON ALL OF THE APPLICATIONS?

13        THE COURT: YES, ONE ORDER ON ALL OF THE APPLICATIONS.

14        MR. SHUKER: THAT'S FINE. AND THEN SET OVER FOR

15        HEARING THE REMAINDER REQUESTS UNTIL THE DECEMBER 9TH

16        DATE FOR MR. SMITH'S REMAINING AMOUNT.

17        THAT WAS EVERYTHING ON MY CALENDAR, IS THERE

18        ANYTHING ELSE THAT WE NEED TO DO?

19        MR. SHUKER: NO, THAT WAS FUN.

20        THE COURT: THAT WAS REALLY IMPRESSIVE, MR. SHUKER.

21        THANK YOU VERY MUCH FOR PULLING ALL OF THAT TOGETHER, IT

22        WAS QUITE DIFFICULT.

23        MR. SHUKER: I HAD NOTHING ELSE GOING ON, SO.

24        THE COURT: I WILL TELL YOU, MY STAFF WAS NOT --- WE

25        DIDN'T HAVE QUITE A POOL, BUT WE DIDN'T QUITE KNOW WHAT

51
1      WAS GOING TO HAPPEN TODAY, GIVEN THE OBJECTIONS AND SUCH.

2            MR. SHUKER: I APPRECIATE THE FOLKS AT THE IRS AND THE

3      U.S. ATTORNEY WORKING TOGETHER.

4            THE COURT: IT REALLY IS A COLLECTIVE EFFORT WHEN YOU

5      GET TO THIS POINT, BUT THANK YOU VERY MUCH. IS THERE

6      ANYTHING ELSE THAT WE NEED TO DO TODAY? OKAY.

7            MR. SHUKER: NO. THANK YOU FOR YOUR TIME.

8            THE COURT: I'M GOING TO FINISH MY NOTES, SO I'LL TRY TO

9      REMEMBER WHEN WE RECONVENE TO DECEMBER THE 9TH. THANK

10     YOU. THANK YOU.

11           THE CLERK: ALL RISE.

12           THE COURT: BYE-BYE.

13           (WHEREUPON, THE HEARING WAS CONCLUDED AT 11:18 A.M.)

14

15

16

17

18

19

20

21

22

23

24

25

1                                CERTIFICATE OF OATH

2      STATE OF FLORIDA

3      COUNTY OF SEMINOLE

4

5           I, MARGIE A. GREEN, NOTARY PUBLIC, CERTIFY THAT I WAS

6      AUTHORIZED TO AND DID TRANSCRIBE, FROM CD-R, THE FOREGOING

7      PROCEEDINGS AND THAT THE TRANSCRIPT IS A TRUE RECORD

8           I FURTHER CERTIFY THAT I AM NOT A RELATIVE, EMPLOYEE,

9      ATTORNEY OF COUNSEL OF ANY OF THE PARTIES, NOR AM I FINANCIALLY

10     INTERESTED IN THE ACTION.

11          DATED THE 8TH DAY OF AUGUST 2010.

12

13

14

15                          MARGIE A. GREEN

16                          NOTARY PUBLIC – STATE OF FLORIDA

17                          MY COMMISSION NO.: DD0714428

18                          MY COMMISSION EXPIRES: 9/13/2011

19

20

21

22

23

24