UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:   CASE NO. 6:08-bk-04327-KSJ

**MIRABILIS VENTURES, INC.,**   CHAPTER 11

Debtor.
_____/

## MOTION TO ENFORCE SETTLEMENT AGREEMENT BY AND BETWEEN MIRABILIS VENTURES, INC. AND SECURE SOLUTIONS, LLC

**MIRABILIS VENTURES, INC.** ("Mirabilis"), by and through its undersigned attorneys, and pursuant to 11 U.S.C. §105, hereby files its Motion to Enforce Settlement Agreement By and Between Mirabilis Ventures, Inc. and Secure Solutions, LLC ("Secure Solutions")("Motion"), and, in support, states as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 and pursuant to the terms and conditions of the subject Settlement Agreement.

2. The statutory predicate for the relief sought is 11 U.S.C. §105.

### PROCEDURAL AND FACTUAL HISTORY

3. On May 27, 2008, Mirabilis filed its voluntary petition for relief with the United States Bankruptcy Court for the Middle District of Florida: *In re Mirabilis Ventures, Inc.*, Case No. 6:08-bk-04327-KSJ. (Bankr. Doc. No. 1).

4. On September 22, 2008, Secure Solutions filed its first proof of claim ("Claim No. 26") in the above-captioned bankruptcy case (the "Mirabilis Bankruptcy Case") alleging that Mirabilis owed Secure Solutions the amount of $1,178,611.00. On September 22, 2008, Secure

Solutions filed its second proof of claim in the Mirabilis Bankruptcy Case alleging that it was entitled to the sum of $3,650,000 from Mirabilis based on the alleged decline of value in Secure Solutions ("Claim No. 27" and with Claim No. 26, collectively, the "Secure Claims").

5. Mirabilis denies any liability pertaining to the Secure Claims. On October 9, 2009, Mirabilis filed Mirabilis Ventures, Inc.'s Objection to Allowance of Claim No. 26 submitted by Secure Solutions (Docket No. 339) and Mirabilis Ventures, Inc.'s Objection to Allowance of Claim No. 27 Submitted by Secure Solutions (Docket No. 340) (collectively, the "Claims Objections"), pursuant to which Mirabilis objected to the Secure Claims.

6. Furthermore, Mirabilis is the owner and holder of certain promissory notes, personal guarantees and security agreements which gives Mirabilis a lien on substantially all of Secure Solutions' assets, among other things, arising from its purchase of loan documents (with Secure Solutions as the borrower) from Bank of America in or around February 2006 (the "Loan Documents"). Mirabilis claims that Secure Solutions is in default under the Loan Documents and is entitled to take any and all legal and equitable action to recover on the same (the "Mirabilis Claims"). Secure Solutions disputes the validity of the Loan Documents.

## THE SETTLEMENT AGREEMENT

7. Effective August 11, 2010, Mirabilis and Secure Solutions entered into a settlement agreement resolving any and all issues regarding the Secure Claims, Claims Objections, Loan Documents and Mirabilis Claims (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit "A."**

8. Under the Settlement Agreement, Secure Solutions is required to: (i) pay Mirabilis the lump sum of Forty Thousand Dollars and No Cents ($40,000.00)(the "Settlement

2

Funds")[1]; and (ii) withdraw the Secure Claims, with prejudice, within two (2) business days of the Release Date.[2] *See* ¶ 1-2, *Exhibit A*.

9. In return, Mirabilis is to: (i) release the security interests and loan obligations by and between Mirabilis and Secure Solutions at the same time as the release of the Settlement Funds to Mirabilis and the withdrawal of the Secure Claims; and (ii) provide any of Secure Solutions' payroll and accounting documents that Mirabilis has in its possession, custody and control to Secure Solutions. *See* ¶ 4, *Exhibit A*. On this last point, Mirabilis made it abundantly clear to Secure Solutions before the execution of the Settlement Agreement that Mirabilis could only provide documents and records of Secure Solutions that it had access to, and further explained that it was possible that some of the documents sought may be in a warehouse which are under federal subpoena.

10. As of August 23, 2010, the Release Date had occurred. The Settlement Agreement has been executed by both parties, the Settlement Agreement had been approved by the IRS and United States Attorneys' Office, and Mirabilis had provided Secure Solutions with records it had in its possession, custody and control that pertained to Secure Solutions.

11. On August 24, 2010, the undersigned counsel notified Secure Solutions that the Release Date had occurred and that it would be disbursing the Settlement Funds to Mirabilis in accordance with the Settlement Agreement on Friday, August 27, 2010. That same day, counsel for Secure Solutions sent a responsive email claiming that Mirabilis had not complied with its

---

[1] Under the Settlement Agreement, the law firm of Latham, Shuker, Eden & Beaudine, LLP is to act and currently acts as escrow agent for the Settlement Funds and currently has possession of the same.
[2] Under the Settlement Agreement, the "Release Date" is defined as the later of: (i) the date of execution of the Settlement Agreement by both the Liquidating Debtor and Secure Solutions, (ii) the date of the approval of the Settlement Agreement by the United States Attorneys Office and the Internal Revenue Service, referenced in paragraph 7, or the date of the approval of the Settlement Agreement by a final and non-appealable order of the Bankruptcy Court, to the extent applicable, as referenced in paragraph 7 below, and (iii) the Liquidating Debtor's compliance with its obligations set forth in paragraph 4.

obligations under paragraph 4 of the Settlement Agreement but failed to provide Mirabilis with any details regarding the alleged non-compliance.

## **RELIEF REQUESTED**

12. Mirabilis respectfully requests this Court enter an order: (i) declaring that Mirabilis has complied with paragraph 4 of the Settlement Agreement; (ii) authorize the undersigned counsel to release the Settlement Funds to Mirabilis; and (iii) order Secure Solutions to otherwise comply with the material terms and conditions of the Settlement Agreement, including the withdrawal of the Secure Claims.

13. The sole issue this Court needs to decide for purposes of the relief requested is whether Mirabilis has complied with paragraph 4 of the Settlement Agreement. Paragraph 4 of the Settlement Agreement states as follows:

> "Within two (2) business days from the Escrow Payment Date, Mirabilis shall provide Secure Solutions with payroll and accounting files for Secure Solutions from Q1 2006 through Q1 2007. Such records shall be provided to Secure Solutions in QB Premier 2009 format. Mirabilis shall further provide Secure Solutions with all payroll and accounting records concerning Secure Solutions that are in the **possession, custody and control** of Mirabilis, and that are deemed necessary by Secure Solutions for the completion of certain tax returns." (Emphasis added).

14. Mirabilis complied with paragraph 4 of the Settlement Agreement by producing and making available any and all documents that pertain to Secure Solutions that it had in its possession, custody or control. Mirabilis produced a CD that contained accounting and related records of Secure Solutions and also provided Secure Solutions with an index of documents that are located in a warehouse. Furthermore, Mirabilis asked Secure Solutions if it would like copies of any of the documents listed on the index. Secure Solutions did not request and has not requested any documents from the index that pertain to Secure Solutions. As such, Mirabilis has

4

given, or made available any and all documents that pertain to Secure Solutions, including accounting and related business operation documents, to Secure Solutions.

15. As a practical matter, if this Motion is not granted and the Settlement Agreement is not enforced, then Mirabilis' will be forced to file its adversary complaint against Secure Solutions, its officers and directors and related guarantors for foreclosure of its security interest, breach of promissory note, *inter alia*.

16. Therefore, Mirabilis requests this Court enter an order: (i) declaring that Mirabilis has complied with paragraph 4 of the Settlement Agreement; (ii) permitting the law firm of Latham, Shuker, Eden & Beaudine, LLP to release the Settlement Funds to Mirabilis; and (iii) directing the parties to consummate the other material terms of the Settlement Agreement.

**WHEREFORE**, Mirabilis Ventures, Inc., respectfully requests that this Court enter an order granting the Motion and granting such further relief that this Court deems just and proper under the circumstances.

**RESPECTFULLY SUBMITTED** this 27th day of August 2010.

/s/ Justin M. Luna
Mariane L. Dorris
Florida Bar No. 0173665
mdorris@lseblaw.com
Justin M. Luna
Florida Bar No. 0037131
jluna@lseblaw.com
Latham, Shuker, Eden & Beaudine, LLP
390 North Orange Avenue, Suite 600
Orlando, Florida 32801
Telephone: (407) 481-5800
Facsimile: (407) 481-5801
Attorneys for Debtor

5

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,  CHAPTER 11

Debtor.
_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the **MOTION TO ENFORCE SETTLEMENT AGREEMENT BY AND BETWEEN MIRABILIS VENTURES, INC. AND SECURE SOLUTIONS, LLC**, together with all exhibits, has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: Mirabilis Ventures, Inc., c/o R.W. Cuthill, Jr., 341 N. Maitland Ave, Suite 210, Maitland, Florida 32751; Secure Solutions, LLC, c/o James Pitts, 1490 Swanson Drive, Suite 200, Oviedo, Florida 32765 (as shown on the Proof of Claim); Mark L. Desgrosseilliers, Esq., Womble Carlyle Sandridge & Rice, PLLC, 22 Delaware Avenue, Suite 1501, Wilmington, DE 19801; the Local Rule 1007-2 Parties-in-Interest list, as shown on the attached matrix; and the U. S. Trustee, 135 W. Central Boulevard, Suite 620, Orlando, Florida 32801, this 27th day of August 2010.

/s/ Justin M. Luna
Justin M. Luna, Esq.

Label Matrix for local noticing
113A-6
Case 6:08-bk-04327-KSJ
Middle District of Florida
Orlando
Fri Aug 27 11:19:22 EDT 2010

Michael C. Addison
Addison & Howard, P.A.
Post Office Box 172535
Tampa, FL 33672-0535

Advantage Collection Prof
2775 Jade Street
Mora, MN 55051-6240

American Express
2965 West Corporate Lakes Bl
Weston, FL 33331-3626

BNA Tax Management
9435 Key West Ave.
Rockville, MD 20850-3339

Kimberly Bartley
Waldron & Schneider LLP
15150 Middlebrook Drive
Houston, TX 77058-1226

Brandywine Grande C. LP
c/o Cantor Arkema, PC
1111 East Main Street
Richmond, VA 23219-3531

Buchanan Ingersoll & Rodney
401 E Jackson St.
Suite 2500
Tampa, FL 33602-5236

Corporate Personnel Network, Inc
c/o David T. Ward
15615 Alton Pkwy #175
Irvine, CA 92618-7303

Joseph A DeMaria
Tew Cardenas LLP
1441 Brickell Avenue
Suite 1500
Miami, FL 33131-3431

Mariane L Dorris
Latham Shuker Eden & Beaudine LLP
390 North Orange Avenue
Suite 600
Orlando, FL 32801-1684

Tara C Early
Stanton & Gasdick PA
390 North Orange Avenue
Suite 260
Orlando, FL 32801-1612

Elena L Escamilla
United States Trustee
135 W Central Blvd  Suite 620
Orlando, FL 32801-2440

F. Del Kelley
5220 S. Washington Ave
Titusville, FL 32780-7316

Forge Capital Partners LLC
c/o Bart Valdes
609 W Horatio St
Tampa FL 33606-2272

James E Foster
Akerman Senterfitt
Post Office Box 231
Orlando, FL 32802-0231

Frank L. Amodeo
3875 South Orange Ave
Suite 500 -PMB 1810
Orlando, FL 32806

Gill R Geldreich
Tennessee Attorney General's Office
Post Office 20207
Nashville, TN 37202

Gilbert Weisman
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355-0701

Gillio Development, Inc.
657 Caledonia Place
Sanford, FL 32771-6403

I Randall Gold
United States Attorney's Office
501 West Church Street
Suite 300
Orlando, FL 32805-2281

Kenneth D Herron Jr
1851 West Colonial Drive
Orlando, FL 32804-7013

Peter N Hill
Wolff Hill McFarlin & Herron PA
1851 West Colonial Drive
Orlando, FL 32804-7013

Horton Johnson
3211 Northglenn Drive
Orlando, FL 32806-6371

Humana/RMS
77 Hartland Street
Suite 401
East Hartford, CT 06108-3253

Carol Koehler Ide
U S Department of Justice - Tax Division
Post Office Box 14198
Ben Franklin Station
Washington, DC 20044-4198

Jackson Lewis
Attn:Anne Krupman
One North Broadway
White Plains, NY 10601-2310

Jeffrey Reichel
c/o Gary Barnes
3414 Peachtree Rd #1600
Atlanta, GA 30326-1164

Jeffrey Reichel
c/o Jill E. Kelso, Esquire
Akerman Senterfitt
PO Box 231
Orlando FL 32802-0231

Kenneth & Diane Hendricks
One ABC Parkway
Beloit, WI 53511-4466

Gordon L Kiester
Florida Department of Revenue
P O Box 2299
Mango, FL 33550-2299

Roy S Kobert
Post Office Box 4961
Orlando, FL 32802-4961

LeClair Ryan Trust
P.O. Box 2499
Richmond, VA 23218-2499

LexisNexis
P.O. Box 7247-7090
Philadelphia, PA 19170-0001

Justin M. Luna
Latham, Shuker, Eden & Beaudine, LLP
390 N. Orange Ave.
Suite 600
Orlando, FL 32801-1684

Esther A McKean
Akerman Senterfitt
Post Office Box 231
Orlando, FL 32802-0231

Charles J Meltz
Grower Ketcham
Post Office Box 538065
Orlando, FL 32853-8065

Todd K Norman
Stump Callahan Dietrich & Spears PA
Post Office Box 3388
Orlando, FL 32802-3388

On Target Solutions
3491 Woodley Park Place
Oviedo, FL 32765-5104

Scott H Park
United States Attorney
501 West Church St
Suite 300
Orlando, FL 32805-2281

PaySource USA VII, Inc.
650 Poe Ave.
Dayton, OH 45414

RKT Constructions, Inc
5220 S. Washington Ave
Titusville, FL 32780-7316

William J Ridings Jr
Atlantic Legal Group PA
1375 Gateway Boulevard
Boynton Beach, FL 33426-8304

Robi A. Roberts
2921 S. Washington Ave
Titusville, FL 32780-5022

Robi A. Roberts Trust
2921 S. Washington St
Titusville, FL 32780-5022

Saxon Gilmore, PA
201 E. Kennedy Blvd.
Suite 600
Tampa, FL 33602-5819

Bradley M Saxton
Post Office Box 1391
Orlando, FL 32802-1391

R Scott Shuker
Latham Shuker Eden & Beaudine LLP
Post Office Box 3353
Orlando, FL 32802-3353

Tennessee Dept of Labor & Workforce
Dev-Unemployment Ins
c/o TN Atty General Ofc Bankruptcy Div
PO Box 20207
Nashville TN 37202-4015

Tenshi Leasing
2875 S. Orange Ave.
Suite 500 PMB 1810
Orlando, FL 32806-5455

Titanium Technologies
2875 S. Orange Ave.
Suite 500 PMB 1810
Orlando, FL 32806-5455

United States Trustee - ORL 11
135 W. Central Blvd., Suite 620
Orlando, FL 32801-2440

Bart R Valdes
deBeaubien Knight Simmons Mantzaris Neal
332 North Magnolia Avenue
Orlando, FL 32801-1609

Joseph H Varner III
Holland & Knight, LLP
101 North Tampa Street, Suite 4100
Tampa, FL 33602

David T Ward
15615 Alton Pkwy #175
Irvine, CA 92618-7303

C Brent Wardrop
deBeubien Knight Simmons Mantzaris Neal
332 North Magnolia Avenue
Orlando, FL 32801-1609

Gilbert Barnett Weisman
Becket & Lee LLP
16 General Warren Blvd
P O Box 3001
Malvern, PA 19355-0701

Stuart Wilson-Patton
Tennessee Attorney General's Office
Post Office Box 20207
Nashville, TN 37202-4015

Melissa Youngman
Wolf Hill McFarlin & Herron PA
1851 W Colonial Drive
Orlando, FL 32804-7013

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Corporate Personnel Network, Inc
c/o David T. Ward
15615 Alton Pkwy #175
Irvine, CA 92618-7303

(u)First Commercial Ins. Corp.
undeliverable

(u)Fred Sandlin
undeliverable

(u)John Burcham
undeliverable

(u)Mark J. Bernet
no city
no state

End of Label Matrix
Mailable recipients    58
Bypassed recipients     5
Total                  63

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  CASE NO. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,  CHAPTER 11

Debtor.
_____/

SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Settlement Agreement"), is made and entered into this 11th day of August, 2010, by and between Mirabilis Ventures, Inc. ("**Liquidating Debtor**" or "**Mirabilis**"), and SecureSolutions, LLC ("**Secure Solutions**").

WITNESSETH:

(A) Pursuant to an order of the Bankruptcy Court approving the Plan of Liquidation ("**Plan**") for the Liquidating Debtor, R. W. Cuthill, Jr. ("**Cuthill**") was appointed as President and was authorized by the United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Court**") to pursue and settle all causes of action and claims, including those claims and causes of action settled hereby.

(B) On September 22, 2008, Secure Solutions filed its first proof of claim ("Claim No. 26") in the above-captioned bankruptcy case (the "**Mirabilis Bankruptcy Case**") alleging that Mirabilis owed Secure Solutions the amount of $1,178,611.00. On September 22, 2008, Secure filed its second proof of claim in the Mirabilis Bankruptcy Case alleging that it was entitled to the sum of $3,650,000 from Mirabilis based on the alleged decline of value in Secure Solutions caused by actions taken by Mirabilis and or its Affiliates (as defined herein) ("**Claim No. 27**" and with Claim No. 26, collectively, the "**Secure Claims**").

(C) Mirabilis denies any liability pertaining to the Secure Claims. On October 9, 2009, Mirabilis filed Mirabilis Ventures, Inc.'s Objection to Allowance of Claim No. 26 Submitted by Secure Solutions (Docket No. 339) and Mirabilis Ventures, Inc.'s Objection to Allowance of Claim No. 27 Submitted by Secure Solutions (Docket No. 340) (collectively, the "**Claims Objections**"), pursuant to which Mirabilis objected to the Secure Claims.

(D) Mirabilis claims that it is the owner and holder of certain promissory notes, personal guarantees and security agreements which give Mirabilis a lien on substantially all of Secure Solutions' assets, among other things, arising from its

EXHIBIT "A"

purchase of loan documents (with Secure Solutions as the borrower) from Bank of America in or around February 2006 (the "**Loan Documents**"). Secure Solutions disputes the validity of the Loan Documents, including, but not limited to, each of the following: (1) debt or equity arising from Mirabilis' payment of $800,000 in or around February 2006 for the purchase of the Loan Documents from the Bank of America, as lender and Secure Solutions as maker, (2) debt or equity arising from Mirabilis' entry into a loan agreement for $250,000 on or around February 28, 2006 with SecureSolutions, and (3) Mirabilis' agreement to invest an additional $400,000 per month into Secure Solutions in the form of debt financing (collectively, the "**Mirabilis Claims**").

(E) The Liquidating Debtor and Secure Solutions have been attempting to reach a consensual resolution of the disputes surrounding the Secure Claims and the Mirabilis Claims. The Liquidating Debtor and Secure Solutions have executed the Settlement Agreement to settle any and all issues regarding the Secure Claims and Mirabilis Claims, without admission of fault or liability and to otherwise avoid the cost, expense and uncertainty of litigating the Secure Claims and the Mirabilis Claims.

**NOW THEREFORE,** in consideration of the foregoing recitals, the mutual promises contained herein, as well as the payment of settlement funds by Secure Solutions to Mirabilis as set forth below, and the Assurance of Further Cooperation (as those terms are defined below), the receipt and sufficiency of each of which is hereby acknowledged by each party hereto, the parties hereby agree as follows:

(1) **The Secure Solution Claims**. Secure Solutions shall withdraw the Secure Claims, with prejudice, within two (2) business days from the latest of (i) the date of execution of this Settlement Agreement by both the Liquidating Debtor and Secure Solutions, (ii) the date of the approval of this Settlement Agreement by the United States Attorneys Office and the Internal Revenue Service, referenced in paragraph 7 below, or the date of the approval of this Settlement Agreement by a final and non-appealable order of the Bankruptcy Court, to the extent applicable, as referenced in paragraph 7 below, and (iii) the Liquidating Debtor's compliance with its obligations set forth in paragraph 4 below (such latest date, the "**Release Date**").

(2) **The Settlement Payment.** Within two (2) business days of the execution of the Settlement Agreement by both the Liquidating Debtor and Secure Solutions (the "**Escrow Payment Date**"), SecureSolutions shall pay Forty Thousand Dollars and No Cents ($40,000.00) (the "Settlement Funds") to the law firm of Latham, Shuker, Eden & Beaudine, LLP (the "**Escrow Agent**") to be held in escrow pending disbursement to the Liquidating Debtor or return of the Settlement Funds to SecureSolutions as set forth herein. In the event that the Release Date occurs (which, as set forth above, does not occur until after, among other things, the Settlement Agreement has been approved in accordance with paragraph 7 below and the Liquidating Debtor has complied with its obligations set forth in paragraph 4 below), then within two (2) business days from the Release Date, the Escrow Agent shall be authorized to pay the Liquidating Debtor the Settlement Funds. In the event that the Liquidating Debtor fails to comply with its

2

obligations set forth in paragraph 4 below within two (2) business days from the Escrow Payment Date, the Settlement Funds shall be returned to Secure Solutions by the Escrow Agent within two (2) business days thereafter. Additionally, in the event that the Settlement Agreement is not approved in accordance with paragraph 7 below and/or the Settlement Agreement becomes void and of no further force or effect, the Settlement Funds shall be returned to Secure Solutions by the Escrow Agent within two (2) business days of the date on which the Settlement Agreement has not been approved in accordance with paragraph 7 below and/or the date on which the Settlement Agreement becomes void and of no further force or effect.

(3) **Release of Security Interests and Loan Obligations.** No later than two (2) business days after the Settlement Agreement is approved as set forth in paragraph 7, *infra*, and substantially simultaneously with the withdrawal of the Secure Claims, as set forth in paragraphs 1-2 above, the Liquidating Debtor shall release or cause to be released that certain UCC-1 Financing Statement which was recorded in the Financing Records of the State of Maryland, File Number 181259140 (the "**UCC Financing Statement**"), and shall execute any and all documents necessary, in the reasonable judgment of Secure Solutions, to effectuate the release of any and all of Mirabilis' rights, claims, demands or other claims associated with the Loan Documents or Mirabilis Claims, including but not limited to, any filing necessary to release all security interests that have been asserted by Mirabilis and/or its Affiliates[1] against Secure Solutions and/or its Affiliates and all litigation currently pending between Mirabilis and/or its Affiliates, on the one hand, and Secure Solutions and/or its Affiliates, on the other hand. Mirabilis and/or its Affiliates shall further execute any documents subsequently requested by Secure Solutions as necessary, in the reasonable judgment of Secure Solutions, to effectuate this Settlement Agreement and/or the releases set forth herein.

(4) **Secure Solutions' Accounting Records.** Within two (2) business days from the Escrow Payment Date, Mirabilis shall provide Secure Solutions with payroll and accounting files for Secure Solutions from Q1 2006 through Q1 2007. Such records shall be provided to Secure Solutions in QB Premier 2009 format. Mirabilis shall further provide Secure Solutions with all payroll and accounting records concerning Secure Solutions that are in the possession, custody and control of Mirabilis, and that are deemed necessary by Secure Solutions for the completion of certain tax returns.

(5) **Mutual Release.** Except as set forth in this paragraph, the Liquidating Debtor and its successors, Affiliates and assigns, and anyone claiming under it and/or its successors, Affiliates and/or assigns, on the one hand, and Secure Solutions and its successors, Affiliates and

---

[1] For purposes of this Settlement Agreement, the term "Affiliate" shall mean any other person or entity: (a) that directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with, the person or entity; (b) that directly or indirectly beneficially owns or holds 10% or more of any class of equity security, partnership interests, or other similar interests of the entity; or (c) 10% or more of the equity securities, partnership interests, or other similar interests of which is directly or indirectly beneficially owned or held by the person or entity. The term "control" means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a person or entity, whether through the ownership of voting securities, by contract, or otherwise. With respect to a natural person, such natural person's Affiliates shall also include such natural person's spouse, and both of their siblings, lineal ancestors, and lineal descendants.

assigns and anyone claiming under it and/or its successors, Affiliates and/or assigns, on the other hand, do hereby release, remise and forever discharge the other, and each of the other's current and former subsidiaries, Affiliates, directors, officers, shareholders, partners, members, managers, employees, agents, and representatives from any and all claims, demands, actions, causes of action, rights of action, debts, covenants, contracts, agreements, representations, judgments, executions, costs, expenses, obligations, or liabilities of any nature whatsoever, known or unknown, at law or in equity or by statute, that any of them now have or that may subsequently accrue to any one of them, including (without limitation) any claims and/or causes of action arising under chapter 5 of the Bankruptcy Code and/or that are based upon, arise out of, or in any way relate to the Secure Claims, the Loan Documents, any and all guarantees executed in connection with the Loan Documents, and/or the Mirabilis Claims. The parties to this Settlement Agreement specifically reserve their rights to enforce the terms and conditions of this Settlement Agreement.

(6) **Representations and Warranties**. Each of the parties to the Settlement Agreement hereby represents and warrants to each of the other parties that each such warranting party is the sole and exclusive owner of all claims released or compromised by each such warranting party herein, has not assigned the same or any part thereof to any other person, and will indemnify the beneficiaries of such warranties against, and hold such beneficiaries harmless from, any and all liabilities, costs, damages, claims, and expenses, including, without limitation, reasonable attorneys' fees and court costs, incurred by such beneficiaries, in connection with any breach by each such warranting party of any representation, warranty, or covenant of each such warranting party contained in the Settlement Agreement.

(7) **Approval of the United States Attorneys' Office and the Internal Revenue Service**. This Settlement Agreement is subject to the written approval of: (i) the United States Department of Justice – the United States Attorneys' Office (the "USAO"); and (ii) the Internal Revenue Service (the "IRS"). The Liquidating Debtor will take the necessary steps to obtain the required approval of the USAO and the IRS. If the USAO or IRS objects to the Settlement Agreement, Mirabilis shall immediately seek the approval of this Settlement Agreement by the Bankruptcy Court. The Parties understand that approval of the Settlement Agreement by the Bankruptcy Court is subject to the Court scheduling a hearing at a date and time certain. The Liquidating Debtor shall take all necessary actions to schedule a final hearing on the Settlement Agreement's approval by or before September 30, 2010. In the event that the Settlement Agreement is not approved as set forth in this paragraph on or before September 30, 2010 (unless such date is further extended by Secure Solutions), the Settlement Agreement, including the releases set forth herein, shall be void and of no further force or effect.

(8) **Miscellaneous**.

(a) Governing Law; Jurisdiction. The Settlement Agreement is to be governed by, and construed and enforced in accordance with, the laws of the state of Florida, without giving effect to the principles of comity or conflicts of laws thereof. In the event any litigation or other formal legal or equitable proceeding (collectively, "Litigation") between or among any of the parties hereto (or their affiliates, heirs, officers, directors, agents, successors, or

assigns) is instituted in connection with the construction, interpretation, or enforcement of the Settlement Agreement, the party commencing such Litigation shall be required to institute the same in the Bankruptcy Court, or if jurisdiction cannot be found in the Bankruptcy Court, then in the federal or state courts with jurisdiction in Orange County, Florida. Each party hereto hereby consents to the exclusive personal jurisdiction and venue in the Bankruptcy Court, or where appropriate, to the federal and state courts with jurisdiction in Orange County, Florida, for a resolution of all disputes arising out of the construction, interpretation, or enforcement of any term or provision of the Settlement Agreement, and each party hereby waives the claim or defense that any such court in which any such Litigation is properly commenced as provided for herein constitutes an inconvenient forum.

(b) <u>Effect of Delay and Waivers</u>. No delay or omission to exercise any right or power accruing prior to or upon any breach, omission, or failure of performance hereunder shall impair any such right or power, or shall be construed to be a waiver thereof, and any such right or power may be exercised from time to time and as often as may be deemed expedient. In the event of any breach of any provision contained in the Settlement Agreement and/or any ancillary agreements otherwise referred to herein, by a party hereto, thereafter waived by another party, such waiver shall be limited to the particular waiving party and to the particular breach in question and no other. No waiver or release of any term or provision of the Settlement Agreement shall be established by conduct, custom, or course of dealing, but solely by a document in writing duly authorized and executed by the waiving or releasing party.

(c) <u>Notices</u>. Whenever any party hereto desires or is required to provide any notice, demand, or request with respect to the Settlement Agreement, each such communication shall be in writing and shall be effective only if it is delivered by personal service (which shall include delivery by delivery service, express mail delivery service, telecopy or telefax) or mailed, by United States certified mail, postage prepaid, and addressed as follows:

| | |
|---|---|
| If to Mirabilis: | Mirabilis Ventures, Inc.<br>c\o R. W. Cuthill, Jr., President<br>341 N Maitland Ave., Ste. 210<br>Maitland, FL 32751 |
| With copy to: | R. Scott Shuker, Esq.<br>Latham Shuker Eden & Beaudine, LLP<br>390 N Orange Ave., Ste. 600<br>Orlando, FL 32802<br>Attorney for Mirabilis Ventures, Inc., |
| If to Secure Solutions: | Mark L. Desgrosseilliers, Esq.<br>Womble Carlyle Sandridge & Rice, PLLC<br>222 Delaware Avenue, Suite 1501<br>Wilmington, DE 19801<br>Attorney for Secure Solutions, LLC |

Such communications, when personally delivered, shall be effective upon receipt, but, if sent by certified mail in the manner set forth above, shall be effective three (3) business days following deposit in the United States mail. Any party may change its address for such communications by giving notice thereof to the other parties in accordance with the requirements of this section.

(d) <u>Survival of Representations and Warranties, etc</u>. All representations, warranties, covenants, agreements, obligations, and duties of the respective parties hereto contained herein or provided for in the Settlement Agreement or any agreement to be prepared under the terms of said Settlement Agreement shall survive the execution, delivery, and performance of the Settlement Agreement and the mutual release contained herein.

(e) <u>Time of the Essence</u>. Time is of the essence in the performance of the Settlement Agreement by each party. In the event that the Settlement Agreement is not approved as set forth in paragraph 7 above, the Settlement Agreement, including the releases set forth herein, shall be void and of no further force or effect.

(f) <u>Severability</u>. If any provision of the Settlement Agreement is ultimately determined to be invalid or unenforceable, such provision shall be deemed limited by construction in scope and effect to the minimum extent necessary to render the same valid and enforceable, and, in the event no such limiting construction is possible, such invalid or unenforceable provision shall be deemed severed from the Settlement Agreement without affecting the validity of any other provision hereof.

(g) <u>Entire Agreement</u>. The Settlement Agreement and all other documents executed and delivered by the parties hereto to consummate the transactions contemplated herein, constitute the entire understanding and agreement of the parties hereto with respect to the subject matter thereof, and supersede all prior written and all prior and contemporaneous oral agreements, understandings, inducements, and conditions, express or implied, among the parties with respect thereto. The express terms of the Settlement Agreement control and supersede any course of performance or usage of trade inconsistent with any of the terms hereof.

(h) <u>Counterparts</u>. The Settlement Agreement may be executed in any number of counterparts, each of which shall be an original as against any party whose signature appears thereon, and all of which together shall constitute one and the same agreement.

(i) <u>Construction of Agreement</u>. The titles and headings herein are for reference purposes only, and shall not in any manner limit the construction of the Settlement Agreement which shall be considered as a whole. All additions and deletions of provisions from and all drafts of the Settlement Agreement shall be of no force or effect in interpreting the terms of the Settlement Agreement or the intentions of the parties hereto.

(j) <u>Binding on Successors and Assigns</u>. The Settlement Agreement shall be binding upon and inure to the benefit of the Liquidating Debtor, Secure Solutions, and any of their respective successors, Affiliates, and assigns, and anyone claiming under any of them.

IN WITNESS WHEREOF, the parties hereto have duly executed the Settlement Agreement as of and effective the date first written above.

**MIRABILIS VENTURES, INC.**
**LIQUIDATING DEBTOR**

By: _____
R.W. Cuthill, Jr., President of the
Liquidating Debtor and not individually

**SECURE SOLUTIONS, LLC**

By: _____
James E. Pitts, President/Chief Operating
Officer, and not individually.