UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

CASE NO.  6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.

CHAPTER 11

Debtor.

Hearing Requested on
October 20, 2010 at 1:00 p.m.

_____/

MIRABILIS VENTURES, INC.'S MOTION
TO ENFORCE PLAN AND CONFIRMATION ORDER AND
FOR TURNOVER OF PROPERTY TO THE LIQUIDATING DEBTOR
(Internal Revenue Service)

**MIRABILIS VENTURES, INC.** ("Mirabilis" or "Liquidating Debtor"), as the Liquidating

Debtor in the above referenced case, hereby moves pursuant to Bankruptcy Code §105 and §1141 for

turn over of a pre-petition refund in the amount of at least $1,122,848.29, from the United States of

America, Internal Revenue Service ("IRS"), and, if necessary, to establish the amount of funds due for the

2005 income tax refund and 2007 Form 941 Account credit, and in support thereof states as follows:

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C.§§ 157 and 1334. Venue of

this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory

predicate for the relief sought herein is §105 and §1141 of Chapter 11 of Title 11 of the United States

Code (the "Bankruptcy Code").

2. On May 27, 2008 ("Mirabilis Petition Date"), Mirabilis filed its voluntary petition for

reorganization under Chapter 11 of the Bankruptcy Code. On June 5, 2008, AEM, Inc. ("AEM") also

filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code ("AEM Petition

Date").

3. As of the Mirabilis Petition Date, Mirabilis was owed a refund from the IRS in the approximate amount of $1,410,769, which consisted of an income tax refund for 2005 in the amount of $1,010,769, and a Form 941 Account credit in the amount of $400,000.00 (collectively, the "MVI Refund"). As of the Mirabilis Petition Date, the MVI Refund was property of the Mirabilis bankruptcy estate because the related overpayments were made prepetition[1].

4. On October 16, 2009, the Bankruptcy Court conducted a hearing ("Confirmation Hearing") to consider the confirmation of the Joint Amended Plan of Liquidation submitted by Mirabilis, Hoth Holdings, LLC and AEM, dated as of August 14, 2009 (Doc. No. 234), and as modified on October 15, 2009 (Doc. No. 371) (collectively, the "Plan").

5. The Plan contains three classes of Claims and Interests, and provides for the payment of Allowed Priority Tax Claims in Cash upon the Effective Date, or in quarterly payments with interest. The Plan does not classify any Claim or Interest as secured, and does not provide for any distribution or satisfaction of any secured claims. The only Claims in existence as of the Confirmation Hearing were priority claims pursuant to 11 U.S.C. §507(a) and general unsecured claims.

6. On October 27, 2009, the Bankruptcy Court entered an order confirming the Plan ("Confirmation Order") (Doc. No. 375). No party-in-interest filed a notice of appeal pursuant to Federal Rule of Bankruptcy Procedure 8001 and 8002, or moved for relief from judgment pursuant Federal Rule of Bankruptcy Procedure 9024. Although a motion for reconsideration pursuant to Federal Rule of

---

[1] As of the AEM Petition Date, AEM was also owed a refund. AEM had overpaid its first and second quarter 941 taxes for 2007 in the amount of $25,155,522 (the "AEM Refund"). As of the AEM Petition Date, the AEM Refund was property of the AEM bankruptcy estate because the related overpayments were made prepetition. The AEM Refund is the subject of a pending claim objection, and the Liquidating Debtor intends to file a separate motion for turnover with respect to these funds.

Bankruptcy Procedure 9023 was filed, on December 21, 2009, the Bankruptcy Court entered on order striking the motion for reconsideration (Doc. No. 455). Accordingly, on January 5, 2010, the Confirmation Order became a final order.

  7. The Confirmation Order made the following findings of fact and conclusions of law which are relevant to the instant motion:

    4. In accordance with § 1141(a) of the Bankruptcy Code, the provisions of the Plan and this Confirmation Order are binding on the Debtors, Liquidating Debtor, each Creditor, and every other party-in-interest in this case and each of their respective successors and assigns (whether or not such Creditors or parties-in-interest voted to accept the Plan, whether or not they are Impaired under the Plan, and whether or not any such Holder has filed, or is deemed to have filed a proof of Claim or proof of Interest), and any other Person giving, acquiring, or receiving property under the Plan, and any lessor or lessee of Property to or from the Debtor. The rights afforded in the Plan and the treatment of all Claims and Interests therein shall be in exchange for and in complete satisfaction of all Claims and Interest of any nature whatsoever, known or unknown, including, except as expressly provided in the Plan, interest accrued on or expenses incurred in connection with such Claims from and after the Order for Relief, against, the Liquidating Debtor or its property or interests in property.

       \* \* \*

    6. In accordance with §§524 and 105(a) of the Bankruptcy Code, and except as otherwise provided in the Plan and this Confirmation Order on and after the Effective Date all Persons are permanently enjoined from, and restrained against, commencing or continuing in any court any suit, action, or other proceeding, or otherwise asserting any Claim or Interest, seeking to hold liable: … (b) the property of Liquidating Debtor, for any claim, obligation, right, interests, debt or liability that has been discharged or released pursuant to the Plan and for any and all claims arising under bankruptcy or nonbankruptcy law relating in any way to the Debtors, Liquidating Debtor or its business.

\*\*\*

    7.   In accordance with §1141(b) of the Bankruptcy Code and the Plan, title to the Debtors' assets, shall vest in the Liquidating Debtor on the Effective Date ... Except as otherwise expressly provided in the Plan and in this Confirmation Order, all assets and property of the Debtors shall be vested in the Liquidating Debtor, free and clear of all Liens, security interests, Claims and Interests of the holders of Claims and Interests, and all such Liens, security interests, Claims and Interests are hereby extinguished.

    8. The Plan also provides "unless otherwise provided in the Confirmation Order, all injunction or stays provided for in Chapter 11 cases pursuant to sections 105 or 362 of the Code or previously imposed in this case by the Court or otherwise in existence on the Confirmation Date shall remain in full force and effect until the entry of a final decree or an order dismissing this case." Plan, p. 16.

    9. Pursuant to the Plan and Confirmation Order, the MVI Refund vested in the Liquidating Debtor on the Effective Date, free and clear of all Liens, security interests, Claims and Interests of the holders of Claims and Interests, and all such Liens, security interests, Claims and Interests were extinguished. Furthermore, the Plan and Confirmation Order prohibit the IRS from commencing or continuing in any court any suit, action, or other proceeding, or otherwise asserting any Claim or Interest, seeking to hold liable the property of Liquidating Debtor, for any claim, obligation, right, interests, debt or liability that has been discharged or released pursuant to the Plan and for any and all claims arising under bankruptcy or nonbankruptcy law relating in any way to the Debtors, Liquidating Debtor or its business.

    10. The IRS agreed to be and is bound by the provisions in the Plan with respect to the treatment of its Allowed Priority Tax Claims and General Unsecured Claims filed in the Mirabilis and AEM bankruptcy cases.  The IRS cannot now belatedly seek to have its claims treated as secured claims.

## IRS PROOFS OF CLAIM

11. The Bankruptcy Court established November 23, 2008 as the claims bar date for filing proofs of claim by a governmental unit in the Mirabilis bankruptcy case, and December 2, 2008 as the claims bar date for filing proofs of claim by a governmental unit in the AEM bankruptcy case.

MIRABILIS: IRS CLAIM NO. 2:

12. On June 13, 2008, the IRS filed claim no. 2 in the Mirabilis bankruptcy case in the amount of $438,173.48 based on income tax liabilities for 2005 ("IRS Claim No. 2"). The IRS Claim No. 2 stated that it was an unsecured priority claim in the amount of $395,023.11 and a general unsecured claim in the amount of $43,150.37. Although the proof of claim form includes a section requiring a secured creditor, including a creditor with a right of setoff, to indicate their secured status, the IRS did not complete the "secured claim" section of the form. The IRS Claim No. 2 did, however, state that the "United States has not identified a right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right of setoff ..."

13. On October 9, 2009, Mirabilis filed an Objection to Allowance of the IRS Claim No. 2 ("MVI IRS Claim Objection") (Doc. No. 325). The basis for the objection to the IRS Claim No. 2 was that Mirabilis generated a net operating loss in the tax year ending December 31, 2006, which was sufficient to offset all income generated in 2005. As such, Mirabilis owed no income taxes for 2005.

14. On November 9, 2009, the IRS filed a Response to the MVI IRS Objection (Doc. No. 390). In the response, the IRS did not dispute the validity of the $1,010,769 claimed overpayment, but simply requested an opportunity to substantiate the refund amount. At this time, the IRS still did not assert a lien, security interest or claim to the overpayment.

15. On or about April 12, 2010, the IRS internally transferred and the applied the Form 941 Account credit in the amount of $400,000.00 to IRS Claim No. 2. The IRS did not seek Court permission to apply the Form 941 Account credit in the amount of $400,000.00, and the Liquidating Debtor asserts that this transfer and payment was in violation of the post-confirmation injunction contained in the Plan and the Confirmation Order.

16. On April 22, 2010, the Court conducted a hearing on the MVI IRS Objection at which time the Court sustained the objection and disallowed IRS Claim No. 2[2]. On May 10, 2010, the Court entered an Order Sustaining the MVI IRS Objection (the "IRS Claim Order")(Doc. No. 548). In the IRS Claim Order, the Court specifically notes that entry of this order is without prejudice to: (i) the determination of the Debtor's claim to a Net Operating Loss ("NOL") deduction for income tax year ending December 31, 2006; (ii) the Debtor's claimed overpayment or turnover with respect to income tax year ending December 31, 2005; and (iii) the Debtor's claimed carry forward of the NOL deduction. The IRS Claim Order makes no mention of any alleged setoff rights of the IRS with respect to the claimed overpayment.

17. On June 17, 2010, the IRS filed an amended proof of claim without obtaining leave of court and after IRS Claim No. 2 had been disallowed. The IRS in its amended proof of claim still failed to complete the "secured claim" section of the form, however, the attachment identifies a "right to setoff" for a secured claim in the amount of $0.00.

---

[2] The IRS did not advise either the Court or the Liquidating Debtor of this transfer until June 4, 2010. (Doc. No. 567).

AEM: IRS CLAIM NO. 4:

18.  On July 10, 2008, the IRS filed claim no. 4 in the AEM bankruptcy case in the amount of

$3,195,661.83 based on 941 taxes for 2007 ("IRS Claim No. 4"). The IRS Claim No. 4 stated that it was

an unsecured priority claim in the amount of $2,492,059.53 and a general unsecured claim in the amount

of $703,602.30. Although the proof of claim form includes a section requiring a secured creditor, including

a creditor with a right of setoff, to indicate their secured status, the IRS did not complete the "secured

claim" section of the form. The IRS Claim No. 4 did, however, state that the "United States has not

identified a right of setoff or counterclaim. However, this determination is based on available data and is

not intended to waive any right of setoff ..."

19.  On October 9, 2009, AEM filed an Objection to Allowance of the IRS Claim No. 4 ("AEM

IRS Claim Objection") (AEM Doc. No. 162). The basis for the objection to the IRS Claim No. 4 was

that the IRS had miscalculated the 941 taxes owed by AEM, and that AEM had actually overpaid its

withholding taxes. AEM filed amended first and second 941 quarterly returns for 2007 requesting a refund

in the total amount of $25,155,522.

20.  On November 9, 2009, the IRS filed a Response to the AEM IRS Objection (AEM Doc. No.

179). In the response, the IRS did not dispute the validity of the claimed overpayment, but simply requested

an opportunity to substantiate the amount of federal payroll tax deposits. At this time, the IRS still did not

assert a lien, security interest or claim to any overpayment.

21.  On August 6, 2010, the IRS filed an amended proof of claim without obtaining leave of court.

The amended proof of claim asserted a setoff right of $1,122,848.29, and an unsecured priority claim in the

amount of $2,072,813.54. The amended proof of claim essentially asserted a new secured claim against the Liquidating Debtor based upon the previously waived secured claim against Mirabilis.

### LEGAL ARGUMENT

22. The income tax refund claim and the Form 941 Account credit claim by Mirabilis were property of the bankruptcy estate of Mirabilis. As of Confirmation, the IRS had not asserted any claim or right of setoff to any of the claimed refunds by virtue of the proofs of claim filed or by motions for relief from the automatic stay to setoff Claim No. 2 or Claim No. 4 from the MVI Refund. By virtue of the Confirmation Order and 11 U.S.C. §1141, all property of the estate in Mirabilis vested in the Liquidating Debtor, except as otherwise provided for in the Plan. Irrespective of the provisions of §1141(d)(3), the provisions of 11 U.S.C. §1141(b) and the Confirmation Order supercede the statutory right of the IRS granted by 11 U.S.C. §553 and 26 U.S.C. §6402(a).

23. As stated by the bankruptcy court in the case <u>In the Matter of Crabtree</u>, 76 B.R. 208, 210 (Bankr. M.D. Fla. 1987) (emphasis added):

> To accept the proposition urged by the Government would, of course, totally emasculate a specific rehabilitative provision of the Bankruptcy Code, particularly §1129(a)(9)(C), in instances where the debtor has a pending tax refund claim which if it is honored might play a very important role in the Debtors' efforts to consummate a confirmed plan. Moreover, the provisions of the Bankruptcy Code revesting title in the Debtor of properties of the estate would be rendered meaningless with regard to an item which undisputably is property of the estate and would grant a special and preferential treatment of an allowed tax priority claim of the Government, treatment contrary to that provided for by §1129(a)(9)(C). *It cannot be gainsaid that a creditor whose prepetition claim is allowed and was not dealt with by the confirmed Plan of Reorganization **should not have a right to setoff and should not receive more than what is provided for by the confirmed plan**.*

REFUNDS ARE PROPERTY OF THE ESTATE:

24. On or about September 15, 2009, Mirabilis filed an amended 2005 income tax return, which requested a carry back of Mirabilis' 2006 NOL in the amount of $18,044,400.00. Due to the NOL, the income generated by Mirabilis in 2005 was completely offset. As such, the income taxes previously paid by Mirabilis were available for refund from the IRS in the approximate amount of $1,010,769.

25. In addition, on or about May 14, 2007, Mirabilis delivered to the IRS a cashier's check in the amount of $400,000 as a "voluntary payment: Mirabilis Ventures, AEM Inc. April 2007." As of the Mirabilis Petition Date, the $400,000 had not been applied to any outstanding tax liability of Mirabilis and was sitting in Mirabilis' Form 941 Account as a credit[3].

26. As of the Mirabilis Petition Date, the MVI Refund was property of the Mirabilis bankruptcy estate because the related overpayments were made by Mirabilis prepetition. Furthermore, as of Confirmation, the MVI Refund had not been: (i) applied by the IRS to an existing prepetition tax liability of Mirabilis; (ii) asserted by the IRS in a proof of claim as a right of setoff; or (iii) the subject of a motion for relief from the automatic stay.

27. Property of the estate is defined broadly to include "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1)(2005). It is well established that the proceeds due from a tax overpayment become property of the estate to the extent that the overpayment was made prepetition. Kokoszka v. Belford, 417 U.S. 642, 648, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974); U.S. v. Michaels, 840 F.2d 901, 901-02 (11th Cir. 1988).

---

[3] The Form 941 Account credit is also the subject of a pending Objection to Allowance of Claim No. 36 submitted by the IRS (Doc. No. 567). On September 15, 2010, this Court began the final evidentiary hearing on this claim objection.

28. As such, the MVI Refund was property of Mirabilis' bankruptcy estate and remained property of the estate until the Effective Date. As of the Effective Date, the MVI Refund vested in the Liquidating Debtor free and clear of all Liens, security interests, Claims and Interests of the holders of Claims and Interests, and all such Liens, security interests, Claims and Interests were extinguished. Accordingly, the IRS has no claim or right to the MVI Refund.

IRS PROHIBITED FROM EXERCISING SETOFF:

29. The IRS' setoff claim is barred by the doctrine of *res judicata* because the Plan and Confirmation Order expressly provide for the treatment of the allowed priority tax claims and general unsecured claims of the IRS, and the provisions of 11 U.S.C. §1141(b) and Confirmation Order take precedence over the statutory right of the IRS granted by 11 U.S.C. §553 and 26 U.S.C. §6402(a).

30. In the instant case, the Plan and Confirmation Order specifically enjoin any creditor from "asserting any Claim or Interest, seeking to hold liable ... the property of Liquidating Debtor, for any claim, obligation, right, interests, debt or liability that has been discharged or released pursuant to the Plan and for any and all claims arising under bankruptcy or nonbankruptcy law relating in any way to the Debtors, Liquidating Debtor or its business." Confirmation Order, p. 12. In addition, the IRS filed priority tax claims and general unsecured claims, voted in favor of the Plan as an unsecured creditor, failed to object to those provisions prohibiting the retention of Liens, security interests, Claims and Interests of the holders of Claims and Interests, and because the Plan was confirmed and no appeal was taken, the IRS' assertion of its setoff rights is barred by *res judicata*.

31. Section 553 of the Bankruptcy Code provides, in pertinent part, "except as otherwise provided ... this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the

debtor." 11 U.S.C. §553(a). Section 1141(a) provides that the provisions of a confirmed plan bind (among others) "any creditor . . . whether or not the claim or interest of such creditor . . . is impaired under the plan and whether or not such creditor . . . has accepted the plan," with two exceptions, one of which is tangentially relevant in the instant case. Under §1141(d)(3), the confirmation of a chapter 11 plan does not discharge a debtor if (as here):

> (a) the plan provides for the liquidation of all or substantially all of the property of the estate;
>
> (b) the debtor does not engage in business after consummation of the plan; and
>
> (c) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title. 11 U.S.C.§1141(2005).

32. The net effect of the provisions of §1141(d)(3) is that a corporate debtor which is liquidated under chapter 11 and does not continue in business after its chapter 11 plan goes into effect does not receive a bankruptcy discharge. However, irrespective of §1141(d)(3), the plan is still binding on the creditors and other parties-in-interest, including post-confirmation injunctions and releases contained within the plan. In re Suncruz Casinos LLC, 342 B.R. 370, 380 (Bankr. S.D. Fla. 2006).

33. In Suncruz Casinos the debtors filed and confirmed a liquidating plan which provided in pertinent part that upon the effective date: (i) all property of the debtors vested free and clear in the liquidating debtor; and (ii) all entities which held pre-confirmation claims against the estates were permanently enjoined from asserting a setoff of any kind against any obligation due to the liquidating debtors. See In re Suncruz Casinos LLC, 342 B.R. at 380. The issue before the court was whether the plan could extinguish a right to setoff even though the debtor was liquidating and did not receive a discharge. See id.

The court held that since the plan prohibited the assertion of any setoff rights, the provisions were binding on creditors and parties-in-interest to the case because: (i) the plan and disclosure statement were properly served; and (ii) all parties had full opportunity tp object to the proposed prohibition. See id. at 381.

34.    In the case In re Lykes Bros. Steamship Co. Inc., 217 B.R. 304, 307 (Bankr. M.D. Fla. 1997)[4] the Government (Commodity Credit Corp.) attempted to assert a right of setoff post-confirmation in contravention to the injunction provisions of the confirmed plan.  One of the issues before the court was whether the confirmed plan and the provisions of §1141 of the Bankruptcy Code could override the provisions of §553 of the Bankruptcy Code and abrogate a creditor's right of setoff.  See id. at 309-310. The court held that given the overriding policy favoring reorganization, the provisions of Section 1141 take precedence over Section 553.  See id. at 310.  As such, the court reasoned that although the two Bankruptcy Code sections appeared to be in conflict, the competing policy of "facilitating a reorganization found to be in the interest of all creditors" mandated the disgorgement of an asset belonging to a debtor. Id.  Accordingly, the court determined that a plan could prohibit the assertion of setoff rights.  Id.

35.    A second related issue before the Lykes Bros. court was whether the plan, which prohibited the assertion of the Government's setoff rights, was a final order to which the doctrine of res judicata applied.  See id.  The court held that the confirmation order was a final order for purposes of res judicata because all four conditions set forth by the Eleventh Circuit in In re Justice Oaks II, Ltd., 898 F.2d 1544,

---

[4] On October 24, 2005, the United States District Court entered an order affirming the bankruptcy court's decision in the case styled United States of America v. Lykes Bros. Steamship Co. Inc., case no. 8:98-cv-00518-HLA-TGW (Doc. No. 20).  The United States then appealed the decision to the Eleventh Circuit Court of Appeals.  The appeal to the Eleventh Circuit was dismissed on February 23, 2006, pursuant to a motion to dismiss filed by the United States.

1550 (11th Cir. 1990) were satisfied[5]. Id. The only condition which was challenged by the Government was whether the confirmation proceeding involved the same cause of action as the assertion of a setoff claim. See id. The court reasoned that since the confirmation process dealt with those provisions of the plan which prohibited the assertion of setoff rights, the Government's claim for setoff was one of the same claims at issue at the confirmation proceeding. Id.

36.   In the instant case, the Plan and the Confirmation Order bind the IRS to the terms and conditions set forth therein. The IRS cannot now attempt to relitigate the issues resolved by the Plan and approved by a final Confirmation Order. First, the priority tax claims of the IRS were treated in accordance with §1129(a)(9). If the IRS intended to incorporate their rights of setoff to the treatment otherwise being provided by the Plan, then the IRS should have asserted those rights and objected to the Plan. However, the IRS did nothing but accept the proposed classification and payment and otherwise support the Plan.

37.   Second, if the IRS intended their rights of setoff to pass through the Plan and Confirmation Order, then the IRS should have asserted those rights and objected to the injunction and release provisions contained within the Plan. However, the IRS did not object to those provisions. Instead the IRS unilaterally and without notice violated those provisions of the Plan and Confirmation Order, and asserted their extinguished setoff rights to the MVI Refund.

38.   Accordingly, the Plan and Confirmation Order specifically addressed the claims of the IRS, including those provisions of the Plan which prohibited the assertion of setoff rights.   The Plan and

---

[5] The following four conditions must be satisfied for the doctrine of *res judicata* to apply to an order or judgment: (i) the prior judgment must be valid in that it was rendered by a court of competent jurisdiction and in accordance with the requirements of due process; (ii) the judgment must be final and on the merits; (iii) there must be identity of both parties or their privies; and (4) the later proceeding must involve the same cause of action as involved in the earlier proceeding. In re Justice Oaks II, Ltd., 898 F.2d at 1550.

Confirmation Order should be accorded full *res judicata* effect, and prohibit the IRS' assertion of its

extinguished setoff rights. As of the Effective Date, the MVI Refund vested in the Liquidating Debtor free

and clear of all Liens, security interests, Claims and Interests of the holders of Claims and Interests, and all

such Liens, security interests, Claims and Interests were extinguished. Accordingly, the IRS has no setoff

right to the MVI Refund.

IRS WAIVED RIGHT OF SETOFF:

39.    If a creditor's conduct is inconsistent with a subsequent claim of setoff, that creditor may be

found to have waived the setoff right. In re Holder, 182 B.R. 770, 776 (Bankr. M.D. Tenn. 1995) (*citing*

Cumberland Glass Manufacturing Co. v. Charles De Witt and Co., 237 U.S. 447 (1915)); In re Medina,

177 B.R. 335, 350 (Bankr. D. Or. 1994).

40.    The actions of the IRS were inconsistent as to an assertion of a right of setoff. While the IRS

did articulate a general reservation of rights in its proofs of claims, it failed to list its claim as a secured claim,

specifically stated in its proofs of claims that it was an unsecured priority tax claim and a general unsecured

claim, and failed to object to the classification, treatment, and post-confirmation injunctions provided for in

the Plan. Such "reservation of rights" cannot enable creditors to preserve all their rights with this type of

language, as this would render the establishment of a bar date illusory and prevent the efficient administration

of bankruptcy cases.

41.    In its proof of claim, a creditor "must indicate the amount of its claim and the extent which it is

secured or unsecured." In re 183 Lorraine Street Assoc., 198 B.R. 16, 26 (E.D.N.Y. 1996). The filing

of a proof of claim without asserting a setoff right constitutes a waiver of that right. In re Gehrke, 158 B.R.

465, 468 (Bankr. N.D. Iowa 1993); In re Aquasport, Inc., 115 B.R. 720, 721-22 (Bankr. S.D. Fla. 1990),

aff'd. 155 B.R. 245 (S.D. Fla. 1992), aff'd. 985 F. 2d 579 (11th Cir. 1993).  Furthermore, a party may

waive its right to setoff by failing to timely assert it and if a creditor provides information that its claim is not

subject to setoff and the debtor relies on that information to his detriment, then the right to setoff may be

waived. In re Apex International Management Services, Inc., 155 B.R. 591, 595 (Bankr. M.D. Fla. 1993),

aff'd. 1996 WL 172210 (M.D. Fla. 1996).

     42.  In addition, the IRS has attempted to inappropriately change the status of IRS Claim No. 2 and

IRS Claim No. 4 for the first time from priority and unsecured to secured.  See In re National Merchandise

Co. Inc., 206 B.R. 993, 999-1000 (Bankr. M.D. Fla. 1997).  Claimants asserting setoff rights are treated

as secured claimants pursuant to §506 of the Bankruptcy Code.  See id.  The secured claim cannot relate

back to the initial claim and is a new claim which is barred by the bar date.  In re Alliance Operating Corp.,

60 F.3d 1174, 1175 (5th Cir. 1995); In re W.F. Monroe Cigar Co., 166 B.R. 110, 112-113 (N.D. Ill.

1994).

     43.  As set forth by the Seventh Circuit Court of Appeal in the case Holstein v. Brill, 987 F.2d

1268, 1270-71 (7th Cir. 1993) "post-confirmation amendments … throw monkey wrenches into the

proceedings, making the plan infeasible or altering distributions to remaining creditors … To everything

there is a season, and the season for stating the amount of a debt is before the confirmation of a plan of

reorganization."

     44.  Mirabilis relied to its detriment on the information contained in IRS Claim No. 2 and IRS Claim

No. 4.  This is apparent from the Plan's classification of specific creditors.  Based upon information known

to Mirabilis, Mirabilis identified all known claimants asserting secured claims, priority claims and general

unsecured claims and placed them in the appropriate class.  Based upon the information provided by the

IRS, Mirabilis identified the IRS as a priority claimant and an unsecured claimant. The IRS did nothing, until after Confirmation, to assert its right of setoff.

45. As such, the IRS waived its rights of setoff pursuant to the Plan and Confirmation Order, and should not be permitted to amend IRS Claim No. 2 and IRS Claim No. 4 and create a "new secured claim" which was not provided for in the Plan or the Confirmation Order.

COURT HAS DISCRETION TO DENY IRS RIGHT OF SETOFF:

46. Even if this Court were to assume the IRS is entitled to assert a right of setoff, the Court has the discretion to prohibit the IRS' exercise of setoff for equitable reasons. See In re Securities Group 1980, 74 F.3d 1103, 1114 (11th Cir. 1996) (holding that bankruptcy courts have the discretion to deny setoff on equitable grounds.); see also U.S. v. Norton, 717 F. 2d 767 (3d Cir. 1983).

47. As stated in the case In re Pyramid Industries, Inc., 210 B.R. 445, 451-452 (N.D. Ill. 1997), set off may be denied: (i) where the creditor acted inequitably; (ii) where the setoff would jeopardize the debtor's ability to reorganize; or (iii) in a liquidation context where the setoff would result in either a preference or priority over other unsecured creditors.

48. In the instant case, the IRS did not act as a secured creditor, but rather acted as a priority tax and unsecured claimant and failed to object to the Plan and Confirmation Order provisions which prohibit setoff. The IRS could have asserted its rights of setoff at any time prior to Confirmation, objected to the classification and treatment of its claims, or objected to the injunction and release provisions in the Plan and Confirmation Order.

49. To reward the IRS now and permit the belated assertion of its rights of setoff would unfairly prefer the IRS over other unsecured creditors and severely prejudice the Liquidating Debtor. The Plan

provided for the Liquidating Debtor to pursue all Causes of Action for the benefit of the Allowed Unsecured Claimants (Class 2). Mirabilis made clear to the IRS that the MVI Refund would serve as a source of funds to litigate the Causes of Action, which would hopefully generate a recovery of funds for the distribution to Class 2 creditors. To allow the IRS to now assert a secured claim with respect to the MVI Refund unfairly favors the IRS' unsecured claim over the other Allowed Unsecured Claimants. The IRS would receive substantially more than the other Allowed Unsecured Claimants. This scenario was never disclosed to the other Allowed Unsecured Claimants and should have been as part of the confirmation process.

50. To the extent necessary, this Court should exercise its discretion and prohibit the IRS' exercise of setoff because it would otherwise be inequitable to allow such under the facts and circumstances of this case.

### REQUEST FOR HEARING

51. The Liquidating Debtor has requested this Motion be heard in conjunction with the pending Objection to Allowance of Claim 36 submitted by the IRS ("Claim 36 Objection") (Doc. No. 567). On September 15, 2010, this Court began the evidentiary hearing on the Claim 36 Objection, and has continued the hearing to **October 20, 2010 at 1:00 p.m.**

52. The underlying factual and legal allegations contained within this Motion are also the subject of the Claim 36 Objection. As such, the Liquidating Debtor will rely on the facts previously established at the hearing on September 15, 2010, and present no further evidence on its *prima facie* case. The IRS can address both the Claim 36 Objection and this Motion in its evidentiary presentation on October 20, 2010. Accordingly, the Liquidating Debtor believes that no party will be prejudiced if this Motion is added the calendar on October 20, 2010 and considered in conjunction with the Claim 36 Objection.

**WHEREFORE**, Mirabilis Ventures, Inc., respectfully requests this Court enter an order requiring the turnover over of a pre-petition refund in the amount of at least $1,122,848.29, from the United States of America, Internal Revenue Service, and for such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED**, this 24th day of September, 2010.

> /s/ R. Scott Shuker, Esq.
> R. Scott Shuker, Esquire
> Florida Bar No.: 984469
> Mariane L. Dorris, Esquire
> Florida Bar No.: 0173665
> **LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
> 390 N. Orange Avenue, Suite 600
> P.O. Box 3353
> Orlando, Florida  32802-3353
> Tel: (407) 481-5800
> Fax: (407) 481-5801
> Attorneys for the Liquidating Debtor

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In re:                                          CASE NO.  6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.                        CHAPTER 11

     Debtor.

_____/

### Certificate of Service

  **I HEREBY CERTIFY** that a true copy of **MIRABILIS VENTURES, INC.'S MOTION TO ENFORCE PLAN AND CONFIRMATION ORDER AND FOR TURNOVER OF PROPERTY TO THE LIQUIDATING DEBTOR** has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: Mirabilis Ventures, Inc. c/o R.W. Cuthill, Jr., President of Mirabilis Ventures, Inc., 341 N. Maitland Ave., Suite 210, Maitland, Florida 32751; the Internal Revenue Service, P.O. Box 21126, Philadelphia, Pennsylvania 19114 (as shown on the Proof of Claim); Internal Revenue Service, SBSE: CS: Insolvency, Territory 5, Attn: Insolvency Manager, 400 W. Bay Street, Suite 35045, Stop 5730-GRP 4, Jacksonville, Florida 32202-4437; Chief Special Procedure Function, Internal Revenue Service, P.O. Box 35045, 400 W. Bay Street, Stop 5720-P&II, Jacksonville, Florida 32202-4437; Internal Revenue Service, P.O. Box 21126, Philadelphia, PA 19114; Office of the United States Attorney General, Judicial Center Building, 555 4th Street, N.W., Washington, D.C. 20001; US Attorney General 501 W. Church Street, Suite 300, Orlando, Florida 32805; U.S. Department of Justice, Trial Attorney, Tax Division, P.O. Box 14198, Ben Franklin Station, Washington, D.C. 20044; I. Randall Gold, United States Attorney's Office, 501 West Church Street, Suite 300, Orlando, Florida 32805; the U.S. Trustee, 135 W. Central Boulevard, Suite 620, Orlando, Florida 32801; and to the Local Rule 1007-2 parties-in-interest list as shown on the matrix attached to the original motion filed with the Court, this <u>24th</u> day of September, 2010.

      /s/ R. Scott Shuker, Esq._____
      R. Scott Shuker, Esquire

Label Matrix for local noticing
113A-6
Case 6:08-bk-04327-KSJ
Middle District of Florida
Orlando
Fri Sep 24 14:10:04 EDT 2010

Michael C. Addison
Addison & Howard, P.A.
Post Office Box 172535
Tampa, FL 33672-0535

Advantage Collection Prof
2775 Jade Street
Mora, MN 55051-6240

American Express
2965 West Corporate Lakes Bl
Weston, FL 33331-3626

BNA Tax Management
9435 Key West Ave.
Rockville, MD 20850-3339

Kimberly Bartley
Waldron & Schneider LLP
15150 Middlebrook Drive
Houston, TX 77058-1226

Brandywine Grande C. LP
c/o Cantor Arkema, PC
1111 East Main Street
Richmond, VA 23219-3531

Buchanan Ingersoll & Rodney
401 E Jackson St.
Suite 2500
Tampa, FL 33602-5236

Corporate Personnel Network, Inc
c/o David T. Ward
15615 Alton Pkwy #175
Irvine, CA 92618-7303

Joseph A DeMaria
Tew Cardenas LLP
1441 Brickell Avenue
Suite 1500
Miami, FL 33131-3431

Mariane L Dorris
Latham Shuker Eden & Beaudine LLP
390 North Orange Avenue
Suite 600
Orlando, FL 32801-1684

Tara C Early
Stanton & Gasdick PA
390 North Orange Avenue
Suite 260
Orlando, FL 32801-1612

Elena L Escamilla
United States Trustee
135 W Central Blvd  Suite 620
Orlando, FL 32801-2440

F. Del Kelley
5220 S. Washington Ave
Titusville, FL 32780-7316

Forge Capital Partners LLC
c/o Bart Valdes
609 W Horatio St
Tampa, FL 33606-2272

James E Foster
Akerman Senterfitt
Post Office Box 231
Orlando, FL 32802-0231

Frank L. Amodeo
3875 South Orange Ave
Suite 500 -PMB 1810
Orlando, FL 32806

Gill R Geldreich
Tennessee Attorney General's Office
Post Office 20207
Nashville, TN 37202

Gilbert Weisman
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355-0701

Gillio Development, Inc.
657 Caledonia Place
Sanford, FL 32771-6403

I Randall Gold
United States Attorney's Office
501 West Church Street
Suite 300
Orlando, FL 32805-2281

Kenneth D Herron Jr
1851 West Colonial Drive
Orlando, FL 32804-7013

Peter N Hill
Wolff Hill McFarlin & Herron PA
1851 West Colonial Drive
Orlando, FL 32804-7013

Horton Johnson
3211 Northglenn Drive
Orlando, FL 32806-6371

Humana/RMS
77 Hartland Street
Suite 401
East Hartford, CT 06108-3253

Carol Koehler Ide
U S Department of Justice - Tax Division
Post Office Box 14198
Ben Franklin Station
Washington, DC 20044-4198

Jackson Lewis
Attn:Anne Krupman
One North Broadway
White Plains, NY 10601-2310

Jeffrey Reichel
c/o Gary Barnes
3414 Peachtree Rd #1600
Atlanta, GA 30326-1164

Jeffrey Reichel
c/o Jill E. Kelso, Esquire
Akerman Senterfitt
PO Box 231
Orlando FL 32802-0231

Kenneth & Diane Hendricks
One ABC Parkway
Beloit, WI 53511-4466

Gordon L Kiester
Florida Department of Revenue
P O Box 2299
Mango, FL 33550-2299

Roy S Kobert
Post Office Box 4961
Orlando, FL 32802-4961

LeClair Ryan Trust
P.O. Box 2499
Richmond, VA 23218-2499

LexisNexis
P.O. Box 7247-7090
Phildelphia, PA 19170-0001

Justin M. Luna
Latham, Shuker, Eden & Beaudine, LLP
390 N. Orange Ave.
Suite 600
Orlando, FL 32801-1684

Esther A McKean
Akerman Senterfitt
Post Office Box 231
Orlando, FL 32802-0231

Charles J Meltz
Grower Ketcham
Post Office Box 538065
Orlando, FL 32853-8065

Todd K Norman
Stump Callahan Dietrich & Spears PA
Post Office Box 3388
Orlando, FL 32802-3388

On Target Solutions
3491 Woodley Park Place
Oviedo, FL 32765-5104

Scott H Park
United States Attorney
501 West Church St
Suite 300
Orlando, FL 32805-2281

PaySource USA VII, Inc.
650 Poe Ave.
Dayton, OH 45414

RKT Constructions, Inc
5220 S. Washington Ave
Titusville, FL 32780-7316

William J Ridings Jr
Atlantic Legal Group PA
1375 Gateway Boulevard
Boynton Beach, FL 33426-8304

Robi A. Roberts
2921 S. Washington Ave
Titusville, FL 32780-5022

Robi A. Roberts Trust
2921 S. Washington St
Titusville, FL 32780-5022

Saxon Gilmore, PA
201 E. Kennedy Blvd.
Suite 600
Tampa, FL 33602-5819

Bradley M Saxton
Post Office Box 1391
Orlando, FL 32802-1391

R Scott Shuker
Latham Shuker Eden & Beaudine LLP
Post Office Box 3353
Orlando, FL 32802-3353

Tennessee Dept of Labor & Workforce
Dev-Unemployment Ins
c/o TN Atty General Ofc Bankruptcy Div
PO Box 20207
Nashville TN 37202-4015

Tenshi Leasing
2875 S. Orange Ave.
Suite 500 PMB 1810
Orlando, FL 32806-5455

Titanium Technologies
2875 S. Orange Ave.
Suite 500 PMB 1810
Orlando, FL 32806-5455

United States Trustee - ORL 11
135 W. Central Blvd., Suite 620
Orlando, FL 32801-2440

Bart R Valdes
deBeaubien Knight Simmons Mantzaris Neal
332 North Magnolia Avenue
Orlando, FL 32801-1609

Joseph H Varner III
Holland & Knight, LLP
101 North Tampa Street, Suite 4100
Tampa, FL 33602

David T Ward
15615 Alton Pkwy #175
Irvine, CA 92618-7303

C Brent Wardrop
deBeubien Knight Simmons Mantzaris  Neal
332 North Magnolia Avenue
Orlando, FL 32801-1609

Gilbert Barnett Weisman
Becket & Lee LLP
16 General Warren Blvd
P O Box 3001
Malvern, PA 19355-0701

Stuart Wilson-Patton
Tennessee Attorney General's Office
Post Office Box 20207
Nashville, TN 37202-4015

Melissa Youngman
Wolf Hill McFarlin & Herron PA
1851 W Colonial Drive
Orlando, FL 32804-7013

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Corporate Personnel Network, Inc
c/o David T. Ward
15615 Alton Pkwy #175
Irvine, CA 92618-7303

(u)First Commercial Ins. Corp.
undeliverable

(u)Fred Sandlin
undeliverable

(u)John Burcham
undeliverable

(u)Mark J. Bernet
no city
no state

End of Label Matrix
Mailable recipients      58
Bypassed recipients       5
Total                    63