IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                  Case No. 6:08-bk-04327-KSJ

MIRABILIS VENTURES, INC.,                            Chapter 11

_____Debtor,_____

**MOTION TO CONFIRM THAT THE DEBTOR IS NOT
AUTHORIZED TO DEFEND THE COUNTERCLAIM
ASSERTED AGAINST NEXIA IN THE PALAXAR LITIGATION**

Post-Confirmation Debtor in Liquidation, MIRABILIS VENTURES, INC., ("Debtor") moves the Bankruptcy Court, pursuant to 11 U.S.C. § § 541(a) and 105(a) to confirm that the Debtor is not authorized to defend the counterclaims asserted against Nexia in the Palaxar Litigation[1], consistent with the *Order Approving Compromise Of Controversy By And Between Debtors And The United States Of America* (D.E. 101) and the *Order Granting Debtor's Motion To Confirm Property of The Estate Under the Court Approved Compromise With The United States Of America* (D.E. 563), and states as follows:

I.   **Brief Argument**

A.   The Debtor is no longer a party in the Palaxar Litigation. At a recent Palaxar Litigation status conference, District Judge John Antoon was advised by the Debtor, that it would file the instant motion and seek any necessary interpretation of this Court's Orders, which do not authorize or obligate the Debtor to defend any counterclaims asserted against the USA's Nexia corporate shell in the Palaxar Litigation.

---

[1] The Palaxar Litigation refers to: *Mirabilis Ventures Inc. and Nexia Strategy Corporation v. Palaxar Holdings, LLC., Frank Hailstones and Edith Curry* Case 6:07-cv-01788-JA-GJK, (Middle District of Florida, Orlando Division) for Breach of Contract (Count I); Breach of Fiduciary Duty (Count II); Misappropriation of Trade Secrets (Count III); Conversion (Count IV); Civil Conspiracy (Count V); Injunctive Relief (Count VI); Unjust Enrichment (Count VII), for fraud amongst other matters.

4841-5103-2328.1
43582/0001

B.     Attorney Nicolette Vilmos, on behalf of the Debtor, has conferred with the USA regarding whether the USA agrees with the relief requested herein. Thereafter, Attorney Nicolette Vilmos sent a draft copy of this Motion to the USA on February 4, 2011, in order to ascertain whether this matter could be filed as an agreed motion. With no response on either front, the Debtor is now filing the motion as written.

## II.  Brief Background

1.     Prepetition, on November 9, 2007, the Debtor, along with Nexia Strategy Corporation, filed suit against Palaxar Group, LLC., et al. (the "Palaxar Litigation").

2.     On May 27, 2008, the Debtor filed a voluntary petition for relief, with related entities, in the bankruptcy cases styled, *In re Mirabilis Ventures, Inc.*, Case No. 6:08-bk-04327-KSJ, *In re Hoth Holdings, LLC*, Case No. 6:08-bk-04328-KSJ, and *In re AEM, Inc.*, Case No. 6:08-bk-04681 ("Bankruptcy Cases") (D.E. 1).

3.     As part its sworn Schedules, the Debtor disclosed that it is the 100% shareholder of its co-plaintiff, Nexia Strategy Corporation, in the Palaxar Litigation. Nexia Strategy Corporation became inactive and on September 26, 2008 was a dissolved Florida corporation.

4.     On November 28, 2008, the Debtors filed a *Motion For Approval Of Compromise Of Controversy By And Among Debtors And The United States Of America* ("USA Settlement") (D.E. 101) to resolve the competing claims to estate assets between the Debtors' and the USA's Civil Forfeiture action. Put simply, the USA Settlement determined that, "the Debtors' assets will be divided between those that will continue to be administered by the Debtors' bankruptcy estate and those forfeited to the USA"[2].

---

[2] See Paragraph 24 of the USA Settlement. Pursuant to the USA Settlement, (i) the Exhibit "A" assets shall be forfeited to the USA and (ii) the Exhibit "B" assets shall be retained and administered through this bankruptcy case.

5.  The USA Settlement was approved by this Court on March 4, 2009 (D.E. 145). The Government Asset List identifies "Nexia Strategy Corporation" as one of the corporate shells transferred to the USA.

### III. Argument

6.  This Court's June 2, 2010 Order and Memorandum *Granting Debtor's Motion To Confirm Property of The Estate Under the Court Approved Compromise With The United States Of America* (D.E. 562 and 563) confirmed that Mirabilis retained control only over Nexia's claims in the Palaxar Litigation.

7.  It is the Debtor's position that it does not have the authority, let alone the obligation, to defend Nexia in the Palaxar litigation. Unless specifically assigned by the USA to the Debtor, as part of the USA Settlement, it remains uncontroverted that the USA retains control over all of the Nexia entity, including its assets and liabilities.

8.  Moreover, the Debtor dropped all claims against the Palaxar Defendants/Counter-Plaintiffs on its own behalf and on behalf of Nexia and is no longer a party in the Palaxar Litigation. None of the Palaxar Litigation Defendants/Counter-Plaintiffs filed proofs of claim.

9.  Finally, there is no economic benefit to all of the holders of Allowed Unsecured Claims to have the Debtor defend the causes of action asserted against Nexia.

WHEREFORE, the Debtor seeks clarification, as necessary, that the USA Settlement, and this Court's Orders emanating from the USA Settlement, do not authorize or obligate the Debtor to defend the Nexia corporate shell in the Palaxar Litigation.

4841-5103-2328.1
43582/0001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been serviced on those parties receiving CM/ECF service and via U.S. Mail to Scott Park, Assistant United States Attorney, U.S. Attorney's Office, 501 West Church Street, Suite 300, Orlando, FL 32805, this 10th day of February, 2010.

**BROAD AND CASSEL**
Special Counsel for the Debtor
390 North Orange Avenue, Suite 1400
Orlando, Florida  32801
P.O. Box 4961 (32802-4961)
Telephone:  (407) 839-4200
Facsimile:   (407) 650-0927

By:  /s/ Roy S. Kobert
Roy S. Kobert, P.A.
Florida Bar #: 777153
rkobert@broadandcassel.com

4

4841-5103-2328.1
43582/0001