UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

| | |
|---|---|
| MIRABILIS VENTURES, INC., | Case No. 6:08-bk-04327-KSJ |
| HOTH HOLDINGS, LLC, and | Case No. 6:08-bk-04328-KSJ |
| AEM, Inc. | Case No. 6:08-bk-04681-KSJ |

　　　　Debtors,

_____/

**UNITED STATES' RESPONSE TO MOTION TO
DESTROY RECORDS AND RELOCATE REMAINING DOCUMENTS**

　　　　The United States of America, by and through undersigned counsel, hereby responds to the Debtors' Motion to Destroy Records and Relocate Remaining Documents.

　　　　1.　　In their motion, debtors seek permission to destroy some of the records currently maintained in the warehouse. According to debtors' motion, they seek permission to destroy about two-thirds of the records, which include payroll records for four of the PEO's. The remaining records would then be relocated to a different location.

　　　　2.　　Given on-going litigation, the United States opposes the destruction of any records at this point. While there have been recent settlements of some litigation that is part of the Mirabilis estate, lawsuits remain pending. Until that litigation is complete, it would be inappropriate to destroy any of the records in the warehouse.

　　　　3.　　Furthermore, the Court recently issued a new Case Management Order (AEM Doc. No. 280), setting a deadline of May 20, 2011 to file any new motions, adversary proceedings, or other pleadings in the matters involving the

Internal Revenue Service.  Until the IRS can review any new matters debtors may institute, the government is not in a position to evaluate what records may be needed, much less physically review them.  In this regard, AEM is apparently considering an adversary proceeding based on a claim of fraudulent transfer.  If that allegation is made, payroll records and documents relating to the solvency of various entities, including AEM, are potentially relevant to the adversary and will need to be reviewed.

        4.     Debtors recently advised about arrangements made with a third-party vendor to relocate the documents to another location.  While this has removed any urgency to destroy documents by the end of May 2011, debtors have still asked interested parties to identify specific boxes that should not be destroyed.  The boxes are listed on an inventory, with those selected for destruction marked in yellow.  However, questions have recently been raised about the accuracy of that inventory and whether the description of the contents of the boxes are correct or complete.  Given this uncertainty regarding the inventory list, it would be inappropriate to authorize the destruction of any records.  Debtors' plan to destroy documents by box number based upon an inaccurate or incomplete inventory could result in the destruction of records relevant to pending litigation.

        5.     Now that debtors have made alternate arrangements for the storage of the records, any request to destroy records should be denied at this time.  The debtors' motion can be renewed once all litigation is complete, including any further litigation before this Court.

For these reasons, the United States opposes the debtors' motion to destroy certain records.

Dated: May 13, 2011

Respectfully submitted,

ROBERT E. O'NEILL
Assistant U.S. Attorney

By:  /s/ Scott H. Park
Scott H. Park
Assistant U. S. Attorney
Identifying No. USA084
501 W. Church Street, Suite 300
Orlando, Florida 32805
Telephone:  407/648-7500
Facsimile:  407/648-7643
E-Mail:  scott.park@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties receiving CM/ECF service.

/s/ Scott H. Park
Assistant United States Attorney